UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
LUFKIN DIVISION



FILED - CLERK
U.S. DISTRICT COURT
2007 SEP -5 AM 10: 14
TX EASTERN - LUFKIN

| | |
|---|---|
| NETWORK APPLIANCE, INC., <br><br> Plaintiff, <br><br> v. <br><br> SUN MICROSYSTEMS, INC., <br><br> Defendant. | Civil Action No.: 9:07cv206 <br><br><br><br> JURY TRIAL DEMANDED |

**COMPLAINT FOR PATENT INFRINGEMENT
AND DEMAND FOR JURY TRIAL**

Plaintiff Network Appliance, Inc. ("NetApp"), for its Complaint against Defendant Sun Microsystems, Inc. ("Sun") alleges as follows:

**THE PARTIES AND THE NATURE OF THIS ACTION**

1.   Sun initiated this dispute by asserting that NetApp infringes patents presently held by Sun. In late 2004, several months before its acquisition by Sun, Storage Technology Corporation ("StorageTek") asserted that NetApp infringes its patents. Once Sun acquired full ownership of StorageTek, Sun assumed control of the discussions with NetApp. In the course of ensuing discussions, NetApp repeatedly explained that it does not use the technology covered by any of the patents that StorageTek and Sun asserted during the discussions, and that the allegedly infringed claims of these patents are invalid. Nevertheless, Sun refused to drop its allegations. During this same time period, NetApp determined that Sun's data processing systems and related software, primarily Sun's Zettabyte File System ("ZFS"), utilizes NetApp's patented technology and explained to Sun that any discussion of patent issues must

address Sun's ongoing infringement of NetApp's patents. Aggravating the situation, Sun unfairly distributes ZFS technology to others to induce others to adopt and distribute the infringing technology in their products without informing them of NetApp's applicable patents.

2. NetApp brings this action to halt Sun's willful infringement of its rights under the patent laws of the United States (Title 35, United States Code, section 271 et seq.). NetApp seeks damages for Sun's infringement and an injunction restraining Sun from continuing to use NetApp's patented inventions without permission.

3. NetApp is a pioneer in the design of data storage systems marketed throughout the United States and abroad and continues to innovate new advances in data storage technology. NetApp's patents cover a host of advanced features found in NetApp's award-winning Data ONTAP® storage operating system and Write Anywhere File Layout (WAFL®) filesystem. These include fundamental developments in filesystems, data consistency, data integrity, storage management, write allocation, read-only data images (Snapshots™), writeable clones, copy-on-write, RAID arrays and assimilation, and file system image transfer. NetApp's patented features are demanded by customers the world over because they greatly enhance the performance, reliability and ease of use of data storage systems.

4. Defendant Sun uses NetApp's patented inventions in its data processing systems and related software, primarily Sun's ZFS, without authorization from NetApp and thus directly infringes the seven patents that are the subject of this action. Defendant Sun actively induces infringement and contributes to the infringement by others of NetApp's patents by urging and enabling others to adopt and

distribute infringing technology in their products, and by distributing ZFS in or for data processing systems.

5. NetApp also brings this action to end Sun's baseless allegations that NetApp infringes its patents. NetApp does not use this technology. In addition, claims of these patents are invalid or unenforceable because the applicants failed to comply with the rules governing patentability. For these reasons, NetApp seeks a declaration that three patents asserted by Sun in the parties' discussions are not infringed and are invalid and/or unenforceable.

**JURISDICTION AND VENUE**

6. NetApp is a Delaware corporation with its principal place of business at 495 E. Java Drive, Sunnyvale, California 94089.

7. Upon information and belief, Sun is a Delaware corporation with a principal place of business at 4150 Network Circle, Santa Clara, CA 95054. Sun's registered agent for service of process is CSC – Lawyers Inc., 701 Brazos Street, Suite 1050, Austin, TX 78701.

8. Sun manufactures products and sells and offers to sell the same throughout the United States, including the Eastern District of Texas.

9. This Court has subject matter jurisdiction over NetApp's patent infringement claims under 28 U.S.C. §§ 1331 and 1338(a).

