# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## LUFKIN DIVISION

NETWORK APPLIANCE, INC.,

                Plaintiff,

    v.

SUN MICROSYSTEMS, INC.,

                Defendant.

SUN MICROSYSTEMS, INC.,

                Counter-claim Plaintiff,

v.

NETWORK APPLIANCE, INC.,

                Counterclaim-Defendant.

**Civil Action No. 9:07-cv-206 RHC**

**JUDGE RON CLARK**

**JURY TRIAL DEMANDED**

## DEFENDANT SUN MICROSYSTEMS, INC.'S ANSWER AND COUNTERCLAIM TO PLAINTIFF NETWORK APPLIANCE, INC.'S COMPLAINT FOR PATENT INFRINGEMENT

### SUN'S ANSWER

Sun Microsystems, Inc. ("Sun") responds as follows to the Compliant for Patent Infringement filed by Network Appliance, Inc. ("NetApp"):

1.     Facing a truly innovative Sun technology NetApp cannot match, on September 5, 2007, NetApp filed a Complaint with the Court contending Sun's successful Zettabyte File System ("ZFS") infringes NetApp patents. Apparently referencing Sun's release of ZFS to the open source community, NetApp's Complaint bemoans the "aggravating situation" of "Sun unfairly distribut[ing] ZFS technology to others" resulting in the "others" "adopt[ing] and

distribut[ing] the infringing technology in their products." NetApp's Complaint requests "a permanent injunction enjoining Sun" and anyone working "in active concert or participation with Sun" from distributing "any current or future versions of Sun's ZFS." These allegations are false -- ZFS does not infringe any NetApp patent, and NetApp is not entitled to stop Sun, Sun's customers, or members of the open source community from using and distributing ZFS.

2. NetApp filed its Complaint, without warning, during ongoing cross-licensing discussions between Sun and NetApp. These discussions spanned a period of five years. The discussions began in 2002 when NetApp approached Storage Technology Corporation ("STK") asking if NetApp could purchase STK patents, including STK patents that NetApp now oddly alleges are not used and are invalid. STK declined to sell its patents to NetApp, but offered to license them to NetApp. Subsequent licensing discussions continued after Sun acquired STK and until NetApp filed its Complaint -- without first telling Sun that NetApp preferred abandoning licensing negotiations in favor of litigation. At the time NetApp filed suit, Sun had not planned to sue NetApp, nor had Sun ever threatened to sue NetApp. The contrary allegations made in NetApp's Complaint about the parties' licensing discussions are false.

3. Sun's ZFS technology offers immense scalability, unmatched simplicity, speed and security, and enables inexpensive storage solutions. Sun and NetApp are direct competitors in the file systems field, and NetApp lacks a product having the capabilities of ZFS. The innovative design of ZFS has won rave reviews by users and the industry alike, and ZFS is being widely adopted. The adoption of ZFS has been greatly facilitated by Sun's release of ZFS to the open source community -- which stands in contrast with NetApp, which has declined to open source its file systems software. On information and belief, NetApp, faced with a technology it cannot match, competition it cannot beat, and an open source community it cannot or will not embrace, instead chose to file its Complaint.

4.      Founded in 1982, Sun has a proven track record of 25 years of innovation.  Sun's inventive technology, a result of the intelligence and creativity of its employees and Sun's substantial investment in research and development, is reflected by the over 6,000 United States patents now held by Sun.  (By contrast, on information and belief, NetApp holds approximately 200 United States patents.)  Sun provides network computing infrastructure solutions that include computer systems, software, storage and services.  Sun's core brands include the Java technology platform, the Solaris operating system, StorageTek and the UltraSPARC processor.  Sun's network computing infrastructure solutions are used in a wide range of industries, including the technical and scientific, business, engineering, telecommunications, financial services, manufacturing, retail, government, life sciences, media and entertainment, transportation, energy and utilities, and health care industries.

5.      Below, Sun's detailed paragraph-by-paragraph response to NetApp's Complaint refutes and denies the many false factual and incorrect legal allegations in the Complaint.  NetApp's patents are not infringed, are invalid and, in some cases, on information and belief, are unenforceable because NetApp obtained the patents by misappropriating technology or by withholding material information from the United States Patent & Trademark Office.   Further, now that NetApp has sued Sun, and in order to protect Sun, its customers and the open source community, Sun is asserting 12 patent infringement counterclaims against NetApp and its products.

## THE PARTIES AND THE NATURE OF THIS ACTION

COMPLAINT PARAGRAPH 1:

Sun initiated this dispute by asserting that NetApp infringes patents presently held by Sun.  In late 2004, several months before its acquisition by Sun, Storage Technology Corporation ("StorageTek") asserted that NetApp infringes its patents.  Once Sun acquired full ownership of

StorageTek, Sun assumed control of the discussions with NetApp.  In the course of ensuing discussions, NetApp repeatedly explained that it does not use the technology covered by any of the patents that StorageTek and Sun asserted during the discussions, and that the allegedly infringed claims of these patents are invalid.  Nevertheless, Sun refused to drop its allegations. During this same time period, NetApp determined that Sun's data processing systems and related software, primarily Sun's Zettabyte File System ("ZFS"), utilizes NetApp's patented technology and explained to Sun that any discussion of patent issues must address Sun's ongoing infringement of NetApp's patents.  Aggravating the situation, Sun unfairly distributes ZFS technology to others to induce others to adopt and distribute the infringing technology in their products without informing them of NetApp's applicable patents.

ANSWER TO COMPLAINT PARAGRAPH 1:

Sun denies it initiated this dispute.  Rather, NetApp, not Sun, initiated discussions regarding the Sun patents, and NetApp, not Sun, chose to initiate litigation.  In early 2002, NetApp, acting through an intermediary, approached STK.  NetApp's intermediary asked whether STK would sell certain STK patents to NetApp.  STK declined to sell its patents to NetApp, but offered to license them to NetApp.  These communications ended in 2002.  In early 2004, NetApp again approached STK regarding business cooperation between the companies and, as part of those discussions, licensing of the STK patents was discussed.  During subsequent business discussions, STK demonstrated the value and application of the STK patents to NetApp and its products.  The business discussions ceased in mid-2004, while the patent licensing discussions continued into 2005.

Sun admits it continued discussing licensing with NetApp after Sun acquired STK in 2005.  Sun admits NetApp argued that certain STK patents – which NetApp previously sought to

purchase and then discussed licensing – were not used by NetApp and were invalid.  Sun denies

NetApp ever demonstrated these assertions to be true, which they are not.

Sun admits it distributes ZFS, that ZFS is available to the open source community, and

that some ZFS users incorporate ZFS into their products.  Sun admits that in 2006, long after Sun

released ZFS, and well after Sun joined the licensing discussions, NetApp began asserting ZFS

infringes certain NetApp patents.  Sun admits NetApp requested that those assertions be

considered in the licensing discussions.  Sun denies ZFS, or any of Sun's other innovative

technology and products, infringes any NetApp patent.

Sun denies the "NetApp patented technology" cited to Sun during licensing negotiations

was in fact developed by NetApp.  Sun alleges, on information and belief, that at least a portion

of the inventions claimed in the patents NetApp asserts against Sun, including the purported

invention claimed in United States Patent No. 5,819,292, were wrongfully misappropriated by

NetApp and at least one of its founders in 1991 and 1992 from The Whipsaw Group joint

venture.

COMPLAINT PARAGRAPH 2:

NetApp brings this action to halt Sun's willful infringement of its rights under the patent

laws of the United States (Title 35, United States code, section 271 et seq.).  NetApp seeks

damages for Sun's infringement and an injunction restraining Sun from continuing to use

NetApp's patented inventions without permission.

ANSWER TO COMPLAINT PARAGRAPH 2:

Sun admits this action arises under the patent laws of the United States.  Sun denies the

remaining allegations of paragraph 2 of the Complaint.

COMPLAINT PARAGRAPH 3:

NetApp is a pioneer in the design of data storage systems marketed throughout the United States and abroad and continues to innovate new advances in data storage technology. NetApp's patents cover a host of advanced features found in NetApp's award-winning Data ONTAP® storage operating system and Write Anywhere File Layout (WAFL®) filesystem. These include fundamental developments in filesystems, data consistency, data integrity, storage management, write allocation, read-only data images (Snapshots™), writeable clones, copy-on-write, RAID arrays and assimilation, and file system image transfer. NetApp's patented features are demanded by customers the world over because they greatly enhance the performance, reliability and ease of use of data storage systems.

ANSWER TO COMPLAINT PARAGRAPH 3:

Sun denies the allegations of the first, third and fourth sentences of paragraph 3 of the Complaint. Sun lacks sufficient knowledge or information to admit or deny the allegations of the second sentence of paragraph 3, and, on that basis, denies them.

COMPLAINT PARAGRAPH 4:

Defendant Sun uses NetApp's patented inventions in its data processing systems and related software, primarily Sun's ZFS, without authorization from NetApp and thus directly infringes the seven patents that are the subject of this action. Defendant Sun actively induces infringement and contributes to the infringement by others of NetApp's patents by urging and enabling others to adopt and distribute infringing technology in their products, and by distributing ZFS in or for data processing systems.

ANSWER TO COMPLAINT PARAGRAPH 4:

Sun denies the allegations of paragraph 4 of the Complaint.

COMPLAINT PARAGRAPH 5:

NetApp also brings this action to end Sun's baseless allegations that NetApp infringes its patents.  NetApp does not use this technology.  In addition, claims of these patents are invalid or unenforceable because the applicants failed to comply with the rules governing patentability.  For these reasons, NetApp seeks a declaration that three patents asserted by Sun in the parties' discussions are not infringed and are invalid and/or unenforceable.

ANSWER TO COMPLAINT PARAGRAPH 5:

Sun admits it alleges NetApp infringes Sun's patents.  Sun also admits NetApp seeks a declaration from the Court.  Sun denies the remaining allegations of paragraph 5 of the Complaint.

## JURISDICTION AND VENUE

COMPLAINT PARAGRAPH 6:

NetApp is a Delaware corporation with its principal place of business at 495 E. Java Drive, Sunnyvale, California 94089.

ANSWER TO COMPLAINT PARAGRAPH 6:

Sun lacks sufficient knowledge or information to admit or deny the allegations of paragraph 6 of the Complaint, and, on that basis, denies them.

COMPLAINT PARAGRAPH 7:

Upon information and belief, Sun is a Delaware corporation with a principal place of business at 4150 Network Circle, Santa Clara, CA 95054.  Sun's registered agent for service of process is CSC - Lawyers Inc., 701 Brazos Street, Suite 1050, Austin, TX 78701.

ANSWER TO COMPLAINT PARAGRAPH 7:

Sun admits the allegations of paragraph 7 of the Complaint.

COMPLAINT PARAGRAPH 8:

Sun manufactures products and sells and offers to sell the same throughout the United States, including the Eastern District of Texas.

ANSWER TO COMPLAINT PARAGRAPH 8:

Sun admits the allegations of paragraph 8 of the Complaint.

COMPLAINT PARAGRAPH 9:

This Court has subject matter jurisdiction over NetApp's patent infringement claims under 28 U.S.C. §§ 1331 and 1338(a).

ANSWER TO COMPLAINT PARAGRAPH 9:

Sun admits the allegations of paragraph 9 of the Complaint.

COMPLAINT PARAGRAPH 10:

This Court has subject matter jurisdiction over NetApp's declaratory judgment claims under 28 U.S.C. §§ 2201 and 2202 because there is an actual controversy between NetApp and Sun.  In late 2004, StorageTek, which was shortly afterwards acquired by Sun, asserted, *inter alia*, that NetApp infringes U.S. Patent No. 5,403,639 ("the '639 patent"), U.S. Patent No. 5,410,667 ("the '667 patent"), and U.S. Patent No. 6,581,185 ("the '185 patent").  In response, NetApp explained that it does not practice the technology claimed in these patents and that the asserted patent claims are invalid.  StorageTek provided no substantive response.  Instead, in May, 2005, StorageTek simply shifted the discussion to other patents.  Yet it refused to withdraw its allegations concerning the '639, '667, and '185 patents.  Indeed NetApp asked on July 22, 2005 - and again on July 29, 2005 - for StorageTek to clarify its position concerning these three patents.  StorageTek's response, conveyed in an August 16, 2005 email, established that StorageTek maintained its claims of infringement and continued to seek royalties on these patents:

> "NetApp is mistaken in its assumption that we have withdrawn'
> any patents which we have discussed previously. ... If a license
> agreement can be reached between NetApp and StorageTek for
> [another patent], that license would include all the patents
> previously discussed."

