1   MATTHEW D. POWERS (Bar No. 104795)
    matthew.powers@weil.com
2   EDWARD R. REINES  (Bar No. 135960)
    edward.reines@weil.com
3   JEFFREY G. HOMRIG (Bar No. 215890)
    jeffrey.homrig@weil.com
4   WEIL, GOTSHAL & MANGES LLP
    Silicon Valley Office
5   201 Redwood Shores Parkway
    Redwood Shores, CA  94065
6   Telephone: (650) 802-3000
    Facsimile: (650) 802-3100
7

8   Attorneys for Plaintiff
    NETWORK APPLIANCE, INC.,

9

10              UNITED STATES DISTRICT COURT

11             NORTHERN DISTRICT OF CALIFORNIA

12                SAN FRANCISCO DIVISION

13

14  NETWORK APPLIANCE, INC.                Case No. 3:07-CV-06053-EDL

15            Plaintiff,                   **NETWORK APPLIANCE'S MOTION
        v.                                 FOR ADMINISTRATIVE RELIEF
16                                         REQUESTING A PROMPT CASE
    SUN MICROSYSTEMS, INC.                 MANAGEMENT CONFERENCE**
17
              Defendant.
18

19

20

21

22

23

24

25

26

27

28

1    Pursuant to Federal Rule of Civil Procedure 16 and Civil Local Rule 7-11, plaintiff

2   Network Appliance, Inc. ("NetApp") respectfully requests that the Court reschedule the initial

3   case management conference ("CMC"), currently set for March 11, 2008 at 10:00 AM to

4   January 8, 2008 at 10:00 AM or, if not then, no later than January 23, 2008.

5    NetApp filed this case because Sun Microsystems, Inc. ("Sun") is "open-sourcing" what it

6   calls "ZFS" file system software code.  That software code incorporates many of the patented

7   features developed by NetApp that have distinguished NetApp's products from the competition

8   and have made them extremely successful.  Sun, by injecting infringing code into the public

9   domain, is infecting open-source code and creating very harmful consequences both in the

10   marketplace and to the open-source community.  One aspect of the relief NetApp plans to seek in

11   this case will be an injunction preventing Sun from continuing to support, update, and proliferate

12   infringing open-source software.

13    Because time is of the essence to prevent the further proliferation of the infected

14   open-source software code, this case was initially filed by NetApp in Texas in view of that

15   venue's reputation for speed.  In response, defendant Sun Microsystems, Inc. ("Sun") threatened

16   to file a transfer motion.  To avoid undue delay and dispute, NetApp agreed to the transfer of this

17   case to Your Honor with the explicit understanding that the parties would facilitate the prompt

18   resolution of this case.  Indeed, a key aspect of the parties' agreement was that the parties would

19   willingly schedule and participate in a prompt CMC before this Court.  This agreement is

20   reflected in the Agreed Motion to Transfer filed in Texas confirming that Your Honor "has agreed

21   to hear this matter and to conduct a prompt Case Management Conference."  Reines Decl. Exh. A

22   at 1-2.

23    That the parties agreed to seek a prompt CMC in this case is undisputed.  In fact, the

24   parties held a teleconference with Your Honor in which they confirmed, before they entered into

25   their agreement, that this Court could accommodate a December CMC date to get this case

26   moving forthwith upon arrival in this District.  Not once during the discussion with Your Honor

27   did Sun object to a December CMC.  More recently, Sun has expressed an unduly stingy view of

28   the meaning of a prompt CMC, explaining its understanding of the objective of a prompt CMC to

be merely to ensure that a CMC would be held no later than if this case had remained in Texas: "We agreed to a prompt CMC in the Texas case, so as to not materially delay the progress of that case in light of the transfer." Reines Decl. Exh. B at 3.

In view of the parties' agreement, NetApp approached Sun to suggest January 8, 2008 for the CMC. Given the upcoming holidays, this date is reasonably prompt. Setting the CMC for January 8, 2008 would allow this case to move forward without unreasonable delay. That date also makes sense because it was earlier than the January 23, 2008 CMC entered by the Texas court, see Reines Decl. Exh. C at 1, which is the latest date that comports with either party's understanding of their agreement to schedule a "prompt" CMC. Indeed, Sun's original response appeared to be open to an early January conference in this case.[1] But when NetApp asked Sun to confirm whether it was agreeable to a January 8, 2008 CMC, Sun dragged its feet and failed to provide a definite response. Indeed, Sun had still not provided a substantive response when, today, the Clerk issued a standard order setting the CMC for March 11, 2008. Based on that form order, Sun now takes the position that the March 11 CMC date is appropriate – despite the fact that, if this case had remained in Texas, the CMC would occur months earlier. Reines Decl. Exh. B at 1.

Regardless of whether Sun's current position is an opportunistic attempt to delay NetApp's case, the fact remains that, even under Sun's own interpretation of the parties' agreement, the CMC should not be held any later than January 23, which is when the CMC would have been held in Texas. Moreover, the faithful implementation of the parties' agreement would be to hold the CMC as soon as practical. January 8 is practical and Sun has not identified any scheduling conflict that would prevent it from appearing on that date.

In conclusion, the Court should set the CMC in this case for January 8, but in no event later than January 23. NetApp entered into the agreement to have this case transferred to this

[1] Sun did, however, express serious concern about a January CMC for the case originally assigned to Judge Ware, Case No. C 07-05488, because of the practical problems presented by the state of the pleadings in that case. Reines Decl. Exh. B at 4. In that case, NetApp's answer is not due until December 21, and it does plan to bring number of patent infringement claims when it files that answer. Given that record, NetApp agrees with Sun that a January CMC is impractical for that case. Id. at 3.

1    Court in reliance on the express and documented understanding that this Court would move this

2    case forward.  Delaying the CMC for months beyond when it would have been held in Texas is

3    unfair and disturbingly at odds with the arrangement that brought this case to this Court.  The

4    Court should therefore grant NetApp's motion, and a prompt CMC should be held on January 8.

5

6    Dated:  December 4, 2007                    Respectfully submitted,

7

8                                                       ___/s/ Edward R. Reines_____
                                                      Matthew D. Powers
9                                                     Edward R. Reines
                                                      Jeffrey G. Homrig
10                                                    Jill J. Ho
                                                      WEIL, GOTSHAL & MANGES LLP
11                                                    201 Redwood Shores Parkway
                                                      Redwood Shores, CA 94065
12                                                    Telephone:  (650) 802-3000
                                                      Facsimile:   (650) 802-3100
13
                                                      Elizabeth Weiswasser
14                                                    WEIL, GOTSHAL & MANGES LLP
                                                      767 Fifth Avenue
15                                                    New York, NY 10153
                                                      Telephone:  (212) 310-8000
16                                                    Facsimile:   (212) 310-8007

17                                                    **ATTORNEYS FOR PLAINTIFF**

18

19

20

21

22

23

24

25

26

27

28