MATTHEW D. POWERS (Bar No. 104795)
matthew.powers@weil.com
EDWARD R. REINES  (Bar No. 135960)
edward.reines@weil.com
JEFFREY G. HOMRIG (Bar No. 215890)
jeffrey.homrig@weil.com
WEIL, GOTSHAL & MANGES LLP
Silicon Valley Office
201 Redwood Shores Parkway
Redwood Shores, CA  94065
Telephone: (650) 802-3000
Facsimile: (650) 802-3100

Attorneys for Plaintiff
NETWORK APPLIANCE, INC.,

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| NETWORK APPLIANCE, INC.<br><br>           Plaintiff,<br>     v.<br><br>SUN MICROSYSTEMS, INC.<br><br>           Defendant. | Case No. 3:07-CV-06053-EDL<br><br>**DECLARATION OF EDWARD REINES IN SUPPORT OF NETWORK APPLIANCE'S MOTION OF ADMINISTRATIVE RELIEF REQUESTING PROMPT CMC** |

I, Edward R. Reines, declare:

1. I am a member of the Bar of this Court and a partner at the law firm of Weil, Gotshal & Manges LLP, counsel of record for the Plaintiff Network Appliance, Inc. ("NetApp"), in this case. I submit this declaration pursuant to Civil Local Rule 7-11(a). If called upon as a witness, I could competently testify to the truth of each statement herein.

2. As explained in NetApp's Motion for Administrative Relief, time is of the essence in this action to prevent the proliferation of infected "open-source" software code into the public domain. NetApp thus initially filed this action in the Eastern District of Texas in view of that district's reputation for speed.

3. To avoid undue delay and dispute, NetApp agreed to transfer this case to Your Honor with the explicit understanding that prompt resolution of this case could be accomplished. Indeed, prior to agreeing to the transfer, the parties held a teleconference with Your Honor in which the this Court confirmed that it could accommodate a Case Management Conference ("CMC") as early as December so that this case could proceed forthwith. During the teleconference, Sun's counsel raised no objection to a possible December CMC. Furthermore, the joint motion transferring this action expressly noted that Your Honor "has agreed to hear this matter and to conduct a *prompt* Case Management Conference." *See* Exhibit A, *infra.* (emphasis added).

4. Accordingly, on November 30, 2007, I sent an e-mail to Mark Fowler, one of Sun's attorneys, proposing that the CMC take place on January 8, 2008. *See* Exhibit B, *infra.*

5. On December 2, 2007, I received a reply e-mail from Mr. Fowler confirming that Sun "agreed to a prompt CMC in the Texas case, so as to not materially delay the progress of that case in light of the transfer." *Id.* However, Mr. Fowler's email did not provide a definite answer concerning the proposed January 8, 2008 CMC date, nor did Sun provide one prior to the issuance of the automatic scheduling order on December 4, 2007.

6. After the automatic scheduling order issued, I received an email from Carrie Williamson, another Sun attorney, proposing that the Court hold the initial CMC on March 11, 2008, as provided in the automatic scheduling order. *Id.*

1        7.      In an attempt to reach agreement and avoid motion practice, I conferred further with Ms. Williamson by both telephone and e-mail on December 4, 2007.  I explained to Ms. Williamson that a March 11, 2008 case management conference is inconsistent with the parties' agreement to conduct a prompt CMC and would result in the CMC being held later than if the case had remained in Texas.  Ms. Williamson was clear that Sun would not agree to a CMC in January and that this was not as a result of problems with personal schedules.

      8.      Unable to reach agreement, NetApp brings this Motion for Administrative Relief to obtain the prompt CMC that was a primary element of the parties' agreement to transfer this case to this Court.

      9.      Attached as Exhibit A to this Declaration is a true and correct copy of the parties' Agreed Motion to Transfer, filed in Civil Action No. 9:07-cv-206 (RHC) (E.D. Tex.) on November 21, 2007.

      10.      Attached as Exhibit B to this Declaration is a true and correct copy of a series of e-mails exchanged between counsel for NetApp and Sun.

      11.      Attached as Exhibit C to this Declaration is a true and correct copy of the Order Governing Proceedings entered by the Court in Civil Action No. 9:07-cv-206 (RHC) (E.D. Tex.) on November 21, 2007.

/
/
/

Dated: December 4, 2007

Respectfully submitted,

   /s/ Edward R. Reines
Matthew D. Powers
Edward R. Reines
Jeffrey G. Homrig
Jill J. Ho
WEIL, GOTSHAL & MANGES LLP
201 Redwood Shores Parkway
Redwood Shores, CA 94065
Telephone: (650) 802-3000
Facsimile: (650) 802-3100

Elizabeth Weiswasser
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, NY 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

**ATTORNEYS FOR PLAINTIFF
NETWORK APPLIANCE, INC.**