MARK D. FOWLER (Bar No. 124235)
mark.fowler@dlapiper.com
DAVID ALBERTI (Bar. No. 220625)
david.alberti@dlapiper.com
CHRISTINE K. CORBETT (Bar No. 209128)
christine.corbett@dlapiper.com
YAKOV M. ZOLOTOREV (Bar No. 224260)
yakov.zolotorev@dlapiper.com
CARRIE L. WILLIAMSON (Bar No. 230873)
carrie.williamson@dlapiper.com

DLA PIPER US LLP
2000 University Avenue
East Palo Alto, CA  94303-2215
Tel:  650.833.2000
Fax:  650.833.2001

Attorneys for Defendant and Counterclaimant
Sun Microsystems, Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| NETWORK APPLIANCE, INC., a Delaware corporation,<br><br>Plaintiff,<br><br>v.<br><br>SUN MICROSYSTEMS, INC., a Delaware corporation,<br><br>Defendant, | **CASE NO.  3:07-CV-06053 EDL**<br><br>**SUN MICROSYSTEMS, INC.'S OPPOSITION TO NETWORK APPLIANCE'S MOTION FOR ADMINISTRATIVE** |
| SUN MICROSYSTEMS, INC.,<br><br>Counter-claim Plaintiff,<br><br>v.<br><br>NETWORK APPLIANCE, INC.,<br><br>Counterclaim-Defendant. | |

Sun Microsystems, Inc. ("Sun") is committed to an efficient and fair resolution of the two lawsuits pending between the parties in this Court.  However, the present motion brought by Network Appliance ("NetApp") does not promote a fair or efficient resolution of this dispute, does not honor the parties' prior agreement, and ignores important facts.

1    Sun is not opposed (and never has been opposed) to holding an initial case management
2 conference in January 2008, provided one purpose of the conference is setting an appropriate
3 schedule for this complex, 19 patent, patent infringement action (NetApp asserts 7 patents and
4 Sun asserts 12 patents).  The case schedule would include appropriate dates for compliance with
5 the Patent Local Rules, including the timing of infringement and invalidity contentions and the
6 scheduling of the Markman process.  This is precisely what was contemplated when this case was
7 transferred from the Eastern District of Texas – holding a prompt scheduling conference so
8 NetApp is not required, in essence, to restart its case from scratch following transfer.

9    The parties certainly neither contemplated nor discussed, nor did Sun agree to, as NetApp
10 now seeks:  (1) a CMC earlier than the previously scheduled CMC in the Eastern District of
11 Texas; or (2) a CMC that mechanically triggers a case schedule under the Patent Local Rules –
12 including the service of infringement contentions for 19 patents 10 days following the CMC –
13 without regard to whether such a schedule makes sense in this case (it does not), and without any
14 prior discussion or agreement regarding an appropriate case schedule.

15    The sole agreed purpose for a prompt CMC was to quickly establish a schedule that is
16 efficient and makes sense for this case, not, as NetApp now apparently desires, simply to appear
17 in Court as soon as possible to mechanically trigger Patent Local Rule deadlines.  In fact, on
18 Sunday, December 2, 2007, only two days before NetApp filed its present motion, NetApp's
19 counsel sent an email (inexplicably excluded from NetApp's moving papers), responding to a
20 question from Sun about how the parties should address the Patent Local Rule requirements,
21 stating: "You raise several good points to discuss." (Fowler Decl., Ex. B.)  This email exchange
22 reflects there was no prior agreement or understanding that the Patent Local Rules would be
23 triggered by the early CMC.  Indeed, the present dispute over the appropriate date for the CMC
24 resulted from NetApp's last minute assertion that a 10-day deadline for the service of
25 infringement contentions for the 19 patents would be triggered by the parties' appearance at the
26 early CMC.  (See Reines Decl., Ex. B, Mr. Reines' December 4, 2007, 9:13 a.m. email
27 responding to Mr. Fowler's December 2, 2007, email.)  Notably, other than stating NetApp wants
28 "to get this case moving forthwith" (Motion, p. 2), NetApp does not identify any particular

-2-    SUN'S OPPOSITION TO MOTION FOR
ADMINISTRATIVE RELIEF/CASE NO. 07-06053 EDL

PA\10529216.1

purpose for the early CMC.

If the function of the early CMC is – as originally contemplated – to discuss and set an appropriate schedule for this case, then a January 23, 2008, CMC date is acceptable to Sun. However, if the CMC will, as NetApp desires, trigger the deadlines under the Patent Local Rules, Sun proposes a February 26, 2008, CMC. Sun previously proposed this date to NetApp (which NetApp fails to mention in its motion).

### The Current Schedule Results From NetApp's Improper Forum Shopping

The current circumstances are a direct result of NetApp's improper forum shopping. NetApp filed this action in the Eastern District of Texas on September 5, 2007. NetApp did so even though neither party is located in that District, even though none of the relevant witnesses or evidence are located in Texas, and even though NetApp, Sun, the developers of the accused ZFS software, most of the other relevant witnesses and other evidence, and lead counsel are located in California (and, in particular, in this District). Indeed, NetApp's present motion candidly acknowledges its forum-shopping. (Motion, p. 2; Reines Decl., ¶ 2.) Sun responded to NetApp's inappropriate venue choice by asking NetApp to stipulate to transfer this case to this Court, and by stating that if NetApp did not so stipulate, Sun would file a motion to transfer. (Fowler Decl., Ex. A.) Rather than face a motion it would lose, NetApp eventually stipulated to the transfer on November 21, 2007. (Reines Decl., Ex. A.) If NetApp had not engaged in improper forum shopping, and instead had filed this action in this Court, the present circumstances would not exist.

