MARK D. FOWLER (Bar No. 124235)
mark.fowler@dlapiper.com
DAVID ALBERTI (Bar. No. 220625)
david.alberti@dlapiper.com
CHRISTINE K. CORBETT (Bar No. 209128)
christine.corbett@dlapiper.com
YAKOV M. ZOLOTOREV (Bar No. 224260)
yakov.zolotorev@dlapiper.com
CARRIE L. WILLIAMSON (Bar No. 230873)
carrie.williamson@dlapiper.com

DLA PIPER US LLP
2000 University Avenue
East Palo Alto, CA 94303-2215
Tel: 650.833.2000
Fax: 650.833.2001

Attorneys for Defendant and Counterclaimant
Sun Microsystems, Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| NETWORK APPLIANCE, INC., a Delaware corporation,<br><br>Plaintiff,<br><br>v.<br><br>SUN MICROSYSTEMS, INC., a Delaware corporation,<br><br>Defendant, | CASE NO. 3:07-CV-06053 EDL<br><br>**DECLARATION OF MARK FOWLER IN SUPPORT OF SUN MICROSYSTEMS, INC.'S OPPOSITION TO NETWORK APPLIANCE'S MOTION FOR ADMINISTRATIVE RELIEF** |
| SUN MICROSYSTEMS, INC.,<br><br>Counter-claim Plaintiff,<br><br>v.<br><br>NETWORK APPLIANCE, INC.,<br><br>Counterclaim-Defendant. | |

I, Mark Fowler, declare:

1.  I am a member of the Bar of this Court and am a partner with the law firm of DLA Piper US LLP, counsel of record in this action for Sun Microsystems, Inc. ("Sun"). If called as a witness, I could and would competently testify to the truth of each statement in this declaration.

2.  Plaintiff Network Appliance, Inc. ("NetApp") filed this action in the Eastern District of Texas on September 5, 2007. NetApp did not, before the transfer of this case to this Court, seek any preliminary injunctive relief on the claims in its Complaint.

3.  On October 30, 2007, I advised NetApp's counsel that venue in the Eastern District of Texas was inappropriate in light of the fact that no relevant witnesses or evidence are located in Texas, while most of the relevant witnesses and evidence are located in California (and, in particular, in the Northern District of California). On behalf of Sun, I asked NetApp's counsel whether NetApp would stipulate to a transfer to this Court. I indicated that if NetApp would not agree to a transfer, Sun would file a motion to transfer. A true and correct copy of my October, 30, 2007, letter to NetApp's counsel is attached to this declaration as <u>Exhibit A</u>.

4.  NetApp eventually agreed to transfer this case to this Court, resulting in the November 21, 2007, Agreed Motion to Transfer attached as Exhibit A to Mr. Reines' declaration.

5.  Sun is not opposed (and never has been opposed) to holding an initial case management conference in January 2008, provided one purpose of the conference is setting an appropriate schedule for this complex, 19 patent, patent infringement action (NetApp asserts 7 patents and Sun asserts 12 patents). The case schedule would include appropriate dates for compliance with the Patent Local Rules, including the timing of infringement and invalidity contentions and the scheduling of the Markman process. This is precisely what was contemplated when this case was transferred from the Eastern District of Texas – holding a prompt scheduling conference so NetApp is not required, in essence, to restart its case from scratch following transfer.

6.  The parties certainly neither contemplated nor discussed, nor did Sun agree to, as NetApp now seeks: (1) a CMC earlier than the previously scheduled CMC in the Eastern District of Texas; or (2) a CMC that mechanically triggers a case schedule under the Patent Local Rules –

including the service of infringement contentions for 19 patents 10 days following the CMC – without regard to whether such a schedule makes sense in this case, and without any prior discussion or agreement regarding an appropriate case schedule.

7.  A series of emails is attached to the Declaration of Edward Reines in support of NetApp's Motion. Although Mr. Reines gives the impression in his declaration that this email "string" constitutes all of the emails between counsel on this subject, it does not. Among the emails inexplicitly missing from his exhibit is a December 2, 2007, email from Mr. Reines responding to an email from me earlier that day. True and correct copies of these two e-mails are attached as Exhibit B to this declaration.

8.  The parties have not met and conferred about a case schedule, ADR or any other issue to be addressed under Rule 26(f), nor has NetApp attempted to initiate such discussion.

9.  During a December 4, 2007, teleconference with Mr. Reines, my associate, Ms. Williamson, told Mr. Reines that Sun is willing to move the March 11, 2007, CMC to February 26 or March 4, 2008.

10. Attached as Exhibit C to this declaration is a true and correct copy of the initial Order Setting the Initial Case Management Conference and Deadlines in Case No. 07-05488. The dates set forth in this Order subsequently were vacated by the Court when the case was reassigned from Judge Ware to Judge Laporte. The parties are awaiting the setting of a new CMC schedule in that action.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct, and that this declaration was executed on December 6, 2007.

_____
Mark Fowler