MATTHEW D. POWERS (Bar No. 104795)
matthew.powers@weil.com
EDWARD R. REINES (Bar No. 135960)
edward.reines@weil.com
JEFFREY G. HOMRIG (Bar No. 215890)
jeffrey.homrig@weil.com
WEIL, GOTSHAL & MANGES LLP
Silicon Valley Office
201 Redwood Shores Parkway
Redwood Shores, CA 94065
Telephone: (650) 802-3000
Facsimile: (650) 802-3100

Attorneys for Plaintiff
NETWORK APPLIANCE, INC.,

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| NETWORK APPLIANCE, INC. | Case No. 3:07-CV-06053-EDL |
|---|---|
| Plaintiff, | **REPLY IN SUPPORT OF NETWORK APPLIANCE'S REQUEST FOR A PROMPT CASE MANAGEMENT CONFERENCE** |
| v. | |
| SUN MICROSYSTEMS, INC. | |
| Defendant. | |

Network Appliance, Inc. ("NetApp") submits this reply in support of its request for a prompt Case Management Conference.

In its opposition, Sun Microsystems, Inc., ("Sun") states that it has "never been opposed" to a January 2008 Case Management Conference in this case. This is, in fact, not true. *See Reines Decl.* (Docket Entry No. 4) ¶ 7 (during the parties' meet and confer, Sun's attorney "was clear that Sun would not agree to a CMC in January."). But Sun's concession to a January CMC is nevertheless helpful because it comports with the parties' agreement and serves to narrow substantially the parties' dispute.

Because Sun now agrees that a January 2008 CMC is acceptable, the remaining dispute is Sun's awkward position that -- although it agreed to a prompt CMC upon the transfer of this case specifically for the purpose of setting a prompt case schedule -- Sun did not mean to suggest that all the standard procedures associated with such a CMC would be "triggered." *See* Sun Opposition at 2. This unexpressed and odd caveat to Sun's agreement to a prompt CMC should be seen for the unfair after-thought that it is. The parties did not agree to ignore the Federal Rules Of Civil Procedure, the Civil Local Rules and the Patent Local Rules in setting an initial case management conference and there is no basis for the assertion that they did.

NetApp is, and has been, prepared to move forward promptly with a normal initial CMC in this case on January 8, and no later than January 23, which is when it would have been held in Texas. There is no good reason why Sun cannot comply with the standard requirements associated with an initial CMC in January. Sun's law firm has a reputation as quite capable and certainly has enough lawyers to meet the standard deadlines it must have foreseen when it agreed -- without qualification -- to set a prompt CMC in this case. Indeed, Sun does not, and cannot, deny that it was involved with the Court in an express discussion of a December CMC date without mention of the caveats that fill its opposition to this motion.

Other than its generalized complaint that this is a large case, Sun makes no showing that it cannot meet the standard requirements for an initial CMC. Indeed, if this case remained in Texas, Sun would presumably have met its standard obligations without comment.[1] Accordingly, this Court should set a January 8, 2008 CMC with confidence that the parties can meet the standard requirements associated with such a conference. NetApp's counsel is prepared to conduct the Rule 26(f) conference anytime.

As for the initial Case Management Conference in Sun's case, it is not clear that the March 24, 2008 CMC is off-calendar because it is not totally clear that the following language from the reassignment order applies to a CMC as compared to a motion: "All matters presently scheduled for hearing are vacated and should be renoticed for hearing before the judge to whom the case has

---

[1] Including the E.D. Texas Patent Local Rule 3-1 requirement that parties serve the very same contentions required in N.D. California no more that 10 days after the January 23 CMC.

been reassigned."   In any event, NetApp is completely open to negotiating a CMC date in Sun's case, although both parties agree that January is not at all practical.  Because there is a two month difference as to when the counterclaims will be filed in the two cases,[2] a March CMC in Sun's case would be just as prompt as a January CMC in this case.  Indeed, Sun has been steadfast that it never agreed to accelerate the March 24, 2008 CMC date in its case.  *See* Reines, Decl., Exhibit 2 ("We did not agree to accelerate the CMC in the California-filed case")  Thus, a March CMC in that case, consistent with this Court's calendar, is acceptable to NetApp.

Dated:  December 7, 2007                        Respectfully submitted,

           /s/ *Edward R. Reines*
Matthew D. Powers
Edward R. Reines
Jeffrey G. Homrig
WEIL, GOTSHAL & MANGES LLP
201 Redwood Shores Parkway
Redwood Shores, CA 94065
Telephone:  (650) 802-3000
Facsimile:   (650) 802-3100

**ATTORNEYS FOR PLAINTIFF
NETWORK APPLIANCE, INC.**

---

[2] Sun filed its counterclaims in this case back on October 25, 2007.  NetApp is scheduled to file its counterclaims in the Sun case on December 21, 2007.