1    MATTHEW D. POWERS (Bar No. 104795)
     matthew.powers@weil.com
2    EDWARD R. REINES   (Bar No. 135960)
     edward.reines@weil.com
3    JEFFREY G. HOMRIG (Bar No. 215890)
     jeffrey.homrig@weil.com
4    WEIL, GOTSHAL & MANGES LLP
     Silicon Valley Office
5    201 Redwood Shores Parkway
     Redwood Shores, CA   94065
6    Telephone: (650) 802-3000
     Facsimile: (650) 802-3100
7

8    Attorneys for Plaintiff
     NETWORK APPLIANCE, INC.,

9

10              UNITED STATES DISTRICT COURT

11            NORTHERN DISTRICT OF CALIFORNIA

12                SAN FRANCISCO DIVISION

13

14    NETWORK APPLIANCE, INC.     |  Case No. 3:07-CV-06053-EDL

15            Plaintiff,        |  **NETWORK APPLIANCE'S REPLY TO**
**SUN'S ANSWER AND**
16        v.             |  **COUNTERCLAIMS**

17    SUN MICROSYSTEMS, INC.     |  **DEMAND FOR JURY TRIAL**

           Defendant.

18

19

20

21

22

23

24

25

26

27

28

1      Plaintiff Network Appliance, Inc. ("NetApp") replies to the counterclaims of

2   Defendant Sun Microsystems, Inc. ("Sun") as follows:

3                    **THE NATURE OF THE ACTION AND THE PARTIES**

4      1.      NetApp lacks sufficient knowledge or information to form a belief as to the

5   truth of the allegations of paragraph 1 of Sun's Counterclaims and, on that basis, denies them.

6                              **JURISDICTION AND VENUE**

7      2.      NetApp admits the allegations of paragraph 2 of Sun's Counterclaims.

8      3.      NetApp admits the allegations of paragraph 3 of Sun's Counterclaims.

9      4.      NetApp admits that this Court has personal jurisdiction over NetApp.

10   Except as expressly so admitted, NetApp denies the allegations of paragraph 4 of Sun's

11   Counterclaims.

12     5.      NetApp admits the allegations of paragraph 5 of Sun's Counterclaims.

13     6.      NetApp admits the allegations of paragraph 6 of Sun's Counterclaims.

14                              **FACTUAL ALLEGATIONS**

15     7.      Sun incorporates by reference paragraphs 1 through 5 of its Answer and the

16   allegations in its Answer to paragraphs 1, 16-21, 23-28, 30-35, 37-42, 44-49, 51-56 and 58-64 of

17   NetApp's Complaint.    NetApp responds to each paragraph individually below.

18      NetApp admits that on September 5, 2007, it filed a complaint against Sun, and

19   that the complaint seeks "a permanent injunction enjoining Sun, its officers, agents, servants,

20   employees, attorneys, and those persons in active concert or participation with any of them" from

21   distributing "any current or future versions of Sun's ZFS."   Except as expressly admitted,

22   NetApp denies the allegations of paragraph 1 of Sun's Answer and denies that Sun is entitled to

23   such relief.

24      NetApp admits that it had discussions with Storage Technology Corporation

25   ("Storage Tek") regarding certain Storage Tek patents and continued negotiating with Sun

26   following its acquisition of Storage Tek in 2005.   During these discussions, on July 25, 2006,

27   Sun demanded a royalty payment of $36,548,000 from NetApp to license its disk storage patent

28   portfolio.   Because NetApp does not use the technology covered by any of the patents asserted

1  by Sun, NetApp declined.   Except as expressly admitted, NetApp denies the allegations of

2  paragraph 2 of Sun's Answer.

3        NetApp admits that it has not open sourced its DataONTAP® software and that

4  NetApp and Sun are competitors.   Except as expressly admitted, NetApp denies the allegations

5  of paragraph 3 of Sun's Answer.

6        NetApp admits that it holds approximately 250 United States patents, but lacks

7  sufficient knowledge or information to form a belief as to the truth of the remaining allegations of

8  paragraph 4 of Sun's Answer and, on that basis, denies them.

9        NetApp admits that Sun has denied many of the allegations in NetApp's

10  Complaint and has asserted 12 patent infringement counterclaims.   Except as expressly

11  admitted, NetApp denies the allegations of paragraph 5 of Sun's Answer.

12        NetApp admits that it had discussions with Storage Tek regarding certain Storage

13  Tek patents and continued negotiating with Sun following its acquisition of Storage Tek in 2005.

14  Except as expressly admitted, NetApp denies the allegations of Sun's Answer to paragraph 1 of

15  NetApp's Complaint.

16        NetApp denies that Sun is entitled to an award of attorneys' fees under 35 U.S.C. §

17  285.   Sun's Answer to paragraphs 16-21, 23-28, 30-35, 37-42, 44-49, 51-56 and 58-64 of

18  NetApp's Complaint, in which Sun denies various allegations of NetApp's Complaint, does not

19  otherwise require a response.

20        8.     NetApp admits the allegations contained in paragraph 8 of Sun's

21  Counterclaims.

22        9.     NetApp admits that the '639 patent is entitled "File server having snapshot

23  application data groups," that it states on its face that it was issued on April 4, 1995, and that a

24  copy of the '639 patent was attached as Exhibit A to Sun's Answer and Counterclaim.   Except

25  as expressly admitted, NetApp denies the allegations of paragraph 9 of Sun's Counterclaims.

26        10.     NetApp denies that Sun is entitled to any damages because NetApp has not

27  infringed and is not infringing any valid claim of the '639 patent, one or more claims of the '639

28  patent is invalid, and the '639 patent is unenforceable under the doctrine of inequitable conduct.

1    NetApp lacks sufficient knowledge or information to form a belief as to the truth of the remaining

2    allegations of paragraph 10 of Sun's Counterclaims and, on that basis, denies them.

3           11.    NetApp admits that the '667 patent is entitled "Data record copy system for

4    a disk drive array data storage subsystem," that it states on its face that it was issued on April 25,

5    1995, and that a copy of the '667 patent was attached as Exhibit B to Sun's Answer and

6    Counterclaim.    Except as expressly admitted, NetApp denies the allegations of paragraph 11 of

7    Sun's Counterclaims.

8           12.    NetApp denies that Sun is entitled to any damages because NetApp has not

9    infringed and is not infringing any valid claim of the '667 patent, one or more claims of the '667

10   patent is invalid, and the '667 patent is unenforceable under the doctrine of inequitable conduct.

11   NetApp lacks sufficient knowledge or information to form a belief as to the truth of the remaining

12   allegations of paragraph 12 of Sun's Counterclaims and, on that basis, denies them.

13          13.    NetApp admits that the '857 patent is entitled "Fault tolerant disk array

14   data storage subsystem," that it states on its face that it was issued on October 17, 1995, and that a

15   copy of the '857 patent was attached as Exhibit C to Sun's Answer and Counterclaim.    Except as

16   expressly admitted, NetApp denies the allegations of paragraph 13 of Sun's Counterclaims.

17          14.    NetApp denies that Sun is entitled to any damages because NetApp has not

18   infringed and is not infringing any valid claim of the '857 patent, one or more claims of the '857

19   patent is invalid, and the '857 patent is unenforceable under the doctrine of inequitable conduct.

20   NetApp lacks sufficient knowledge or information to form a belief as to the truth of the remaining

21   allegations of paragraph 14 of Sun's Counterclaims and, on that basis, denies them.

22          15.    NetApp admits that the '095 patent is entitled "Multiprocessing system

23   configured to perform efficient write operations," that it states on its face that it was issued on

24   May 5, 1998, and that a copy of the '095 patent was attached as Exhibit D to Sun's Answer and

25   Counterclaim.    Except as expressly admitted, NetApp denies the allegations of paragraph 15 of

26   Sun's Counterclaims.

27          16.    NetApp denies that Sun is entitled to any damages because NetApp has not

28   infringed and is not infringing any valid claim of the '095 patent, one or more claims of the '095

1   patent is invalid, and the '095 patent is unenforceable under the doctrine of inequitable conduct.

2   NetApp lacks sufficient knowledge or information to form a belief as to the truth of the remaining

3   allegations of paragraph 16 of Sun's Counterclaims and, on that basis, denies them.

4         17.    NetApp admits that the '662 patent is entitled "Personalized information

5   retrieval using user-defined profile," that it states on its face that it was issued on June 2, 1998,

6   and that a copy of the '662 patent was attached as Exhibit E to Sun's Answer and Counterclaim.

7   Except as expressly admitted, NetApp denies the allegations of paragraph 17 of Sun's

8   Counterclaims.

9         18.    NetApp denies that Sun is entitled to any damages because NetApp has not

10  infringed and is not infringing any valid claim of the '662 patent, one or more claims of the '662

11  patent is invalid, and the '662 patent is unenforceable under the doctrine of inequitable conduct.

12  NetApp lacks sufficient knowledge or information to form a belief as to the truth of the remaining

13  allegations of paragraph 18 of Sun's Counterclaims and, on that basis, denies them.

14        19.    NetApp admits that the '106 patent is entitled "Method and apparatus for

15  obtaining and displaying network server information," that it states on its face that it was issued

16  on July 20, 1999, and that a copy of the '106 patent was attached as Exhibit F to Sun's Answer

17  and Counterclaim.   Except as expressly admitted, NetApp denies the allegations of paragraph 19

18  of Sun's Counterclaims.

19        20.    NetApp denies that Sun is entitled to any damages because NetApp has not

20  infringed and is not infringing any valid claim of the '106 patent, one or more claims of the '106

21  patent is invalid, and the '106 patent is unenforceable under the doctrine of inequitable conduct.

22  NetApp lacks sufficient knowledge or information to form a belief as to the truth of the remaining

23  allegations of paragraph 20 of Sun's Counterclaims and, on that basis, denies them.

