UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

NETWORK APPLIANCE INC

        Plaintiff,

    v.

SUN MICROSYSTEMS INC

        Defendant.
_____/

No. C-07-06053EDL

CASE MANAGEMENT SCHEDULING ORDER

Following the Case Management Conference held on January 28, 2008, IT IS HEREBY ORDERED THAT:

A further case management conference is set for June 3, 2008 at 2:00 p.m. before Magistrate Judge Laporte in Courtroom E, 15th Floor, U.S. District Court, 450 Golden Gate Avenue, San Francisco, California. An updated joint case management conference statement shall be filed no later than May 27, 2008. The purpose of this status conference is to discuss the logistics and parameters of the claim construction briefing and hearing, including the number of terms the Court will construe. While the parties have not stipulated to use of the new local patent rules, the parties are advised that the Court will likely require them to prioritize disputed patent claims as set forth in new Patent Local Rule 4-1(b).

Pursuant to Fed. R. Civ. P. 16, IT IS FURTHER ORDERED THAT the following case management and pretrial order is entered:

    1.    <u>PATENT LOCAL RULE EXCHANGES AND CLAIM CONSTRUCTION</u>

      a.     Patent L.R. 3-1 asserted claims and preliminary infringement contentions for Network Appliance, Inc. ("NetApp") Patents are due no later than January 22, 2008 and for Sun Microsystems, Inc. ("Sun") Patents no later than February 11, 2008.

      b.     Patent L.R. 3-3 preliminary invalidity contentions and L.R. 3-4 document production are due no later than March 6, 2008 for NetApp Patents and no later than March 27, 2008 for Sun Patents.

      c.     Patent L.R. 4-1 exchange of proposed terms and claims elements for construction shall occur no later than April 10, 2008 for all patents.

      d.     Patent L.R. 4-2 exchange of preliminary claim constructions and extrinsic evidence shall occur no later than April 30, 3008.

      e.     The parties shall file a Patent L.R. 4-3 joint claim construction statement no later than May 26, 2008.

      f.     Claim construction discovery shall be completed by June 25, 2008.

      g.     The parties claiming patent infringement shall file and serve opening claim construction briefs pursuant to Patent L.R. 4-5(a) no later than July 7, 2008.

      h.     Opposition claim construction briefs pursuant to Patent L.R. 4-5(b) shall be filed and served no later than July 21, 2008.

      I.     Reply claim construction briefs shall be filed and served no later than August 1, 2008.

      j.     The Court will hold a claim construction tutorial on August 4, 2008 at 9:00 a.m.

      k.     The Court will hold a Patent L.R. 4-6 claim construction hearing on August 27, 2008 at 9:00 a.m.

      l.     After the Court construes the claims, it will set a further case management conference, during which it will set prompt dates for the rest of the case.

2.    <u>DISCOVERY</u>

      a.     All non-expert discovery shall be completed no later than October 13, 2008. There will be no further non-expert discovery after that date except by order of the Court for good cause shown. Motions to compel non-expert discovery must be filed within the time limits contained in Civil Local Rule 26-2.

b.        As the parties have so stipulated, the Court will not set limits to the number of depositions, requests for documents, and requests for admission. Each side shall be limited to 40 interrogatories, but this takes into account the parties agreement that no interrogatory shall be objectionable as containing sub-parts on the ground that a single interrogatory requires a response as to some or all of the patents in suit. Regarding deposition length, the seven hour limit applies, with two exceptions. First, there shall be a three day presumptive limit for depositions of the patent inventors, except for inventor Hicks, who may be deposed for four days. If a party wishes to exceed these limits without agreement from the other side, that party will need to show good cause. There is a soft presumptive limit of 14 hours for Rule 30(b)(6) depositions. Deposition time of someone deposed as an individual does not count towards 30(b)(6) deposition time.

c.        Rule 26(e)(1) of the Federal Rules of Civil Procedure requires all parties to supplement or correct their initial disclosures, expert disclosures, pretrial disclosures, and responses to discovery requests under the circumstances itemized in that Rule, and when ordered by the Court. The Court expects that the parties will supplement and/or correct their disclosures promptly when required under that Rule, without the need for a request from opposing counsel. **In addition to the general requirements of Rule 26(e)(1), the parties will supplement and/or correct all previously made disclosures and discovery responses 28 days before the fact discovery cutoff date.**

d.        Pursuant to Civil L.R. 37-1(b), telephone conferences are available to resolve disputes during a discovery event, such as a deposition, where the resolution during the event likely would result in substantial savings of expense or time.

