# EXHIBIT A



DLA Piper US LLP
2000 University Avenue
East Palo Alto, California 94303-2214
www.dlapiper.com

Christine K. Corbett
christine.corbett@dlapiper.com
T  650.833.2141
F  650.833.2001

*Via E-Mail*
April 9, 2008

OUR FILE NO. 347155-29

Jeffrey G. Homrig, Esq.
Weil Gotshal & Manges
201 Redwood Shores Parkway
Redwood Shores, CA 94065

Re:   *Network Appliance, Inc. v. Sun Microsystems, Inc.*
      **U.S.D.C., Case No. C-07-06053 EDL**

Dear Jeff:

As you know, the United States Patent and Trademark Office ("USPTO") recently placed the following three NetApp patents-in-suit into reexamination: United States Patent Nos. 5,819,292 ("the '292 patent"), 6,857,001 ("the '001 patent") and 6,892,211 ("the '211 patent"). In light of these reexamination proceedings, please let me know whether NetApp will stipulate to a stay of this action with respect to these patents only. If NetApp is unwilling to so stipulate, Sun will file a motion for a stay with the Court.

As you know, the scope of these reexamination proceedings is very broad. The USPTO granted reexamination as to all claims of the '001 and '211 patents based upon many separate prior art references and, with respect to the '001 patent, issued its first office action rejecting all 63 claims of the '001 patent under section 102 based on each of ten prior references. As a result, it is highly probable that all of the claims of the '001 and '211 patents will be found invalid by the USPTO. This conclusion is based not only upon the strength of the cited prior art, but also upon the statistics showing that patents undergoing reexamination almost always are either invalidated or undergo substantial narrowing of the claims.

As to the '292 patent, the USPTO granted Sun's initial request for reexamination in part, finding a substantial new question of patentability with respect to independent claims 1 and 4. On April 4, 2008, Sun submitted a second request for reexamination as to claims 4, 8, 11-15 and 20 of the '292 patent. Sun expects the USPTO to grant its second request for reexamination in its entirety and, subsequently, to invalidate each of the asserted claims of the patent.

In addition to the merits of the reexamination proceedings and the likely outcome of those proceedings (the invalidation of the three patents), the Court requested the parties to consider means to streamline this case, including streamlining the number of claims and claim terms to be construed during the upcoming Markman process. A stay of the litigation with respect to these three patents will not only simplify the issues in this case, but it also will limit the resources and expenses expended by both the parties and the Court, and is justified by the current state of these three patents.



Jeffrey G. Homrig, Esq.
April 9, 2008
Page Two


Please let me know no later than 2:00 p.m. on Friday, April 11 whether NetApp will stipulate to a stay of this action with respect to the '292, '001 and '211 patents. If NetApp will not stipulate to a stay of this action with respect to these patents, please let me know if NetApp will agree to have Sun's motion to stay heard on an expedited basis.

I look forward to hearing from you. Please do not hesitate to contact me if you wish to discuss further.

Very truly yours,

**DLA PIPER US LLP**

*Christine K. Corbett*

Christine K. Corbett
christine.corbett@dlapiper.com

EM\7228856.2