# EXHIBIT C

 UNITED STATES PATENT AND TRADEMARK OFFICE

Commissioner for Patents
United States Patent and Trademark Office
P.O. Box 1450
Alexandria, VA 22313-1450
www.uspto.gov

**DO NOT USE IN PALM PRINTER**

(THIRD PARTY REQUESTER'S CORRESPONDENCE ADDRESS)

Ronald L. Yin

DLA Piper vs LLP

2000 University Avenue

East Palo Alto, CA 94303-2248

MAILED

MAR 1 8 2008

CENTRAL REEXAMINATION UNIT

# *EX PARTE* REEXAMINATION COMMUNICATION TRANSMITTAL FORM

REEXAMINATION CONTROL NO. *90/008,903*.

PATENT NO. *5891292*.

ART UNIT *3992*.

.

Enclosed is a copy of the latest communication from the United States Patent and Trademark Office in the above identified *ex parte* reexamination proceeding (37 CFR 1.550(f)).

Where this copy is supplied after the reply by requester, 37 CFR 1.535, or the time for filing a reply has passed, no submission on behalf of the *ex parte* reexamination requester will be acknowledged or considered (37 CFR 1.550(g)).

| *Order Granting / Denying Request For Ex Parte Reexamination* | Control No. 90/008,903 | Patent Under Reexamination 5891292 | |
|---|---|---|---|
| | Examiner SCOTT L. WEAVER | Art Unit 3992 | |

*--The MAILING DATE of this communication appears on the cover sheet with the correspondence address--*

The request for *ex parte* reexamination filed <u>26 December 2007</u> has been considered and a determination has been made. An identification of the claims, the references relied upon, and the rationale supporting the determination are attached.

Attachments:  a)☐ PTO-892,       b)☒ PTO/SB/08,       c)☒ Other: *Decision on Request*

1. ☒    The request for *ex parte* reexamination is GRANTED.

    RESPONSE TIMES ARE SET AS FOLLOWS:

For Patent Owner's Statement (Optional):  TWO MONTHS  from the mailing date of this communication (37 CFR 1.530 (b)). **EXTENSIONS OF TIME ARE GOVERNED BY 37 CFR 1.550(c).**

For Requester's Reply (optional): TWO MONTHS from the **date of service** of any timely filed Patent Owner's Statement (37 CFR 1.535). **NO EXTENSION OF THIS TIME PERIOD IS PERMITTED.** If Patent Owner does not file a timely statement under 37 CFR 1.530(b), then no reply by requester is permitted.

2. ☐    The request for *ex parte* reexamination is DENIED.

This decision is not appealable (35 U.S.C. 303(c)).  Requester may seek review by petition to the Commissioner under 37 CFR 1.181 within ONE MONTH from the mailing date of this communication (37 CFR 1.515(c)). **EXTENSION OF TIME TO FILE SUCH A PETITION UNDER 37 CFR 1.181  ARE AVAILABLE ONLY BY PETITION TO SUSPEND OR WAIVE THE  REGULATIONS UNDER 37 CFR 1.183.**

In due course, a refund under 37 CFR 1.26 ( c ) will be made to requester:

    a) ☐  by Treasury check or,

    b) ☐  by credit to Deposit Account No. _____, or

    c) ☐  by credit to a credit card account, unless otherwise notified (35 U.S.C. 303(c)).

cc:Requester ( if third party requester )
U.S. Patent and Trademark Office
PTOL-471 (Rev. 08-06)                    Office Action in *Ex Parte* Reexamination                    Part of Paper No. 20080201

Application/Control Number:                                          Page 2
90/008,903
Art Unit: 3992

## DECISION ON REQUEST FOR EX PARTE REEXAMINATION

Reexamination has been requested for claims 1-4 and 8-20 of U. S. Patent No. 5,819,292 to Hitz et al. issued on October 6, 1998.

The 5,819,292 patent to Hitz was filed May 31, 1995 as a continuation application of U.S. patent application No. 08/454,921, filed June 3, 1993 and abandoned.

Patent No. 6, 892,211 to Hitz is a continuation of the instant '292 patent to Hitz and is the subject of inter partes reexamination No. 95/000,328.

A substantial new question of patentability (SNQ) affecting claims 1 and 4 is raised by the corrected request for ex parte reexamination (hereafter the "Request") filed on December 26, 2007 for the reasons indicated below.

