MATTHEW D. POWERS (Bar No. 104795)
matthew.powers@weil.com
EDWARD R. REINES (Bar No. 135960)
edward.reines@weil.com
JEFFREY G. HOMRIG (Bar No. 215890)
jeffrey.homrig@weil.com
AARON M. NATHAN (Bar No. 251316)
aaron.nathan@weil.com
WEIL, GOTSHAL & MANGES LLP
Silicon Valley Office
201 Redwood Shores Parkway
Redwood Shores, CA 94065
Telephone: (650) 802-3000
Facsimile: (650) 802-3100

Attorneys for Plaintiff
NETWORK APPLIANCE, INC.,

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

NETWORK APPLIANCE, INC.,

Plaintiff,

v.

SUN MICROSYSTEMS, INC.,

Defendant.

Case No. C 07-06053-EDL

**DECLARATION OF AARON M. NATHAN IN SUPPORT OF NETAPP, INC.'S OPPOSITION TO DEFENDANT SUN MICROSYSTEMS, INC.'S *EX PARTE* APPLICATION TO SHORTEN TIME FOR HEARING ON SUN'S STAY MOTION**

I, Aaron M. Nathan, declare:

1. I am a member of the Bar of this Court and an associate at the law firm of Weil, Gotshal & Manges LLP, counsel of record for the Plaintiff Network Appliance, Inc. (“NetApp”), in this case. I submit this declaration pursuant to Civil Local Rule 6-3(c). If called upon as a witness, I could competently testify to the truth of each statement herein.

2. Attached as **Exhibit A** to this Declaration is a true and correct copy of Bonwick, J., et al., “The Zettabyte File System.”

3. Attached as **Exhibit B** to this Declaration is a true and correct copy of Val Henson’s Weblog.

4. Attached as **Exhibit C** to this Declaration is a true and correct copy of Request for *Inter Partes* Reexamination of U.S. Patent No. 6,857,001 dated November 30, 2007.

5. Attached as **Exhibit D** to this Declaration is a true and correct copy of Notice of Failure to Comply with *Inter Partes* Reexamination Request Filing Requirements regarding the reexamination of U.S. Patent No. 6,587,001, dated January 11, 2008.

6. Attached as **Exhibit E** to this Declaration is a true and correct copy of Response to Notice of Failure to Comply with *Inter Partes* Reexamination Request Filing Requirements and Replacement Attachment to Request for *Inter Partes* Reexamination of U.S. Patent No. 6,857,001, dated February, 8, 2008.

7. Attached as **Exhibit F** to this Declaration is a true and correct copy of Notice of Failure to Comply with *Inter Partes* Reexamination Request Filing Requirements the reexamination of U.S. Patent No. 6,892,211, dated December 31, 2007.

8. Attached as **Exhibit G** to this Declaration is a true and correct copy of Response to Notice of Failure to Comply with *Inter Partes* Reexamination Request Filing Requirements and Replacement Attachment to Request for *Inter Partes* Reexamination of U.S. Patent No. 6,892,211, dated January 14, 2008.

9. Attached as **Exhibit H** to this Declaration is a true and correct copy of Request for *Ex Parte* Reexamination of U.S. Patent No. 5,819,292, dated October 25, 2007.

10. Attached as **Exhibit I** to this Declaration is a true and correct copy of Notice of

Failure to Comply with *Ex Partes* Reexamination Request Filing Requirements regarding the reexamination of U.S. Patent No. 5,819,292, dated December 10, 2007.

11. Attached as **Exhibit J** to this Declaration is a true and correct copy of Response to Notice of Failure to Comply with *Ex Partes* Reexamination Request Filing Requirements and Replacement Attachment to Request for *Ex Partes* Reexamination Providing Information on U.S. Patent No. 5,819,292, dated December 26, 2008.

12. It is important that NetApp receive the normal amount of time to prepare its opposition to Sun's stay motion. That opposition will require, not only the preparation of argument, but the substantial development of evidence, such as witness testimony, that warrants the normally allowed time. In addition, Sun's proposal would substantially shrink the Court's time to consider the parties' briefing and evidence.

13. NetApp brought this case due to Sun's infringement of its patents through the use of key patented features of the NetApp products in its ZFS software. On information and belief, Sun is giving the infringing ZFS software away for free so that it can sell its other products and damage the market success of its competitors such as NetApp. On information and belief, Sun is attempting to damage seriously the market that NetApp pioneered with its industry leading data storage products.

14. On information and belief, almost all requests to begin reexams are granted. *See, e.g.*, Corbett Decl. In Support of Sun's Stay Motion, Exh. D [Docket 39-5] at 1.

15. NetApp deserves a full and fair opportunity to address the issues raised by Sun's stay motion. NetApp will respond in its opposition to the many arguments made in Sun's stay motion, including its many assertions about what happened in the reexams, its statistical analyses of the Patent Office in both *inter partes* and *ex parte* reexams, and its specific assertions that the delay caused by the extended stay it proposes will not cause NetApp irreparable harm. The opposition will thus require gathering evidence, lining up witnesses, and determining what witnesses and testimony should or should not be submitted on this motion. This process can be time consuming and it deserves—at a minimum—the normal time allotted to respond to a motion. NetApp would normally have until April 29 to respond to the motion.

16. Sun seeks to move the stay motion hearing date by two weeks from the normal May 20 date to May 6. The theory of the motion is that speeding the hearing up by two weeks will avoid "prejudice" to Sun. To prove prejudice, Sun portrays as substantial the alleged burdens that will be avoided by its *ex parte* application.

17. The exchange of preliminary proposed constructions and extrinsic evidence is scheduled to take place by April 30, *before* Sun's proposed hearing date, and the parties are required by Local Rule to meet and confer even before that. See Case Management Scheduling Order at 2; Patent L.R. 4-1(b). The Joint Claim Construction and Prehearing Statement is due on May 23, *after* the hearing would take place on the normal briefing schedule. *See* Minutes to CMC in C-07-05488 [Docket 34].

18. Very little is scheduled to occur during the allegedly prejudicial two-week period: The parties must continue to meet and confer based upon their April 8 exchange of terms and their April 30 exchange of definitions.

19. The requests actually accepted by the PTO as to the '001, '211, and '292 patents were filed approximately 70 days, 31 days, and 62 days, respectively, after Sun's initial non-compliant attempts.

20. Had Sun filed its Motion to Stay on March 10, the first available hearing date under the Local Rules would have been April 14, 2008, one day before Sun finally filed its motion.

21. Attached as Exhibit K to this Declaration is a true and correct copy of Request for Inter Partes Reexamination of U.S. Patent. No. 6,892,211 dated December 14, 2007.

Dated: April 18, 2008

Respectfully submitted,.

*/s/ Aaron M. Nathan*

Aaron M. Nathan