# Exhibit I

Case 3:07-cv-06053-EDL   Document 42-14   Filed 04/19/2008   Page 1 of 8



UNITED STATES PATENT AND TRADEMARK OFFICE

PTOL-2077 (8/06)

Commissioner for Patents
United States Patent and Trademark Office
P.O. Box 1450
Alexandria, VA 22313-1450
www.uspto.gov

Requester's Name and Address: Ronald L. Yin
DLA Piper, US LLP
2000 University Avenue
East Palo Alto, CA 94303-2248

DLA PIPER
CALENDARED
BY: _____
FOR: __RLY__
1/10/08 Resp

Patent Number: 5,819,292    Request Receipt Date: 10/25/2007

Control Number: 90/008,903
Date Mailed: 12/10/2007

**NOTICE OF FAILURE TO COMPLY WITH EX PARTE REEXAMINATION REQUEST FILING REQUIREMENTS (37 CFR 1.510(c))**

The Central Reexamination Unit (CRU) in the United States Patent and Trademark Office (USPTO) has received a request for *ex parte* reexamination. The request cannot be processed, because the below-identified filing date requirements for an *ex parte* reexamination request have not been satisfied. If a fully compliant response is not received within **30** days of the mailing date of this notice, the request will be treated as a prior art citation under 37 CFR 1.501 or closed from public view, at the Office's option. A **filing date** will **NOT** be assigned to the request until the deficiencies noted below are corrected (37 CFR 1.510(d)):

The following items required by **37 CFR 1.510(a) and (b)** are missing:

☐ 1. The *ex parte s* reexamination filing fee under 37 CFR 1.20(c)(1) – see attached Form PTO-2057.

☐ 2. An identification of the patent by its patent number, and of every claim of the patent for which reexamination is requested.

☐ 3. A citation of the patents and printed publications that are presented to raise a substantial new question of patentability.

☒ 4. A statement pointing out each substantial new question of patentability based on the cited patents & printed publications, and a detailed explanation of the pertinency and manner of applying the patents & printed publications to every claim for which reexamination is requested.

☐ 5. A legible copy of every patent or printed publication (other than U.S. patents or U.S. patent publications) relied upon or referred to in (3) and (4) above, accompanied by an English language translation of all the necessary and pertinent parts of any non-English language document.

☐ 6. A legible copy of the entire patent including the front face, drawings, and specification/claims (in **double** column format) for which reexamination is requested, and a legible copy of any disclaimer, certificate of correction, or reexamination certificate issued in the patent. All copies must have each page plainly written on only one side of a sheet of paper.

☐ 7. A certification by the third party requester that a copy of the request has been served in its entirety on the patent owner at the address provided for in 37 CFR 1.33(c). The name and address of the party served must be indicated. If service was not possible, a duplicate copy of the request must be supplied to the Office.

☐ 8. Other:

☐ Explanation of above item(s): See Attachment.

Any written correspondence in response to this notice must include a submission pursuant to the attached instructions. **The instructions for a detailed explanation for an *ex parte* reexamination request differ from those for an *inter partes* reexamination request.** Any written correspondence in response to this notice should be mailed to the Central Reexamination Unit (CRU), ATTN: "Box *Ex Parte* Reexam" at the USPTO address indicated at the top of this notice. Any "replacement documents" may be facsimile transmitted to the CRU at the FAX number indicated below. A REPLACEMENT STATEMENT AND EXPLANATION UNDER 37 CFR 1.510(b)(1) and (2) MAY NOT BE FACSIMILE TRANSMITTED.

