MARK D. FOWLER (Bar No. 124235)
mark.fowler@dlapiper.com
DAVID ALBERTI (Bar. No. 220625)
david.alberti@dlapiper.com
CHRISTINE K. CORBETT (Bar No. 209128)
christine.corbett@dlapiper.com
YAKOV M. ZOLOTOREV (Bar No. 224260)
yakov.zolotorev@dlapiper.com
CARRIE L. WILLIAMSON (Bar No. 230873)
carrie.williamson@dlapiper.com

DLA PIPER US LLP
2000 University Avenue
East Palo Alto, CA 94303-2215
Tel: 650.833.2000
Fax: 650.833.2001

Attorneys for Defendant and Counterclaimant
Sun Microsystems, Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| NETWORK APPLIANCE, INC.,<br><br>    Plaintiff – Counterclaim Defendant,<br><br>v.<br><br>SUN MICROSYSTEMS, INC.,<br><br>    Defendant - Counterclaimant. | CASE NO. 3:07-CV-06053 EDL (JCS)<br><br>**SUN MICROSYSTEMS, INC.'S OPPOSITION TO NETAPP, INC.'S ADMINISTRATIVE MOTION TO FILE UNDER SEAL THE UNREDACTED VERSIONS OF PLAINTIFF NETAPP, INC.'S OPPOSITION TO SUN MICROSYSTEMS, INC.'S MOTION FOR PARTIAL STAY AND DECLARATION OF DAVID HITZ IN SUPPORT THEREOF**<br><br>Date: May 13, 2008<br>Time: 2:00 p.m.<br>Courtroom: E, 15th Floor<br>Hon. Elizabeth D. Laporte |

Sun Microsystems, Inc. ("Sun") submits the following Opposition to NetApp, Inc.'s ("NetApp") Administrative Motion to File Under Seal The Unredacted Versions of NetApp's Opposition to Sun's Motion for Partial Stay and Declaration of David Hitz In Support Thereof.

## I. INTRODUCTION

NetApp has requested that the Court file under seal certain paragraphs from the Declaration of David Hitz In Support of NetApp, Inc.'s Opposition to Defendant Sun Microsystems, Inc.'s Motion for Partial Stay ("Hitz Declaration") as well as the respective paragraphs from NetApp's Opposition to the Motion to Stay. As set forth below, the paragraphs that NetApp seeks to file under seal contain nothing more than generic and speculative statements that do not give rise to an order allowing these paragraphs to be filed under seal. Indeed, these statements do not even contain any NetApp confidential or highly confidential information. For the reasons set forth below, Sun respectfully requests that the Court deny NetApp's administrative motion to file these documents under seal.

## II. ARGUMENT

Pursuant to Northern District of California Local Rule 79-5, a "sealing order may issue *only* upon a request that establishes that the document, or portions thereof, is ***privileged or protectable trade secret or otherwise entitled to protection under the law***." L.R. 79-5 (emphasis added). NetApp failed to establish that any portions of the Hitz Declaration (and associated paragraphs in the Opposition to the Motion to Stay) are privileged, a protectable trade secret or otherwise entitled to protection under the law. Rather, NetApp simply argued, without more, that "good cause exists to file the documents...under seal because they contain highly confidential information which would be damaging and prejudicial to NetApp were these documents publicly disclosed." However, as discussed below, each of the paragraphs of the Hitz Declaration that NetApp seeks to file under seal do not contain information that is privileged or a protectable trade secret; nor do these paragraphs contain any "highly confidential information." Instead, as established below, NetApp seeks to shield Mr. Hitz' unsupported, speculative assertions about the future, including what Sun *might* do in the future, what customers *might* do in the future, what *might* happen in the marketplace and what NetApp *might* do (in the most general sense) in the future.

Specifically, NetApp seeks to file under seal Paragraphs (or portions thereof) 8-16 and 18-19 (as well as the associated paragraphs in NetApp's Opposition to the Motion to Stay) of the

-2-

Hitz Declaration. For the following reasons, NetApp's motion should be denied.[1]

- Paragraph 8: NetApp requests that the last sentence in Paragraph 8 of the Hitz Declaration be filed under seal. Mr. Hitz' unsupported predictions regarding the potential proliferation of ZFS are not privileged, a protectable trade secret or otherwise entitled to protection under the law. Moreover, these statements do not contain, as NetApp suggests, any "highly confidential information which would be damaging and prejudicial to NetApp." As such, the last sentence in Paragraph 8 should not be filed under seal.

- Paragraph 9: This paragraph contains nothing more than Mr. Hitz' vague, unsupported speculation as to what might happen to NetApp should ZFS remain in the marketplace. Such vague, speculative statements are not privileged, a protectable trade secret or otherwise entitled to protection under the law. Moreover, these statements do not contain, as NetApp suggests, any "highly confidential information which would be damaging and prejudicial to NetApp." As such, Paragraph 9 should not be filed under seal.

