

DLA Piper US LLP
2000 University Avenue
East Palo Alto, California 94303-2214
www.dlapiper.com

Mark D. Fowler
mark.fowler@dlapiper.com
T  650.833.2048
F  650.687.1166

May 19, 2008

OUR FILE NO. 347155-29

Magistrate Judge Elizabeth D. Laporte
450 Golden Gate Avenue
Courtroom E, 15th Floor
San Francisco, CA 94102

Re: *Network Appliance, Inc. v. Sun Microsystems, Inc.*
U.S.D.C., Case No. C-07-06053 EDL (JCS)

Dear Judge Laporte:

I am writing in response to Mr. Reines' letter to the Court, filed Friday afternoon, May 16, 2008. At the conclusion of the May 13, 2008, hearing on Sun's motion for partial stay, the Court, other than instructing the parties to *jointly* submit a chart setting forth the status of the three NetApp patents currently in reexamination, did not request further submissions from the parties. As such, Mr. Reines' letter is improper. However, given the statements in the letter and what appears to be an obvious attempt to divert the Court's attention from the merits of Sun's motion for partial stay, Sun responds to Mr. Reines' letter.

As an initial matter, Mr. Reines' letter to the Court was the first time NetApp raised the idea of "trimming down" the number of patents-in-suit for purposes of claim construction. In fact, although the parties have been discussing the indentity and number of claim terms to present to the Court for claim construction, NetApp never previously raised or discussed with Sun "trimming down" the number of patents to be considered, much less limiting construction to four patents per side (much less reaching agreement on such a "trim down" by the end of this week). NetApp should have discussed with Sun these case management issues prior to involving the Court. Sun has and will continue to discuss these issues with NetApp prior to the upcoming further case management conference; however, NetApp's attempt to involve the Court now is premature. Further, while NetApp's letter is a not so veiled attempt by NetApp to avoid a ruling on Sun's previously submitted motion for partial stay, the issues raised by the letter are not relevant to a proper determination of Sun's motion.

Mr. Reines' letter states he *expects* to report NetApp will not be including "at least one and possibly two of the patents at issue on the motion among the patents to be included in the scheduled claim construction process in this case." The parties' written briefing to the Court identified the three-factor standard consistently followed in this district in evaluating motions to stay claims pending reexamination proceedings. The three factors pertain to the early procedural posture of this case, the ability to narrow issues to be decided by the Court due to



Judge Elizabeth D. Laporte
May 19, 2008
Page Two

the reexam, and the lack of any prejudice to NetApp. Even if NetApp were to withdraw one or two of the three reexam patents from the scope of the upcoming claim construction proceedings, as it says it *might* do, that still would leave one or two reexam patents to be addressed. Nothing in the three factors to be considered by the Court, and no case law, provides or suggests the Court should deny a motion to stay as to one or more patents in reexam because the patent holder unilaterally withdraws (or *might* withdraw) one or more *other* patents that also are properly the subject of a motion to stay. Thus, even if NetApp withdraws one or two patents from consideration, the Court still will need to rule on the motion to stay and, for the reasons previously articulated by Sun, that motion should be granted.

Of course, NetApp may dismiss any of its patent claims if it wishes to do so. However, NetApp has not done so, nor does it propose to do so. Rather, NetApp only asserts it may agree not to include one or two of the three reexam patents (which NetApp does not identify) in the "scheduled claim construction process." NetApp does not otherwise indicate how these patents would be handled in the litigation – and does not state all proceedings as to such patents should be stayed. Thus, NetApp's statement as to what it might do, even if NetApp follows through on its statement, would not moot the motion to stay even as to the one or two unidentified patents.

Very truly yours,

DLA Piper US LLP

Mark D. Fowler
Partner

cc: Edward R. Reines, Esq.

WEST\21399597.1
347155-000029