10. This Court has subject matter jurisdiction over NetApp's declaratory judgment claims under 28 U.S.C. §§ 2201 and 2202 because there is an actual controversy between NetApp and Sun. In late 2004, StorageTek, which was shortly afterwards acquired by Sun, asserted, *inter alia*, that NetApp infringes U.S. Patent

SV1:\278102\03\5YL203!.DOC\65166.0004                                3

No. 5,403,639 ("the '639 patent"), U.S. Patent No. 5,410,667 ("the '667 patent"), and U.S. Patent No. 6,581,185 ("the '185 patent"). In response, NetApp explained that it does not practice the technology claimed in these patents and that the asserted patent claims are invalid. StorageTek provided no substantive response. Instead, in May, 2005, StorageTek simply shifted the discussion to other patents. Yet it refused to withdraw its allegations concerning the '639, '667, and '185 patents. Indeed, NetApp asked on July 22, 2005 – and again on July 29, 2005 – for StorageTek to clarify its position concerning these three patents. StorageTek's response, conveyed in an August 16, 2005 email, established that StorageTek maintained its claims of infringement and continued to seek royalties on these patents:

> "NetApp is mistaken in its assumption that we have 'withdrawn' any patents which we have discussed previously. … If a license agreement can be reached between NetApp and StorageTek for [another patent], that license would include all the patents previously discussed."

11. Upon information and belief, Sun completed its acquisition of StorageTek in Fall 2005, whereupon StorageTek became a wholly-owned subsidiary of Sun and, subsequently, merged into Sun and ceased to exist as a separate corporate entity. In January 2006, Sun renewed the discussions with NetApp, represented that it had "inherited StorageTek's disk virtualization patent portfolio," and continued to assert that NetApp infringes patents within this portfolio. These discussions continued into 2007, and at no time did Sun withdraw the accusation that NetApp infringes the '639, '667, and '185 patents.

12. An actual and justiciable controversy exists between NetApp and Sun as to whether the '639, '667, and '185 patents are infringed, valid, and enforceable against NetApp. Absent a declaration of non-infringement, invalidity, or

unenforceability, Sun will continue to wrongfully assert the '639, '667, and '185 patents against NetApp, and thereby cause NetApp irreparable injury and damage.

        13.     This Court has personal jurisdiction over Sun.

        14.     Venue is proper in this judicial district under 28 U.S.C. §§ 1391 and 1400(b).

## FIRST CLAIM
## INFRINGEMENT OF U.S. PATENT NO. 5,819,292

        15.     The allegations of paragraphs 1-14 are incorporated herein by reference.

        16.     NetApp is the owner of U.S. Patent No. 5,819,292 ("the '292 patent"), entitled "Method for maintaining consistent states of a file system and for creating user-accessible read-only copies of a file system." The '292 patent was duly and legally issued on October 6, 1998. A true and correct copy of the '292 patent is attached to this Complaint as Exhibit A.

        17.     On information and belief, Sun has been and is currently infringing one or more claims of the '292 patent, directly and/or indirectly, pursuant to 35 U.S.C. § 271, in connection with certain of its products, services, methods and/or systems, including without limitation Sun's ZFS. The architects of ZFS have described it as follows:

> The best way to avoid file system corruption due to system panic or power loss is to keep the data on the disk self-consistent at all times, as WAFL does. To do so, the file system needs a simple way to transition from one consistent on-disk state to another without any window of time when the system could crash and leave the on-disk data in an inconsistent state.

Exhibit B (Bonwick, J., et al, *The Zettabyte File System*), at 4. As an exercise, one might compare the ZFS "uberblock" and its role in file system consistency as described

in this paper with the role of the "root node" and "file information structure" described in the '292 patent. *Id.*; *see also* Exhibit C (Kustarz, E., "ZFS. *The Last Word in File Systems.*") at 7-8; "*ZFS Source Tour,*" available at http://opensolaris.org/os/community/zfs/source/;jsessionid=9EC364D12B36D7C95C00A6D655E0193B; Exhibit D (Hitz, D., et al., "*File System Design for an NFS File Server Appliance.*"). As one example of Sun's infringement, and without limitation, ZFS, as installed and operated in accordance with Sun's instructions, practices the method of Claim 4 by storing on disk data describing a consistent file system layout at a point in time, storing modified data to free space on disk (rather than overwriting the modified data), and storing on disk data describing a consistent file system layout at a subsequent point in time. *See, e.g.*, Exhibits B and C. As another example, and without limitation, ZFS, as installed and operated in accordance with Sun's instructions, practices the method of Claim 8 by storing on disk meta-data for successive states of a file system, making copies of such meta-data, and marking the blocks identified by the copies as read-only. *See, e.g.*, Exhibits B and C.