ANSWER TO COMPLAINT PARAGRAPH 10:

Sun admits the Court has subject matter jurisdiction over NetApp's declaratory judgment claims under 28 U.S.C. §§ 2201 and 2202 as to United States Patent Nos. 5,403,639 ("the '639 patent") and 5,410,667 ("the '667 patent"). Sun admits STK demonstrated the applicability of the '639 patent, the '667 patent and United States Patent No. 6,581,185 ("the '185 patent") to NetApp products. Sun admits it acquired STK. Sun admits NetApp asserted that the three STK patents were not used by NetApp or were invalid, but denies that NetApp ever demonstrated this. Sun admits STK discussed other STK patents with NetApp, and that STK did not "withdraw" its prior discussion of the '639, '667 and '185 patents, all of which, along with many other STK patents, were the subject of the parties' licensing discussions. Sun admits NetApp communicated with STK on July 22, 2005, and July 29, 2005, regarding the licensing discussions, including the discussion of the three STK patents, and that STK sent an August 16, 2005, email which includes the language quoted in paragraph 10 of the Complaint. Sun denies the remaining allegations of paragraph 10 of the Complaint.

COMPLAINT PARAGRAPH 11:

Upon information and belief, Sun completed its acquisition of StorageTek in Fall 2005, whereupon StorageTek became a wholly-owned subsidiary of Sun and, subsequently, merged into Sun and ceased to exist as a separate corporate entity. In January 2006, Sun renewed the discussions with NetApp, represented that it had "inherited StorageTek's disk virtualization patent portfolio," and continued to assert that NetApp infringes patents within this portfolio.

These discussions continued into 2007, and at no time did Sun withdraw the accusation that NetApp infringes the '639, '667, and '185 patents.

ANSWER TO COMPLAINT PARAGRAPH 11:

Sun admits the allegations of paragraph 11 of the Complaint, except that Sun did not assert NetApp "infringes" the '639, '667 and '185 patents and other patents in its portfolio. Sun did demonstrate the applicability of certain of its patents to NetApp products.

COMPLAINT PARAGRAPH 12:

An actual and justiciable controversy exists between NetApp and Sun as to whether the '639, '667, and '185 patents are infringed, valid, and enforceable against NetApp. Absent a declaration of non-infringement, invalidity, or unenforceability, Sun will continue to wrongfully assert the '639, '667, and '185 patents against NetApp, and thereby cause NetApp irreparable injury and damage.

ANSWER TO COMPLAINT PARAGRAPH 12:

Sun admits that an actual and justiciable controversy exists between NetApp and Sun as to whether the '639 and '667 patents are valid and are infringed by and enforceable against NetApp. Sun denies the remaining allegations of paragraph 12.

COMPLAINT PARAGRAPH 13:

This Court has personal jurisdiction over Sun.

ANSWER TO COMPLAINT PARAGRAPH 13:

Sun admits that this Court has personal jurisdiction over Sun.

COMPLAINT PARAGRAPH 14:

Venue is proper in this judicial district under 28 U.S.C. §§ 1391 and 1400(b).

ANSWER TO COMPLAINT PARAGRAPH 14:

Sun admits the allegations of Paragraph 14.

-10-

## FIRST CLAIM
## INFRINGEMENT OF U.S. PATENT NO. 5,819,292

COMPLAINT PARAGRAPH 15:

The allegations of paragraphs 1-14 are incorporated herein by reference.

ANSWER TO COMPLAINT PARAGRAPH 15:

Sun incorporates by reference its responses to the allegations of paragraphs 1-14 of the

Complaint, inclusive.

COMPLAINT PARAGRAPH 16:

NetApp is the owner of U.S. Patent No. 5,819,292 ("the '292 patent"), entitled "Method

for maintaining consistent states of a file system and for creating user-accessible read-only

copies of a file system." The '292 patent was duly and legally issued on October 6, 1998.  A true

and correct copy of the '292 patent is attached to this Complaint as Exhibit A.

ANSWER TO COMPLAINT PARAGRAPH 16:

Sun admits the '292 patent bears the quoted title and appears on its face to have been

issued by the United States Patent and Trademark Office on October 6, 1998.  Sun lacks

sufficient knowledge or information to admit or deny the remaining allegations of paragraph 16

of the Complaint, and, on that basis, denies them.

COMPLAINT PARAGRAPH 17:

On information and belief, Sun has been and is currently infringing one or more claims of

the '292 patent, directly and/or indirectly, pursuant to 35 U.S.C. § 271, in connection with

certain of its products, services, methods and/or systems, including without limitation Sun's ZFS.

The architects of ZFS have described it as follows:

> The best way to avoid file system corruption due to system panic
> or power loss is to keep the data on the disk self consistent at all
> times, as WAFL does.  To do so, the file system needs a simple
> way to transition from one consistent on-disk state to another

> without any window of time when the system could crash and
> leave the on-disk data in an inconsistent state.

Exhibit B (Bonwick, J., et al, "*The Zettabyte File System*"), at 4.  As an exercise, one might compare the ZFS "uberblock" and its role in file system consistency as described in this paper with the role of the "root node" and "file information structure" described in the '292 patent.  *Id.; see also* Exhibit C (Kustarz, E., "ZFS. *The Last Word in File Systems*.") at 7-8;  "*ZFS Source Tour,*" available at http://opensolaris.org/os/community/zfs/source/;jsessionid=9EC364D 12B36D7C95C00A 6D655E0193B;  Exhibit D (Hitz, D., et al., "*File System Design for an NFS File Server Appliance.*") As one example of Sun's infringement, and without limitation, ZFS, as installed and operated in accordance with Sun's instructions, practices the method of Claim 4 by storing on disk data describing a consistent file system layout at a point in time, storing modified data to free space on disk (rather than overwriting the modified data), and storing on disk data describing a consistent file system layout at a subsequent point in time.  *See, e.g.*, Exhibits B and C.  As another example, and without limitation, ZFS, as installed and operated in accordance with Sun's instructions, practices the method of Claim 8 by storing on disk meta-data for successive states of a file system, making copies of such meta-data, and marking the blocks identified by the copies as read-only.  *See, e.g.*, Exhibits B and C.

ANSWER TO COMPLAINT PARAGRAPH 17:

Sun admits the quoted paragraph appears in the cited article attached as Exhibit B to the Complaint.  Sun denies the remaining allegations of paragraph 17 of the Complaint.

COMPLAINT PARAGRAPH 18:

Unless enjoined, Sun will continue to infringe, directly and/or indirectly under section 271, the '292 patent.

ANSWER TO COMPLAINT PARAGRAPH 18:

Sun denies the allegations of paragraph 18 of the Complaint.

COMPLAINT PARAGRAPH 19:

Sun's conduct has caused, and unless enjoined will continue to cause, irreparable harm to NetApp. Pursuant to 35 U.S.C. § 283, NetApp is entitled to a permanent injunction against further infringement.

ANSWER TO COMPLAINT PARAGRAPH 19:

Sun denies the allegations of paragraph 19 of the Complaint.

COMPLAINT PARAGRAPH 20:

Pursuant to 35 U.S.C. § 284, NetApp is entitled to damages for Sun's infringement.

ANSWER TO COMPLAINT PARAGRAPH 20:

Sun denies the allegations of paragraph 20 of the Complaint.

COMPLAINT PARAGRAPH 21:

This case is exceptional and, pursuant to 35 U.S.C. § 285, NetApp is entitled to an award of attorneys' fees.

ANSWER TO COMPLAINT PARAGRAPH 21:

Sun admits this case is exceptional and alleges Sun is entitled to an award of attorneys' fees under 35 U.S.C. § 285. Sun denies the remaining allegations of paragraph 21 of the Complaint.

**SECOND CLAIM**
**INFRINGEMENT OF U.S. PATENT NO. 6,892,211**

COMPLAINT PARAGRAPH 22:

The allegations of paragraphs 1-14 are incorporated herein by reference.

-13-

ANSWER TO COMPLAINT PARAGRAPH 22:

Sun incorporates by reference its responses to the allegations of paragraphs 1-14 of the Complaint, inclusive.

COMPLAINT PARAGRAPH 23:

NetApp is the owner of U.S. Patent No. 6,892,211 ("the '211 patent"), entitled "Copy on write file system consistency and block usage." The '211 patent was duly and legally issued on May 10, 2005. A true and correct copy of the '211 patent is attached to this Complaint as Exhibit E.

ANSWER TO COMPLAINT PARAGRAPH 23:

Sun admits the '211 patent bears the quoted title and appears on its face to have been issued by the United States Patent and Trademark Office on May 10, 2005. Sun lacks sufficient knowledge or information to admit or deny the remaining allegations of paragraph 23 of the Complaint, and, on that basis, denies them.

COMPLAINT PARAGRAPH 24:

On information and belief, Sun has been and is currently infringing one or more claims of the '211 patent, directly and/or indirectly, pursuant to 35 U.S.C. § 271, in connection with certain of its products, services, methods and/or systems, including without limitation Sun's ZFS.

ANSWER TO COMPLAINT PARAGRAPH 24:

Sun denies the allegations of paragraph 24 of the Complaint.

COMPLAINT PARAGRAPH 25:

Unless enjoined, Sun will continue to infringe, directly and/or indirectly under section 271, the '211 patent.

ANSWER TO COMPLAINT PARAGRAPH 25:

Sun denies the allegations of paragraph 25 of the Complaint.

COMPLAINT PARAGRAPH 26:

Sun's conduct has caused, and unless enjoined will continue to cause, irreparable harm to NetApp.  Pursuant to 35 U.S.C. § 283, NetApp is entitled to a permanent injunction against further infringement.

ANSWER TO COMPLAINT PARAGRAPH 26:

Sun denies the allegations of paragraph 26 of the Complaint.

COMPLAINT PARAGRAPH 27:

Pursuant to 35 U.S.C. § 284, NetApp is entitled to damages for Sun's infringement.

ANSWER TO COMPLAINT PARAGRAPH 27:

Sun denies the allegations of paragraph 27 of the Complaint.

COMPLAINT PARAGRAPH 28:

This case is exceptional and, pursuant to 35 U.S.C. § 285, NetApp is entitled to an award of attorneys' fees.

ANSWER TO COMPLAINT PARAGRAPH 28:

Sun admits this case is exceptional and alleges Sun is entitled to an award of attorneys' fees under 35 U.S.C. § 285.  Sun denies the remaining allegations of paragraph 28 of the Complaint.

## THIRD CLAIM
## INFRINGEMENT OF U.S. PATENT NO. 6,857,001

COMPLAINT PARAGRAPH 29:

The allegations of paragraphs 1-14 are incorporated herein by reference.

ANSWER TO COMPLAINT PARAGRAPH 29:

Sun incorporates by reference its responses to the allegations of paragraphs 1-14 of the Complaint, inclusive.

COMPLAINT PARAGRAPH 30:

NetApp is the owner of U.S. Patent No. 6,857,001 ("the '001 patent"), entitled "Multiple concurrent active file systems." The '001 patent was duly and legally issued on February 15, 2005. A true and correct copy of the '001 patent is attached to this Complaint as Exhibit F.

ANSWER TO COMPLAINT PARAGRAPH 30:

Sun admits the '001 patent bears the quoted title and appears on its face to have been issued by the United States Patent and Trademark Office on February 15, 2005. Sun lacks sufficient knowledge or information to admit or deny the remaining allegations of paragraph 30 of the Complaint, and, on that basis, denies them.