### NetApp's Purported Need For Speed Is A Canard

Although NetApp never previously articulated this as a reason for an early CMC, NetApp's motion uses the open-sourcing of Sun's ZFS software as a pretext, asserting "time is of the essence to prevent the further proliferation of the infected open-source code." (Motion, at p. 2.) However, it is undisputed NetApp waited almost two years after ZFS was released and open-sourced before NetApp filed suit. NetApp also did not move for injunctive relief upon filing suit. As evidenced by NetApp's prior lack of urgency, there is no greater need for speed in this case than in any other patent case. Consequently, a CMC in February or March 2008 would not

significantly impact NetApp or its ability to seek relief.

**NetApp's Proposed CMC Dates Are Not Practical, Efficient Or Fair**[1]

First, NetApp should not benefit from its failure to file its Complaint in the proper venue. NetApp requests a CMC more than two weeks before the original CMC date in Texas (January 23, 2008). Thus, the requested January 8, 2008, date actually accelerates the case schedule.

Second, this case is not yet ready for a CMC. NetApp has not filed its Reply to Sun's Counterclaims. Also, as noted in footnote 1 below, the parties have not initiated the required Rule 26(f) or ADR conferences, or exchanged the required Rule 26(a) disclosures, all of which must be completed before an initial CMC. A January 8, 2008, date would not afford the parties enough time to meet these requirements.

Third, Patent Local Rule deadlines triggered by any January 2008 CMC are not reasonable or efficient for several practical reasons.[2] This case is complex. NetApp asserts six patents and requests declaratory judgment on three Sun patents. Sun's counterclaims assert 12 patents against NetApp and virtually all of NetApp's products. Given the large number of patents and accused products at issue, and the complexity of the technology, it is impractical to require preliminary infringement contentions 10 days following a January 2008 CMC. However, infringement contentions can be completed by late February or early March, 2008.

Fourth, the second case presently before this Court is Sun's action against NetApp, Case No. 3:07-cv-05488 (the "Sun Action"). Sun asserts 6 additional patents against NetApp in the Sun Action. When the Sun Action was filed, the Court scheduled a March 24, 2008, CMC. (Fowler Decl., Exh. C.) When the Sun Action was reassigned from Judge Ware to Judge Laporte,

---

[1] Although NetApp's motion does not expressly say so, NetApp is seeking relief from the existing Case Management Schedule under Civil Local Rule 16-2(d). Under that rule, NetApp was required to provide a proposed revised case management schedule, which it did not do. Thus, NetApp fails to identify proposed deadlines for the parties' Rule 26(f) and ADR conferences, the filing of the ADR Certificate, the exchange of Rule 26(a) disclosures, and the filing of the Case Management Statement, none of which have been discussed by the parties, and which would require more time than a January 8, 2008 CMC would afford.

[2] Patent Local Rule 1-2 states "[t]he Court may accelerate, extend, eliminate, or modify the obligations or deadlines set forth in these Patent Local Rules *based on the circumstances of any particular case, including, without limitation, the complexity of the case or the number of patents, claims, products, or parties involved*."

the March 24, 2008, CMC date, as well as all other dates in that case, were vacated. The parties are awaiting new CMC dates to be set. NetApp's response to Sun's Complaint is due on December 21, 2007.

There is significant overlap between this case and the Sun Action. Many of the same NetApp products are accused of infringing Sun's patents in both cases, and the same technologies are involved in both cases. NetApp has threatened counterclaims in the Sun Action, and Sun suspects such counterclaims, if filed, will create even greater overlap between the two actions. Accordingly, there will be a large amount of overlapping discovery in the two cases, similar legal and factual issues will be decided in both cases, and the two cases will require close coordination by the Court. This, in turn, will require thoughtful, advance meet and confer between the parties, including careful preparation of a Rule 26(f) report that considers each party's discovery obligations in the two cases and crafts a reasonable and efficient plan. A January 2008 CMC would not permit such coordinated approach, especially since NetApp is not due to file its response to Sun's Complaint until December 21, 2007. The most efficient use of the Court's and the parties' resources would be hold a CMC covering both this action and the Sun Action in February or March 2008.

For the foregoing reasons, Sun requests that NetApp's motion to reset the March 11, 2008, CMC to January 8, 2008, be denied. In the alternative, if the Court wishes to hold a CMC earlier than March 11, 2008, Sun proposes either: (1) the CMC be held on February 26, 2008; or (2) if the Court concludes the initial disclosure requirements under the Patent Local Rules will not be automatically triggered by the CMC, that the CMC be scheduled for a date between January 23, 2008, and February 26, 2008, in order to provide the parties sufficient time to meet and confer, prepare their Rule 26(a) disclosures and submit their Rule 26(f) report.

Dated: December 7, 2007

DLA PIPER US LLP

/s/ Mark D. Fowler

Mark D. Fowler
Attorneys for Defendant
and Counterclaimant
SUN MICROSYSTEMS, INC.