24        21.    NetApp admits that the '954 patent is entitled "Network message

25  redirection," that it states on its face that it was issued on August 24, 1999, and that a copy of the

26  '954 patent was attached as Exhibit G to Sun's Answer and Counterclaim.   Except as expressly

27  admitted, NetApp denies the allegations of paragraph 21 of Sun's Counterclaims.

28        22.    NetApp denies that Sun is entitled to any damages because NetApp has not

1    infringed and is not infringing any claim of the '954 patent, one or more claims of the '954 patent

2    is invalid, and the '954 patent is unenforceable under the doctrine of inequitable conduct.

3    NetApp lacks sufficient knowledge or information to form a belief as to the truth of the remaining

4    allegations of paragraph 22 of Sun's Counterclaims and, on that basis, denies them.

5            23.    NetApp admits that the '984 patent is entitled "Digital data processing

6    system having a data bus and a control bus," that it states on its face that it was issued on March

7    12, 2002, and that a copy of the '984 patent was attached as Exhibit H to Sun's Answer and

8    Counterclaim.   Except as expressly admitted, NetApp denies the allegations of paragraph 23 of

9    Sun's Counterclaims.

10           24.    NetApp denies that Sun is entitled to any damages because NetApp has not

11    infringed and is not infringing any valid claim of the '984 patent, one or more claims of the '984

12    patent is invalid, and the '984 patent is unenforceable under the doctrine of inequitable conduct.

13    NetApp lacks sufficient knowledge or information to form a belief as to the truth of the remaining

14    allegations of paragraph 24 of Sun's Counterclaims and, on that basis, denies them.

15           25.    NetApp admits that the '303 patent is entitled "Method and apparatus for

16    parallel trunking of interfaces to increase transfer bandwidth," that it states on its face that it was

17    issued on July 8, 2003, and that a copy of the '303 patent was attached as Exhibit I to Sun's

18    Answer and Counterclaim.   Except as expressly admitted, NetApp denies the allegations of

19    paragraph 25 of Sun's Counterclaims.

20           26.    NetApp denies that Sun is entitled to any damages because NetApp has not

21    infringed and is not infringing any valid claim of the '303 patent, one or more claims of the '303

22    patent is invalid, and the '303 patent is unenforceable under the doctrines of inequitable conduct

23    and equitable estoppel.   NetApp lacks sufficient knowledge or information to form a belief as to

24    the truth of the remaining allegations of paragraph 26 of Sun's Counterclaims and, on that basis,

25    denies them.

26           27.    NetApp admits that the '261 patent is entitled "Programmable matrix

27    switch," that it states on its face that it was issued on January 20, 2004, and that a copy of the

28    '261 patent was attached as Exhibit J to Sun's Answer and Counterclaim.   Except as expressly

admitted, NetApp denies the allegations of paragraph 27 of Sun's Counterclaims.

28.     NetApp denies that Sun is entitled to any damages because NetApp has not infringed and is not infringing any valid claim of the '261 patent and one or more claims of the '261 patent is invalid.   NetApp lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of paragraph 28 of Sun's Counterclaims and, on that basis, denies them.

29.     NetApp admits that the '630 patent is entitled "Method and apparatus for multi-gigabit ethernet architecture," that it states on its face that it was issued on March 29, 2005, and that a copy of the '630 patent was attached as Exhibit K to Sun's Answer and Counterclaim.   Except as expressly admitted, NetApp denies the allegations of paragraph 29 of Sun's Counterclaims.

30.     NetApp denies that Sun is entitled to any damages because NetApp has not infringed and is not infringing any valid claim of the '630 patent, one or more claims of the '630 patent is invalid, and the '630 patent is unenforceable under the doctrines of inequitable conduct and equitable estoppel.   NetApp lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of paragraph 30 of Sun's Counterclaims and, on that basis, denies them.

31.     NetApp admits that the '343 patent is entitled "Partitioning of storage channels using programmable switches" rather than the quoted title, that it states on its face that it was issued on January 3, 2006, and that a copy of the '343 patent was attached as Exhibit L to Sun's Answer and Counterclaim.   Except as expressly admitted, NetApp denies the allegations of paragraph 31 of Sun's Counterclaims.

32.     NetApp denies that Sun is entitled to any damages because NetApp has not infringed and is not infringing any valid claim of the '343 patent, one or more claims of the '343 patent is invalid, and the '343 patent is unenforceable under the doctrine of inequitable conduct. NetApp lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of paragraph 32 of Sun's Counterclaims and, on that basis, denies them.

1

## FIRST COUNTERCLAIM

2

### (Infringement of the '639 Patent)

3    33.    NetApp incorporates by reference its responses to the allegations of

4    paragraphs 1 through 32 of Sun's Counterclaims.

5    34.    NetApp denies the allegations of paragraph 34 of Sun's Counterclaims.

6    35.    NetApp denies the allegations of paragraph 35 of Sun's Counterclaims.

7    36.    NetApp admits that Storage Tek and Sun asserted prior to this litigation

8    that NetApp infringes the '639 patent.    Except as expressly admitted, NetApp denies the

9    allegations of paragraph 36 of Sun's Counterclaims.

10    37.    NetApp denies the allegations of paragraph 37 of Sun's Counterclaims.

11    38.    NetApp denies the allegations of paragraph 38 of Sun's Counterclaims.

12    39.    NetApp admits that this case is exceptional within the meaning of 35

13    U.S.C. § 285.    NetApp is entitled to an award of attorneys' fees.    Except as expressly admitted,

14    NetApp denies the allegations of paragraph 39 of Sun's Counterclaims.

15

## SECOND COUNTERCLAIM

16

### (Infringement of the '667 Patent)

17    40.    NetApp incorporates by reference its responses to the allegations of

18    paragraphs 1 through 32 of Sun's Counterclaims.

19    41.    NetApp denies the allegations of paragraph 41 of Sun's Counterclaims.

20    42.    NetApp denies the allegations of paragraph 42 of Sun's Counterclaims.

21    43.    NetApp admits that Storage Tek and Sun asserted prior to this litigation

22    that NetApp infringes the '667 patent.    Except as expressly admitted, NetApp denies the

23    allegations of paragraph 36 of Sun's Counterclaims.

24    44.    NetApp denies the allegations of paragraph 44 of Sun's Counterclaims.

25    45.    NetApp denies the allegations of paragraph 45 of Sun's Counterclaims.

26    46.    NetApp admits that this case is exceptional within the meaning of 35

27    U.S.C. § 285.    NetApp is entitled to an award of attorneys' fees.    Except as expressly admitted,

28    NetApp denies the allegations of paragraph 46 of Sun's Counterclaims.

1

## THIRD COUNTERCLAIM

2

### (Infringement of the '857 Patent)

3    47.    NetApp incorporates by reference its responses to the allegations of
4 paragraphs 1 through 32 of Sun's Counterclaims.

5    48.    NetApp denies the allegations of paragraph 48 of Sun's Counterclaims.

6    49.    NetApp denies the allegations of paragraph 49 of Sun's Counterclaims.

7    50.    NetApp denies the allegations of paragraph 50 of Sun's Counterclaims.

8    51.    NetApp denies the allegations of paragraph 51 of Sun's Counterclaims.

9    52.    NetApp denies the allegations of paragraph 52 of Sun's Counterclaims.

10    53.    NetApp admits that this case is exceptional within the meaning of 35
11 U.S.C. § 285.    NetApp is entitled to an award of attorneys' fees.    Except as expressly admitted,
12 NetApp denies the allegations of paragraph 53 of Sun's Counterclaims.

13

## FOURTH COUNTERCLAIM

14

### (Infringement of the '095 Patent)

15    54.    NetApp incorporates by reference its responses to the allegations of
16 paragraphs 1 through 32 of Sun's Counterclaims.

17    55.    NetApp denies the allegations of paragraph 55 of Sun's Counterclaims.

18    56.    NetApp denies the allegations of paragraph 56 of Sun's Counterclaims.

19    57.    NetApp denies the allegations of paragraph 57 of Sun's Counterclaims.

20    58.    NetApp denies the allegations of paragraph 58 of Sun's Counterclaims.

21    59.    NetApp denies the allegations of paragraph 59 of Sun's Counterclaims.

22    60.    NetApp admits that this case is exceptional within the meaning of 35
23 U.S.C. § 285.    NetApp is entitled to an award of attorneys' fees.    Except as expressly admitted,
24 NetApp denies the allegations of paragraph 60 of Sun's Counterclaims.

25

## FIFTH COUNTERCLAIM

26

### (Infringement of the '662 Patent)

27    61.    NetApp incorporates by reference its responses to the allegations of
28 paragraphs 1 through 32 of Sun's Counterclaims.

1    62.    NetApp denies the allegations of paragraph 62 of Sun's Counterclaims.

2    63.    NetApp denies the allegations of paragraph 63 of Sun's Counterclaims.

3    64.    NetApp denies the allegations of paragraph 64 of Sun's Counterclaims.

4    65.    NetApp denies the allegations of paragraph 65 of Sun's Counterclaims.

5    66.    NetApp denies the allegations of paragraph 66 of Sun's Counterclaims.

6    67.    NetApp admits that this case is exceptional within the meaning of 35

7    U.S.C. § 285.    NetApp is entitled to an award of attorneys' fees.    Except as expressly admitted,

8    NetApp denies the allegations of paragraph 67 of Sun's Counterclaims.

9    **SIXTH COUNTERCLAIM**

10    **(Infringement of the '106 Patent)**

11    68.    NetApp incorporates by reference its responses to the allegations of

12    paragraphs 1 through 32 of Sun's Counterclaims.

13    69.    NetApp denies the allegations of paragraph 69 of Sun's Counterclaims.

14    70.    NetApp denies the allegations of paragraph 70 of Sun's Counterclaims.