e.        **Privilege logs.** If a party withholds information that is responsive to a discovery request, and is otherwise discoverable under the Federal Rules of Civil Procedure, by claiming that it is privileged, or protected from discovery under the attorney work product doctrine or any other protective doctrine (including, but not limited to, privacy rights), that party shall prepare a "privilege log" (Fed. R. Civ. P. 26(b)(5)) setting forth the privilege relied upon and specifying separately for each document or for each category of identically situated documents:

    1.        The name, job title, or capacity of the author;

    2.        The name, job title, or capacity of each recipient;

3. The date the document was prepared and, if different, the date(s) on which it was sent to or shared with persons other than its author(s);

4. The title and description of the document;

5. The subject matter addressed in the document;

6. The purpose(s) for which it was prepared or communicated; and

7. The specific basis for the claim that it is privileged.

The privilege log production shall be governed by the parties' stipulation. To the extent that this order conflicts with the parties' Court-approved stipulations, those stipulations govern.

f. In responding to requests for documents and materials under Rule 34 of the Federal Rules of Civil Procedure, all parties shall affirmatively state in a written response served on all other parties the full extent to which they will produce materials and shall, promptly after the production, confirm in writing that they have produced all such materials so described that are locatable after a diligent search of all locations at which such materials might plausibly exist.

g. Before filing a discovery motion with the Court, the parties shall file a two page joint letter notifying the Court of the nature of the dispute and how the parties would like the Court to handle the dispute.

3. ALTERNATIVE DISPUTE RESOLUTION/SETTLEMENT CONFERENCE

A settlement conference shall be scheduled before Magistrate Judge Joseph C. Spero of this court, as the parties jointly requested this referral. Counsel will be contacted by Judge Spero's chambers with a date and time for the conference during , or as soon thereafter as is convenient to the judge's calendar. The Court shall inform Judge Spero that the parties request a full day of settlement conference time, which need not necessarily occur on the same day.

Finally, to the extent that the parties have stipulated to certain items in their joint case management statement not discussed above, these are hereby incorporated into this order.

4. THE '720 PATENT

NetApp is granted leave to amend its pleading to include the '720 patent in Sun Microsystems, Inc. v. Network Appliance, Inc., C 07-5488, but it may not amend its pleadings to include that patent in this case. NetApp must do so no later than February 19, 2008.

4

### 5. THE PROTECTIVE ORDER

The Court is not satisfied with either party's competing proposal regarding the prosecution bar. The Court is not satisfied by Sun's reliance on good faith alone in view of NetApp's legitimate concern regarding inadvertent disclosure, although this must be balanced against other important concerns, such as Sun's choice of counsel and experts with relevant expertise. At the same time, while NetApp has narrowed somewhat the fields of technology to which the bar would apply, its proposal is still fairly broad and would bar counsel from working for anyone else, even those who are not serious competitors. Cf. Commissariat A L'Energie Atomique v. Dell Computer Corp., No. 03-484 KAJ, 2004 U.S. Dist. LEXIS 12782 (D. Del. May 25, 2004). Sun is correct that one of the key cases regarding inadvertent disclosure on which NetApp relies, Motorola, Inc. v. Interdigital Tech. Corp., No. 93-488-LON, 1994 U.S. Dist. LEXIS 20714 (D. Del. Dec. 19, 1994), only imposed a bar on the prosecution of patents for the defendant, not for every company. Id. at *18 & n.5. Therefore, Net App may accept the compromise Sun originally proposed – the addition of a limitation barring only prosecution of Sun's or NetApp's patents to NetApp's proposed language. Alternatively, if NetApp wants the ban to go beyond prosecuting patents for parties to this suit, it must further narrow the definition of the field and must limit the ban to prosecuting patents for major competitors. The Court also directs the parties to review the stipulation and order filed in Alpha and Omega Semiconductor, Ltd. v. Fairchild Semiconductor Corp., Case No. 07-2638 JSW (EDL), Docket No. 131 filed on Jan. 17, 2008. Accordingly, the parties are hereby ORDERED to file a stipulation and proposed order in light of this further guidance, or if the parties still cannot agree, they may file competing proposals no later than February 15, 2008, and the Court will adopt one of these proposals.

Dated: February 12, 2008

_____
ELIZABETH D. LAPORTE
United States Magistrate Judge