## Substantial New Question of Patentability

For "a substantial new question of patentability'" (SNQ) to be present, it is only necessary that:

    A. The prior art patents and or printed publications raise a substantial question of patentability regarding at least one claim, i.e., the teaching of the prior art patents and printed publications is such that a reasonable examiner would consider the teaching to be important in deciding whether or not the claim is patentable; it is not necessary that the prior art establish a prima facie case of unpatentability; and

    B. The same question of patentability as to the claim has not been decided by the Office in a previous examination or pending reexamination of the patent or in a final holding of invalidity by the Federal Courts in a decision on the merits involving the claim.

    For any reexamination ordered on or after November 2, 2002, reliance on previously Cited/considered art, i.e., "'old art, '"" does not necessarily preclude the existence of a substantial new question of patentability (SNQ) that is based exclusively on that old art. Rather, determinations on whether a SNQ exists in such an instance shall be based upon a fact-specific inquiry done on a case-by-case basis. See MPEP 2642.

Application/Control Number:                                        Page 3
90/008,903
Art Unit: 3992

## Prior Art Relied on in the Request

Exhibit 1:      RAYMOND A. LORIE, "Physical Integrity in a Large Segmented Database",
                ACM Transactions on Database Systems, March **1977**, pages 91-104, Vol. 2, No.
                1. ("Lorie");

Exhibit 2       U.S. Patent No. 5,129,085 Yamasaki;

Exhibit 3       ANITA BORG, et al., "Fault Tolerance Under UNIX", ACM Transactions on
                Computer Systems,  February 1989, pages 1-24, Vol. 7, No. 1. ("Borg");

Exhibit 4       MENDEL ROSENBLUM, et al., "The Design and Implementation of a Log-
                Structured File System",  Proceedings of the 13th ACM Symposium on Operating
                Systems Principles, 1991, pages 1-15. ("Rosenblum I);

Exhibit 5       MENDEL ROSENBLUM, et al., "The LFS Storage Manager", USENIX
                Technical Conference, June 1990, Anaheim, California. ("Rosenblum II");

Exhibit 6       MATTHEW S. HECHT, et al., "Shadow Management of Free Disk Pages With a
                Linked List", ACM Transactions on Database Systems, December 1983, pages
                503-514, Vol. 8, No. 4. ("Hecht");

Exhibits 1-6  listed above were not considered by the Examiner during prosecution of the '292
patent.


## Prosecution History


The '292 patent to Hitz  was filed May 31, 1995 as a continuation application of U.S. patent

application No. 08/454,921,  filed June 3, 1993 and abandoned.


No examiners reasons for allowance was made of record during the prosecution of the

application which became the '292 patent to Hitz.


The '292 patent to Hitz discloses in summary (col.4, ln.6- col.4,ln.43) a method for maintaining

a file system in a consistent state and for creating read-only copies of a file system.  Changes to

the file system are tightly controlled to maintain the file system in a  consistent state.  The file

system progresses from one self-consistent state to another self-consistent state. The set of self-consistent blocks on disk that is rooted by the root inode is referred to as a consistency point (CP). To implement consistency points, [a Write Anywhere File System] (WAFL) always writes new data to unallocated blocks on disk. It never overwrites existing data. A new consistency point occurs when the fsinfo block is updated by writing a new root inode for the inode file into it. Thus, as long as the root inode is not updated, the state of the file system represented on disk does not change.

Hitz discloses the use of snapshots, which are virtual read-only copies of the file system. A snapshot uses no disk space when it is initially created. It is designed so that many different snapshots can be created for the same file system and duplicates only the inode that describes the inode file. Thus, the actual disk space required for a snapshot is only the 128 bytes used to store the duplicated inode.

Hitz discloses the method prevents new data written to the active file system from overwriting "old" data that is part of a snapshot(s). It is necessary that old data not be overwritten as long as it is part of a snapshot. This is accomplished by using a multi-bit free-block map.

Claim 1 reads as follows:

> 1. A method for recording a plurality of data about a plurality of blocks of data stored in storage means comprising the steps of:
> maintaining a means for recording multiple usage bits per block of said storage means,
> storing, in said means for recording multiple usage bits per block, multiple bits for each of said plurality of said blocks of said storage means; and
> reusing at least one of said plurality of blocks of data in response to at least one of said multiple usage bits.