_Denise L. Boyd_
Patent Reexamination Specialist, Central Reexamination Unit
(571) 272- 0992 ; FAX No. (571) 273-9900

cc: Patent Owner's Name and Address: Steven A. Swernofsky
P.O. Box 640640
San Jose, CA 95164-0640

**RECEIVED**

DEC 17 2007

DLA PIPER US LLP

# INSTRUCTIONS TO NOTICE OF FAILURE TO COMPLY WITH *EX PARTE* REEXAMINATION REQUEST FILING REQUIREMENTS (37 CFR 1.510(c))

## HOW TO REPLY TO THIS NOTICE

Any written correspondence in response to this notice must include either a **replacement document**, or, **if item #4 is checked and/or it is otherwise specifically required by the Office, a paper containing a replacement statement and explanation under 37 CFR 1.510(b)(1) and (2)** that either replaces the originally-filed statement and explanation or provides a previously missing statement and explanation. A replacement document either replaces an originally-filed document, or provides a previously missing document, that contains part(s) of the request other than the statement and explanation as set forth in 37 CFR 1.510(b)(1) and (2). For example, a replacement to the originally-filed listing of cited patents and printed publications, PTO/SB/08 (formerly designated as PTO-1449) or its equivalent, is a replacement document.

If a paper containing a replacement statement and explanation, or a replacement document (other than a replacement certificate of service), is submitted by a third party requester, it must be **accompanied by a certification that a copy of the replacement statement and explanation under 37 CFR 1.510(b)(1) and (2), or that a copy of the replacement document, has been served** in its entirety on the patent owner at the address provided for in 37 CFR 1.33(c). The name and address of the party served must be indicated. If service was not possible, a duplicate copy of the replacement statement and explanation (or replacement document) must be supplied to the Office.

## REPLACEMENT STATEMENT AND EXPLANATION UNDER 37 CFR 1.510(b)(1) and (2) (ITEM #4 IS CHECKED)

The **statement and explanation under 37 CFR 1.510(b)(1) and (2)** (see item #4) must discuss **EVERY patent or printed publication cited in the information disclosure statement** in at least one proposed rejection or statement identifying a substantial new question of patentability (SNQ), AND in a corresponding detailed explanation (see the below discussion). Furthermore, **EVERY claim for which reexamination is requested** must be discussed in at least one proposed rejection or statement identifying an SNQ and in the corresponding detailed explanation. If item #4 is missing or incomplete, a paper containing a **replacement statement and explanation under 37 CFR 1.510(b)(1) and (2) is required.**

**A paper containing a replacement statement and explanation under 37 CFR 1.510(b)(1) and (2) may NOT be facsimile transmitted. It must be received by first class mail or by USPS Express Mail.**

If an originally-filed information disclosure statement cites patents or printed publications that are NOT discussed in at least one proposed rejection or statement identifying an SNQ AND in the corresponding detailed explanation **in the originally-filed request**, the requester must file either (a) a **replacement document, i.e., a replacement PTO/SB/08 (former PTO-1449)** or its equivalent, listing **ONLY** those patents and printed publications that are so discussed, or (b) a paper containing a **replacement statement and explanation under 37 CFR 1.510(b)(1) and (2)**. If the first option is chosen, the replacement PTO/SB/08 or its equivalent should include a cover letter expressly withdrawing from the request any previously cited references that are being omitted by the replacement PTO/SB/08 or its equivalent. The requester may, if desired, file both a replacement PTO/SB/08 or its equivalent and a paper containing a replacement statement and explanation, if the replacement statement and explanation discusses EVERY patent or printed publication, cited in the replacement PTO/SB/08 or its equivalent, in at least one proposed rejection or statement identifying an SNQ and in the corresponding detailed explanation.

Requester is NOT required to, and should not, additionally file a replacement copy of any exhibits, references, etc., or other replacement parts of the request (i.e., replacement documents) if a defect requiring a replacement document is not specifically identified by this notice.

### Examples of When a Replacement Statement and Explanation under 37 CFR 1.510(b)(1) and (2) Is Required:

1. The originally-filed request fails to discuss EVERY patent or printed publication cited in the originally-filed information disclosure statement in at least one proposed rejection or statement identifying an SNQ and in the corresponding detailed explanation, and the requester does not wish to file a replacement PTO/SB/08 (formerly designated as PTO-1449) or its equivalent listing ONLY those patents and printed publications that are so discussed.