- Paragraph 10: This paragraph relates to the *public* marketing of a Sun product and Mr. Hitz' vague, unsupported speculation as to the affect of that marketing on NetApp's market share. Such vague, speculative statements are not privileged, a protectable trade secret or otherwise entitled to protection under the law. Moreover, these statements do not contain, as NetApp suggests, any "highly confidential information which would be damaging and prejudicial to NetApp." As such, Paragraph 10 should not be filed under seal.

- Paragraph 11: Again, this paragraph sets forth the harm that Mr. Hitz speculates may occur to NetApp, but fails to identify any specific or actual harm. Such vague, speculative statements are not privileged, a protectable trade secret or

---

[1] Because NetApp's Opposition to the Motion to Stay tracks Mr. Hitz' Declaration, Sun will not repeat the paragraphs in NetApp's Opposition to the Motion to Stay. However, for the same reasons as set forth herein, Sun requests that the Court also deny NetApp's request to file portions of its Opposition under seal.

otherwise entitled to protection under the law. Moreover, these statements do not contain, as NetApp suggests, any "highly confidential information which would be damaging and prejudicial to NetApp." As such, Paragraph 11 should not be filed under seal.

- Paragraph 12: This paragraph relates to unsupported speculation as to what products Mr. Hitz expects Sun to introduce into the marketplace. This paragraph does not contain any information regarding NetApp. This paragraph also does not contain information that is privileged, a protectable trade secret or otherwise entitled to protection under the law. As such, Paragraph 12 should not be filed under seal.

- Paragraph 13: Again, this paragraph contains nothing more than Mr. Hitz' unsupported speculation as to what might happen to other companies as a result of Sun's ZFS product. Although this paragraph identifies two of NetApp's customers, such information is publicly available and, indeed, is not privileged, a protectable trade secret or otherwise entitled to protection under the law. Moreover, this statement does not contain any "highly confidential information which would be damaging and prejudicial to NetApp." As such, Paragraph 13 should not be filed under seal.

- Paragraph 14: This paragraph references Mr. Hitz' unsupported speculation as to the affect of ZFS on startup companies. This paragraph does not reference any information regarding NetApp. Such vague, speculative statements are not privileged, a protectable trade secret or otherwise entitled to protection under the law. Moreover, these statements do not contain, as NetApp suggests, any "highly confidential information which would be damaging and prejudicial to NetApp." As such, Paragraph 14 should not be filed under seal.

- Paragraph 15: Again, this paragraph contains information regarding Mr. Hitz' unsupported speculation as to what may occur in the future. Such vague, speculative statements are not privileged, a protectable trade secret or otherwise

-4-

entitled to protection under the law. Moreover, these statements do not contain, as NetApp suggests, any "highly confidential information which would be damaging and prejudicial to NetApp." As such, Paragraph 15 should not be filed under seal.

- <u>Paragraph 16</u>: The portion of this paragraph that NetApp seeks to file under seal is a generic, unsupported statement regarding NetApp's position in the marketplace. Such a statement is not privileged, a protectable trade secret or otherwise entitled to protection under the law. Moreover, this statement does not contain, as NetApp suggests, any "highly confidential information which would be damaging and prejudicial to NetApp." As such, Paragraph 16 should not be filed under seal.

- <u>Paragraph 18</u>: Again, this paragraph amounts to nothing more than Mr. Hitz' unsupported speculation as to events that may occur in the future. Such vague, speculative statements are not privileged, a protectable trade secret or otherwise entitled to protection under the law. Moreover, these statements do not contain, as NetApp suggests, any "highly confidential information which would be damaging and prejudicial to NetApp." As such, Paragraph 18 should not be filed under seal.

- <u>Paragraph 19</u>: Again, the portion of this paragraph that NetApp seeks to file under seal is simply a generic, unsupported and vague statement regarding the alleged harm to NetApp. Such a vague, speculative statement is not privileged, a protectable trade secret or otherwise entitled to protection under the law. Moreover, this statement does not contain, as NetApp suggests, any "highly confidential information which would be damaging and prejudicial to NetApp." As such, Paragraph 19 should not be filed under seal.

### III. CONCLUSION

For the foregoing reasons, Sun respectfully requests that the Court deny NetApp's Administrative Motion to file documents under seal in its entirety.

///
///
///

Dated: April 29, 2008

DLA PIPER US LLP

By /s/ Christine Corbett
MARK D. FOWLER
CHRISTINE K. CORBETT
Attorney for Defendant and Counterclaimant
SUN MICROSYSTEMS, INC.