18.     Unless enjoined, Sun will continue to infringe, directly and/or indirectly under section 271, the '292 patent.

19.     Sun's conduct has caused, and unless enjoined will continue to cause, irreparable harm to NetApp. Pursuant to 35 U.S.C. § 283, NetApp is entitled to a permanent injunction against further infringement.

20.     Pursuant to 35 U.S.C. § 284, NetApp is entitled to damages for Sun's infringement.

21. This case is exceptional and, pursuant to 35 U.S.C. § 285, NetApp is entitled to an award of attorneys' fees.

## SECOND CLAIM
## INFRINGEMENT OF U.S. PATENT NO. 6,892,211

22. The allegations of paragraphs 1-14 are incorporated herein by reference.

23. NetApp is the owner of U.S. Patent No. 6,892,211 ("the '211 patent"), entitled "Copy on write file system consistency and block usage." The '211 patent was duly and legally issued on May 10, 2005. A true and correct copy of the '211 patent is attached to this Complaint as Exhibit E.

24. On information and belief, Sun has been and is currently infringing one or more claims of the '211 patent, directly and/or indirectly, pursuant to 35 U.S.C. § 271, in connection with certain of its products, services, methods and/or systems, including without limitation Sun's ZFS.

25. Unless enjoined, Sun will continue to infringe, directly and/or indirectly under section 271, the '211 patent.

26. Sun's conduct has caused, and unless enjoined will continue to cause, irreparable harm to NetApp. Pursuant to 35 U.S.C. § 283, NetApp is entitled to a permanent injunction against further infringement.

27. Pursuant to 35 U.S.C. § 284, NetApp is entitled to damages for Sun's infringement.

28. This case is exceptional and, pursuant to 35 U.S.C. § 285, NetApp is entitled to an award of attorneys' fees.

## THIRD CLAIM
### INFRINGEMENT OF U.S. PATENT NO. 6,857,001

29. The allegations of paragraphs 1-14 are incorporated herein by reference.

30. NetApp is the owner of U.S. Patent No. 6,857,001 ("the '001 patent"), entitled "Multiple concurrent active file systems." The '001 patent was duly and legally issued on February 15, 2005. A true and correct copy of the '001 patent is attached to this Complaint as Exhibit F.

31. On information and belief, Sun has been and is currently infringing one or more claims of the '001 patent, directly and/or indirectly, pursuant to 35 U.S.C. § 271, in connection with certain of its products, services, methods and/or systems, including without limitation Sun's ZFS.

32. Unless enjoined, Sun will continue to infringe, directly and/or indirectly under section 271, the '001 patent.

33. Sun's conduct has caused, and unless enjoined will continue to cause, irreparable harm to NetApp. Pursuant to 35 U.S.C. § 283, NetApp is entitled to a permanent injunction against further infringement.

34. Pursuant to 35 U.S.C. § 284, NetApp is entitled to damages for Sun's infringement.

35. This case is exceptional and, pursuant to 35 U.S.C. § 285, NetApp is entitled to an award of attorneys' fees.

## FOURTH CLAIM
## INFRINGEMENT OF U.S. PATENT NO. 7,174,352

36. The allegations of paragraphs 1-14 are incorporated herein by reference.

37. NetApp is the owner of U.S. Patent No. 7,174,352 ("the '352 patent"), entitled "File system image transfer." The '352 patent was duly and legally issued on February 6, 2007. A true and correct copy of the '352 patent is attached to this Complaint as Exhibit G.

38. On information and belief, Sun has been and is currently infringing one or more claims of the '352 patent, directly and/or indirectly, pursuant to 35 U.S.C. § 271, in connection with certain of its products, services, methods and/or systems, including without limitation Sun's ZFS.