COMPLAINT PARAGRAPH 31:

On information and belief, Sun has been and is currently infringing one or more claims of the '001 patent, directly and/or indirectly, pursuant to 35 U.S.C. § 271, in connection with certain of its products, services, methods and/or systems, including without limitation Sun's ZFS.

ANSWER TO COMPLAINT PARAGRAPH 31:

Sun denies the allegations of paragraph 31 of the Complaint.

COMPLAINT PARAGRAPH 32:

Unless enjoined, Sun will continue to infringe, directly and/or indirectly under section 271, the '001 patent.

ANSWER TO COMPLAINT PARAGRAPH 32:

Sun denies the allegations of paragraph 32 of the Complaint.

COMPLAINT PARAGRAPH 33:

Sun's conduct has caused, and unless enjoined will continue to cause, irreparable harm to NetApp. Pursuant to 35 U.S.C. § 283, NetApp is entitled to a permanent injunction against further infringement.

ANSWER TO COMPLAINT PARAGRAPH 33:

Sun denies the allegations of paragraph 33 of the Complaint.

COMPLAINT PARAGRAPH 34:

Pursuant to 35 U.S.C. § 284, NetApp is entitled to damages for Sun's infringement.

ANSWER TO COMPLAINT PARAGRAPH 34:

Sun denies the allegations of paragraph 34 of the Complaint.

COMPLAINT PARAGRAPH 35:

This case is exceptional and, pursuant to 35 U.S.C. § 285, NetApp is entitled to an award of attorneys' fees.

ANSWER TO COMPLAINT PARAGRAPH 35:

Sun admits this case is exceptional and alleges Sun is entitled to an award of attorneys' fees under 35 U.S.C. § 285. Sun denies the remaining allegations of paragraph 35 of the Complaint.

**FOURTH CLAIM**
**INFRINGEMENT OF U.S. PATENT NO. 7,174,352**

COMPLAINT PARAGRAPH 36:

The allegations of paragraphs 1-14 are incorporated herein by reference.

ANSWER TO COMPLAINT PARAGRAPH 36:

Sun incorporates by reference its responses to the allegations of paragraphs 1-14 of the Complaint, inclusive.

-17-

COMPLAINT PARAGRAPH 37:

NetApp is the owner of U.S. Patent No. 7,174,352 ("the '352 patent"), entitled "File system image transfer." The '352 patent was duly and legally issued on February 6, 2007.  A true and correct copy of the '352 patent is attached to this Complaint as Exhibit G.

ANSWER TO COMPLAINT PARAGRAPH 37:

Sun admits the '352 patent bears the quoted title and appears on its face to have been issued by the United States Patent and Trademark Office on February 6, 2007.  Sun lacks sufficient knowledge or information to admit or deny the remaining allegations of paragraph 37 of the Complaint, and, on that basis, denies them.

COMPLAINT PARAGRAPH 38:

On information and belief, Sun has been and is currently infringing one or more claims of the '352 patent, directly and/or indirectly, pursuant to 35 U.S.C. § 271, in connection with certain of its products, services, methods and/or systems, including without limitation Sun's ZFS.

ANSWER TO COMPLAINT PARAGRAPH 38:

Sun denies the allegations of paragraph 38 of the Complaint.

COMPLAINT PARAGRAPH 39:

Unless enjoined, Sun will continue to infringe, directly and/or indirectly under section 271, the '352 patent.

ANSWER TO COMPLAINT PARAGRAPH 39:

Sun denies the allegations of paragraph 39 of the Complaint.

COMPLAINT PARAGRAPH 40:

Sun's conduct has caused, and unless enjoined will continue to cause, irreparable harm to NetApp.  Pursuant to 35 U.S.C. § 283, NetApp is entitled to a permanent injunction against further infringement.

ANSWER TO COMPLAINT PARAGRAPH 40:

Sun denies the allegations of paragraph 40 of the Complaint.

COMPLAINT PARAGRAPH 41:

Pursuant to 35 U.S.C. § 284, NetApp is entitled to damages for Sun's infringement.

ANSWER TO COMPLAINT PARAGRAPH 41:

Sun denies the allegations of paragraph 41 of the Complaint.

COMPLAINT PARAGRAPH 42:

This case is exceptional and, pursuant to 35 U.S.C. § 285, NetApp is entitled to an award of attorneys' fees.

ANSWER TO COMPLAINT PARAGRAPH 42:

Sun admits this case is exceptional and alleges Sun is entitled to an award of attorneys' fees under 35 U.S.C. § 285.  Sun denies the remaining allegations of paragraph 42 of the Complaint.

**FIFTH CLAIM**
**INFRINGEMENT OF U.S. PATENT NO. 7,200,715**

COMPLAINT PARAGRAPH 43:

The allegations of paragraphs 1-14 are incorporated herein by reference.

ANSWER TO COMPLAINT PARAGRAPH 43:

Sun incorporates by reference its responses to the allegations of paragraphs 1-14 of the Complaint, inclusive.

COMPLAINT PARAGRAPH 44:

NetApp is the owner of U.S. Patent No. 7,200,715 ("the '715 patent"), entitled "Method for Writing Contiguous Stripes in a RAID Storage System Using Mapped Block Writes." The

'715 patent was duly and legally issued on April 3, 2007.  A true and correct copy of the '715 patent is attached to this Complaint as Exhibit H.

ANSWER TO COMPLAINT PARAGRAPH 44:

Sun admits the '715 patent bears the quoted title and appears on its face to have been issued by the United States Patent and Trademark Office on April 3, 2007.  Sun lacks sufficient knowledge or information to admit or deny the remaining allegations of paragraph 44 of the Complaint, and, on that basis, denies them.

COMPLAINT PARAGRAPH 45:

On information and belief, Sun has been and is currently infringing one or more claims of the '715 patent, directly and/or indirectly, pursuant to 35 U.S.C. § 271, in connection with certain of its products, services, methods and/or apparatuses, including without limitation Sun's ZFS.

ANSWER TO COMPLAINT PARAGRAPH 45:

Sun denies the allegations of paragraph 45 of the Complaint.

COMPLAINT PARAGRAPH 46:

Unless enjoined, Sun will continue to infringe, directly and/or indirectly under section 271, the '215 patent.

ANSWER TO COMPLAINT PARAGRAPH 46:

Sun denies the allegations of paragraph 46 of the Complaint.

COMPLAINT PARAGRAPH 47:

Sun's conduct has caused, and unless enjoined will continue to cause, irreparable harm to NetApp.  Pursuant to 35 U.S.C. § 283, NetApp is entitled to a permanent injunction against further infringement.

ANSWER TO COMPLAINT PARAGRAPH 47:

Sun denies the allegations of paragraph 47 of the Complaint.

COMPLAINT PARAGRAPH 48:

Pursuant to 35 U.S.C. § 284, NetApp is entitled to damages for Sun's infringement.

ANSWER TO COMPLAINT PARAGRAPH 48:

Sun denies the allegations of paragraph 48 of the Complaint.

COMPLAINT PARAGRAPH 49:

This case is exceptional and, pursuant to 35 U.S.C. § 285, NetApp is entitled to an award of attorneys' fees.

ANSWER TO COMPLAINT PARAGRAPH 49:

Sun admits this case is exceptional and alleges Sun is entitled to an award of attorneys' fees under 35 U.S.C. § 285.  Sun denies the remaining allegations of paragraph 49 of the Complaint.

## SIXTH CLAIM
## INFRINGEMENT OF U.S. PATENT NO. 7,162,486

COMPLAINT PARAGRAPH 50:

The allegations of paragraphs 1-14 are incorporated herein by reference.

ANSWER TO COMPLAINT PARAGRAPH 50:

Sun incorporates by reference its responses to the allegations of paragraphs 1-14 of the Complaint, inclusive.

COMPLAINT PARAGRAPH 51:

NetApp is the owner of U.S. Patent No. 7,162,486 ("the '486 patent"), entitled "System and method for representing named data streams within an on-disk structure of a file system."

-21-

The '486 patent was duly and legally issued on January 9, 2007. A true and correct copy of the '486 patent is attached to this Complaint as Exhibit I.

ANSWER TO COMPLAINT PARAGRAPH 51:

Sun admits the '486 patent bears the quoted title and appears on its face to have been issued by the United States Patent and Trademark Office on January 9, 2007. Sun lacks sufficient knowledge or information to admit or deny the remaining allegations of paragraph 51 of the Complaint, and, on that basis, denies them.

COMPLAINT PARAGRAPH 52:

On information and belief, Sun has been and is currently infringing one or more claims of the '486 patent, directly and/or indirectly, pursuant to 35 U.S.C. § 271, in connection with certain of its products, services, methods and/or apparatuses, including without limitation Sun's ZFS.

ANSWER TO COMPLAINT PARAGRAPH 52:

Sun denies the allegations of paragraph 52 of the Complaint.

COMPLAINT PARAGRAPH 53:

Unless enjoined, Sun will continue to infringe, directly and/or indirectly under section 271, the '486 patent.

ANSWER TO COMPLAINT PARAGRAPH 53:

Sun denies the allegations of paragraph 53 of the Complaint.

COMPLAINT PARAGRAPH 54:

Sun's conduct has caused, and unless enjoined will continue to cause, irreparable harm to NetApp. Pursuant to 35 U.S.C. § 283, NetApp is entitled to a permanent injunction against further infringement.

ANSWER TO COMPLAINT PARAGRAPH 54:

Sun denies the allegations of paragraph 54 of the Complaint.

COMPLAINT PARAGRAPH 55:

Pursuant to 35 U.S.C. § 284, NetApp is entitled to damages for Sun's infringement.

ANSWER TO COMPLAINT PARAGRAPH 55:

Sun denies the allegations of paragraph 55 of the Complaint.

COMPLAINT PARAGRAPH 56:

This case is exceptional and, pursuant to 35 U.S.C. § 285, NetApp is entitled to an award of attorneys' fees.

ANSWER TO COMPLAINT PARAGRAPH 56:

Sun admits this case is exceptional and alleges Sun is entitled to an award of attorneys' fees under 35 U.S.C. § 285.  Sun denies the remaining allegations of paragraph 56 of the Complaint.

## SEVENTH CLAIM
## INFRINGEMENT OF U.S. PATENT NO. 7,133,964

COMPLAINT PARAGRAPH 57:

The allegations of paragraphs 1-14 are incorporated herein by reference.

ANSWER TO COMPLAINT PARAGRAPH 57:

Sun incorporates by reference its responses to the allegations of paragraphs 1-14 of the Complaint, inclusive.

COMPLAINT PARAGRAPH 58:

NetApp is the owner of U.S. Patent No. 7,133,964 ("the '964 patent"), entitled "Raid assimilation method and apparatus." The '964 patent was duly and legally issued on November 7, 2006.  A true and correct copy of the '964 patent is attached to this Complaint as Exhibit J.

ANSWER TO COMPLAINT PARAGRAPH 58:

Sun admits the '964 patent bears the quoted title and appears on its face to have been issued by the United States Patent and Trademark Office on November 7, 2006. Sun lacks sufficient knowledge or information to admit or deny the remaining allegations of paragraph 58 of the Complaint, and, on that basis, denies them.

COMPLAINT PARAGRAPH 59:

On information and belief, Sun has been and is currently infringing one or more claims of the '964 patent, directly and/or indirectly, pursuant to 35 U.S.C. § 271, in connection with certain of its products, services, methods and/or apparatuses, including without limitation Sun's ZFS.

ANSWER TO COMPLAINT PARAGRAPH 59:

Sun denies the allegations of paragraph 59 of the Complaint.

COMPLAINT PARAGRAPH 60:

Unless enjoined, Sun will continue to infringe, directly and/or indirectly under section 271, the '964 patent.

ANSWER TO COMPLAINT PARAGRAPH 60:

Sun denies the allegations of paragraph 60 of the Complaint.

COMPLAINT PARAGRAPH 61:

Sun's conduct has caused, and unless enjoined will continue to cause, irreparable harm to NetApp. Pursuant to 35 U.S.C. § 283, NetApp is entitled to a permanent injunction against further infringement.

ANSWER TO COMPLAINT PARAGRAPH 61:

Sun denies the allegations of paragraph 61 of the Complaint.