15    71.    NetApp denies the allegations of paragraph 71 of Sun's Counterclaims.

16    72.    NetApp denies the allegations of paragraph 72 of Sun's Counterclaims.

17    73.    NetApp denies the allegations of paragraph 73 of Sun's Counterclaims.

18    74.    NetApp admits that this case is exceptional within the meaning of 35

19    U.S.C. § 285.    NetApp is entitled to an award of attorneys' fees.    Except as expressly admitted,

20    NetApp denies the allegations of paragraph 74 of Sun's Counterclaims.

21    **SEVENTH COUNTERCLAIM**

22    **(Infringement of the '954 Patent)**

23    75.    NetApp incorporates by reference its responses to the allegations of

24    paragraphs 1 through 32 of Sun's Counterclaims.

25    76.    NetApp denies the allegations of paragraph 76 of Sun's Counterclaims.

26    77.    NetApp denies the allegations of paragraph 77 of Sun's Counterclaims.

27    78.    NetApp denies the allegations of paragraph 78 of Sun's Counterclaims.

28    79.    NetApp denies the allegations of paragraph 79 of Sun's Counterclaims.

80.     NetApp denies the allegations of paragraph 80 of Sun's Counterclaims.

81.     NetApp admits that this case is exceptional within the meaning of 35 U.S.C. § 285.   NetApp is entitled to an award of attorneys' fees.   Except as expressly admitted, NetApp denies the allegations of paragraph 81 of Sun's Counterclaims.

## EIGHTH COUNTERCLAIM

### (Infringement of the '984 Patent)

82.     NetApp incorporates by reference its responses to the allegations of paragraphs 1 through 32 of Sun's Counterclaims.

83.     NetApp denies the allegations of paragraph 83 of Sun's Counterclaims.

84.     NetApp denies the allegations of paragraph 84 of Sun's Counterclaims.

85.     NetApp denies the allegations of paragraph 85 of Sun's Counterclaims.

86.     NetApp denies the allegations of paragraph 86 of Sun's Counterclaims.

87.     NetApp denies the allegations of paragraph 87 of Sun's Counterclaims.

88.     NetApp admits that this case is exceptional within the meaning of 35 U.S.C. § 285.   NetApp is entitled to an award of attorneys' fees.   Except as expressly admitted, NetApp denies the allegations of paragraph 88 of Sun's Counterclaims.

## NINTH COUNTERCLAIM

### (Infringement of the '303 Patent)

89.     NetApp incorporates by reference its responses to the allegations of paragraphs 1 through 32 of Sun's Counterclaims.

90.     NetApp denies the allegations of paragraph 90 of Sun's Counterclaims.

91.     NetApp denies the allegations of paragraph 91 of Sun's Counterclaims.

92.     NetApp denies the allegations of paragraph 92 of Sun's Counterclaims.

93.     NetApp denies the allegations of paragraph 93 of Sun's Counterclaims.

94.     NetApp denies the allegations of paragraph 94 of Sun's Counterclaims.

95.     NetApp admits that this case is exceptional within the meaning of 35 U.S.C. § 285.   NetApp is entitled to an award of attorneys' fees.   Except as expressly admitted, NetApp denies the allegations of paragraph 95 of Sun's Counterclaims.

**TENTH COUNTERCLAIM**

**(Infringement of the '261 Patent)**

96.    NetApp incorporates by reference its responses to the allegations of paragraphs 1 through 32 of Sun's Counterclaims.

97.    NetApp denies the allegations of paragraph 97 of Sun's Counterclaims.

98.    NetApp denies the allegations of paragraph 98 of Sun's Counterclaims.

99.    NetApp denies the allegations of paragraph 99 of Sun's Counterclaims.

100.    NetApp denies the allegations of paragraph 100 of Sun's Counterclaims.

101.    NetApp denies the allegations of paragraph 101 of Sun's Counterclaims.

102.    NetApp admits that this case is exceptional within the meaning of 35 U.S.C. § 285.    NetApp is entitled to an award of attorneys' fees.    Except as expressly admitted, NetApp denies the allegations of paragraph 102 of Sun's Counterclaims.

**ELEVENTH COUNTERCLAIM**

**(Infringement of the '630 Patent)**

103.    NetApp incorporates by reference its responses to the allegations of paragraphs 1 through 32 of Sun's Counterclaims.

104.    NetApp denies the allegations of paragraph 104 of Sun's Counterclaims.

105.    NetApp denies the allegations of paragraph 105 of Sun's Counterclaims.

106.    NetApp denies the allegations of paragraph 106 of Sun's Counterclaims.

107.    NetApp denies the allegations of paragraph 107 of Sun's Counterclaims.

108.    NetApp denies the allegations of paragraph 108 of Sun's Counterclaims.

109.    NetApp admits that this case is exceptional within the meaning of 35 U.S.C. § 285.    NetApp is entitled to an award of attorneys' fees.    Except as expressly admitted, NetApp denies the allegations of paragraph 109 of Sun's Counterclaims.

**TWELFTH COUNTERCLAIM**

**(Infringement of the '343 Patent)**

110.    NetApp incorporates by reference its responses to the allegations of paragraphs 1 through 32 of Sun's Counterclaims.

111.    NetApp denies the allegations of paragraph 111 of Sun's Counterclaims.

112.    NetApp denies the allegations of paragraph 112 of Sun's Counterclaims.

113.    NetApp denies the allegations of paragraph 113 of Sun's Counterclaims.

114.    NetApp denies the allegations of paragraph 114 of Sun's Counterclaims.

115.    NetApp denies the allegations of paragraph 115 of Sun's Counterclaims.

116.    NetApp admits that this case is exceptional within the meaning of 35 U.S.C. § 285.    NetApp is entitled to an award of attorneys' fees.    Except as expressly admitted, NetApp denies the allegations of paragraph 116 of Sun's Counterclaims.

## THIRTEENTH COUNTERCLAIM

### (Declaration of Non-infringement of the '292 Patent)

117.    NetApp incorporates by reference its responses to the allegations of paragraphs 1 through 32 of Sun's Counterclaims.

118.    NetApp admits the allegations of paragraph 118 of Sun's Counterclaims.

119.    NetApp denies the allegations of paragraph 119 of Sun's Counterclaims.

120.    NetApp admits the allegations of paragraph 120 of Sun's Counterclaims.

121.    NetApp denies the allegations of paragraph 121 of Sun's Counterclaims.

122.    NetApp denies the allegations of paragraph 122 of Sun's Counterclaims.

## FOURTEENTH COUNTERCLAIM

### (Declaration of Invalidity and Unenforceability of the '292 Patent)

123.    NetApp incorporates by reference its responses to the allegations of paragraphs 1 through 32 of Sun's Counterclaims.

124.    NetApp admits the allegations of paragraph 124 of Sun's Counterclaims.

125.    NetApp denies the allegations of paragraph 125 of Sun's Counterclaims.

126.    NetApp admits the allegations of paragraph 126 of Sun's Counterclaims.

127.    NetApp denies the allegations of paragraph 127 of Sun's Counterclaims.

128.    NetApp denies the allegations of paragraph 128 of Sun's Counterclaims.

1

**FIFTEENTH COUNTERCLAIM**

2

**(Declaration of Non-infringement of the '211 Patent)**

3      129.    NetApp incorporates by reference its responses to the allegations of

4    paragraphs 1 through 32 of Sun's Counterclaims.

5      130.    NetApp admits the allegations of paragraph 130 of Sun's Counterclaims.

6      131.    NetApp denies the allegations of paragraph 131 of Sun's Counterclaims.

7      132.    NetApp admits the allegations of paragraph 132 of Sun's Counterclaims.

8      133.    NetApp denies the allegations of paragraph 133 of Sun's Counterclaims.

9      134.    NetApp denies the allegations of paragraph 134 of Sun's Counterclaims.

10

**SIXTEENTH COUNTERCLAIM**

11

**(Declaration of Invalidity and Unenforceability of the '211 Patent)**

12      135.    NetApp incorporates by reference its responses to the allegations of

13    paragraphs 1 through 32 of Sun's Counterclaims.

14      136.    NetApp admits the allegations of paragraph 136 of Sun's Counterclaims.

15      137.    NetApp denies the allegations of paragraph 137 of Sun's Counterclaims.

16      138.    NetApp admits the allegations of paragraph 138 of Sun's Counterclaims.

17      139.    NetApp denies the allegations of paragraph 139 of Sun's Counterclaims.

18      140.    NetApp denies the allegations of paragraph 140 of Sun's Counterclaims.

19

**SEVENTEENTH COUNTERCLAIM**

20

**(Declaration of Non-infringement of the '001 Patent)**

21      141.    NetApp incorporates by reference its responses to the allegations of

22    paragraphs 1 through 32 of Sun's Counterclaims.

23      142.    NetApp admits the allegations of paragraph 142 of Sun's Counterclaims.

24      143.    NetApp denies the allegations of paragraph 143 of Sun's Counterclaims.

25      144.    NetApp admits the allegations of paragraph 144 of Sun's Counterclaims.

26      145.    NetApp denies the allegations of paragraph 145 of Sun's Counterclaims.

27      146.    NetApp denies the allegations of paragraph 146 of Sun's Counterclaims.

28

1

**EIGHTEENTH COUNTERCLAIM**

2

**(Declaration of Invalidity and Unenforceability of the '001 Patent)**

3    147.    NetApp incorporates by reference its responses to the allegations of

4    paragraphs 1 through 32 of Sun's Counterclaims.

5    148.    NetApp admits the allegations of paragraph 148 of Sun's Counterclaims.

6    149.    NetApp denies the allegations of paragraph 149 of Sun's Counterclaims.

7    150.    NetApp admits the allegations of paragraph 150 of Sun's Counterclaims.