Application/Control Number:                                  Page 5
90/008,903
Art Unit: 3992

**Listing and Discussion of Issues Raised in the Request**

**Issue 1:**        **The Request alleges that an SNQ may be raised by Lorie with respect to claims 1, 8-10, 14-17, and 20 of the '292 Hitz patent.**

It is agreed that Lorie raises an SNQ over claim 1 of the '292 Hitz patent.

It is not agreed Lorie raises an SNQ over claims 8-10, 14-17, and 20 of the '292 Hitz patent.

Lorie, was published in March 1977, and qualifes as prior art to the '292 patent which has an effective filing date of June 3, 1993. Lorie was not cited during examination of the application which became the '292 Hitz patent.

Request page  6 is hereby incorporated by reference from the request for reexamination for explanation of the teaching provided in Lorie that was not present in the prosecution of the application which became the '292 patent to Hitz.

The Lorie reference discloses storing a plurality of states in which the Mod bit and the shadow bits (pages 95-97) record multiple usage bits per block. The shadow bits release slots in the current bit map (page 99) thereby demonstrating reusability, with the result that an actual release of a slot by a showdown bit results in the reusing of one of the blocks (page 99).

This teaching of Lorie was not previously considered during the examination of the application which became the '292 Patent.

It is believed that a reasonable examiner would consider this teaching important in determining whether or not the claims are patentable. Given the above teaching there is a substantial likelihood that a reasonable examiner would consider the Lorie teaching important in deciding the patentability of the claims of the '292 patent during prosecution of the application which became the '292 patent.

The Lorie reference was not before the examiner during prosecution of the application which became the '292 patent (i.e., the teaching is "new"). The teaching of Lorie discussed herein is not cumulative to any written discussion on the record of the teachings of the prior art, was not previously considered nor addressed during a prior examination, and the same question was not the subject of a final holding of invalidity in the Federal Courts. A reasonable examiner would consider the teachings important in determining whether or not claim 1 is patentable.

Accordingly, Lorie raises a substantial new question of patentability as to claim 1 of the '292 patent to Hitz.

It is not agreed that Lorie raises an SNQ as alleged in the request with respect to  claims 8-10, 12-13, and 18-20 as recited on pages 13-17 of the request.

Application/Control Number:                                    Page 6
90/008,903
Art Unit: 3992

The request does not set forth the pertinency and manner of applying the cited prior art to each
claim for which reexamination is requested but instead merely refers to entire pages and sections
of the document without explanation as to how the cited page and/or section teaches the specific
limitation (see pages 13-17 of the request for example). See MPEP 2217.

> 2217 [R-5]  Statement in the Request Applying Prior Art
> The third sentence of 35 U.S.C. 302 indicates that <u>the "request must set forth the
> pertinency and manner of applying cited prior art to every claim for which reexamination
> is requested." 37 CFR 1.510(b)(2) requires that the request include "[a]n identification of
> every claim for which reexamination is requested, and a detailed explanation of the
> pertinency and manner of applying the cited prior art to every claim for which
> reexamination is requested."</u>

> 35 U.S.C. 302   Request for reexamination.
> Any person at any time may file a request for reexamination by the Office of any claim of
> a patent on the basis of any prior art cited under the provisions of section 301 of this title.
> The request must be in writing and must be accompanied by payment of a reexamination
> fee established by the Director pursuant to the provisions of section 41 of this title. <u>The
> request must set forth the pertinency and manner of applying cited prior art to every
> claim for which reexamination is requested.</u>

For example with respect to claim 8 , on page 13-14 of the request, the manner of applying the
Lorie reference art as set forth in the request merely states "See section 4.1 and Figure 5" to
teach each of the limitations of claim 8 (see below).

| US Patent No. 5,819,292 | Lorie |
|---|---|
| 8. A method for creating a plurality of read-only copies of a file system stored in blocks of a non-volatile storage means, said file system comprising meta-data identifying blocks of said non-volatile storage means used by said file system, comprising the steps of: | Section 4.1 and Figure 5 show a long term checkpoint with a plurality of saves. |
| storing meta-data for successive states of said file system in said non-volatile storage means; | See section 4.1 and Figure 5. |
| making a copy of said meta-data at each of a | See section 4.1 and Figure 5. |

| US Patent No. 5,819,292 | Lorie |
|---|---|
| plurality of said states of said file system; | |
| for each of said copies of said meta-data at a respective state of said file system, marking said blocks of said non-volatile storage means identified in said meta-data as comprising a respective read-only copy of said file system. | See section 4.1 and Figure 5 |