2. The originally-filed request discusses every patent or printed publication cited in the information disclosure statement in at least one proposed rejection or statement identifying an SNQ, but **fails to discuss EVERY patent or printed publication cited in the information disclosure statement in a detailed explanation that corresponds to the proposed rejection or statement identifying an SNQ.**

3. The originally-filed request fails to discuss **EVERY CLAIM** for which reexamination is requested in at least one proposed rejection or statement identifying an SNQ, and in the corresponding detailed explanation.

Instructions to PTOL 2077 Notice of Failure to Comply

3

## Examples of Proposed Rejections and Statements Identifying a Substantial New Question of Patentability (SNQ)

### Proposed rejections

Claims 1-3 are obvious over reference A in view of reference B.
Claims 4-6 are obvious over reference A in view of references B and C.
Claims 7-10 are obvious over reference Q in view of reference R.

### Statements identifying a substantial new question of patentability

A substantial new question of patentability as to claims 1-3 is raised by reference A in view of reference B.
A substantial new question of patentability as to claims 4-6 is raised by reference A in view of references B and C.
A substantial new question of patentability as to claims 7-10 is raised by reference Q in view of reference R.

**A proposed rejection or statement identifying an SNQ must be repeated with any *replacement* detailed explanation that corresponds to the proposed rejection or statement identifying an SNQ, in any paper containing a replacement statement and explanation under 37 CFR 1.510(b)(1) and (2).**

**In addition, the requester should include an explanation of *how the SNQ is raised*.**

1. Assume that claim 1 of the patent recites, as one of the limitations, widget W. Requester would state that the XYZ reference, cited in the information disclosure statement, contains a teaching of widget W as recited in claim 1, and that this teaching was not present during the prior examination of the patent under reexamination (i.e., the teaching is "new"). Requester would also state that he believes that a reasonable examiner would consider this teaching important in determining whether or not the claims are patentable. For this reason, requester would state that this teaching by the XYZ reference raises a substantial new question of patentability (SNQ) with respect to at least claim 1 of the patent. Similarly, if dependent claim 6 adds widget H, the requester would state that the ABC reference, cited in the information disclosure statement, contains a teaching of widget H as recited in claim 6, that this teaching was not present during the prior concluded examination of the patent, that a reasonable examiner would consider this teaching important in determining whether or not the claims are patentable, and that this teaching raises an SNQ with respect to dependent claim 6 of the patent.

2. Assume that claim 1 of the patent recites, as one of its limitations, limitation W. Assume either that reference XYZ was applied in a rejection during the prior examination of the patent, or that the teachings of reference XYZ are purely cumulative to a reference cited in a rejection during the prior examination of the patent. Assume further that reference ABC teaches that limitation W would have been either inherent given the teachings of reference XYZ, or would have been obvious in view of the combination of XYZ and ABC. Reference ABC was cited in an information disclosure statement but was never discussed or applied in a rejection *in combination with the XYZ reference* during the prior examination of the patent under reexamination. **Requester would state** that reference XYZ was present during the prior examination of the patent under reexamination because it was applied in a rejection during the prosecution of the patent, and that reference ABC was cited in an information disclosure statement but never applied in a rejection (or never discussed), **in combination with the XYZ reference** during the prior examination of the patent under reexamination  Requester would then state (1) that the **combination** of the XYZ reference and the ABC reference, both of which are cited in the information disclosure statement, contains a teaching of limitation W as recited in claim 1, (2) that this teaching provided by the **combination** of the XYZ and ABC references was not present during the prior examination of the patent under reexamination, (3) that a reasonable examiner would consider this teaching important in determining whether or not the claims are patentable, and (4) that this teaching raises an SNQ with respect to claim 1 of the patent.

### Example of a Detailed Explanation

Assume, for example, that a requester believes that the XYZ reference, alone, anticipates claims 1-5. The <u>requester would expressly propose a rejection of claims 1-5 under 35 USC 102(b) as being anticipated by the XYZ reference</u>. In a claim chart, the requester would then show how **each limitation** of claims 1-5 is anticipated by the XYZ reference. If the requester believes that the XYZ reference, in view of the ABC reference, renders obvious claims 6-10, <u>the requester would expressly propose a rejection of claims 6-10 under 35 USC 103 as being obvious over the XYZ reference in view of the ABC reference</u>. In a claim chart, the requester would then show which limitations of claims 6-10 are taught by the XYZ reference, and which limitations of claims 6-10 are taught by the ABC reference. The requester should quote each pertinent teaching in the prior art reference, referencing each quote by page, column and line number, and any relevant figure numbers.