39. Unless enjoined, Sun will continue to infringe, directly and/or indirectly under section 271, the '352 patent.

40. Sun's conduct has caused, and unless enjoined will continue to cause, irreparable harm to NetApp. Pursuant to 35 U.S.C. § 283, NetApp is entitled to a permanent injunction against further infringement.

41. Pursuant to 35 U.S.C. § 284, NetApp is entitled to damages for Sun's infringement.

42. This case is exceptional and, pursuant to 35 U.S.C. § 285, NetApp is entitled to an award of attorneys' fees.

## FIFTH CLAIM
### INFRINGEMENT OF U.S. PATENT NO. 7,200,715

43. The allegations of paragraphs 1-14 are incorporated herein by reference.

44. NetApp is the owner of U.S. Patent No. 7,200,715 ("the '715 patent"), entitled "Method for Writing Contiguous Stripes in a RAID Storage System Using Mapped Block Writes." The '715 patent was duly and legally issued on April 3, 2007. A true and correct copy of the '715 patent is attached to this Complaint as Exhibit H.

45. On information and belief, Sun has been and is currently infringing one or more claims of the '715 patent, directly and/or indirectly, pursuant to 35 U.S.C. § 271, in connection with certain of its products, services, methods and/or apparatuses, including without limitation Sun's ZFS.

46. Unless enjoined, Sun will continue to infringe, directly and/or indirectly under section 271, the '715 patent.

47. Sun's conduct has caused, and unless enjoined will continue to cause, irreparable harm to NetApp. Pursuant to 35 U.S.C. § 283, NetApp is entitled to a permanent injunction against further infringement.

48. Pursuant to 35 U.S.C. § 284, NetApp is entitled to damages for Sun's infringement.

49. This case is exceptional and, pursuant to 35 U.S.C. § 285, NetApp is entitled to an award of attorneys' fees.

## SIXTH CLAIM
## INFRINGEMENT OF U.S. PATENT NO. 7,162,486

50. The allegations of paragraphs 1-14 are incorporated herein by reference.

51. NetApp is the owner of U.S. Patent No. 7,162,486 ("the '486 patent"), entitled "System and method for representing named data streams within an on-disk structure of a file system." The '486 patent was duly and legally issued on January 9, 2007. A true and correct copy of the '486 patent is attached to this Complaint as Exhibit I.

52. On information and belief, Sun has been and is currently infringing one or more claims of the '486 patent, directly and/or indirectly, pursuant to 35 U.S.C. § 271, in connection with certain of its products, services, methods and/or apparatuses, including without limitation Sun's ZFS.

53. Unless enjoined, Sun will continue to infringe, directly and/or indirectly under section 271, the '486 patent.

54. Sun's conduct has caused, and unless enjoined will continue to cause, irreparable harm to NetApp. Pursuant to 35 U.S.C. § 283, NetApp is entitled to a permanent injunction against further infringement.

55. Pursuant to 35 U.S.C. § 284, NetApp is entitled to damages for Sun's infringement.

56. This case is exceptional and, pursuant to 35 U.S.C. § 285, NetApp is entitled to an award of attorneys' fees.

## SEVENTH CLAIM
## INFRINGEMENT OF U.S. PATENT NO. 7,133,964

57.     The allegations of paragraphs 1-14 are incorporated herein by reference.

58.     NetApp is the owner of U.S. Patent No. 7,133,964 ("the '964 patent"), entitled "Raid assimilation method and apparatus."  The '964 patent was duly and legally issued on November 7, 2006.  A true and correct copy of the '964 patent is attached to this Complaint as Exhibit J.

59.     On information and belief, Sun has been and is currently infringing one or more claims of the '964 patent, directly and/or indirectly, pursuant to 35 U.S.C. § 271, in connection with certain of its products, services, methods and/or apparatuses, including without limitation Sun's ZFS.

60.     Unless enjoined, Sun will continue to infringe, directly and/or indirectly under section 271, the '964 patent.

61.     Sun's conduct has caused, and unless enjoined will continue to cause, irreparable harm to NetApp.  Pursuant to 35 U.S.C. § 283, NetApp is entitled to a permanent injunction against further infringement.