COMPLAINT PARAGRAPH 62:

Pursuant to 35 U.S.C. § 284, NetApp is entitled to damages for Sun's infringement.

ANSWER TO COMPLAINT PARAGRAPH 62:

Sun denies the allegations of paragraph 62 of the Complaint.

COMPLAINT PARAGRAPH 63:

This case is exceptional and, pursuant to 35 U.S.C. § 285, NetApp is entitled to an award of attorneys' fees.

ANSWER TO COMPLAINT PARAGRAPH 63:

Sun admits this case is exceptional and alleges Sun is entitled to an award of attorneys' fees under 35 U.S.C. § 285.  Sun denies the remaining allegations of paragraph 63 of the Complaint.

COMPLAINT PARAGRAPH 64:

On information and belief, some or all of Sun's infringement alleged in Counts One through Seven has been and continues to be willful.  Consequently, NetApp is entitled to treble damages pursuant to 35 U.S.C. § 284.

ANSWER TO COMPLAINT PARAGRAPH 64:

Sun denies the allegations of paragraph 64 of the Complaint.

## EIGHTH CLAIM
## DECLARATORY JUDGMENT RE: U.S. PATENT NO. 5,403,639

COMPLAINT PARAGRAPH 65:

The allegations of paragraphs 1-14 are incorporated herein by reference.

ANSWER TO COMPLAINT PARAGRAPH 65:

Sun incorporates by reference its responses to the allegations of paragraphs 1-14 of the Complaint, inclusive.

COMPLAINT PARAGRAPH 66:

Upon information and belief, Sun is the assignee of U.S. Patent No. 5,403,639 ("the '639 patent"), entitled "File server having snapshot application data groups." The '639 patent was issued on April 4, 1995.  A true and correct copy of the '639 patent is attached to this Complaint as Exhibit K.

ANSWER TO COMPLAINT PARAGRAPH 66:

Sun admits it is the assignee of U.S. Patent No. 5,403,639 ("the '639 patent"), entitled "File server having snapshot application data groups," which was issued on April 4, 1995.   Sun admits that a copy of the '639 patent appears to be attached to the Complaint as Exhibit K.

COMPLAINT PARAGRAPH 67:

Sun has asserted that NetApp infringes the '639 patent.

ANSWER TO COMPLAINT PARAGRAPH 67:

Sun admits it asserts NetApp infringes the '639 patent.

COMPLAINT PARAGRAPH 68:

NetApp has not infringed, and is not infringing, either directly or indirectly under section 271, any claim of the '639 patent.

ANSWER TO COMPLAINT PARAGRAPH 68:

Sun denies the allegations of paragraph 68 of the Complaint.

COMPLAINT PARAGRAPH 69:

One or more claims of the '639 patent is invalid for failure to meet the conditions of patentability of 35 U.S.C. § 101 et seq., including without limitation those of sections 102, 103, and 112.

ANSWER TO COMPLAINT PARAGRAPH 69:

Sun denies the allegations of paragraph 69 of the Complaint.

COMPLAINT PARAGRAPH 70:

The '639 patent is unenforceable under the doctrine of inequitable conduct.  On information and belief, prior to the issuance of the '639 patent, the named inventors and/or others substantively involved in prosecuting the applications leading to the '639 patent were aware of information material to the patentability of the claims of the '639 patent, but withheld that information from the U.S. Patent and Trademark Office with the intent to deceive the U.S. Patent and Trademark Office.  The withheld information includes but is not limited to:

A.    The substantial similarity between the claims sought in the application leading to the '639 patent and those sought in the application leading to U.S. Patent No. 5,410,667, both of which name Jay Belsan and George Rudeseal as inventors;

B.    The fact of, and basis for, the examiner's rejection of claims then-pending in the application that led to the '667 patent;

C.    The application that led to U.S. Patent 5,379,391 ("the '391 patent"), which lists Jay Belsan as an inventor, and the prosecution thereof; and

D.    U.S. Patent Application No. 07/443,933, referenced in the text of the '391 patent, and the prosecution thereof

ANSWER TO COMPLAINT PARAGRAPH 70:

Sun denies the allegations of paragraph 70 of the Complaint.

COMPLAINT PARAGRAPH 71:

This case is exceptional and, pursuant to 35 U.S.C. § 285, NetApp is entitled to an award of attorneys' fees.

ANSWER TO COMPLAINT PARAGRAPH 71:

Sun admits this case is exceptional and alleges Sun is entitled to an award of attorneys'

fees under 35 U.S.C. § 285.  Sun denies the remaining allegations of paragraph 71 of the

Complaint.

## NINTH CLAIM
## DECLARATORY JUDGMENT RE: U.S. PATENT NO. 5,410,667

COMPLAINT PARAGRAPH 72:

The allegations of paragraphs 1-14 are incorporated herein by reference

ANSWER TO COMPLAINT PARAGRAPH 72:

Sun incorporates by reference its responses to the allegations of paragraphs 1-14 of the

Complaint, inclusive.

COMPLAINT PARAGRAPH 73:

Upon information and belief, Sun is the assignee of U.S. Patent No. 5,410,667 ("the '667

patent"), entitled "Data record copy system for a disk drive array data storage subsystem."   The

'667 patent was issued on April 25, 1995.  A true and correct copy of the '667 patent is attached

to this Complaint as Exhibit L.

ANSWER TO COMPLAINT PARAGRAPH 73:

Sun admits that it is the assignee of U.S. Patent No. 5,410,667 ("the '667 patent"),

entitled "Data record copy system for a disk drive array data storage subsystem," which was

issued on April 25, 1995.  Sun admits that a copy of the '667 patent appears to be attached to the

Complaint as Exhibit L.

COMPLAINT PARAGRAPH 74:

Sun has asserted that NetApp infringes the '667 patent.

-28-

ANSWER TO COMPLAINT PARAGRAPH 74:

Sun admits it alleges NetApp infringes the '667 patent.

COMPLAINT PARAGRAPH 75:

NetApp has not infringed, and is not infringing, either directly or indirectly under section 271, any claim of the '667 patent.

ANSWER TO COMPLAINT PARAGRAPH 75:

Sun denies the allegations of paragraph 75 of the Complaint.

COMPLAINT PARAGRAPH 76:

One or more claims of the '667 patent is invalid for failure to meet the conditions of patentability of 35 U.S.C. § 101 et seq., including without limitation those of sections 102, 103, and 112.

ANSWER TO COMPLAINT PARAGRAPH 76:

Sun denies the allegations of paragraph 76 of the Complaint.

COMPLAINT PARAGRAPH 77:

The '667 patent is unenforceable under the doctrine of inequitable conduct.  On information and belief, prior to the issuance of the '667 patent, the named inventors and/or others substantively involved in prosecuting the applications leading to the '667 patent were aware of information material to the patentability of the claims of the '667 patent, but withheld that information from the U.S. Patent and Trademark Office with the intent to deceive the U.S. Patent and Trademark Office.  The withheld information includes but is not limited to:

        A.    The substantial similarity between the claims sought in the application leading to the '639 patent and those sought in the application leading to the '667 patent, both of which name Jay Belsan and George Rudeseal as inventors;

B.      The fact of, and basis for, the examiner's rejection of claims then-pending in the application that led to the '639 patent;

C.      Prior art cited during prosecution of the application that led to the '639 patent, including U.S. Patent No. 5,155,835, U.S. Patent No. 5,278,979, U.S. Patent No. 5,239,659, and U.S. Patent No. 5,124,987;

D.      The application that led to U.S. Patent 5,379,391, which lists Jay Belsan and John O'Brien as inventors, and the prosecution thereof; and

E.      U.S. Patent Application No. 07/443,933, referenced in the text of the '391 patent, and the prosecution thereof.

ANSWER TO COMPLAINT PARAGRAPH 77:

Sun denies the allegations of paragraph 77 of the Complaint.

COMPLAINT PARAGRAPH 78:

This case is exceptional and, pursuant to 35 U.S.C. § 285, NetApp is entitled to an award of attorneys' fees.

ANSWER TO COMPLAINT PARAGRAPH 78:

Sun admits this case is exceptional and alleges Sun is entitled to an award of attorneys' fees under 35 U.S.C. § 285.  Sun denies the remaining allegations of paragraph 78 of the Complaint.

**TENTH CLAIM**
**DECLARATORY JUDGMENT RE: U.S. PATENT NO. 6,581,185**

COMPLAINT PARAGRAPH 79:

The allegations of paragraphs 1-14 are incorporated herein by reference.

ANSWER TO COMPLAINT PARAGRAPH 79:

Sun incorporates by reference its responses to the allegations of paragraphs 1-14 of the Complaint, inclusive.

COMPLAINT PARAGRAPH 80:

Upon information and belief, Sun is the assignee of U.S. Patent No. 6,581,185 ("the '185 patent"), entitled "Apparatus and method for reconstructing data using cross-parity stripes on storage media." The '185 patent was issued on June 17, 2003.  A true and correct copy of the '185 patent is attached to this Complaint as Exhibit M.

ANSWER TO COMPLAINT PARAGRAPH 80:

Sun admits that it is the assignee of U.S. Patent No. 6,581,185 ("the '185 patent"), entitled "Apparatus and method for reconstructing data using cross-parity stripes on storage media," which was issued on June 17, 2003.  Sun admits that a copy of the '185 patent appears to be attached to the Complaint as Exhibit M.

COMPLAINT PARAGRAPH 81:

Sun has asserted that NetApp infringes the '185 patent.

ANSWER TO COMPLAINT PARAGRAPH 81:

Sun admits STK demonstrated the applicability of the '185 patent to NetApp products. Sun does not, and will not, contend in this action that NetApp infringes the '185 patent.  Sun otherwise denies the allegations of paragraph 81 of the Complaint.

COMPLAINT PARAGRAPH 82:

NetApp has not infringed, and is not infringing, either directly or indirectly under section 271, any claim of the '185 patent.

ANSWER TO COMPLAINT PARAGRAPH 82:

Sun does not, and will not, contend in this action that NetApp infringes the '185 patent. Sun otherwise denies the allegations of paragraph 82 of the Complaint.

COMPLAINT PARAGRAPH 83:

One or more claims of the '185 patent is invalid for failure to meet the conditions of patentability of 35 U.S.C. § 101 et seq., including without limitation those of sections 102, 103, and 112.

ANSWER TO COMPLAINT PARAGRAPH 83:

Sun denies the allegations of paragraph 83 of the Complaint.

COMPLAINT PARAGRAPH 84:

This case is exceptional and, pursuant to 35 U.S.C. § 285, NetApp is entitled to an award of attorneys' fees.

ANSWER TO COMPLAINT PARAGRAPH 84:

Sun admits this case is exceptional and alleges Sun is entitled to an award of attorneys' fees under 35 U.S.C. § 285.  Sun denies the remaining allegations of paragraph 84 of the Complaint.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense
### (Failure to State a Claim)

The Complaint fails to state a claim upon which relief can be granted because Sun has not performed any act or thing, and is not proposing to perform any act or thing, in violation of any rights validly belonging to NetApp under the '292 patent, the '211 patent, the '352 patent, the '715 patent, the '001 patent, the '486 patent, or the '964 patent (collectively, the "NetApp Patents-in-Suit").

### Second Affirmative Defense
### (Non-Infringement)

As and for a separate affirmative defense, Sun alleges that it has not and does not directly, indirectly, contributorily and/or by inducement, infringe any claim of the NetApp Patents-in-Suit, literally or under the doctrine of equivalents.

### Third Affirmative Defense
### (Invalidity/Unenforceability)

As and for a separate affirmative defense, Sun alleges on information and belief that one or more claims of each of the NetApp Patents-in-Suit are invalid or unenforceable for failing to comply with the provisions of the patent laws, 35 U.S.C. § 1 et seq., including but not limited to 35 U.S.C. §§ 101, 102, 103, 112 and 132.

### Fourth Affirmative Defense
### (Patent Marking)

As and for a separate affirmative defense, Sun alleges on information and belief that any claim for damages for patent infringement by NetApp is limited, at a minimum, by 35 U.S.C. § 287 to those damages occurring only after the notice of infringement.