8    151.    NetApp denies the allegations of paragraph 151 of Sun's Counterclaims.

9    152.    NetApp denies the allegations of paragraph 152 of Sun's Counterclaims.

10

**NINETEENTH COUNTERCLAIM**

11

**(Declaration of Non-infringement of the '352 Patent)**

12    153.    NetApp incorporates by reference its responses to the allegations of

13    paragraphs 1 through 32 of Sun's Counterclaims.

14    154.    NetApp admits the allegations of paragraph 154 of Sun's Counterclaims.

15    155.    NetApp denies the allegations of paragraph 155 of Sun's Counterclaims.

16    156.    NetApp admits the allegations of paragraph 156 of Sun's Counterclaims.

17    157.    NetApp denies the allegations of paragraph 157 of Sun's Counterclaims.

18    158.    NetApp denies the allegations of paragraph 158 of Sun's Counterclaims.

19

**TWENTIETH COUNTERCLAIM**

20

**(Declaration of Invalidity and Unenforceability of the '352 Patent)**

21    159.    NetApp incorporates by reference its responses to the allegations of

22    paragraphs 1 through 32 of Sun's Counterclaims.

23    160.    NetApp admits the allegations of paragraph 160 of Sun's Counterclaims.

24    161.    NetApp denies the allegations of paragraph 161 of Sun's Counterclaims.

25    162.    NetApp admits the allegations of paragraph 162 of Sun's Counterclaims.

26    163.    NetApp denies the allegations of paragraph 163 of Sun's Counterclaims.

27    164.    NetApp denies the allegations of paragraph 164 of Sun's Counterclaims.

28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**TWENTY-FIRST COUNTERCLAIM**

**(Declaration of Non-infringement of the '715 Patent)**

165.    NetApp incorporates by reference its responses to the allegations of paragraphs 1 through 32 of Sun's Counterclaims.

166.    NetApp admits the allegations of paragraph 166 of Sun's Counterclaims.

167.    NetApp denies the allegations of paragraph 167 of Sun's Counterclaims.

168.    NetApp admits the allegations of paragraph 168 of Sun's Counterclaims.

169.    NetApp denies the allegations of paragraph 169 of Sun's Counterclaims.

170.    NetApp denies the allegations of paragraph 170 of Sun's Counterclaims.

**TWENTY-SECOND COUNTERCLAIM**

**(Declaration of Invalidity of the '715 Patent)**

171.    NetApp incorporates by reference its responses to the allegations of paragraphs 1 through 32 of Sun's Counterclaims.

172.    NetApp admits the allegations of paragraph 172 of Sun's Counterclaims.

173.    NetApp denies the allegations of paragraph 173 of Sun's Counterclaims.

174.    NetApp admits the allegations of paragraph 174 of Sun's Counterclaims.

175.    NetApp denies the allegations of paragraph 175 of Sun's Counterclaims.

176.    NetApp denies the allegations of paragraph 176 of Sun's Counterclaims.

**TWENTY-THIRD COUNTERCLAIM**

**(Declaration of Non-infringement of the '486 Patent)**

177.    NetApp incorporates by reference its responses to the allegations of paragraphs 1 through 32 of Sun's Counterclaims.

178.    NetApp admits the allegations of paragraph 178 of Sun's Counterclaims.

179.    NetApp denies the allegations of paragraph 179 of Sun's Counterclaims.

180.    NetApp admits the allegations of paragraph 180 of Sun's Counterclaims.

181.    NetApp denies the allegations of paragraph 181 of Sun's Counterclaims.

182.    NetApp denies the allegations of paragraph 182 of Sun's Counterclaims.

## TWENTY-FOURTH COUNTERCLAIM

### (Declaration of Invalidity of the '486 Patent)

183.    NetApp incorporates by reference its responses to the allegations of paragraphs 1 through 32 of Sun's Counterclaims.

184.    NetApp admits the allegations of paragraph 184 of Sun's Counterclaims.

185.    NetApp denies the allegations of paragraph 185 of Sun's Counterclaims.

186.    NetApp admits the allegations of paragraph 186 of Sun's Counterclaims.

187.    NetApp denies the allegations of paragraph 187 of Sun's Counterclaims.

188.    NetApp denies the allegations of paragraph 188 of Sun's Counterclaims.

## TWENTY-FIFTH COUNTERCLAIM

### (Declaration of Non-infringement of the '964 Patent)

189.    NetApp incorporates by reference its responses to the allegations of paragraphs 1 through 32 of Sun's Counterclaims.

190.    NetApp admits the allegations of paragraph 190 of Sun's Counterclaims.

191.    NetApp denies the allegations of paragraph 191 of Sun's Counterclaims.

192.    NetApp admits the allegations of paragraph 192 of Sun's Counterclaims.

193.    NetApp denies the allegations of paragraph 193 of Sun's Counterclaims.

194.    NetApp denies the allegations of paragraph 194 of Sun's Counterclaims.

## TWENTY-SIXTH COUNTERCLAIM

### (Declaration of Invalidity of the '964 Patent)

195.    NetApp incorporates by reference its responses to the allegations of paragraphs 1 through 32 of Sun's Counterclaims.

196.    NetApp admits the allegations of paragraph 196 of Sun's Counterclaims.

197.    NetApp denies the allegations of paragraph 197 of Sun's Counterclaims.

198.    NetApp admits the allegations of paragraph 198 of Sun's Counterclaims.

199.    NetApp denies the allegations of paragraph 199 of Sun's Counterclaims.

200.    NetApp denies the allegations of paragraph 200 of Sun's Counterclaims.

1

## NETAPP'S RESPONSE TO SUN'S PRAYER FOR RELIEF

2      201.    NetApp denies that Sun is entitled to any of the relief sought in its prayer

3 for relief against NetApp, its agents, employees, representatives, successors and assigns, and

4 those acting in privity or concert with NetApp.   NetApp has not infringed, and is not infringing,

5 either directly or indirectly under section 271, any claim of any patent asserted in Sun's

6 Counterclaims, either literally or under the doctrine of equivalents.   Moreover, Sun's asserted

7 patents are invalid and/or unenforceable.   Sun is not entitled to recover damages, injunctive

8 relief, costs, fees, interest, or any other type of recovery from NetApp.   Sun's prayer should,

9 therefore, be denied in its entirety and with prejudice, and Sun should take nothing.   NetApp

10 asks that judgment be entered for NetApp and that this action be found to be an exceptional case

11 entitling NetApp to be awarded attorneys' fees in defending against Sun's Counterclaims,

12 together with such other and further relief the Court deems appropriate.

13

## AFFIRMATIVE DEFENSES

14

## FIRST AFFIRMATIVE DEFENSE

15

### (Failure to state a claim)

16      One or more of the counterclaims set forth by Sun fail to state a claim upon which

17 relief can be granted.

18

## SECOND AFFIRMATIVE DEFENSE

19

### (Invalidity)

20      One or more claims of each of the Sun Patents-in-Suit is invalid for failure to meet

21 the conditions of patentability of 35 U.S.C. § 101 et seq., including without limitation those of

22 sections 102, 103, and/or 112.

23

## THIRD AFFIRMATIVE DEFENSE

24

### (Unenforceability – Inequitable Conduct)

25      On information and belief, certain of the patents asserted in Sun's Counterclaims

26 are unenforceable under the doctrine of inequitable conduct, as follows:

27      ***'639 Patent***

28      Paragraph 70 of NetApp's Complaint is incorporated by reference as though set

1    forth fully herein.

2        ***'667 Patent***

3             Paragraph 77 of NetApp's Complaint is incorporated by reference as though set

4    forth fully herein.

5             Further, on information and belief, prior to the issuance of the '667 patent, the

6    named inventor and/or others substantively involved in prosecuting the application leading to the

7    '667 patent (collectively, "the '667 applicants") were aware of information material to the

8    patentability of the claims of the '667 patent, but withheld, concealed and/or mischaracterized

9    that information with the intent to deceive the U.S. Patent and Trademark Office.   The withheld

10    information includes but is not limited to the conception and constructive reduction to practice of

11    certain technology relating to the creation of copies of data, as described in the published PCT

12    patent application WO 91/08537 ("the '537 application").   The '537 application was assigned to

13    Storage Tek, and the attorney of record for the '537 application was Mr. James Graziano, the

14    same attorney of record for the '667 patent.   However, the named inventor of the '537

15    application is not one of the named inventors of the '667 patent.   The '537 application claims

16    priority to U.S. patent application no. 07/443,933, which was filed on November 30, 1989, and,

17    thus, the technology described in the '537 application was conceived and constructively reduced

18    to practice in the United States no later than November 30, 1989, more than two years prior to the

19    filing date of the '667 patent.   On information and belief, the '667 applicants withheld this

20    information from the U.S. Patent and Trademark Office with the intent to deceive that Office.