Application/Control Number:                                        Page 7
90/008,903
Art Unit: 3992

It is believed that a reasonable examiner would not consider this teaching important in
determining whether or not claims 8-10, 12-13, and 18-20 are patentable. Given the above
teaching there is a substantial likelihood that a reasonable examiner would not consider the Lorie
teaching important in deciding the patentability of claims 8-10, 12-13, and 18-20 of the '292
patent during prosecution of the application which became the '292 patent.


**Issue 2:**        **The Request alleges that an SNQ may be raised by the 5,129,085 patent to**
                **Yamasaki with respect to claim 1.**

It is agreed that Yamasaki raises an SNQ over claim 1 of the '292 Hitz patent.

Request page 6 is hereby incorporated by reference from the request for reexamination for
explanation of the teaching provided in Yamasaki that was not present in the prosecution of the
application which became the '292 patent to Hitz.

The Yamasaki reference contains a teaching of subdividing a memory into blocks and
using two bitmaps to store information about the usage of each block. The two bit maps store
multiple usage bits per delimited memory block. If the bit in the second map is not written, the
corresponding memory block is released. This teaching was not present during the prior
examination of the '292 Patent.

This teaching of Yamasaki was not previously considered during the examination of the
application which became the '292 Patent.

It is believed that a reasonable examiner would consider this teaching important in determining
whether or not claim 1 is patentable. Given the above teaching there is a substantial likelihood
that a reasonable examiner would consider the Yamasaki teaching important in deciding the
patentability of claim 1 of the '292 patent during prosecution of the application which became
the '292 patent.

The Yamasaki patent was not before the examiner during prosecution of the application which
became the '292 patent (i.e., the teaching is "new"). The teaching of Yamasaki as discussed
herein is not cumulative to any written discussion on the record of the teachings of the prior art,
was not previously considered nor addressed during a prior examination, and the same question
was not the subject of a final holding of invalidity in the Federal Courts. A reasonable examiner
would consider the teachings important in determining whether or not claim 1 is patentable.

Accordingly, Yamasaki raises a substantial new question of patentability as to claim 1
of the '292 patent to Hitz.

Application/Control Number:                                         Page 8
90/008,903
Art Unit: 3992

**Issue 3:**       **The Request alleges that an SNQ may be raised by the Borg reference with respect to claims 2-4, 8, 12-13, and 18-20.**

It is <u>not agreed</u> that Borg raises an SNQ as alleged in the request. Borg is alleged to raise an SNQ with respect to each of claims 2-4, 8, 12-13, and 18-20 as recited on pages 7, 9-10, 11, 13, and 15-18 of the request.

The request does not set forth the pertinency and manner of applying the cited prior art to each claim for which reexamination is requested but instead merely refers to entire pages and sections of the document without explanation as to how the cited page and/or section teaches the specific limitation (see pages 7, 9-10, 11, 13, 15-18 of the request for example). See MPEP 2217.

> 2217 [R-5]  Statement in the Request Applying Prior Art
> The third sentence of 35 U.S.C. 302 indicates that <u>the "request must set forth the pertinency and manner of applying cited prior art to every claim for which reexamination is requested." 37 CFR 1.510(b)(2) requires that the request include "[a]n identification of every claim for which reexamination is requested, and a detailed explanation of the pertinency and manner of applying the cited prior art to every claim for which reexamination is requested."</u>

> 35 U.S.C. 302  Request for reexamination.
> Any person at any time may file a request for reexamination by the Office of any claim of a patent on the basis of any prior art cited under the provisions of section 301 of this title. The request must be in writing and must be accompanied by payment of a reexamination fee established by the Director pursuant to the provisions of section 41 of this title. <u>The request must set forth the pertinency and manner of applying cited prior art to every claim for which reexamination is requested.</u>

For example with respect to claim 2 , on page 7 of the request, the manner of applying the art as set forth in the request merely states "see figures 2 (a-c) and discussion in section 4.3" to teach a majority of the limitations of claim 2. (see below).