A **patent owner**, when filing a request for reexamination in an *ex parte* reexamination proceeding, may satisfy the requirement under 37 CFR 1.510(b) for supplying a detailed explanation by comparing, limitation-by-limitation, the claim(s) under reexamination with the teachings of each reference cited in the information disclosure statement and in the statement pointing out an SNQ.  Each limitation of the claim(s) must be separately discussed. For each claim limitation, the patent owner must do one of the following: (a) show how at least one reference teaches or suggests the limitation, (b) admit that the limitation is "old", or (c) state that the limitation is believed to be missing from the reference.  In a claim chart, the patent owner should quote each pertinent teaching in the prior art reference,

Instructions to PTOL 2077 Notice of Failure to Comply

4

referencing each quote by page, column and line number, and any relevant figure numbers. Proposed applications of the cited references and/or proposed combinations of the cited references should separately identified. The patent owner is not required to

expressly propose a rejection of the claim(s) or provide a statement of why the claim(s) under reexamination would have been obvious over a proposed reference combination.

### REPLACEMENT DOCUMENTS

**If the originally-filed PTO/SB/08 (former PTO-1449) or its equivalent lists patents or printed publications that are NOT discussed** in at least one proposed rejection or statement identifying an SNQ AND in the corresponding detailed explanation **in the originally-filed request**, the requester may file a paper containing a **replacement PTO/SB/08 (former PTO-1449) or its equivalent** listing **ONLY** those patents and printed publications that are so discussed. The replacement PTO/SB/08 or its equivalent should include a cover letter expressly withdrawing from the request any formerly cited references that are now being omitted by the replacement PTO/SB/08 or its equivalent. Similarly, if **any patent or printed publication discussed** in at least one proposed rejection or statement identifying an SNQ AND in the corresponding detailed explanation **in the originally-filed request is not listed in the originally-filed PTO/SB/08 (former PTO-1449)** or its equivalent, the requester must file a **replacement PTO/SB/08 (former PTO-1449)** or its equivalent listing all of the patents and printed publications, including the previously omitted reference(s), and provide copies of the missing references if copies were not provided with the originally-filed request

If a copy of a patent, printed publication, or an English-language translation of a patent or printed publication, that is cited in the PTO/SB/08 (former PTO-1449) or its equivalent, is illegible, missing, or incomplete (i.e., it does not contain all of the pages indicated in the PTO/SB/08 (former PTO-1449) or its equivalent), a replacement copy of the patent or printed publication is required.

If a copy of any disclaimer, certificate of correction, or reexamination certificate issued in the patent, or a copy of the entire patent for which reexamination is requested as described in item #6, is missing, or if the copy that was received by the Office was illegible or incomplete, a replacement document (i.e., a replacement copy of the disclaimer, certificate of correction, reexamination certificate, or entire patent under reexamination as described in item #6) is required.

If the requester fails to correctly identify the patent number or the claims for which reexamination is requested on the transmittal form for the request (PTO/SB/57, or an equivalent) as described in item #2, and the patent number and the claims for which reexamination is requested are correctly identified in the originally-filed request, a **replacement transmittal form** is required.

If a certificate of service on the patent owner, as described in item #7, is missing, or if the certificate of service received by the Office is inaccurate or incomplete, a replacement certificate of service is required.

Replacement documents may be facsimile transmitted. A paper containing a replacement statement and explanation may NOT be facsimile transmitted.

ATTACHMENT TO PTOL 2077

Control Number: 90/008,903
Patent Number: 5,819,292
Request Receipt Date: October 25, 2007

**Please read the instructions that accompany this Notice and Attachment.**

A request for *ex parte* reexamination (or for *inter partes* reexamination) must now meet all the applicable statutory and regulatory requirements before a filing date is accorded to the request. See MPEP 2227 Part B.1 and MPEP 2217, Part 1. See also *Clarification of Filing Date Requirements for Ex Parte and Inter Partes Reexamination Proceedings*, 71 Fed. Reg. 44219 (August 4, 2006), 1309 *Off. Gaz. Pat. Office* 216 (August 29, 2006) (Final Rule).