62.     Pursuant to 35 U.S.C. § 284, NetApp is entitled to damages for Sun's infringement.

63.     This case is exceptional and, pursuant to 35 U.S.C. § 285, NetApp is entitled to an award of attorneys' fees.

64.     On information and belief, some or all of Sun's infringement alleged in Counts One through Seven has been and continues to be willful.  Consequently, NetApp is entitled to treble damages pursuant to 35 U.S.C. § 284.

## EIGHTH CLAIM
## DECLARATORY JUDGMENT RE: U.S. PATENT NO. 5,403,639

65. The allegations of paragraphs 1-14 are incorporated herein by reference.

66. Upon information and belief, Sun is the assignee of U.S. Patent No. 5,403,639 ("the '639 patent"), entitled "File server having snapshot application data groups." The '639 patent was issued on April 4, 1995. A true and correct copy of the '639 patent is attached to this Complaint as Exhibit K.

67. Sun has asserted that NetApp infringes the '639 patent.

68. NetApp has not infringed, and is not infringing, either directly or indirectly under section 271, any claim of the '639 patent.

69. One or more claims of the '639 patent is invalid for failure to meet the conditions of patentability of 35 U.S.C. § 101 et seq., including without limitation those of sections 102, 103, and 112.

70. The '639 patent is unenforceable under the doctrine of inequitable conduct. On information and belief, prior to the issuance of the '639 patent, the named inventors and/or others substantively involved in prosecuting the applications leading to the '639 patent were aware of information material to the patentability of the claims of the '639 patent, but withheld that information from the U.S. Patent and Trademark Office with the intent to deceive the U.S. Patent and Trademark Office. The withheld information includes but is not limited to:

A. The substantial similarity between the claims sought in the application leading to the '639 patent and those sought in the application leading to U.S. Patent No. 5,410,667, both of which name Jay Belsan and George Rudeseal as inventors;

B.  The fact of, and basis for, the examiner's rejection of claims then-pending in the application that led to the '667 patent;

C   The application that led to U.S. Patent 5,379,391 ("the '391 patent"), which lists Jay Belsan as an inventor, and the prosecution thereof; and

D.  U.S. Patent Application No. 07/443,933, referenced in the text of the '391 patent, and the prosecution thereof.

71.  This case is exceptional and, pursuant to 35 U.S.C. § 285, NetApp is entitled to an award of attorneys' fees.

### NINTH CLAIM
### DECLARATORY JUDGMENT RE: U.S. PATENT NO. 5,410,667

72.  The allegations of paragraphs 1-14 are incorporated herein by reference.

73.  Upon information and belief, Sun is the assignee of U.S. Patent No. 5,410,667 ("the '667 patent"), entitled "Data record copy system for a disk drive array data storage subsystem"  The '667 patent was issued on April 25, 1995.  A true and correct copy of the '667 patent is attached to this Complaint as Exhibit L.

74.  Sun has asserted that NetApp infringes the '667 patent.

75.  NetApp has not infringed, and is not infringing, either directly or indirectly under section 271, any claim of the '667 patent.

76.  One or more claims of the '667 patent is invalid for failure to meet the conditions of patentability of 35 U.S.C. § 101 et seq., including without limitation those of sections 102, 103, and 112.

77.  The '667 patent is unenforceable under the doctrine of inequitable conduct.  On information and belief, prior to the issuance of the '667 patent, the named

inventors and/or others substantively involved in prosecuting the applications leading to the '667 patent were aware of information material to the patentability of the claims of the '667 patent, but withheld that information from the U.S. Patent and Trademark Office with the intent to deceive the U.S. Patent and Trademark Office. The withheld information includes but is not limited to:

    A. The substantial similarity between the claims sought in the application leading to the '639 patent and those sought in the application leading to the '667 patent, both of which name Jay Belsan and George Rudeseal as inventors;

    B. The fact of, and basis for, the examiner's rejection of claims then-pending in the application that led to the '639 patent;

    C. Prior art cited during prosecution of the application that led to the '639 patent, including U.S. Patent No. 5,155,835, U.S. Patent No. 5,278,979, U.S. Patent No. 5,239,659, and U.S. Patent No. 5,124,987;