### Fifth Affirmative Defense
### (Limitation on Damages)

As and for a separate affirmative defense, Sun alleges on information and belief that NetApp's recovery for alleged infringement of the NetApp Patents-in-Suit, if any, is limited to any alleged infringement committed no more than six years prior to the filing of its claims, pursuant to 35 U.S.C. § 286.

### Sixth Affirmative Defense
### (Prosecution History Estoppel)

As and for a separate affirmative defense, by reason of proceedings in the Patent and Trademark Office during the prosecution of the applications that resulted in the NetApp Patents-in-Suit, as shown by their file histories, and by reason of the amendment, cancellation or

abandonment of claims, and the admissions and other amendments made therein by or on behalf

of the patentee, NetApp is estopped to claim a construction of any of the NetApp Patents-in-Suit

that would cause any valid claim thereof to cover or include any product manufactured, used,

sold or offered for sale by Sun.

### Seventh Affirmative Defense
### (Unenforceability – Inequitable Conduct – '001 patent)

As and for a separate affirmative defense, Sun alleges on information and belief that the

'001 patent is unenforceable due to the inequitable conduct of NetApp and named inventor

David Hitz.  During the Fall of 2004, the applications that ultimately resulted in the issuance of

the '001 and '352 patents were being prosecuted by NetApp.  NetApp retained the Swernofsky

Law Group LLC to prosecute both patents.  Mr. Hitz, a founder, officer and employee of

NetApp, is a named inventor on both the '001 patent and the '352 patent.  On September 27,

2004, the USPTO issued a notice of allowance for the '001 patent.  On September 29, 2004, the

USPTO issued a rejection in the prosecution of the '352 patent in light of the reference authored

by Raymond A. Lorie, *Physical Integrity in a Large Segmented Database*, IBM Research

Laboratory, ACM Transactions on Database Systems, Vol. 2, No. 1, March 1977, pp. 91-104

("Lorie").  The Lorie reference was highly material to the patentability of the claims of the '001

patent.  Nevertheless, neither NetApp nor Mr. Hitz disclosed the Lorie reference to the USPTO

during the remainder of the prosecution of the '001 patent.  On information and belief, NetApp

and Mr. Hitz withheld the Lorie reference from the USPTO with the intent to deceive the

USPTO.

### Eighth Affirmative Defense
### (Unenforceability – Inequitable Conduct – '292 patent, '211 patent and '352 patent)

As a separate affirmative defense, Sun alleges on information and belief that the '292,

'211 and '352 patents are unenforceable.  In July 1994, The Whipsaw Group joint venture and its

individual members filed a lawsuit against NetApp, Michael Malcom and other defendants. Mr.

Malcom is named inventor on the '292, '211 and '352 patents. The lawsuit alleged, among other

claims, misappropriation of trade secrets. On August 14, 1996, NetApp and its insurers agreed

to pay $4,400,000 to settle the litigation. The subject matter of the litigation concerned the

origin, inventorship and ownership of file storage technology, including technology substantially

similar to that disclosed and claimed in the asserted '292 patent. Upon information and belief,

information highly material to the patentability of one or more claims of the '292 patent was

received and known by NetApp and Mr. Malcom leading up to and during the course of the

litigation. NetApp and Mr. Malcom did not disclose this highly material information to the

USPTO during the prosecution of the '292 patent. Nor did they disclose the existence and nature

of the lawsuit to the USPTO during the prosecution of '292. The '211 and '352 patents are

related to the '292 patent, and NetApp and Mr. Malcom also failed to disclose this highly

material information during the prosecution of those patents. On information and belief, NetApp

and Mr. Malcom withheld this highly material information from the USPTO with the intent to

deceive the USPTO.

## SUN'S COUNTERCLAIMS

Counterclaimant Sun brings the following counterclaims against Counter-defendant

NetApp.

## THE NATURE OF THE ACTION AND THE PARTIES

1.       Founded in 1982, Sun has a proven track record of 25 years of innovation. Sun's

inventive technology, a result of the intelligence and creativity of its employees and Sun's

substantial investment in research and development, is reflected by the over 6,000 United States

patents now held by Sun. Sun provides network computing infrastructure solutions that include

computer systems, software, storage and services. Sun's core brands include the Java technology

platform, the Solaris operating system, StorageTek and the UltraSPARC processor.  Sun's

network computing infrastructure solutions are used in a wide range of industries, including the

technical and scientific, business, engineering, telecommunications, financial services,

manufacturing, retail, government, life sciences, media and entertainment, transportation, energy

and utilities, and health care industries.

## JURISDICTION AND VENUE

2.      Counterclaimant Sun is a Delaware corporation with its principal place of

business at 4150 Network Circle, Santa Clara, CA 95054.

3.      On information and belief, Counter-defendant NetApp is a Delaware Corporation

with its principal place of  business at 495 E. Java Drive, Sunnyvale, California 94089.

4.      This Court has personal jurisdiction over NetApp.  On information and belief,

NetApp transacts business in this judicial district, including the sale and offering for sale of

products accused below of infringing Sun's patents-in-suit.  NetApp also has sufficient contacts

within this judicial district to subject NetApp to the jurisdiction of this Court.  Further, by filing

its Complaint for patent infringement in this Court, NetApp has subjected itself to the personal

jurisdiction of this Court.

5.      This is an action for patent infringement by Counterclaimant Sun against Counter-

defendant NetApp.  This Court has subject matter jurisdiction over this action under 28 U.S.C.

§§ 1331 and 1338, and pursuant to the patent laws of the United States of America, 35 U.S.C.

§ 100, *et seq.*

6.      Venue in this judicial district is proper for these counterclaims under 28 U.S.C.

§ 1391 and because NetApp filed its Complaint for patent infringement in this Court.

## FACTUAL ALLEGATIONS

7.      Sun incorporates by reference paragraphs 1 through 5 of Sun's Answer and the allegations in Sun's Answer to paragraphs 1, 16-21, 23-28, 30-35, 37-42, 44-49, 51-56 and 58-64 of NetApp's Complaint.

8.      On or about September 5, 2007, NetApp filed its Complaint against Sun alleging infringement of the NetApp Patents-in-Suit.  Sun denies infringement of the NetApp Patents-in-Suit and alleges they are invalid.

9.      On April 4, 1995, the United States Patent & Trademark Office (the "USPTO") duly and legally issued United States Patent No. 5,403,639 entitled "File server having snapshot application data groups" (the "'639 patent").  A copy of the '639 patent is attached to this Answer and Counterclaim as Exhibit A.

10.     Sun is the assignee and owner of all right, title and interest in and to the '639 patent.  Accordingly, Sun has the right to bring this suit for damages.

11.     On April 25, 1995, the USPTO duly and legally issued United States Patent No. 5,410,667, entitled "Data record copy system for a disk drive array data storage subsystem" (the "'667 patent").  A copy of the '667 patent is attached to this Answer and Counterclaim as Exhibit B.

12.     Sun is the assignee and owner of all right, title and interest in and to the '667 patent.  Accordingly, Sun has the right to bring this suit for damages.

13.     On October 17, 1995, the USPTO duly and legally issued United States Patent No. 5,459,857, entitled "Fault tolerant disk array data storage subsystem" (the "'857 patent").  A copy of the '857 patent is attached to this Answer and Counterclaim as Exhibit C.

14.     Sun is the assignee and owner of all right, title and interest in and to the '857 patent.  Accordingly, Sun has the right to bring this suit for damages.

15.     On May 5, 1998, the USPTO duly and legally issued United States Patent No. 5,749,095, entitled "Multiprocessing system configured to perform efficient write operations" (the "'095 patent"). A copy of the '095 patent is attached to this Answer and Counterclaim as Exhibit D.

16.     Sun is the assignee and owner of all right, title and interest in and to the '095 patent. Accordingly, Sun has the right to bring this suit for damages.

17.     On June 2, 1998, the USPTO duly and legally issued United States Patent No. 5,761,662, entitled "Personalized information retrieval using user-defined profile" (the "'662 patent"). A copy of the '662 patent is attached to this Answer and Counterclaim as Exhibit E.

18.     Sun is the assignee and owner of all right, title and interest in and to the '662 patent. Accordingly, Sun has the right to bring this suit for damages.

19.     On July 20, 1999, the USPTO duly and legally issued United States Patent No. 5,925,106, entitled "Method and apparatus for obtaining and displaying network server information" (the "'106 patent"). A copy of the '106 patent is attached to this Answer and Counterclaim as Exhibit F.

20.     Sun is the assignee and owner of all right, title and interest in and to the '106 patent. Accordingly, Sun has the right to bring this suit for damages.

21.     On August 24, 1999, the USPTO duly and legally issued United States Patent No. 5,941,954, entitled "Network message redirection" (the "'954 patent"). A copy of the '954 patent is attached to this Answer and Counterclaim as Exhibit G.

22.     Sun is the assignee and owner of all right, title and interest in and to the '954 patent. Accordingly, Sun has the right to bring this suit for damages.

23.     On March 12, 2002, the USPTO duly and legally issued United States Patent No. 6,356,984, entitled "Digital data processing system having a data bus and a control bus" (the

"'984 patent").  A copy of the '984 patent is attached to this Answer and Counterclaim as Exhibit H.

24.     Sun is the assignee and owner of all right, title and interest in and to the '984 patent.  Accordingly, Sun has the right to bring this suit for damages.

25.     On July 8, 2003, the USPTO duly and legally issued United States Patent No. 6,591,303, entitled "Method and apparatus for parallel trunking of interfaces to increase transfer bandwidth" (the "'303 patent").  A copy of the '303 patent is attached to this Answer and Counterclaim as Exhibit I.

26.     Sun is the assignee and owner of all right, title and interest in and to the '303 patent.  Accordingly, Sun has the right to bring this suit for damages.

27.     On January 20, 2004, the USPTO duly and legally issued United States Patent No. 6,681,261, entitled "Programmable matrix switch" (the "'261 patent").  A copy of the '261 patent is attached to this Answer and Counterclaim as Exhibit J.

28.     Sun is the assignee and owner of all right, title and interest in and to the '261 patent.  Accordingly, Sun has the right to bring this suit for damages.

29.     On March 29, 2005, the USPTO duly and legally issued United States Patent No. 6,873,630, entitled "Method and apparatus for multi-gigabit ethernet architecture" (the "'630 patent").  A copy of the '630 patent is attached to this Answer and Counterclaim as Exhibit K.

30.     Sun is the assignee and owner of all right, title and interest in and to the '630 patent.  Accordingly, Sun has the right to bring this suit for damages.

31.     On January 3, 2006, the USPTO duly and legally issued United States Patent No. 6,983,343 entitled "Portioning of storage channels using programmable switches" (the "'343 patent").  A copy of the '343 patent is attached to this Answer and Counterclaim as Exhibit L.

32.     Sun is the assignee and owner of all right, title and interest in and to the '343 patent.  Accordingly, Sun has the right to bring this suit for damages.  The Sun patents alleged in paragraphs 9 through 31 above are collectively referred to as the "Sun Patents-in-Suit."

## FIRST COUNTERCLAIM
### (Infringement of the '639 Patent)

33.     Sun incorporates and realleges paragraphs 1 through 32 of these Counterclaims.

34.     Sun is informed and believes, and on that basis alleges, that NetApp is infringing the '639 patent by making, using, offering for sale, and/or selling within the United States devices that embody the inventions disclosed and claimed in the '639 patent, and/or by importing into the United States devices that embody the inventions disclosed and claimed in said patent. On information and belief, NetApp has been and is currently infringing one or more claims of the '639 patent, directly or indirectly, pursuant to 35 U.S.C. §271, in connection with certain of its products, services, methods and/or systems, including without limitation NetApp's Fabric Attached Storage (FAS) products, NetApp's V-series products using NetApp's Data ONTAP software, and NetApp's NearStore products.

35.     In addition to direct infringement, Sun is informed and believes, and on that basis alleges, that NetApp has induced and contributed to infringement by others of the '639 patent.