21        ***'857 Patent***

22             On information and belief, prior to the issuance of the '857 patent, the named

23    inventors and/or others substantively involved in prosecuting the applications leading to the '857

24    patent (collectively, "the '857 applicants") were aware of information material to the patentability

25    of the claims of the '857 patent, but withheld, concealed and/or mischaracterized that information

26    with the intent to deceive the U.S. Patent and Trademark Office.   The withheld information

27    includes but is not limited to:

28             A.   The following references:   (i) Matt Kramer, "Fault Tolerant LANs Guard

1    Against Malfunction, Data Loss," PC Week, Vol. 4, No. 37, September 15, 1987; (ii) Carol

2    Grossman, "DC-0209 Planning for IBM Extended Functions," 30th Annual GUIDE Conference,

3    May 30 - June 2, 1989, Basel, Switzerland; (iii) U.S. Patent No. 5,060,185; and (iv) U.S. Patent

4    No. 5,313,664.   Each of these references was identified to the '857 applicants during the

5    litigation between EMC Corporation and Storage Tek filed in the District of Delaware (civil

6    action no. 94-482 JJF, filed Sept. 23, 1994) in EMC's Supplemental Response to Storage Tek's

7    Interrogatory Nos. 10-17, served on Storage Tek on July 25, 1995.   Storage Tek had brought to

8    the attention of the Patent and Trademark Office the prior art cited by EMC in EMC's Initial

9    Response to Storage Tek's Interrogatory Nos. 10-17, and thus understood that the references cited

10   in EMC's responses to those interrogatories could be considered potentially relevant to the claims

11   of the '857 patent.   Despite this awareness, the '857 applicants failed to bring any of the

12   references identified in the supplemental responses to the attention of the Patent and Trademark

13   Office and, on information and belief, these references were withheld from the U.S. Patent and

14   Trademark Office with the intent to deceive that Office.

15         B.   The IBM 3990 system, and specifically the dual-copy operation of the IBM

16   3990 system.   One or more of the '857 applicants were well aware of the relevance of the IBM

17   3990 dual-copy operation, because, as explained in documents provided by the '857 applicants to

18   the Patent and Trademark Office, the inventors conceived of the inventions described in the '857

19   patent during work on a project to develop a product with functionality similar to, and in some

20   cases compatible with, the IBM 3990 dual-copy operation.   In fact, the specific feature identified

21   by Storage Technology as corresponding to the invention of the '857 patent, "spanning path

22   groups," (*see* Affidavit Under Rule 131, filed on May 5, 1998, during prosecution of the '857

23   patent, ("the '857 Affidavit")) was alternatively called "Distributed Virtual 3990" in Storage

24   Technology's internal memorandum attached as Exhibit B to the '857 Affidavit, which was

25   authored by George A. Rudeseal, one of the inventors of the '857 patent.   This information was

26   material prior art and, on information and belief, the '857 applicants withheld information about

27   this system from the U.S. Patent and Trademark Office with the intent to deceive that Office.

28         C.   U.S. Patent No. 4,837,680 ("the Crockett patent").   The Crockett patent was

cited during prosecution of a co-pending patent, U.S. Patent No. 5,155,847 ("the Beal patent"), which lists as inventors all the inventors of the '857 patent, and which lists the same attorney of record, Mr. James Graziano.   Further, on information and belief, at least one inventor, Mr. Rudeseal, was aware of the materiality of the Crockett patent, because he mentioned "problems potentially posed by the Crockett patent" in the unredacted version the internal Storage Technology memorandum attached as Exhibit B to the '857 Affidavit.   Notably, despite asserting in the Affidavit that "the attached memoranda and drawings are reproductions of the original records (with dates blacked out)," Mr. Rudeseal's statement regarding the Crockett patent were also redacted from the memorandum when it was supplied to the Patent and Trademark Office.   This redaction was intentionally calculated to conceal material prior art, namely the Crockett patent, from the patent examiner and, on information and belief, the Crockett patent was withheld from the U.S. Patent and Trademark Office with the intent to deceive that Office.

D.    The fact that claim 53 of the '857 patent is almost identical to claim 50 of the Beal patent.   This was certainly intentional, as the language in claim 53 of the '857 patent is nearly a word-by-word copy of claim 50 of the Beal patent.   Because the '857 patent issued three years after the Beal patent, the '857 applicants effectively obtained a three year extension of the term of the Beal patent by failing to disclose this similarity to the Patent and Trademark Office.   This information would certainly have been considered material and, on information and belief, was withheld from the U.S. Patent and Trademark Office with the intent to deceive that Office.

E.    The prior knowledge by the '857 applicants of certain references cited in an Information Disclosure Statement dated April 21, 1995, filed during prosecution of the '857 patent ("the '857 IDS").   In the '857 IDS, Mr. Graziano, the attorney of record prosecuting the '857 patent, stated that "pursuant to C.F.R. 1.97(e), the undersigned certifies that no item of information contained in this Information Disclosure Statement, to the knowledge of the undersigned after making reasonable inquiry, was known to any individual designated in §1.56(c) more than three months prior to the filing of this statement."   This statement is demonstrably false, because one or more of '857 applicants knew of at least the following references more than

three months prior to April 21, 1995:  U.S. Patents Nos. 5,051,887, 4,862,411, and 4,342,079. Each of these references was cited in the Beal patent, which issued on October 13, 1992, over two years prior to the filing date of the '857 IDS.  Mr. Graziano referred to the Beal patent repeatedly during the prosecution of the '857 patent, and thus knew of the materiality of the references cited in Beal.  Mr. Graziano's statement in the IDS was materially false and, on information and belief, the prior knowledge of these references was withheld from the U.S. Patent and Trademark Office with the intent to deceive that Office.

### '095 Patent

On information and belief, prior to the issuance of the '095 patent, the named inventors and/or others substantively involved in prosecuting the applications leading to the '095 patent (collectively, "the '095 applicants") were aware of information material to the patentability of the claims of the '095 patent, but withheld, concealed and/or mischaracterized that information with the intent to deceive the U.S. Patent and Trademark Office.  The withheld information includes but is not limited to (1) U.S. Patent No. 5,581,729; (2) U.S. Patent No. 5,634,068; (3) U.S. Patent No. 5,644,753; (4) U.S. Patent No. 5,655,100; (5) U.S. Patent No. 5,657,472; (6) Lenoski et al., "The Stanford Dash Mulitprocessor," *Computer* (March 1992); (7) Gharacharloo et al., "Performance Evaluation of Memory Consistency Models for Shared-Memory Multiprocessors," *Proceedings of the 4th International Conference on Architectural Support for Programming Languages and Operating Systems* (April 1991); (8) Lenoski et al., "Design of Scalable Shared-Memory Multiprocessors: The DASH Approach," *COMPCON* (Spring 1990); (9) Lenoski e al., "The DASH Prototype: Logic Overhead and Performance," *IEEE Transactions on Parallel and Distributed Systems* (January 1993); (10) Lenoski et al., "The Directory-Based Cache Coherence Protocol for the DASH Multiprocessor," *17th International Symposium on Computer Architecture* (May 1990); (11) Gharacharloo et al., "Memory Consistency and Event Ordering in Scalable Shared-Memory Multiprocessors," *17th International Symposium on Computer Architecture* (May 1990).  One or more of the '095 applicants knew of the above references before the '095 patent issued because they were cited in co-pending patent applications by the same named inventor, or in publications authored by the named inventor, prior to the

1    issuance of the '095 patent, including, without limitation, in (a) Hagersten et al., "Multiprocessor

2    Consistency and Synchronization Through Transient Cache States," in *Scalable Shared Memory*

3    *Multiprocessors* (Michael Dubois and Shreekant Thakkar eds. 1992); (b) Hagersten, *Toward*

4    *Scalable Cache Only Memory Architectures* (2d ed. 1993); (c) Landin et al., "Race-free

5    Interconnection Networks and Multiprocessor Consistency," *Proceedings of the 18th Annual*

6    *International Symposium on Computer Architecture* (May 1991); (d) Hagersten et al., "Simple

7    COMA Node Implementations," *Proceedings of the Twenty-Seventh Hawaii International*

8    *Conference on System Sciences* (1994); (e) Hagersten et al., "Simulating the Data Diffusion

9    Machine," *5th International Parallel Architectures and Languages Europe Conference* (June

10   1993); (f) Hagersten et al., "DDM – a Cache-Only Memory Architecture," *Computer* (September

11   1992); (g) U.S. Patent No. 5,911,052; (h) U.S. Patent No. 5,960,179; (i) U.S. Patent No.

12   5,893,149; (j) U.S. Patent No. 5,829,034; (k) U.S. Patent No. 5,860,109; (l) U.S. Patent No.

13   5,898,840; (m) U.S. Patent No. 5,864,671; (n) U.S. Patent No. 5,873,117; (o) U.S. Patent No.

14   5,878,268; and (p) U.S. Patent No. 5,940,860.   Each of the withheld references was highly

15   material to the patentability of the '095 patent, but none was disclosed to the U.S. Patent and

16   Trademark Office during prosecution of the '095 patent.   On information and belief, the '095

17   applicants withheld these references from the U.S. Patent and Trademark Office with the intent to

18   deceive that Office.

19                  **'662 Patent**

20                  On information and belief, prior to the issuance of the '662 patent, the named

21   inventor and/or others substantively involved in prosecuting the application leading to the '662

22   patent (collectively, "the '662 applicants") were aware of information material to the patentability

23   of the claims of the '662 patent, but withheld, concealed and/or mischaracterized that information

24   with the intent to deceive the U.S. Patent and Trademark Office.   The withheld information

25   includes but is not limited to (1) personalized information-gathering features offered by Prodigy

26   and Compuserve systems prior to December 20, 1994, and (2) Unix-based newsreaders publicly

27   available prior to December 20, 1994, including without limitation "nn."

28                  One or more of the '662 applicants knew of the prior art Prodigy and Compuserve

1  systems before the '662 patent issued because the '662 patent text refers to Prodigy and

2  Compuserve.  *See* '662 Patent at 1:19.   On information and belief, one or more of the '662

3  applicants was aware of personalized information gathering features of the Prodigy and

4  Compuserve systems, such as news-gathering services, which were implemented and publicly

5  available on both systems and actively marketed before the application for the '662 patent was

6  filed.  *See, e.g.*,   Magid, "Program Lets You Create a Personalized Newspaper," *Washington*

7  *Post* (May 17, 1993); Frentzen, "Personalized News Delivered to Your Desktop; Internet News

8  Collection Services," *PC Week* (Nov. 7, 1994); "Prodigy Announces Availability of HeadsUp

9  Personalized News Service from Individual Inc.," *Business Wire* (Sept. 29, 1994); *see also* U.S.

10  Pat. No. 5,537,586, entitled "Enhanced apparatus and methods for retrieving and selecting

11  profiled textural information records from a database of defined category structures."