Application/Control Number:                                          Page 10
90/008,903
Art Unit: 3992

**Issue 4:          The Request alleges that an SNQ may be raised by the Rosenblum I
                    reference with respect to claim 4.**

It is agreed that Rosenblum I raises an SNQ as alleged in the request. Rosenblum I is alleged to
raise an SNQ with respect to claim 4 as recited on page 12 of the request.

Rosenblum I teaches a file system comprising data blocks stored on disk at successive
consistency points by "writing out all modified information to the log, including file data
blocks, indirect blocks, inodes, and blocks of the inode map and segment usage table." Sec. 4.1,
p. 9. The file system of Rosenblum I maintains two checkpoint regions referencing consistent
states of the file system. *Id.*

The file system of Rosenblum I stores a checkpoint region that identifies a consistent
state of the file system maintained in log form. Sec. 3., 3.1, 4, 4.1.

The file system of Rosenblum I buffers and then writes out to a disk-based log all modified
files. Sec. 3, 4.1.

After writing out the modified data, the file system of Rosenblum I writes out a second
checkpoint region that contains the addresses of all the blocks in the inode map and segment
usage table, thereby describing the state of the file system at a second consistency point.
Sec. 4.1, pp. 9-10.
This teaching of Rosenblum I was not previously considered during the examination of the
application which became the '292 Patent.

It is believed that a reasonable examiner would consider this teaching important in determining
whether or not claim 1 is patentable. Given the above teaching there is a substantial likelihood
that a reasonable examiner would consider the Rosenblum I teaching important in deciding the
patentability of claim 4 of the '292 patent during prosecution of the application which became
the '292 patent.

Rosenblum I was not before the examiner during prosecution of the application which became
the '292 patent (i.e., the teaching is "new"). The teaching of Rosenblum I as discussed herein is
not cumulative to any written discussion on the record of the teachings of the prior art, was not
previously considered nor addressed during a prior examination, and the same question was not
the subject of a final holding of invalidity in the Federal Courts. A reasonable examiner would
consider the teachings important in determining whether or not claim 4 is patentable.

Accordingly, Rosenblum I raises a substantial new question of patentability as to claim 4
of the '292 patent to Hitz.

Application/Control Number:                                    Page 11
90/008,903
Art Unit: 3992

**Issue 5:**  **The Request alleges that an SNQ may be raised by the Rosenblum II reference with respect to claims 2-4, 12-13, and 18-19.**

It is <u>not agreed</u> that Rosenblum II raises an SNQ with respect to claims 2-4, 12-13, and 18-19 of the '292 patent to Hitz as alleged in the request.

Claims 18-19 depend from claim 8, no SNQ has been alleged to be raised by Rosenblum II with respect to claim 8, therefore no SNQ exists with respect to claims 18-19 based on Rosenblum II.

It is <u>not agreed</u> that Rosenblum II raises an SNQ as alleged in the request. Rosenblum II is alleged to raise an SNQ with respect to each of claims 2-4, 12-13, and 18-19 as recited on pages 8, 10-13, and 15-18 of the request.

The request does not set forth the pertinency and manner of applying the cited prior art to each claim for which reexamination is requested but instead merely refers to entire pages and sections of the document without explanation as to how the cited page and/or section teaches the specific limitation (see pages 8, 10-13, and 15-18 of the request for example). See MPEP 2217.

> 2217 [R-5] Statement in the Request Applying Prior Art
> The third sentence of 35 U.S.C. 302 indicates that <u>the "request must set forth the pertinency and manner of applying cited prior art to every claim for which reexamination is requested." 37 CFR 1.510(b)(2) requires that the request include "[a]n identification of every claim for which reexamination is requested, and a detailed explanation of the pertinency and manner of applying the cited prior art to every claim for which reexamination is requested."</u>
>
> 35 U.S.C. 302   Request for reexamination.
> Any person at any time may file a request for reexamination by the Office of any claim of a patent on the basis of any prior art cited under the provisions of section 301 of this title. The request must be in writing and must be accompanied by payment of a reexamination fee established by the Director pursuant to the provisions of section 41 of this title. <u>The request must set forth the pertinency and manner of applying cited prior art to every claim for which reexamination is requested.</u>

For example with respect to claim 2 , on page 8 of the request, the manner of applying the art as set forth in the request merely states "see section 4 in general and section 4.4.1 in particular. See also section 4.2.1" to teach a majority of the limitations of claim 2. (see below).