The request for *Ex Parte* Reexamination of U.S. Patent 5,819,292, filed on October 25, 2007 does not comply with the filing requirements of *ex parte* reexamination proceedings under 37 CFR 1.510(b)(1) and (2).

**37 CFR 1.510(b)(1) and (2) state:**

**(b) Any request for reexamination must include the following parts:**
**(1) A statement pointing out each substantial new question of patentability based on prior patents and printed publications.**
**(2) An identification of every claim for which reexamination is requested, and a detailed explanation of the pertinency and manner of applying the cited art to every claim for which reexamination is requested. If appropriate, the party requesting reexamination may also point out how claims distinguish over cited prior art.**

The information disclosure statement form PTO 1449, accompanying the request for reexamination cites 6 references considered to be cited prior art. All cited documents must be discussed in at least one statement identifying an SNQ and in the corresponding detailed explanation. As is required by 37 CFR 1.510(b)(1) and (2), the request must clearly set forth in detail what Requestor considers the "substantial new question of patentability" (SNQ) in light of the cited prior art and provide an explanation of the relevancy of the documents as applied to each of the claims for which reexamination has been requested. Ideally, the required explanation can be provided using an appropriately detailed claim chart that compares, limitation by limitation, each claim for which reexamination is requested with the relevant teachings of the cited prior art. (See sample request in MPEP 2214.)

The request includes a detailed explanation of how the references by Borg and Lorie may be applied in a proposed 102 rejection to claims 1-4 and 8-20. However, the request does not include a detailed explanation of how the reference listed below applies to claims 1-4 and 8-20 of US patent 5,819,292.

## NON PATENT LITERATURE DOCUMENTS

MEMDEL ROSENBLUM, et al., "The Design and Implementation of a Log-Structured File Systems", Proceedings of the 13th ACM Symposium on Operating Symptoms Principles, 1991, pages 1-15, (Rosenblum I)

U.S. Patent 7,174,352 is not available as prior art.

In implementing the statute, 37 CFR 1.510(b)(2) clearly requires that in addition to providing a statement pointing out each substantial new question of patentability, the reexamination requester must provide "a detailed explanation of the pertinency and manner of *applying the cited prior art to every claim* for which reexamination was requested.

If the requester were permitted to omit an explanation of how such documents cited in request are applied to the patent claims, an undue burden would be placed on the Office to address each document in the determination on the request, without an explanation of the relevance to the patent claims. Accordingly, such an omission is prohibited by law.

## REQUESTER'S RECOURSE

In accordance with 37 CFR 1.510(c), a filing date for the reexamination request will not be granted **at this time**.

I. Requester has the option to respond to this identification of defects in the request papers by applying the appropriate option(s) set forth below:

1) Providing an explanation of the manner and pertinence of applying each cited document to the patent claims for which reexamination is requested, as required by 37 CFR 1.510(b)(2). Every limitation in each patent claim for which reexamination is requested must be addressed. Where references are applied in combination, each combination must be individually identified, and the basis for forming each combination of references must be supplied.

2) Explicitly withdrawing any document for which such an explanation is not to be provided for the patent claims, and replacing the presently-submitted listing of documents with a new listing confined to the documents for which a discussion required by 37 CFR 1.510(b)(2) has been provided via the request papers.
The existing forms PTO/SB/08 or PTO-1449 would be expressly withdrawn by requester, and replaced with a newly provided form or forms.

3) Withdrawing any proposed combination or application of a sole reference for which an explanation as required by 37 CFR 1.510(b)(2) is not provided, by replacing the presently-submitted identification of the substantial new question of patentability with a new identification of the substantial new question of patentability, the new identification being confined to those claims for which the discussion required by 37 CFR 1.510(b)(2) is provided.