    D. The application that led to U.S. Patent 5,379,391, which lists Jay Belsan and John O'Brien as inventors, and the prosecution thereof; and

    E. U.S. Patent Application No. 07/443,933, referenced in the text of the '391 patent, and the prosecution thereof.

    78. This case is exceptional and, pursuant to 35 U.S.C. § 285, NetApp is entitled to an award of attorneys' fees.

## TENTH CLAIM
### DECLARATORY JUDGMENT RE: U.S. PATENT NO. 6,581,185

    79. The allegations of paragraphs 1-14 are incorporated herein by reference.

80. Upon information and belief, Sun is the assignee of U.S. Patent No. 6,581,185 ("the '185 patent"), entitled "Apparatus and method for reconstructing data using cross-parity stripes on storage media." The '185 patent was issued on June 17, 2003. A true and correct copy of the '185 patent is attached to this Complaint as Exhibit M.

81. Sun has asserted that NetApp infringes the '185 patent.

82. NetApp has not infringed, and is not infringing, either directly or indirectly under section 271, any claim of the '185 patent.

83. One or more claims of the '185 patent is invalid for failure to meet the conditions of patentability of 35 U.S.C. § 101 et seq., including without limitation those of sections 102, 103, and 112.

84. This case is exceptional and, pursuant to 35 U.S.C. § 285, NetApp is entitled to an award of attorneys' fees.

**PRAYER FOR RELIEF**

WHEREFORE, NetApp respectfully requests the following relief:

A. a judgment in favor of NetApp finding that Sun has infringed the '292, '211, '352, '715, '486, '001 and '964 patents;

B. a permanent injunction enjoining Sun, its officers, agents, servants, employees, attorneys, and those persons in active concert or participation with any of them, from directly or indirectly infringing the '292, '211, '352, '715, '486, '001 and '964 patents, including the distribution of any current or future versions of Sun's ZFS;

C. an accounting for damages resulting from Sun's infringement of the '292, '211, '352, '715, '486, '001 and '964 patents;

D. an award of damages to compensate NetApp for Sun's infringement, pursuant to 35 U.S.C. § 284, said damages to be trebled because the infringement is and has been willful;

E. an assessment of pre-judgment and post-judgment interest and costs against Sun, together with an award of such interest and costs, in accordance with 35 U.S.C. § 284;

F. a declaration that NetApp has not infringed and is not infringing, directly or indirectly, any claims of the '639, '667, and '185 patents;

G. a declaration that the claims of the '639, '667, and '185 patents are invalid;

H. a declaration that the '639 and '667 patents are unenforceable under the doctrine of inequitable conduct;

I. a declaration that all Defendants and each of their officers, employees, agents, alter egos, attorneys, and any persons in active concert or participation with them be restrained and enjoined from further prosecuting or instituting any action against NetApp claiming that the '639, '667, and '185 patents are infringed, valid, or enforceable, or from representing that NetApp's products or services, or that others' use thereof, infringe the '639, '667, and '185 patents;

J. an award to NetApp of its attorneys' fees incurred in connection with this lawsuit pursuant to 35 U.S.C. § 285; and

K. such other and further relief as this Court may deem just and proper.

## JURY DEMAND

Plaintiff NetApp respectfully requests a trial by jury, pursuant to Fed. R. Civ. P. 38(b), on all issues so triable.

Dated: September 5, 2007

Respectfully submitted:

David J. Healey
Lead Attorney
State Bar No. 09327980
david.healey@weil.com
WEIL, GOTSHAL & MANGES LLP
700 Louisiana, Suite 1600
Houston, Texas 77002
(713) 546-5000 Telephone
(713) 224-9511 Facsimile

**ATTORNEYS FOR PLAINTIFF NETWORK APPLIANCE, INC.**

Of counsel:

Matthew D. Powers
Edward R. Reines
Jeffrey G. Homrig
WEIL, GOTSHAL & MANGES LLP
201 Redwood Shores Parkway
Redwood Shores, CA 94065
Telephone: (650) 802-3000
Facsimile: (650) 802-3100

Elizabeth Weiswasser
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, NY 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Plaintiff
Network Appliance, Inc.