36.     NetApp has had notice that it is infringing the '639 patent.  Despite such notice, NetApp has continued to willfully infringe said patent by making, using, offering to sell, and/or selling within the United States products that embody the inventions disclosed and claimed in said patent, and/or by importing such products into the United States.

37.     Sun has been irreparably harmed by NetApp's acts of infringement, and will continue to be harmed unless and until NetApp's acts of infringement are enjoined and restrained

by order of this Court.  Sun has no adequate remedy at law and is entitled to a preliminary and permanent injunction against NetApp and its infringing products.

38.     As a result of NetApp's acts of infringement, Sun has suffered and will continue to suffer damages in an amount to be proven at trial.

39.     This case is an "exceptional" case within the meaning of 35 U.S.C. § 285 and Sun is entitled to an award of attorneys' fees.

**SECOND COUNTERCLAIM**
**(Infringement of the '667 Patent)**

40.     Sun incorporates and realleges paragraphs 1 through 32 of these Counterclaims.

41.     Sun is informed and believes, and on that basis alleges, that NetApp is infringing the '667 patent by making, using, offering for sale, and/or selling within the United States devices that embody the inventions disclosed and claimed in the '667 patent, and/or by importing into the United States devices that embody the inventions disclosed and claimed in said patent. On information and belief, NetApp has been and is currently infringing one or more claims of the '667 patent, directly or indirectly, pursuant to 35 U.S.C. §271, in connection with certain of its products, services, methods and/or systems, including without limitation NetApp's Fabric Attached Storage (FAS) products, NetApp's V-series products using NetApp's Data ONTAP software, and NetApp's NearStore products.

42.     In addition to direct infringement, Sun is informed and believes, and on that basis alleges, that NetApp has induced and contributed to infringement by others of the '667 patent.

43.     NetApp has had notice that it is infringing the '667 patent.  Despite such notice, NetApp has continued to willfully infringe said patent by making, using, offering to sell, and/or selling within the United States products that embody the inventions disclosed and claimed in said patent, and/or by importing such products into the United States.

44.     Sun has been irreparably harmed by NetApp's acts of infringement, and will continue to be harmed unless and until NetApp's acts of infringement are enjoined and restrained by order of this Court.  Sun has no adequate remedy at law and is entitled to a preliminary and permanent injunction against NetApp and its infringing products.

45.     As a result of NetApp's acts of infringement, Sun has suffered and will continue to suffer damages in an amount to be proven at trial.

46.     This case is an "exceptional" case within the meaning of 35 U.S.C. § 285 and Sun is entitled to an award of attorneys' fees.

## THIRD COUNTERCLAIM
### (Infringement of the '857 Patent)

47.     Sun incorporates and realleges paragraphs 1 through 32 of these Counterclaims.

48.     Sun is informed and believes, and on that basis alleges, that NetApp is infringing the '857 patent by making, using, offering for sale, and/or selling within the United States devices that embody the inventions disclosed and claimed in the '857 patent, and/or by importing into the United States devices that embody the inventions disclosed and claimed in said patent. On information and belief, NetApp has been and is currently infringing one or more claims of the '857 patent, directly or indirectly, pursuant to 35 U.S.C. §271, in connection with certain of its products, services, methods and/or systems, including without limitation NetApp's Fabric Attached Storage (FAS) products, NetApp's V-series products using NetApp's SnapMirror software, and NetApp's NearStore products.

49.     In addition to direct infringement, Sun is informed and believes, and on that basis alleges, that NetApp has induced and contributed to infringement by others of the '857 patent.

50.     Based upon information and belief, NetApp has notice that it is infringing the '857 patent.  Despite such notice, NetApp has continued to willfully infringe said patent by

making, using, offering to sell, and/or selling within the United States products that embody the inventions disclosed and claimed in said patent, and/or by importing such products into the United States.

51.     Sun has been irreparably harmed by NetApp's acts of infringement, and will continue to be harmed unless and until NetApp's acts of infringement are enjoined and restrained by order of this Court.  Sun has no adequate remedy at law and is entitled to a preliminary and permanent injunction against NetApp and its infringing products.

52.     As a result of NetApp's acts of infringement, Sun has suffered and will continue to suffer damages in an amount to be proven at trial.

53.     This case is an "exceptional" case within the meaning of 35 U.S.C. § 285 and Sun is entitled to an award of attorneys' fees.

**FOURTH COUNTERCLAIM**
**(Infringement of the '095 Patent)**

54.     Sun incorporates and realleges paragraphs 1 through 32 of these Counterclaims.

55.     Sun is informed and believes, and on that basis alleges, that NetApp is infringing the '095 patent by making, using, offering for sale, and/or selling within the United States devices that embody the inventions disclosed and claimed in the '095 patent, and/or by importing into the United States devices that embody the inventions disclosed and claimed in said patent. On information and belief, NetApp has been and is currently infringing one or more claims of the '095 patent, directly or indirectly, pursuant to 35 U.S.C. §271, in connection with certain of its products, services, methods and/or systems, including without limitation NetApp's Fabric Attached Storage (FAS) products, NetApp's V-series products, and NetApp's NearStore products.

56.     In addition to direct infringement, Sun is informed and believes, and on that basis alleges, that NetApp has induced and contributed to infringement by others of the '095 patent.

57.     Based upon information and belief, NetApp has notice that it is infringing the '095 patent.  Despite such notice, NetApp has continued to willfully infringe said patent by making, using, offering to sell, and/or selling within the United States products that embody the inventions disclosed and claimed in said patent, and/or by importing such products into the United States.

58.     Sun has been irreparably harmed by NetApp's acts of infringement, and will continue to be harmed unless and until NetApp's acts of infringement are enjoined and restrained by order of this Court.  Sun has no adequate remedy at law and is entitled to a preliminary and permanent injunction against NetApp and its infringing products.

59.     As a result of NetApp's acts of infringement, Sun has suffered and will continue to suffer damages in an amount to be proven at trial.

60.     This case is an "exceptional" case within the meaning of 35 U.S.C. § 285 and Sun is entitled to an award of attorneys' fees.

### FIFTH COUNTERCLAIM
### (Infringement of the '662 Patent)

61.     Sun incorporates and realleges paragraphs 1 through 32 of these Counterclaims.

62.     Sun is informed and believes, and on that basis alleges, that NetApp is infringing the '662 patent by making, using, offering for sale, and/or selling within the United States devices that embody the inventions disclosed and claimed in the '662 patent, and/or by importing into the United States devices that embody the inventions disclosed and claimed in said patent. On information and belief, NetApp has been and is currently infringing one or more claims of the '662 patent, directly or indirectly, pursuant to 35 U.S.C. §271, in connection with certain of

its products, services, methods and/or systems, including without limitation NetApp's NetApp

On The Web (NOW) service.

63.      In addition to direct infringement, Sun is informed and believes, and on that basis

alleges, that NetApp has induced and contributed to infringement by others of the '662 patent.

64.      Based upon information and belief, NetApp has notice that it is infringing the

'662 patent.  Despite such notice, NetApp has continued to willfully infringe said patent by

making, using, offering to sell, and/or selling within the United States products that embody the

inventions disclosed and claimed in said patent, and/or by importing such products into the

United States.

65.      Sun has been irreparably harmed by NetApp's acts of infringement, and will

continue to be harmed unless and until NetApp's acts of infringement are enjoined and restrained

by order of this Court.  Sun has no adequate remedy at law and is entitled to a preliminary and

permanent injunction against NetApp and its infringing products.

66.      As a result of NetApp's acts of infringement, Sun has suffered and will continue

to suffer damages in an amount to be proven at trial.

67.      This case is an "exceptional" case within the meaning of 35 U.S.C. § 285 and Sun

is entitled to an award of attorneys' fees.

## SIXTH COUNTERCLAIM
### (Infringement of the '106 Patent)

68.      Sun incorporates and realleges paragraphs 1 through 32 of these Counterclaims.

69.      Sun is informed and believes, and on that basis alleges, that NetApp is infringing

the '106 patent by making, using, offering for sale, and/or selling within the United States

devices that embody the inventions disclosed and claimed in the '106 patent, and/or by importing

into the United States devices that embody the inventions disclosed and claimed in said patent.

On information and belief, NetApp has been and is currently infringing one or more claims of the '106 patent, directly or indirectly, pursuant to 35 U.S.C. §271, in connection with certain of its products, services, methods and/or systems, including without limitation NetApp's Fabric Attached Storage (FAS) products, NetApp's V-series products using NetApp's Data ONTAP software, and NetApp's NearStore products.

70.     In addition to direct infringement, Sun is informed and believes, and on that basis alleges, that NetApp has induced and contributed to infringement by others of the '106 patent.

71.     Based upon information and belief, NetApp has notice that it is infringing the '106 patent.  Despite such notice, NetApp has continued to willfully infringe said patent by making, using, offering to sell, and/or selling within the United States products that embody the inventions disclosed and claimed in said patent, and/or by importing such products into the United States.

72.     Sun has been irreparably harmed by NetApp's acts of infringement, and will continue to be harmed unless and until NetApp's acts of infringement are enjoined and restrained by order of this Court.  Sun has no adequate remedy at law and is entitled to a preliminary and permanent injunction against NetApp and its infringing products.

73.     As a result of NetApp's acts of infringement, Sun has suffered and will continue to suffer damages in an amount to be proven at trial.

74.     This case is an "exceptional" case within the meaning of 35 U.S.C. § 285 and Sun is entitled to an award of attorneys' fees.

### SEVENTH COUNTERCLAIM
### (Infringement of the '954 Patent)

75.     Sun incorporates and realleges paragraphs 1 through 32 of these Counterclaims.

76.     Sun is informed and believes, and on that basis alleges, that NetApp is infringing the '954 patent by making, using, offering for sale, and/or selling within the United States devices that embody the inventions disclosed and claimed in the '954 patent, and/or by importing into the United States devices that embody the inventions disclosed and claimed in said patent. On information and belief, NetApp has been and is currently infringing one or more claims of the '954 patent, directly or indirectly, pursuant to 35 U.S.C. §271, in connection with certain of its products, services, methods and/or systems, including without limitation NetApp's Fabric Attached Storage (FAS) products, NetApp's V-series products using NetApp's Data ONTAP software, and NetApp's NearStore products.

77.     In addition to direct infringement, Sun is informed and believes, and on that basis alleges, that NetApp has induced and contributed to infringement by others of the '954 patent.

78.     Based upon information and belief, NetApp has notice that it is infringing the '954 patent. Despite such notice, NetApp has continued to willfully infringe said patent by making, using, offering to sell, and/or selling within the United States products that embody the inventions disclosed and claimed in said patent, and/or by importing such products into the United States.

79.     Sun has been irreparably harmed by NetApp's acts of infringement, and will continue to be harmed unless and until NetApp's acts of infringement are enjoined and restrained by order of this Court. Sun has no adequate remedy at law and is entitled to a preliminary and permanent injunction against NetApp and its infringing products.

80.     As a result of NetApp's acts of infringement, Sun has suffered and will continue to suffer damages in an amount to be proven at trial.

81.     This case is an "exceptional" case within the meaning of 35 U.S.C. § 285 and Sun is entitled to an award of attorneys' fees.

## EIGHTH COUNTERCLAIM
### (Infringement of the '984 Patent)

82.     Sun incorporates and realleges paragraphs 1 through 32 of these Counterclaims.

83.     Sun is informed and believes, and on that basis alleges, that NetApp is infringing the '984 patent by making, using, offering for sale, and/or selling within the United States devices that embody the inventions disclosed and claimed in the '984 patent, and/or by importing into the United States devices that embody the inventions disclosed and claimed in said patent. On information and belief, NetApp has been and is currently infringing one or more claims of the '984 patent, directly or indirectly, pursuant to 35 U.S.C. §271, in connection with certain of its products, services, methods and/or systems, including without limitation NetApp's Fabric Attached Storage (FAS) products, NetApp's V-series products, and NetApp's NearStore products.

84.     In addition to direct infringement, Sun is informed and believes, and on that basis alleges, that NetApp has induced and contributed to infringement by others of the '984 patent.