12       On information and belief, one or more of the '662 applicants was aware of Unix-

13  based newsreaders, such as "nn," before the application for the '662 patent was filed.   The text

14  of the '662 patent refers to USENet, see '662 Patent at 1:29-52, and the widely-adopted standard

15  method for accessing USENet prior to December 20, 1994 was through Unix-based newsreaders,

16  including without limitation "nn."   *See e.g.* Hahn, *A Student's Guide to Unix*, (McGraw-Hill,

17  1993), Chapters 23 & 24.   In addition, USENet, NNTP (the protocol underlying USENet), and

18  the "newshost" alias, which was used by a Unix-based newsreader application to establish a

19  network connection to USENet, are described in a book authored by the named inventor before

20  the '662 patent issued.   *See Hands-On Intranets*, (Sun Microsystems Press, Prentice Hall, 1998).

21       Both Unix-based newsreaders and the personalized information-gathering features

22  offered by the Prodigy and Compuserve systems were highly material to the patentability of the

23  '662 patent, but were not disclosed to the U.S. Patent and Trademark Office during prosecution of

24  the '662 patent.   On information and belief, the '662 applicants withheld this information from

25  the U.S. Patent and Trademark Office with the intent to deceive that Office.

26       ***'106 Patent***

27       On information and belief, prior to the issuance of the '106 patent, the named

28  inventor and/or others substantively involved in prosecuting the application leading to the '106

1  patent   (collectively, "the '106 applicants") were aware of information material to the

2  patentability of the claims of the '106 patent, but withheld, concealed and/or mischaracterized

3  that information with the intent to deceive the U.S. Patent and Trademark Office. The withheld

4  information includes but is not limited to European Patent Application 0 648 038 A2.   One or

5  more of the '106 applicants knew of European Patent Application 0 648 038 A2 before the '106

6  patent issued because it is identified in a Supplemental IDS that the '106 applicants filed after

7  issuance of a Notice of Allowance, which ensured that the reference was not considered by the

8  examiner.   While European Patent Application 0 648 038 A2 was disclosed, the disclosure was

9  made with the knowledge that the examiner would not review it.   On information and belief the

10  '106 applicants withheld this reference from the examiner's consideration with the intent to

11  deceive the U.S. Patent and Trademark Office.

12          ***'954 Patent***

13          On information and belief, prior to the issuance of the '954 patent, the named

14  inventors and/or others substantively involved in prosecuting the applications leading to the '954

15  patent (collectively, "the '954 applicants") were aware of information material to the patentability

16  of the claims of the '954 patent, but withheld, concealed and/or mischaracterized that information

17  with the intent to deceive the U.S. Patent and Trademark Office.   The withheld information

18  includes but is not limited to U.S. Patent Nos. 5,805,803 ("the '803 patent") and 5,778,174 ("the

19  '174 patent") as well as the Secure Shell ("SSH") network protocol developed by Tatu Ylonen,

20  which includes port forwarding capabilities.   The '954 applicants knew of the '803 and '174

21  patents before the '954 patent issued because they were cited in co-pending patent applications by

22  the same named inventors, including without limitation the application leading to the issuance of

23  U.S. Patent No. 6,202,156 and PCT/US98/19239.   The '954 applicants also knew of SSH, which

24  was first released in 1995 and which was in widespread use by the time the '954 patent issued,

25  because Sun received a license to this technology in May 1999 and subsequently integrated SSH

26  into its Solaris operating environment.   These references were highly material to the

27  patentability of the claims of the '954 patent, but were not disclosed to the U.S. Patent and

28  Trademark Office during prosecution of the '954 patent.   On information and belief, the '954

applicants withheld these references from the U.S. Patent and Trademark Office with the intent to deceive that Office.

### '984 Patent

On information and belief, prior to the issuance of the '984 patent, the named inventors and/or others substantively involved in prosecuting the applications leading to the '984 patent (collectively, "the '984 applicants") were aware of information material to the patentability of the claims of the '984 patent, but withheld, concealed and/or mischaracterized that information with the intent to deceive the U.S. Patent and Trademark Office.   The withheld information includes but is not limited to WO 97 07458 A and WO 98 28882 A (collectively, "the '458 and '882 references").   One or more of the '984 applicants knew about the '458 and '882 references before the '984 patent issued because they were cited in co-pending patent applications by the same inventors, including without limitation EP 0 969 629 A3, in which both references were characterized by the European Patent Office as "particularly relevant" to claims that were substantially similar to the claims of the '984 patent.   The '458 and '882 references were highly material to the patentability of the claims of the '984 patent, but neither was disclosed to the U.S. Patent and Trademark Office during prosecution of the '984 patent.   On information and belief, the '984 applicants withheld these references from the U.S. Patent and Trademark Office with the intent to deceive that Office.

### '303 Patent

On information and belief, prior to the issuance of the '303 patent, the named inventors and/or others substantively involved in prosecuting the applications leading to the '303 patent (collectively, "the '303 applicants") were aware of information material to the patentability of the claims of the '303 patent, but withheld, concealed and/or mischaracterized that information with the intent to deceive the U.S. Patent and Trademark Office.   The withheld information includes but is not limited to GB 2 332 128 A ("the '128 reference"), Kalpana EtherChannel technology and certain IEEE 802.3 presentations and materials ("the 802.3 documents").

One or more of the '303 applicants knew about the '128 reference before the '303 patent issued, because it was cited in co-pending patent applications by the same inventor,

1   including without limitation WO 00 70827 A3.    Upon information and belief, one or more of the

2   '303 applicants knew about the Kalpana EtherChannel technology before the '303 patent issued.

3   One of the named inventors of the '303 patent, Howard Frazier, joined Cisco three years after

4   Cisco acquired Kalpana, Inc., which was at that time one of the leading providers of Ethernet

5   switches worldwide.    While at Cisco, Mr. Frazier was "network architect for Cisco Systems,

6   Inc.'s Gigabit Switch Group and chairman of the IEEE's 802.3z committee."    *See*

7   http://findarticles.com/p/articles/mi_qa3649/is_199703/ai_n8780597.    Upon information and

8   belief, Mr. Frazier was exposed to the Kalpana EtherChannel technology through his work as a

9   network architect at Cisco.    One or more of the '303 applicants knew about the 802.3 documents

10  before the '303 patent issued because Mr. Frazier, chairman of the IEEE's 802.3z committee,

11  presided over 802.3z meetings prior to the filing of the '303 patent, during which presentations

12  material to the patentability of the '303 patent were given, including, without limitation, the

13  following   tutorials:   http://grouper.ieee.org/groups/802/3/z/public/presentations/sep1996/BHgutp_a.pdf,

14  and  http://www.ieee802.org/3/z/public/presentations/nov1996/BHgutp_c.pdf.    These references were

15  highly material to the patentability of the claims of the '303 patent, but were not disclosed to the

16  U.S. Patent and Trademark Office during prosecution of the '303 patent.    On information and

17  belief, the '303 applicants withheld these references from the U.S. Patent and Trademark Office

18  with the intent to deceive that Office.

19           ***'630 Patent***

20           On information and belief, prior to the issuance of the '630 patent, the named

21  inventors and/or others substantively involved in prosecuting the applications leading to the '630

22  patent (collectively, "the '630 applicants") were aware of information material to the patentability

23  of the claims of the '630 patent, but withheld, concealed and/or mischaracterized that information

24  with the intent to deceive the U.S. Patent and Trademark Office.    The withheld information

25  includes but is not limited to United States Patent No. 5,923,667 ("the '667 patent") and certain

26  IEEE 802.3 tutorials and materials ("the 802.3 documents").

27           One or more of the '630 applicants knew about the '667 reference before the '630

28  patent issued because it was cited in co-pending patent applications by the same inventor,

1    including without limitation the application that led to the '303 patent, which Sun asserts in its

2    Counterclaims.    One or more of the '630 applicants knew about the 802.3 documents before the

3    '630 patent issued because Shimon Muller, one of the named inventors on the '630 patent,

4    attended several 802.3 meetings prior to the filing of the '630 patent, during which presentations

5    material to the patentability of the '630 patent were given, including, without limitation, the

6    following             tutorials:             http://www.ieee802.org/3/trunk_study/tutorial/pctrunk.pdf,

7    http://www.ieee802.org/3/tutorial/march98/mick_170398.pdf,                                        and

8    http://www.ieee802.org/3/tutorial/july98/kish_070798.pdf.       The    '667    patent    and    802.3

9    documents were highly material to the patentability of the claims of the '630 patent, but were not

10   disclosed to the U.S. Patent and Trademark Office during prosecution of the '630 patent.    On

11   information and belief, the '630 applicants withheld these references from the U.S. Patent and

12   Trademark Office with the intent to deceive that Office.

13         ***'343 Patent***

14         On information and belief, prior to the issuance of the '343 patent, the named

15   inventors and/or others substantively involved in prosecuting the applications leading to the '343

16   patent (collectively, "the '343 applicants") were aware of information material to the patentability

17   of the claims of the '343 patent, but withheld, concealed and/or mischaracterized that information

18   with the intent to deceive the U.S. Patent and Trademark Office.    The withheld information

19   includes but is not limited to WO 97 07458 A and WO 98 28882 A (collectively, "the '458 and

20   '882 references").    One or more of the '343 applicants knew about these references before the

21   '343 patent issued because they were cited in co-pending patent applications by the same

22   inventors, including without limitation EP 0 969 629 A3 ("the '629 application), which is the

23   European counterpart to the '984 patent asserted in Sun's Counterclaims.    The '458 and '882

24   references were highly material to the patentability of the claims of the '343 patent, but neither

25   was disclosed to the U.S. Patent and Trademark Office during prosecution of the '343 patent.