Application/Control Number:                                    Page 12
90/008,903
Art Unit: 3992

| US Patent No. 5,819,292 | Rosenblum II |
|---|---|
| 2. A method for maintaining a file system stored in non-volatile storage means at successive consistency points said file system comprising blocks of data, said blocks of data comprising blocks of regular file data and blocks of meta-data file data referencing said blocks of data of said file system, said meta file data comprising a file system information structure comprising data describing said file system at a first consistency point said computer system further comprising memory means, said method comprising the steps of: | See sections 4.4.1 (page 9) with regard to the discussion on the maintenance of plural consistency points. See also section 2.2 (page 2) and section 4.4.1 (page 9) with regard to providing a memory (or cache). |
| maintaining a plurality of modified blocks of regular file data and meta-data file data in said memory means, said modified blocks of data comprising blocks of data modified from said first consistency point; | See section 4 in general and section 4.4.1 in particular. See also section 4.2.1. |
| designating as dirty blocks of meta-data file data referencing said modified blocks of regular file data and meta-data file data, said dirty blocks of meta-data file data comprising blocks of meta-data file data to be included in a second consistency point; | See section 4 in general and section 4.4.1 in particular. See also section 4.2.1. |
| copying said modified blocks of regular file data referenced by said dirty blocks of meta-data file data to free blocks of said non-volatile storage means; | See section 4 in general and section 4.4.1 in particular. See also section 4.2.1. |
| copying blocks comprising said modified blocks of meta-data file data referenced by said dirty blocks of meta-data file data to free blocks of said non-volatile storage means; | See section 4 in general and section 4.4.1 in particular. See also section 4.2.1. |
| modifying a copy of said file system information structure maintained in said memory means to reference said dirty blocks of meta-data file data: | See section 4 in general and section 4.4.1 in particular. See also section 4.2.1. |
| copying said modified file system information structure to said non-volatile storage means. | See section 4 in general and section 4.4.1 in particular. See also section 4.2.1. |

It is believed that a reasonable examiner would not consider the Rosenblum II teaching important in determining whether or not claims 2-4, 12-13, and 18-19 are patentable. Given the above teaching there is a substantial likelihood that a reasonable examiner would not consider the Rosenblum II teaching important in deciding the patentability of claims 2-4, 12-13, and 18-19 of the '292 patent during prosecution of the application which became the '292 patent.

Accordingly, Rosenblum II does not raise a substantial new question of patentability as to claims 2-4, 12-13, and 18-19 of the '292 patent to Hitz.

Application/Control Number:                                          Page 13
90/008,903
Art Unit: 3992

**Issue 6:**     **The Request alleges that an SNQ may be raised by the Hecht reference with respect to claims 2, 8, 11, and 20.**

It is <u>not agreed</u> Hecht raises an SNQ with respect to claims 2, 8, 11, and 20 of the '292 patent to Hitz as alleged in the request.

Hecht is alleged to raise an SNQ with respect to each of claims 2, 8, 11, and 20 as recited on pages 8-9, 14-15, and 18 of the request.

The request does not set forth the pertinency and manner of applying the cited prior art to each claim for which reexamination is requested but instead merely refers to entire pages and sections of the document without explanation as to how the cited page and/or section teaches the specific limitation (see pages 8-9, 14-15, and 18 of the request for example). See MPEP 2217.

> 2217 [R-5]  Statement in the Request Applying Prior Art
> The third sentence of 35 U.S.C. 302 indicates that <u>the "request must set forth the pertinency and manner of applying cited prior art to every claim for which reexamination is requested." 37 CFR 1.510(b)(2) requires that the request include "[a]n identification of every claim for which reexamination is requested, and a detailed explanation of the pertinency and manner of applying the cited prior art to every claim for which reexamination is requested."</u>

> 35 U.S.C. 302   Request for reexamination.
> Any person at any time may file a request for reexamination by the Office of any claim of a patent on the basis of any prior art cited under the provisions of section 301 of this title. The request must be in writing and must be accompanied by payment of a reexamination fee established by the Director pursuant to the provisions of section 41 of this title. <u>The request must set forth the pertinency and manner of applying cited prior art to every claim for which reexamination is requested.</u>

For example with respect to claim 2 , on page 8-9 of the request, the manner of applying the art as set forth in the request merely states "Section 2 and in particular sections 2.2 and 2.3" to teach a majority of the limitations of claim 2.