85.     Based upon information and belief, NetApp has notice that it is infringing the '984 patent.  Despite such notice, NetApp has continued to willfully infringe said patent by making, using, offering to sell, and/or selling within the United States products that embody the inventions disclosed and claimed in said patent, and/or by importing such products into the United States.

86.     Sun has been irreparably harmed by NetApp's acts of infringement, and will continue to be harmed unless and until NetApp's acts of infringement are enjoined and restrained by order of this Court.  Sun has no adequate remedy at law and is entitled to a preliminary and permanent injunction against NetApp and its infringing products.

87.     As a result of NetApp's acts of infringement, Sun has suffered and will continue to suffer damages in an amount to be proven at trial.

88.     This case is an "exceptional" case within the meaning of 35 U.S.C. § 285 and Sun is entitled to an award of attorneys' fees.

### NINTH COUNTERCLAIM
### (Infringement of the '303 Patent)

89.     Sun incorporates and realleges paragraphs 1 through 32 of these Counterclaims.

90.     Sun is informed and believes, and on that basis alleges, that NetApp is infringing the '303 patent by making, using, offering for sale, and/or selling within the United States devices that embody the inventions disclosed and claimed in the '303 patent, and/or by importing into the United States devices that embody the inventions disclosed and claimed in said patent. On information and belief, NetApp has been and is currently infringing one or more claims of the '303 patent, directly or indirectly, pursuant to 35 U.S.C. §271, in connection with certain of its products, services, methods and/or systems, including without limitation NetApp's Fabric Attached Storage (FAS) products, NetApp's V-series products, and NetApp's NearStore products.

91.     In addition to direct infringement, Sun is informed and believes, and on that basis alleges, that NetApp has induced and contributed to infringement by others of the '303 patent.

92.     Based upon information and belief, NetApp has notice that it is infringing the '303 patent. Despite such notice, NetApp has continued to willfully infringe said patent by making, using, offering to sell, and/or selling within the United States products that embody the inventions disclosed and claimed in said patent, and/or by importing such products into the United States.

93.     Sun has been irreparably harmed by NetApp's acts of infringement, and will continue to be harmed unless and until NetApp's acts of infringement are enjoined and restrained by order of this Court.  Sun has no adequate remedy at law and is entitled to a preliminary and permanent injunction against NetApp and its infringing products.

94.     As a result of NetApp's acts of infringement, Sun has suffered and will continue to suffer damages in an amount to be proven at trial.

95.     This case is an "exceptional" case within the meaning of 35 U.S.C. § 285 and Sun is entitled to an award of attorneys' fees.

## TENTH COUNTERCLAIM
### (Infringement of the '261 Patent)

96.     Sun incorporates and realleges paragraphs 1 through 32 of these Counterclaims.

97.     Sun is informed and believes, and on that basis alleges, that NetApp is infringing the '261 patent by making, using, offering for sale, and/or selling within the United States devices that embody the inventions disclosed and claimed in the '261 patent, and/or by importing into the United States devices that embody the inventions disclosed and claimed in said patent.  On information and belief, NetApp has been and is currently infringing one or more claims of the '261 patent, directly or indirectly, pursuant to 35 U.S.C. §271, in connection with certain of its products, services, methods and/or systems, including without limitation NetApp's Fabric Attached Storage (FAS) products, NetApp's V-series products, and NetApp's NearStore products.

98.     In addition to direct infringement, Sun is informed and believes, and on that basis alleges, that NetApp has induced and contributed to infringement by others of the '261 patent.

99.     Based upon information and belief, NetApp has notice that it is infringing the '261 patent.  Despite such notice, NetApp has continued to willfully infringe said patent by

making, using, offering to sell, and/or selling within the United States products that embody the inventions disclosed and claimed in said patent, and/or by importing such products into the United States.

100.     Sun has been irreparably harmed by NetApp's acts of infringement, and will continue to be harmed unless and until NetApp's acts of infringement are enjoined and restrained by order of this Court.  Sun has no adequate remedy at law and is entitled to a preliminary and permanent injunction against NetApp and its infringing products.

101.     As a result of NetApp's acts of infringement, Sun has suffered and will continue to suffer damages in an amount to be proven at trial.

102.     This case is an "exceptional" case within the meaning of 35 U.S.C. § 285 and Sun is entitled to an award of attorneys' fees.

## ELEVENTH COUNTERCLAIM
### (Infringement of the '630 Patent)

103.     Sun incorporates and realleges paragraphs 1 through 32 of these Counterclaims.

104.     Sun is informed and believes, and on that basis alleges, that NetApp is infringing the '630 patent by making, using, offering for sale, and/or selling within the United States devices that embody the inventions disclosed and claimed in the '630 patent, and/or by importing into the United States devices that embody the inventions disclosed and claimed in said patent. On information and belief, NetApp has been and is currently infringing one or more claims of the '630 patent, directly or indirectly, pursuant to 35 U.S.C. §271, in connection with certain of its products, services, methods and/or systems, including without limitation NetApp's Fabric Attached Storage (FAS) products, NetApp's V-series products, and NetApp's NearStore products, and NetApp's NearStore products.

105.    In addition to direct infringement, Sun is informed and believes, and on that basis alleges, that NetApp has induced and contributed to infringement by others of the '630 patent.

106.    NetApp had notice that it is infringing the '630 patent.  Despite such notice, NetApp has continued to willfully infringe said patent by making, using, offering to sell, and/or selling within the United States products that embody the inventions disclosed and claimed in said patent, and/or by importing such products into the United States.

107.    Sun has been irreparably harmed by NetApp's acts of infringement, and will continue to be harmed unless and until NetApp's acts of infringement are enjoined and restrained by order of this Court.  Sun has no adequate remedy at law and is entitled to a preliminary and permanent injunction against NetApp and its infringing products.

108.    As a result of NetApp's acts of infringement, Sun has suffered and will continue to suffer damages in an amount to be proven at trial.

109.    This case is an "exceptional" case within the meaning of 35 U.S.C. § 285 and Sun is entitled to an award of attorneys' fees.

## TWELFTH COUNTERCLAIM
### (Infringement of the '343 Patent)

110.    Sun incorporates and realleges paragraphs 1 through 32 of these Counterclaims.

111.    Sun is informed and believes, and on that basis alleges, that NetApp is infringing the '343 patent by making, using, offering for sale, and/or selling within the United States devices that embody the inventions disclosed and claimed in the '343 patent, and/or by importing into the United States devices that embody the inventions disclosed and claimed in said patent. On information and belief, NetApp has been and is currently infringing one or more claims of the '343 patent, directly or indirectly, pursuant to 35 U.S.C. §271, in connection with certain of its products, services, methods and/or systems, including without limitation NetApp's Fabric

Attached Storage (FAS) products, NetApp's V-series products using NetApp's Data ONTAP software, and NetApp's NearStore products.

112.    In addition to direct infringement, Sun is informed and believes, and on that basis alleges, that NetApp has induced and contributed to infringement by others of the '343 patent.

113.    NetApp has notice that it is manufacturing and/or selling products that infringe the '343 patent.  Despite such notice, NetApp has continued to willfully infringe said patent by making, using, offering to sell, and/or selling within the United States products that embody the inventions disclosed and claimed in said patent, and/or by importing such products into the United States.

114.    Sun has been irreparably harmed by NetApp's acts of infringement, and will continue to be harmed unless and until NetApp's acts of infringement are enjoined and restrained by order of this Court.  Sun has no adequate remedy at law and is entitled to a preliminary and permanent injunction against NetApp and its infringing products.

115.    As a result of NetApp's acts of infringement, Sun has suffered and will continue to suffer damages in an amount to be proven at trial.

116.    This case is an "exceptional" case within the meaning of 35 U.S.C. § 285 and Sun is entitled to an award of attorneys' fees.

### THIRTEENTH COUNTERCLAIM
### (Declaration of Non-infringement of the '292 Patent)

117.    Sun incorporates and realleges paragraphs 1 through 32 of these Counterclaims.

118.    NetApp alleges it is the owner of the '292 patent, and NetApp brought suit against Sun for infringement of the '292 patent.

119.    The '292 patent is not infringed by any products made, used, sold, offered for sale in, or imported into, the United States by Sun.

120.    An actual case or controversy exists between NetApp and Sun because NetApp filed a Complaint against Sun alleging infringement of the '292 patent.

121.    Sun has been injured and damaged by NetApp filing of a Complaint asserting infringement of the '292 patent, which is not infringed by Sun.

122.    Declaratory relief is both appropriate and necessary to establish that the '292 patent is not infringed by any products made, used, sold, offered for sale in, or imported into, the United State by Sun.

**FOURTEENTH COUNTERCLAIM**
**(Declaration of Invalidity and Unenforceability of the '292 Patent)**

123.    Sun incorporates and realleges paragraphs 1 through 32 of these Counterclaims.

124.    NetApp alleges it is the owner of the '292 patent, and NetApp brought suit against Sun for infringement of the '292 patent.

125.    The '292 patent is invalid for failing to comply with the provisions of the patent laws, 35 U.S.C. § 1 *et seq.*, including but not limited to 35 U.S.C. §§ 101, 102, 103, 112 and 132. Also, the '292 patent is unenforceable for at least the reasons alleged in the Eighth Affirmative Defense above.

126.    An actual case or controversy exists between Sun and NetApp because NetApp filed a Complaint against Sun alleging infringement of the '292 patent.

127.    Sun has been injured and damaged by NetApp filing a Complaint asserting infringement of the '292 patent, which is invalid and unenforceable.

128.    Declaratory relief is both appropriate and necessary to establish that the '292 patent is invalid and unenforceable.

**FIFTEENTH COUNTERCLAIM**
**(Declaration of Non-infringement of the '211 Patent)**

129.    Sun incorporates and realleges paragraphs 1 through 32 of these Counterclaims.

-54-

130.     NetApp alleges it is the owner of the '211 patent, and NetApp brought suit against Sun for infringement of the '211 patent.

131.     The '211 patent is not infringed by any products made, used, sold, offered for sale in, or imported into, the United States by Sun.

132.     An actual case or controversy exists between NetApp and Sun because NetApp filed a Complaint against Sun alleging infringement of the '211 patent.

133.     Sun has been injured and damaged by NetApp filing of a Complaint asserting infringement of the '211 patent, which is not infringed by Sun.

134.     Declaratory relief is both appropriate and necessary to establish that the '211 patent is not infringed by any products made, used, sold, offered for sale in, or imported into, the United State by Sun.

**SIXTEENTH COUNTERCLAIM**
**(Declaration of Invalidity and Unenforceability of the '211 Patent)**

135.     Sun incorporates and realleges paragraphs 1 through 32 of these Counterclaims.

136.     NetApp alleges it is the owner of the '211 patent, and NetApp brought suit against Sun for infringement of the '211 patent.

137.     The '211 patent is invalid for failing to comply with the provisions of the patent laws, 35 U.S.C. § 1 *et seq.*, including but not limited to 35 U.S.C. §§ 101, 102, 103, 112 and 132. Also, the '211 patent is unenforceable for at least the reasons alleged in the Eighth Affirmative Defense above.

138.     An actual case or controversy exists between Sun and NetApp because NetApp filed a Complaint against Sun alleging infringement of the '211 patent.

139.     Sun has been injured and damaged by NetApp filing a Complaint asserting infringement of the '211 patent, which is invalid and unenforceable.

140.    Declaratory relief is both appropriate and necessary to establish that the '211 patent is invalid and unenforceable.

## SEVENTEENTH COUNTERCLAIM
### (Declaration of Non-infringement of the '001 Patent)

141.    Sun incorporates and realleges paragraphs 1 through 32 of these Counterclaims.

142.    NetApp alleges it is the owner of the '001 patent, and NetApp brought suit against Sun for infringement of the '001 patent.

143.    The '001 patent is not infringed by any products made, used, sold, offered for sale in, or imported into, the United States by Sun.

144.    An actual case or controversy exists between NetApp and Sun because NetApp filed a Complaint against Sun alleging infringement of the '001 patent.