26   On information and belief, the '343 applicants withheld this reference from the U.S. Patent and

27   Trademark Office with the intent to deceive that Office.

28

1

**FOURTH AFFIRMATIVE DEFENSE**

2

**(Equitable Estoppel)**

3        On information and belief, one or more of the patents-in-suit is unenforceable by

4    reason of equitable estoppel.   For example, Sun should be estopped from asserting the '630

5    patent because at least one of the named inventors, Shimon Muller, participated in IEEE standard-

6    setting activities related to the subject matter of the '630 patent, but failed to advise the IEEE

7    members of the existence and content of the specific application that led to the '630 patent, which

8    was then pending.   Likewise, Sun should be estopped from asserting the '303 patent because at

9    least one of the named inventors, Howard Frazier, participated in IEEE standard-setting activities

10    related to the subject matter of the '303 patent, but failed to advise the IEEE members of the

11    existence and content of the specific application that led to the '303 patent, which was then

12    pending.

13

**FIFTH AFFIRMATIVE DEFENSE**

14

**(Laches)**

15        On information and belief, the relief that Sun seeks in its Counterclaims is barred

16    in whole or in part by the doctrine of laches.   On information and belief, Sun and/or its

17    predecessors in interest ("Sun") were aware of NetApp's products or were in possession of such

18    facts and information as would lead a person of reasonable diligence to discover them, as early as

19    1995.   Sun's unreasonable and inexcusable delay in filing suit has resulted in prejudice and

20    injury to NetApp.

21

**SIXTH AFFIRMATIVE DEFENSE**

22

**(Patent Misuse)**

23        On information and belief, one or more of the patents-in-suit is unenforceable

24    under the doctrine of patent misuse.

25

**NETAPP'S COUNTERCLAIMS**

26        1.        NetApp incorporates by reference its allegations in paragraphs 1 through

27    14 of its Complaint, its responses to the allegations of paragraphs 1 through 201 of Sun's

28    Counterclaims, and its Affirmative Defenses to Sun's Counterclaims.

1

## JURISDICTION AND VENUE

2       2.     These Counterclaims arise under the United States patent laws, 35 U.S.C.

3 § 101 *et seq.*   These counterclaims seek declaratory relief for which this Court has jurisdiction

4 pursuant to 28 U.S.C. §§ 1331, 1338, 2201, and 2202.

5

## FIRST COUNTERCLAIM

6

### (DECLARATORY JUDGMENT RE: THE '857 PATENT)

7       3.     Sun alleges in paragraphs 13 and 14 of its Counterclaims that it is the

8 assignee of the '857 patent, entitled "Fault tolerant disk array data storage subsystem."

9       4.     Sun has asserted that NetApp infringes the '857 patent.

10       5.     NetApp has not infringed, and is not infringing, either directly or indirectly

11 under section 271, any valid claim of the '857 patent, either literally or under the doctrine of

12 equivalents.

13       6.     One or more claims of the '857 patent is invalid for failure to meet the

14 conditions of patentability of 35 U.S.C. § 101 et seq., including without limitation those of

15 sections 102, 103, and/or 112.

16       7.     The '857 patent is unenforceable for at least the reasons alleged in

17 NetApp's affirmative defenses, which are incorporated herein by reference.

18       8.     An actual case or controversy exists between NetApp and Sun because Sun

19 filed a Counterclaim against NetApp alleging infringement of the '857 patent.   Absent a

20 declaration of non-infringement, invalidity, and/or unenforceability, Sun will continue to

21 wrongfully assert the '857 patent against NetApp and thereby cause NetApp irreparable injury

22 and damage.

23       9.     This case is exceptional and, pursuant to 35 U.S.C. § 285, NetApp is

24 entitled to an award of attorneys' fees.

25       10.    Based on the foregoing, NetApp seeks a judgment holding that the '857

26 patent is not infringed and is invalid and unenforceable.

27

28

## SECOND COUNTERCLAIM

### (DECLARATORY JUDGMENT RE: THE '095 PATENT)

11.     Sun alleges in paragraphs 15 and 16 of its Counterclaims that it is the assignee of the '095 patent, entitled "Multiprocessing system configured to perform efficient write operations."

12.     Sun has asserted that NetApp infringes the '095 patent.

13.     NetApp has not infringed, and is not infringing, either directly or indirectly under section 271, any valid claim of the '095 patent, either literally or under the doctrine of equivalents.

14.     One or more claims of the '095 patent is invalid for failure to meet the conditions of patentability of 35 U.S.C. § 101 et seq., including without limitation those of sections 102, 103, and/or 112.

15.     The '095 patent is unenforceable for at least the reasons alleged in NetApp's affirmative defenses, which are incorporated herein by reference.

16.     An actual case or controversy exists between NetApp and Sun because Sun filed a Counterclaim against NetApp alleging infringement of the '095 patent.  Absent a declaration of non-infringement, invalidity, and/or unenforceability, Sun will continue to wrongfully assert the '095 patent against NetApp and thereby cause NetApp irreparable injury and damage.

17.     This case is exceptional and, pursuant to 35 U.S.C. § 285, NetApp is entitled to an award of attorneys' fees.

18.     Based on the foregoing, NetApp seeks a judgment holding that the '095 patent is not infringed and is invalid and unenforceable.

## THIRD COUNTERCLAIM

### (DECLARATORY JUDGMENT RE: THE '662 PATENT)

19.     Sun alleges in paragraphs 17 and 18 of its Counterclaims, that it is the assignee of the '662 patent, entitled "Personalized information retrieval using user-defined profile."

1    20.    Sun has asserted that NetApp infringes the '662 patent.

2    21.    NetApp has not infringed, and is not infringing, either directly or indirectly

3    under section 271, any valid claim of the '662 patent, either literally or under the doctrine of

4    equivalents.

5    22.    One or more claims of the '662 patent is invalid for failure to meet the

6    conditions of patentability of 35 U.S.C. § 101 et seq., including without limitation those of

7    sections 102, 103, and/or 112.

8    23.    The '662 patent is unenforceable for at least the reasons alleged in

9    NetApp's affirmative defenses, which are incorporated herein by reference.

10    24.    An actual case or controversy exists between NetApp and Sun because Sun

11    filed a Counterclaim against NetApp alleging infringement of the '662 patent.    Absent a

12    declaration of non-infringement, invalidity, and/or unenforceability, Sun will continue to

13    wrongfully assert the '662 patent against NetApp and thereby cause NetApp irreparable injury

14    and damage.

15    25.    This case is exceptional and, pursuant to 35 U.S.C. § 285, NetApp is

16    entitled to an award of attorneys' fees.

17    26.    Based on the foregoing, NetApp seeks a judgment holding that the '662

18    patent is not infringed and is invalid and unenforceable.

19    **FOURTH COUNTERCLAIM**

20    **(DECLARATORY JUDGMENT RE: THE '106 PATENT)**

21    27.    Sun alleges in paragraphs 19 and 20 of its Counterclaims that it is the

22    assignee of the '106 patent, entitled "Method and apparatus for obtaining and displaying network

23    server information."

24    28.    Sun has asserted that NetApp infringes the '106 patent.

25    29.    NetApp has not infringed, and is not infringing, either directly or indirectly

26    under section 271, any valid claim of the '106 patent, either literally or under the doctrine of

27    equivalents.

28    30.    One or more claims of the '106 patent is invalid for failure to meet the

conditions of patentability of 35 U.S.C. § 101 et seq., including without limitation those of sections 102, 103, and/or 112.

31.    The '106 patent is unenforceable for at least the reasons alleged in NetApp's affirmative defenses, which are incorporated herein by reference.

32.    An actual case or controversy exists between NetApp and Sun because Sun filed a Counterclaim against NetApp alleging infringement of the '106 patent.  Absent a declaration of non-infringement, invalidity, and/or unenforceability, Sun will continue to wrongfully assert the '106 patent against NetApp and thereby cause NetApp irreparable injury and damage.

33.    This case is exceptional and, pursuant to 35 U.S.C. § 285, NetApp is entitled to an award of attorneys' fees.

34.    Based on the foregoing, NetApp seeks a judgment holding that the '857 patent is not infringed and is invalid and unenforceable.

## FIFTH COUNTERCLAIM

### (DECLARATORY JUDGMENT RE: THE '954 PATENT)

35.    Sun alleges in paragraphs 21 and 22 of its Counterclaims that it is the assignee of the '954 patent, entitled "Network Message Redirection."

36.    Sun has asserted that NetApp infringes the '954 patent.

37.    NetApp has not infringed, and is not infringing, either directly or indirectly under section 271, any valid claim of the '954 patent, either literally or under the doctrine of equivalents.

38.    One or more claims of the '954 patent is invalid for failure to meet the conditions of patentability of 35 U.S.C. § 101 et seq., including without limitation those of sections 102, 103, and/or 112.

39.    The '954 patent is unenforceable for at least the reasons alleged in NetApp's affirmative defenses, which are incorporated herein by reference.

40.    An actual case or controversy exists between NetApp and Sun because Sun filed a Counterclaim against NetApp alleging infringement of the '954 patent.    Absent a

1  declaration of non-infringement, invalidity, and/or unenforceability, Sun will continue to

2  wrongfully assert the '954 patent against NetApp and thereby cause NetApp irreparable injury

3  and damage.

4      41.    This case is exceptional and, pursuant to 35 U.S.C. § 285, NetApp is

5  entitled to an award of attorneys' fees.

6      42.    Based on the foregoing, NetApp seeks a judgment holding that the '954

7  patent is not infringed and is invalid and unenforceable.

8                              **SIXTH COUNTERCLAIM**

9                  **(DECLARATORY JUDGMENT RE: THE '984 PATENT)**

10     43.    Sun alleges in paragraphs 23 and 24 of its Counterclaims that it is the

11  assignee of the '984 patent, entitled "Digital data processing system having a data bus and a

12  control bus."