It is believed that a reasonable examiner would not consider the Hecht teaching important in determining whether or not claims 2, 8, 11, and 20 are patentable considering the reasoning in the request. Given the above teaching there is a substantial likelihood that a reasonable examiner would not consider the Hecht teaching important in deciding the patentability of claims 2, 8, 11, and 20 of the '292 patent during prosecution of the application which became the '292 patent.

<u>Accordingly, Hecht does not raise a substantial new question of patentability as to claims 2, 8, 11, and 20 of the '292 patent to Hitz.</u>

Application/Control Number:                                     Page 14
90/008,903
Art Unit: 3992

## Conclusion

Claims 1 and 4 of the Hitz '292 patent will be reexamined.

## NOTICE RE PATENT OWNER'S CORRESPONDENCE ADDRESS

Effective May 16, 2007, 37 CFR 1.33(c) has been revised to provide that:

The patent owner's correspondence address for all communications in an *ex parte* reexamination or an *inter partes* reexamination is designated as the correspondence address of the patent.

*Revisions and Technical Corrections Affecting Requirements for Ex Parte and Inter Partes Reexamination*, 72 FR 18892 (April 16, 2007)(Final Rule)

**The correspondence address for any pending reexamination proceeding not having the same correspondence address as that of the patent is, by way of this revision to 37 CFR 1.33(c), <u>automatically changed to that of the patent file</u> as of the effective date.**

This change is effective for any reexamination proceeding which is pending before the Office as of May 16, 2007, <u>including the present reexamination proceeding</u>, and to any reexamination proceeding which is filed after that date.

Parties are to take this change into account when filing papers, and direct communications accordingly.

In the event the patent owner's correspondence address listed in the papers (record) for the present proceeding is different from the correspondence address of the patent, it is strongly encouraged that the patent owner affirmatively file a Notification of Change of Correspondence Address in the reexamination proceeding and/or the patent (depending on which address patent owner desires), to conform the address of the proceeding with that of the patent and to clarify the record as to which address should be used for correspondence.

Telephone Numbers for reexamination inquiries:

Reexamination and Amendment Practice          (571) 272-7703
Central Reexam Unit (CRU)                      (571) 272-7705
Reexamination Facsimile Transmission No.       (571) 273-9900

Application/Control Number: 90/008,903

Page 15

Art Unit: 3992

Extensions of time under 37 CFR 1.136(a) will not be permitted in these proceedings because the provisions of 37 CFR 1.136 apply only to "an applicant" and not to parties in a reexamination proceeding. Additionally, 35 U.S.C. 305 requires that ex parte reexamination proceedings "will be conducted with special dispatch" (37 CFR 1.550(a)). Extensions of time in ex parte reexamination proceedings are provided for in 37 CFR 1.550(c).

In a reexamination proceeding, Patent Owner may waive the right under 37 C.F.R. 1.530 to file a Patent Owner Statement. The document needs to contain a statement that Patent Owner waives the right under 37 C.F.R. 1.530 to file a Patent Owner Statement and proof of service in the manner provided by 37 C.F.R. 1.248, if the request for reexamination was made by a third party requester, see 37 C.F.R 1.550(f).

Any proposed amendment to the specification and/or claims in this reexamination proceeding must comply with 37 CFR 1.530(d)-(j), must be formally presented pursuant to 37 CFR 1.52(a) and (b), and must contain any fees required by 37 CFR 1.20(c). Amendments in an inter partes reexamination proceeding are made in the same manner that amendments in an ex parte reexamination are made. MPEP 2666.01. See MPEP 2250 for guidance as to the manner of making amendments in a reexamination proceeding.

The patent owner is reminded of the continuing responsibility under 37 CFR 1.985(a) to apprise the Office of any litigation activity, or other prior or concurrent proceeding, involving the patent under reexamination throughout the course of this reexamination proceeding. The third party requester is also reminded of the ability to similarly apprise the Office of any such activity or proceeding throughout the course of this reexamination proceeding. See MPEP §§ 2686 and 2686.04.