145.    Sun has been injured and damaged by NetApp filing of a Complaint asserting infringement of the '001 patent, which is not infringed by Sun.

146.    Declaratory relief is both appropriate and necessary to establish that the '001 patent is not infringed by any products made, used, sold, offered for sale in, or imported into, the United State by Sun.

## EIGHTEENTH COUNTERCLAIM
### (Declaration of Invalidity and Unenforceability of the '001 Patent)

147.    Sun incorporates and realleges paragraphs 1 through 32 of these Counterclaims.

148.    NetApp alleges it is the owner of the '001 patent, and NetApp brought suit against Sun for infringement of the '001 patent.

149.    The '001 patent is invalid for failing to comply with the provisions of the patent laws, 35 U.S.C. § 1 *et seq.*, including but not limited to 35 U.S.C. §§ 101, 102, 103, 112 and 132. Also, the '001 patent is unenforceable for at least the reasons alleged in the Seventh Affirmative Defense above.

150.    An actual case or controversy exists between Sun and NetApp because NetApp filed a Complaint against Sun alleging infringement of the '001 patent.

151.    Sun has been injured and damaged by NetApp filing a Complaint asserting infringement of the '001 patent, which is invalid and unenforceable.

152.    Declaratory relief is both appropriate and necessary to establish that the '001 patent is invalid and unenforceable.

## NINETEENTH COUNTERCLAIM
### (Declaration of Non-infringement of the '352 Patent)

153.    Sun incorporates and realleges paragraphs 1 through 32 of these Counterclaims.

154.    NetApp alleges it is the owner of the '352 patent, and NetApp brought suit against Sun for infringement of the '352 patent.

155.    The '352 patent is not infringed by any products made, used, sold, offered for sale in, or imported into, the United States by Sun.

156.    An actual case or controversy exists between NetApp and Sun because NetApp filed a Complaint against Sun alleging infringement of the '352 patent.

157.    Sun has been injured and damaged by NetApp filing of a Complaint asserting infringement of the '352 patent, which is not infringed by Sun.

158.    Declaratory relief is both appropriate and necessary to establish that the '352 patent is not infringed by any products made, used, sold, offered for sale in, or imported into, the United State by Sun.

## TWENTIETH COUNTERCLAIM
### (Declaration of Invalidity and Unenforceability of the '352 Patent)

159.    Sun incorporates and realleges paragraphs 1 through 32 of these Counterclaims.

160.    NetApp alleges it is the owner of the '352 patent, and NetApp brought suit against Sun for infringement of the '352 patent.

161.     The '352 patent is invalid for failing to comply with the provisions of the patent

laws, 35 U.S.C. § 1 *et seq.*, including but not limited to 35 U.S.C. §§ 101, 102, 103, 112 and 132.

Also, the '352 patent is unenforceable for at least the reasons alleged in the Eighth Affirmative

Defense above.

162.     An actual case or controversy exists between Sun and NetApp because NetApp

filed a Complaint against Sun alleging infringement of the '352 patent.

163.     Sun has been injured and damaged by NetApp filing a Complaint asserting

infringement of the '352 patent, which is invalid and unenforceable.

164.     Declaratory relief is both appropriate and necessary to establish that the '352

patent is invalid and unenforceable.

### TWENTY-FIRST COUNTERCLAIM
### (Declaration of Non-infringement of the '715 Patent)

165.     Sun incorporates and realleges paragraphs 1 through 32 of these Counterclaims.

166.     NetApp alleges it is the owner of the '715 patent, and NetApp brought suit against

Sun for infringement of the '715 patent.

167.     The '715 patent is not infringed by any products made, used, sold, offered for sale

in, or imported into, the United States by Sun.

168.     An actual case or controversy exists between NetApp and Sun because NetApp

filed a Complaint against Sun alleging infringement of the '715 patent.

169.     Sun has been injured and damaged by NetApp filing of a Complaint asserting

infringement of the '715 patent, which is not infringed by Sun.

170.     Declaratory relief is both appropriate and necessary to establish that the '715

patent is not infringed by any products made, used, sold, offered for sale in, or imported into, the

United State by Sun.

## TWENTY-SECOND COUNTERCLAIM
### (Declaration of Invalidity of the '715 Patent)

171.     Sun incorporates and realleges paragraphs 1 through 32 of these Counterclaims.

172.     NetApp alleges it is the owner of the '715 patent, and NetApp brought suit against Sun for infringement of the '715 patent.

173.     The '715 patent is invalid for failing to comply with the provisions of the patent laws, 35 U.S.C. § 1 *et seq.*, including but not limited to 35 U.S.C. §§ 101, 102, 103, 112 and 132.

174.     An actual case or controversy exists between Sun and NetApp because NetApp filed a Complaint against Sun alleging infringement of the '715 patent.

175.     Sun has been injured and damaged by NetApp filing a Complaint asserting infringement of the '715 patent, which is invalid.

176.     Declaratory relief is both appropriate and necessary to establish that the '715 patent is invalid.

## TWENTY-THIRD COUNTERCLAIM
### (Declaration of Non-infringement of the '486 Patent)

177.     Sun incorporates and realleges paragraphs 1 through 32 of these Counterclaims.

178.     NetApp alleges it is the owner of the '486 patent, and NetApp brought suit against Sun for infringement of the '486 patent.

179.     The '486 patent is not infringed by any products made, used, sold, offered for sale in, or imported into, the United States by Sun.

180.     An actual case or controversy exists between NetApp and Sun because NetApp filed a Complaint against Sun alleging infringement of the '486 patent.

181.     Sun has been injured and damaged by NetApp filing of a Complaint asserting infringement of the '486 patent, which is not infringed by Sun.

182.     Declaratory relief is both appropriate and necessary to establish that the '486 patent is not infringed by any products made, used, sold, offered for sale in, or imported into, the United State by Sun.

### TWENTY-FOURTH COUNTERCLAIM
#### (Declaration of Invalidity of the '486 Patent)

183.     Sun incorporates and realleges paragraphs 1 through 32 of these Counterclaims.

184.     NetApp alleges it is the owner of the '486 patent, and NetApp brought suit against Sun for infringement of the '486 patent.

185.     The '486 patent is invalid for failing to comply with the provisions of the patent laws, 35 U.S.C. § 1 *et seq.*, including but not limited to 35 U.S.C. §§ 101, 102, 103, 112 and 132.

186.     An actual case or controversy exists between Sun and NetApp because NetApp filed a Complaint against Sun alleging infringement of the '486 patent.

187.     Sun has been injured and damaged by NetApp filing a Complaint asserting infringement of the '486 patent, which is invalid.

188.     Declaratory relief is both appropriate and necessary to establish that the '486 patent is invalid.

### TWENTY-FIFTH COUNTERCLAIM
#### (Declaration of Non-infringement of the '964 Patent)

189.     Sun incorporates and realleges paragraphs 1 through 32 of these Counterclaims.

190.     NetApp alleges it is the owner of the '964 patent, and NetApp brought suit against Sun for infringement of the '964 patent.

191.     The '964 patent is not infringed by any products made, used, sold, offered for sale in, or imported into, the United States by Sun.

192.     An actual case or controversy exists between NetApp and Sun because NetApp filed a Complaint against Sun alleging infringement of the '964 patent.

-60-

193.    Sun has been injured and damaged by NetApp filing of a Complaint asserting infringement of the '964 patent, which is not infringed by Sun.

194.    Declaratory relief is both appropriate and necessary to establish that the '964 patent is not infringed by any products made, used, sold, offered for sale in, or imported into, the United State by Sun.

### TWENTY-SIXTH COUNTERCLAIM
### (Declaration of Invalidity of the '964 Patent)

195.    Sun incorporates and realleges paragraphs 1 through 32 of these Counterclaims.

196.    NetApp alleges it is the owner of the '964 patent, and NetApp brought suit against Sun for infringement of the '964 patent.

197.    The '964 patent is invalid for failing to comply with the provisions of the patent laws, 35 U.S.C. § 1 *et seq.*, including but not limited to 35 U.S.C. §§ 101, 102, 103, 112 and 132.

198.    An actual case or controversy exists between Sun and NetApp because NetApp filed a Complaint against Sun alleging infringement of the '964 patent.

199.    Sun has been injured and damaged by NetApp filing a Complaint asserting infringement of the '964 patent, which is invalid.

200.    Declaratory relief is both appropriate and necessary to establish that the '964 patent is invalid.

### SUN'S PRAYER FOR RELIEF

WHEREFORE, Sun Microsystems, Inc. prays for relief as follows:

1.    That NetApp's Complaint be dismissed with prejudice and that NetApp recover nothing thereon;

2.       That Sun be adjudged to be the owner of each of the Sun Patents-in-Suit, that Sun should be entitled to all rights of recovery thereunder, and that such patents are valid and enforceable;

3.       That NetApp be adjudged to have infringed, induced infringement, and contributed to the infringement of each of the Sun Patents-in-Suit ;

4.       That NetApp, its officers, principals, agents, attorneys, servants, employees, and all others acting by or under their direction and authority, and their successors and assigns, be enjoined by preliminary and permanent injunctions from making, using, offering to sell, or selling in the United States any infringing products or any other product substantially equivalent thereto which is also within the scope of any claim of any of the Sun Patents-in-Suit and from importing into the United States any infringing products or any other product substantially equivalent thereto which is also within the scope of any claim of any of the Sun Patents-in-Suit;

5.       That Sun be awarded an accounting for and recovery of damages under 35 U.S.C. § 284 adequate to fully compensate it for infringement by NetApp of the Sun Patents-in-Suit in an amount to be proven at trial;

6.       That Sun be awarded treble damages in view of the reckless, willful, and deliberate nature of NetApp's infringement, pursuant to 35 U.S.C. § 284;

7.       A declaration that Sun has not infringed and is not infringing, directly or indirectly, any claims of the NetApp Patents-in-Suit;

8.       A declaration that the NetApp Patents-in-Suit are invalid and unenforceable;

9.       A declaration that NetApp and its officers, employees, agents, alter egos, attorneys and any persons in active concert or participation with it be restrained and enjoined

from further prosecuting or instituting any action against Sun claiming that the NetApp Patents-in-Suit are infringed, valid or enforceable and from representing that Sun's products or services, or that others' use thereof, infringe the NetApp Patents-in-Suit;

      10.    For costs and attorneys' fees in connection with the Complaint and the Counterclaims pursuant to 35 U.S.C. § 285;

      11.    For interest thereon at the legal rate; and

      12.    For such other and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Sun demands a trial by jury on NetApp's Complaint and Sun's Counterclaim for all issues so triable.

Dated: October 25, 2007        Respectfully submitted:

        /s/ Clyde M. Siebman
        Clyde M. Siebman, Lead Attorney
        (Bar No. 18341600)
        email: clydesiebman@siebman.com
        SIEBMAN, REYNOLDS, BURG &
        PHILLIPS, LLC
        Federal Courthouse Square
        300 N. Travis Street
        Sherman, TX 75090
        Tel: (903) 870-0070
        Fax: (903) 870-0066

        **Attorney for Defendant**
        **and Counter-Claimant**
        **Sun Microsystems, Inc.**

Of Counsel:

Mark Fowler
David L. Alberti
Jakov Zolotorev
Carrie L. Williamson
DLA Piper US LLP
2000 University Avenue
East Palo Alto, CA 94303
Tel: (650) 833-2000
Fax: (650) 833-2001

Clayton Thompson
DLA Piper US LLP
1775 Wiehle Avenue, Suite 400
Reston, VA 20190-5159
Tel: (703) 773-4000
Fax: (703) 773-5000

Attorneys for Defendant
and Counter-Claimant
Sun Microsystems, Inc.


## <u>CERTIFICATE OF SERVICE</u>

The undersigned certifies that on this 25th day of October, 2007, all counsel of record

who are deemed to have consented to electronic service are being served with a copy of this

document through the Court's CM/ECF system under Local Rule CV-5(a)(3).  Any other counsel

of record will be served by a facsimile transmission and/or first class mail.


<u>/s/ Clyde M. Siebman</u>
Clyde M. Siebman