13     44.    Sun has asserted that NetApp infringes the '984 patent.

14     45.    NetApp has not infringed, and is not infringing, either directly or indirectly

15  under section 271, any valid claim of the '984 patent, either literally or under the doctrine of

16  equivalents.

17     46.    One or more claims of the '984 patent is invalid for failure to meet the

18  conditions of patentability of 35 U.S.C. § 101 et seq., including without limitation those of

19  sections 102, 103, and/or 112.

20     47.    The '984 patent is unenforceable for at least the reasons alleged in

21  NetApp's affirmative defenses, which are incorporated herein by reference.

22     48.    An actual case or controversy exists between NetApp and Sun because Sun

23  filed a Counterclaim against NetApp alleging infringement of the '984 patent.    Absent a

24  declaration of non-infringement, invalidity, and/or unenforceability, Sun will continue to

25  wrongfully assert the '984 patent against NetApp and thereby cause NetApp irreparable injury

26  and damage.

27     49.    This case is exceptional and, pursuant to 35 U.S.C. § 285, NetApp is

28  entitled to an award of attorneys' fees.

50.     Based on the foregoing, NetApp seeks a judgment holding that the '984 patent is not infringed and is invalid and unenforceable.

**SEVENTH COUNTERCLAIM**

**(DECLARATORY JUDGMENT RE: THE '303 PATENT)**

51.     Sun alleges in paragraphs 25 and 26 of its Counterclaims that it is the assignee of the '303 patent, entitled "Method and apparatus for parallel trunking of interfaces to increase transfer bandwidth."

52.     Sun has asserted that NetApp infringes the '303 patent.

53.     NetApp has not infringed, and is not infringing, either directly or indirectly under section 271, any valid claim of the '303 patent, either literally or under the doctrine of equivalents.

54.     One or more claims of the '303 patent is invalid for failure to meet the conditions of patentability of 35 U.S.C. § 101 et seq., including without limitation those of sections 102, 103, and/or 112.

55.     The '303 patent is unenforceable for at least the reasons alleged in NetApp's affirmative defenses, which are incorporated herein by reference.

56.     An actual case or controversy exists between NetApp and Sun because Sun filed a Counterclaim against NetApp alleging infringement of the '303 patent.  Absent a declaration of non-infringement, invalidity, and/or unenforceability, Sun will continue to wrongfully assert the '303 patent against NetApp and thereby cause NetApp irreparable injury and damage.

57.     This case is exceptional and, pursuant to 35 U.S.C. § 285, NetApp is entitled to an award of attorneys' fees.

58.     Based on the foregoing, NetApp seeks a judgment holding that the '303 patent is not infringed and is invalid and unenforceable.

**EIGHTH COUNTERCLAIM**

**(DECLARATORY JUDGMENT RE: THE '261 PATENT)**

59.     Sun alleges in paragraphs 27 and 28 of its Counterclaims that it is the

1    assignee of the '261 patent, entitled "Programmable Matrix Switch."

2           60.    Sun has asserted that NetApp infringes the '261 patent.

3           61.    NetApp has not infringed, and is not infringing, either directly or indirectly

4    under section 271, any valid claim of the '261 patent, either literally or under the doctrine of

5    equivalents.

6           62.    One or more claims of the '261 patent is invalid for failure to meet the

7    conditions of patentability of 35 U.S.C. § 101 et seq., including without limitation those of

8    sections 102, 103, and/or 112.

9           63.    An actual case or controversy exists between NetApp and Sun because Sun

10   filed a Counterclaim against NetApp alleging infringement of the '261 patent.  Absent a

11   declaration of non-infringement, invalidity, and/or unenforceability, Sun will continue to

12   wrongfully assert the '261 patent against NetApp and thereby cause NetApp irreparable injury

13   and damage.

14          64.    This case is exceptional and, pursuant to 35 U.S.C. § 285, NetApp is

15   entitled to an award of attorneys' fees.

16          65.    Based on the foregoing, NetApp seeks a judgment holding that the '261

17   patent is not infringed and is invalid.

18                                **NINTH COUNTERCLAIM**

19                  **(DECLARATORY JUDGMENT RE: THE '630 PATENT)**

20          66.    Sun alleges in paragraphs 29 and 30 of its Counterclaims that it is the

21   assignee of the '630 patent, entitled "Method and apparatus for multi-gigabit ethernet

22   architecture."

23          67.    Sun has asserted that NetApp infringes the '630 patent.

24          68.    NetApp has not infringed, and is not infringing, either directly or indirectly

25   under section 271, any valid claim of the '630 patent, either literally or under the doctrine of

26   equivalents.

27          69.    One or more claims of the '630 patent is invalid for failure to meet the

28   conditions of patentability of 35 U.S.C. § 101 et seq., including without limitation those of

1    sections 102, 103, and/or 112.

2            70.     The '630 patent is unenforceable for at least the reasons alleged in

3    NetApp's affirmative defenses, which are incorporated herein by reference.

4            71.     An actual case or controversy exists between NetApp and Sun because Sun

5    filed a Counterclaim against NetApp alleging infringement of the '630 patent.  Absent a

6    declaration of non-infringement, invalidity, and/or unenforceability, Sun will continue to

7    wrongfully assert the '630 patent against NetApp and thereby cause NetApp irreparable injury

8    and damage.

9            72.     This case is exceptional and, pursuant to 35 U.S.C. § 285, NetApp is

10    entitled to an award of attorneys' fees.

11            73.     Based on the foregoing, NetApp seeks a judgment holding that the '630

12    patent is not infringed and is invalid and unenforceable.

13    **TENTH COUNTERCLAIM**

14    **(DECLARATORY JUDGMENT RE: THE '343 PATENT)**

15            74.     Sun alleges in paragraphs 31 and 32 of its Counterclaims that it is the

16    assignee of the '343 patent, entitled "Partitioning of storage channels using programmable

17    switches."

18            75.     Sun has asserted that NetApp infringes the '343 patent.

19            76.     NetApp has not infringed, and is not infringing, either directly or indirectly

20    under section 271, any valid claim of the '343 patent, either literally or under the doctrine of

21    equivalents.

22            77.     One or more claims of the '343 patent is invalid for failure to meet the

23    conditions of patentability of 35 U.S.C. § 101 et seq., including without limitation those of

24    sections 102, 103, and/or 112.

25            78.     The '343 patent is unenforceable for at least the reasons alleged in

26    NetApp's affirmative defenses, which are incorporated herein by reference.

27            79.     An actual case or controversy exists between NetApp and Sun because Sun

28    filed a Counterclaim against NetApp alleging infringement of the '343 patent.  Absent a

1  declaration of non-infringement, invalidity, and/or unenforceability, Sun will continue to

2  wrongfully assert the '343 patent against NetApp and thereby cause NetApp irreparable injury

3  and damage.

4        80.    This case is exceptional and, pursuant to 35 U.S.C. § 285, NetApp is

5  entitled to an award of attorneys' fees.

6        81.    Based on the foregoing, NetApp seeks a judgment holding that the '343

7  patent is not infringed and is invalid and unenforceable.

8

9                              **PRAYER FOR RELIEF**

10       WHEREFORE, NetApp respectfully requests the following relief:

11       A.    in addition to the declaration of non-infringement of the '639 and '667

12  patents sought in NetApp's Complaint, a declaration that NetApp has not infringed and is not

13  infringing, directly or indirectly, any claims of the '857, '095, '662, '106, '954, '984, '303, '261,

14  '630, and '343 patents;

15       B.    in addition to the declaration of invalidity of the '639 and '667 patents

16  sought in NetApp's Complaint, a declaration that the claims of the '857, '095, '662, '106, '954,

17  '984, '303, '261, '630, and '343 patents are invalid;

18       C.    in addition to the declaration of unenforceability of the '639 and '667

19  patents sought in NetApp's Complaint, a declaration that the '857, '095, '662, '106, '954, '984,

20  '303, '630, and '343 patents are unenforceable under the doctrine of inequitable conduct;

21       D.    a declaration that all Defendants and each of their officers, employees,

22  agents, alter egos, attorneys, and any persons in active concert or participation with them be

23  restrained and enjoined from further prosecuting or instituting any action against NetApp

24  claiming that the '857, '095, '662, '106, '954, '984, '303, '261, '630, and '343 patents are

25  infringed, valid, or enforceable, or from representing that NetApp's products or services, or that

26  others' use thereof, infringe the '857, '095, '662, '106, '954, '984, '303, '261, '630, and '343

27  patents;

28       E.    an award to NetApp of its attorneys' fees incurred in connection with this

1    lawsuit pursuant to 35 U.S.C.§ 285; and

2          F.     such other and further relief as this Court may deem just and proper.

3                                    **JURY DEMAND**

4          Plaintiff NetApp respectfully requests a trial by jury, pursuant to Fed. R. Civ. P.

5    38(b), on all issues so triable.

6    Dated:    December 7, 2007              Respectfully submitted,

7                                            _Edward R. Reines_____
                                             Matthew D. Powers
8                                            Edward R. Reines
                                             Jeffrey G. Homrig
9                                            Jill J. Ho
                                             WEIL, GOTSHAL & MANGES LLP
10                                           201 Redwood Shores Parkway
                                             Redwood Shores, CA 94065
11                                           Telephone:    (650) 802-3000
                                             Facsimile:    (650) 802-3100
12
                                             Elizabeth Weiswasser
13                                           WEIL, GOTSHAL & MANGES LLP
                                             767 Fifth Avenue
14                                           New York, NY 10153
                                             Telephone:    (212) 310-8000
15                                           Facsimile:    (212) 310-8007

16                                           **ATTORNEYS FOR PLAINTIFF**
                                             **NETWORK APPLIANCE, INC.**
17

18

19

20

21

22

23

24

25

26

27

28