This *ex parte* reexamination proceeding has been filed by a third party requester, or has been merged with another proceeding filed by a third party requester.  Accordingly, the parties to this reexamination proceeding are reminded that, in accordance with 37 CFR 1.550(f) , any document filed by either the patent owner or the third party requester must be served on the other party in the reexamination proceeding (or parties, where two or more third party requester proceedings are merged), **in the manner provided by 37 CFR 1.248**.  If the document filed with the Office does not include a proper certificate of service, the document may be refused consideration by the Office.  See MPEP 2220 and 2266.03.

37 CFR 1.550(f) provides:
> *"The reexamination requester will be sent copies of Office actions issued during the  ex parte reexamination proceeding.  After filing of a request for  ex parte reexamination by a third party requester, any document filed by either the patent owner or the third party requester must be served on the other party in the reexamination proceeding in the manner provided by § 1.248.  The document must reflect service or the document may be refused consideration by the Office."*

Application/Control Number:                              Page 16
90/008,903
Art Unit: 3992

All correspondence relating to this ex parte reexamination proceeding should be
directed to:

      Mail Stop Ex Parte Reexam
      Attn: Central Reexamination Unit
      Commissioner for Patents
      P.O. Box 1450
      Alexandria, VA 22313-1450

Please FAX any communications to:
571-273-9900
Central Reexamination Unit

Please hand-deliver any communications to:
Customer Service Window
Attn: Central Reexamination Unit
Randolph Building, Lobby Level
401 Dulany St.
Alexandria, VA 22314

Any inquiry concerning this communication or earlier communications from the
examiner, or as to the status of this proceeding, should be directed to the Central Reexamination
Unit at telephone number (571) 272-7705.

Conferees:

ESK
AD

Scott L. Weaver
Primary Examiner
CRU 3992
571-272-7548

SCOTT L. WEAVER
PRIMARY EXAMINER
CRU - AU 3992

Attorney Docket No. 347155-29

| Form PTO-1449 | U.S. DEPT. OF COMMERCE Patent and Trademark Office | Attorney Docket Number: 347155-29 | U.S. Patent Number: 5,819,292 |
|---|---|---|---|
| **INFORMATION DISCLOSURE CITATION** (Use several sheets if necessary) | | | |
| | | Applicant:  **David Hitz** | |
| | | Filing date: **May 31, 1995** | Group art unit: **N/A** |

U.S. PATENT DOCUMENTS

| Examiner Initial | Patent No. Publication No. | Date | Name | Class | Sub-class | Filing date if appropriate |
|---|---|---|---|---|---|---|
| /SLW/ | 5,129,085 | July 7, 1992 | Yamasaki, Akiko | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |

### OTHER DOCUMENTS (Including Author, Title, Date, Pertinent Pages, Etc.)

| | |
|---|---|
| /SLW/ | ANITA BORG, et al., "Fault Tolerance Under UNIX", ACM Transactions on Computer Systems, February  1989, pages 1-24, Vol. 7, No. 1. ("Borg"). |
| /SLW/ | MENDEL ROSENBLUM, et al., "The Design and Implementation of a Log-Structured File System", Proceedings of the 13th ACM Symposium on Operating Systems Principles, 1991, pages 1-15. ("Rosenblum I). |
| /SLW/ | MENDEL ROSENBLUM, et al., "The LFS Storage Manager", USENIX Technical Conference, June 1990, Anaheim, California.  ("Rosenblum II"). |
| /SLW/ | RAYMOND A. LORIE, "Physical Integrity in a Large Segmented Database", ACM Transactions on Database Systems, March 1997, pages 91-104, Vol. 2, No. 1.  ("Lorie"). |
| /SLW/ | MATTHEW S. HECHT, et al., "Shadow Management of Free Disk Pages With a Linked List", ACM Transactions on Database Systems, December 1983, pages 503-514, Vol. 8, No. 4.  ("Hecht"). |

| Examiner:  /Scott Weaver/ | Date Considered:    03/17/2008 |
|---|---|
| EXAMINER: Initial if citation considered, whether or not citation is in conformance with MPEP '609; Draw line through citation if not in conformance and not considered.  Include copy of this form with next communication to the applicant. | |