MARK D. FOWLER (Bar No. 124235)
mark.fowler@dlapiper.com
DAVID ALBERTI (Bar. No. 220625)
david.alberti@dlapiper.com
CHRISTINE K. CORBETT (Bar No. 209128)
christine.corbett@dlapiper.com
YAKOV M. ZOLOTOREV (Bar No. 224260)
yakov.zolotorev@dlapiper.com
CARRIE L. WILLIAMSON (Bar No. 230873)
carrie.williamson@dlapiper.com

DLA PIPER US LLP
2000 University Avenue
East Palo Alto, CA 94303-2215
Tel: 650.833.2000
Fax: 650.833.2001

Attorneys for Defendant and Counterclaimant
Sun Microsystems, Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| NETWORK APPLIANCE, INC.,<br><br>    Plaintiff – Counterclaim Defendant,<br><br>v.<br><br>SUN MICROSYSTEMS, INC.,<br><br>    Defendant - Counterclaimant. | CASE NO. 3:07-CV-06053 EDL (JCS)<br><br>**SUN MICROSYSTEMS, INC.'S OBJECTIONS TO DECLARATIONS OF DAVID HITZ AND STEPHEN G. KUNIN IN SUPPORT OF NETWORK APPLIANCE, INC.'S OPPOSITION TO SUN MICROSYSTEMS, INC.'S MOTION FOR PARTIAL STAY**<br><br>Date: May 13, 2008<br>Time: 2:00 p.m.<br>Courtroom: E, 15th Floor<br>Hon. Elizabeth D. Laporte |

## PUBLIC VERSION

Sun Microsystems, Inc. ("Sun") hereby objects on the following grounds to the Declaration of David Hitz ("Hitz Declaration") and Declaration of Stephen G. Kunin ("Kunin Declaration") filed in support of Network Appliance, Inc.'s ("NetApp") Opposition to Sun's Motion for Partial Stay.

## I.  ANALYSIS

Civil Local Rule 7-5(b) states, in relevant part, that: "[a]n affidavit or declarations may contain only facts, must conform as much as possible to the requirements of FRCivP 56(e), and must avoid conclusions and argument.... An affidavit or declaration not in compliance with this rule may be stricken in whole or in part." Rule 56(e) of the Federal Rules of Civil Procedure states, in relevant part, that: "supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein." Fed. R. Civ. P. 56(e).

Here, the Hitz Declaration and the Kunin Declaration fail to comply with both the Federal Rules of Civil Procedure and the local rules of this Court for the reasons set forth below. As such, Sun requests that the following paragraphs be stricken from the record.

### DECLARATION OF DAVID HITZ

1. Sun objects to paragraph 3 of the Hitz Declaration on the grounds that it is an improper and inadmissible legal conclusion and lacks foundation. Evid. Code §§ 602, 701. Because Mr. Hitz is not qualified to express a legal opinion and has not been designated by NetApp as an expert regarding legal issues, testimony regarding the scope of NetApp's patents is inadmissible. Evid. Code § 701. Accordingly, paragraph 3 of the Hitz Declaration should be stricken by the Court.

2. Sun objects to the following sentence in paragraph 5 of the Hitz Declaration on the grounds that it is argumentative, speculative, lacks foundation and directly contradicted by the purported evidence attached to the Hitz Declaration: "Sun's ZFS technology appears to be a conscious reimplementation of NetApp's innovative WAFL filesystems, as admitted by the creators of ZFS:..." Evid. Code § 602. Specifically, Mr. Hitz has not and cannot articulate any

1  personal knowledge concerning whether Sun's ZFS technology was a "conscious
2  reimplementation of NetApp's WAFL filesystems." Accordingly, paragraph 5 of the Hitz
3  Declaration should be stricken by the Court.

4      3.  Sun objects to the following phrases of paragraph 8 of the Hitz Declaration: (1)
5  "...given away for free NetApp's patented technology to anyone that wants to download a copy;"
6  (2) "...Sun has created infringing computer code and made it easy for software users and software
7  companies everywhere to infringe;" and (3) "[t]he next two or three years are very significant for
8  the proliferation of ZFS and it is vital to shut down Sun's distribution promptly." Sun objects to
9  these phrases on the grounds that they are argumentative, speculative, an improper and
10 inadmissible legal conclusion and lack foundation. Evid. Code §§ 602, 701. Because Mr. Hitz is
11 not qualified to express a legal opinion and has not been designated by NetApp as an expert
12 regarding legal issues, testimony regarding whether Sun is giving away "NetApp's patent
13 technology" and whether "Sun has created infringing computer code" is inadmissible. Evid.
14 Code § 701. Moreover, Mr. Hitz has not identified any foundation, personal knowledge or
15 support for his assertion that the "next two or three years are very significant." Accordingly,
16 these phrases of paragraph 8 of the Hitz Declaration should be stricken by the Court.

17     4.  Sun objects to paragraph 9 of the Hitz Declaration on the grounds that it is
18 argumentative, lacks foundation, speculative and an improper and inadmissible legal conclusion.
19 Evid. Code §§ 602, 701. Because Mr. Hitz is not qualified to express a legal opinion and has not
20 been designated by NetApp as an expert regarding legal issues, testimony regarding infringement
21 is inadmissible. Evid. Code § 701. Moreover, this paragraph is pure argument and, therefore
22 inadmissible. Accordingly, paragraph 9 of the Hitz Declaration should be stricken by the Court.

23     5.  Sun objects to the last sentence in paragraph 10 of the Hitz Declaration on the
24 grounds that it is an improper and inadmissible legal conclusion, lacks foundation, speculative
25 and argumentative. Evid. Code §§ 602, 701. Specifically, because Mr. Hitz is not qualified to
26 express a legal opinion and has not been designated by NetApp as an expert regarding damages,
27 testimony regarding the alleged damage to NetApp is inadmissible. Evid. Code § 701.
28 Accordingly, paragraph 10 of the Hitz Declaration should be stricken by the Court.

6. Sun objects to paragraph 11 of the Hitz Declaration on the grounds that it is speculative, lacks foundation and an improper and inadmissible legal conclusion. Evid. Code §§ 602, 701. Because Mr. Hitz is not qualified to express a legal opinion and has not been designated by NetApp as an expert regarding infringement and damages issues, testimony regarding whether Sun is "exploiting NetApp's patented technology" and whether "reduced profit margins are permanent and difficult to quantify" is inadmissible. Evid. Code § 701. Additionally, Mr. Hitz has not and cannot articulate any personal knowledge regarding whether Sun "does not have to cover the true cost of incorporating ZFS into the Sun Fire X4500...." Finally, Mr. Hitz' testimony regarding future events concerning what NetApp might have to consider in response to market pressures is speculative and lacks foundation. Accordingly, paragraph 11 of the Hitz Declaration should be stricken by the Court.

7. Sun objects to paragraph 12 of the Hitz Declaration on the grounds that is argumentative, speculative and lacks foundation. Evid. Code § 602. Specifically, Mr. Hitz has not and cannot articulate any personal knowledge regarding what Sun will introduce into the marketplace in the next three to five years. Accordingly, paragraph 12 of the Hitz Declaration should be stricken by the Court.

8. Sun objects to paragraph 13 of the Hitz Declaration on the grounds that it is argumentative, speculative and lacks foundation. Evid. Code § 602. Specifically, Mr. Hitz has not and cannot articulate any personal knowledge regarding what third party companies might do in the future. Indeed, Mr. Hitz' lack of personal knowledge is evident by his choice of words: (1) "*it is possible* that the entire competitive profile;" (2) "data storage market *might* change;" (3) REDACTED (4) REDACTED (5) (emphasis added). Accordingly, paragraph 13 of the Hitz Declaration should be stricken by the Court.

9. Sun objects to paragraph 14 of the Hitz Declaration on the grounds that it is argumentative, speculative and lacks foundation. Evid. Code § 602. Specifically, Mr. Hitz has not and cannot articulate any personal knowledge regarding what third party companies might do in the future. Additionally, the last sentence of paragraph 14 is an improper and inadmissible

-3-

legal conclusion. Evid. Code § 701. Because Mr. Hitz is not qualified to express a legal opinion and has not been designated by NetApp as an expert regarding damages, testimony regarding development costs is inadmissible. Evid. Code § 701. Accordingly, paragraph 14 of the Hitz Declaration should be stricken by the Court.

10. Sun objects to paragraph 15 of the Hitz Declaration on the grounds that it is argumentative, speculative and lacks foundation. Evid. Code § 602. Specifically, Mr. Hitz has not and cannot articulate any personal knowledge regarding the number of "potential competitors" in the data storage space in the future. Indeed, this paragraph is based entirely on Mr. Hitz' prophesies and not on any personal knowledge. Accordingly, paragraph 15 of the Hitz Declaration should be stricken by the Court.

11. Sun objects to the following sentence in paragraph 16 of the Hitz Declaration on the grounds that it is argumentative and an improper and inadmissible legal conclusion: "incorporation of NetApp's proprietary features in ZFS dilutes the unique position in the marketplace that NetApp currently employs." Evid. Code § 701. Because Mr. Hitz is not qualified to express a legal opinion and has not been designated by NetApp as an expert regarding legal issues, testimony from a lay person regarding whether Sun's ZFS technology "incorporates NetApp's proprietary features" is inadmissible. Evid. Code § 701. Accordingly, the aforementioned sentence in paragraph 16 of the Hitz Declaration should be stricken by the Court.

12. Sun objects to the first sentence in paragraph 17 of the Hitz Declaration on the grounds that it is argumentative, thereby violating Local Rule 7-5(b). Accordingly, paragraph 17 of the Hitz Declaration should be stricken by the Court.

13. Sun objects to paragraph 18 of the Hitz Declaration on the grounds that it is argumentative, speculative and lacks foundation. Evid. Code § 602. Specifically, Mr. Hitz' speculation as to events that may occur in the future is inadmissible as it not based on any personal knowledge. For example, Mr. Hitz declares that "ZFS *may* become" and that "NetApp *could* be blamed…which *could* result." (emphasis added). Such speculative statements are inadmissible. Accordingly, paragraph 18 of the Hitz Declaration should be stricken by the Court.

14. Sun objects to paragraph 19 of the Hitz Declaration on the grounds that it is

-4-

argumentative, speculative and lacks foundation. Evid. Code § 701. Specifically, paragraph 19 fails to set forth any *facts* of which Mr. Hitz has personal knowledge. Accordingly, paragraph 19 of the Hitz Declaration should be stricken by the Court.

15. Sun objects to paragraph 20 of the Hitz Declaration on the grounds that it is argumentative, speculative and lacks foundation. Evid. Code § 602. Specifically, Mr. Hitz has not and cannot articulate any personal knowledge regarding what the open source community might do in the future. Mr. Hitz' lack of personal knowledge is evident based on his use of the words "*may*" and "*it is possible*." (emphasis added). Moreover, Mr. Hitz' testimony that "[i]t certainly doesn't help the open source movement to give away code that infringes someone else's patent rights" and that the "sooner we determine the true status of ZFS, the better it will be for everyone" is nothing more than pure argument and not based on any personal knowledge or facts. Accordingly, paragraph 20 of the Hitz Declaration should be stricken by the Court.

16. Sun objects to the last sentence of paragraph 21 of the Hitz Declaration on the grounds that it is argumentative, speculative and lacks foundation. Evid. Code § 602. Specifically, Mr. Hitz has not and cannot articulate any personal knowledge regarding what startups and vendors are considering in terms of a file storage system. Accordingly, the last sentence of paragraph 21 of the Hitz Declaration should be stricken by the Court.

## DECLARATION OF STEPHEN G. KUNIN

Expert testimony is admissible if "scientific, technical or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue." Fed. R. Evid. 702. Courts generally limit the use of legal expert testimony because it does not provide the court with the benefit of any such specialized knowledge. *See, e.g., United States v. Scholl*, 166 F.3d 964, 973 (9th Cir. 1999).

Here, the Kunin Declaration is not based on any specialized knowledge and, in fact, does nothing to assist the trier of fact in determining whether to grant Sun's motion for partial stay. Rather, the Kunin Declaration consists of nothing more than unsupported conclusions and arguments. As such, the following paragraphs of the Kunin Declaration should be stricken.

1. Sun objects to paragraphs 2 and 3 of the Kunin Declaration on the grounds that

-5-

they are irrelevant and an improper expert opinion as they do not assist the trier of fact to understand the evidence or to determine a fact in issue. Evid. Code §§ 402, 702. Rather, these paragraphs merely recite case law, which is improper for an expert declaration.[1] Additionally, these paragraphs discuss a recent Federal Circuit case – *In re Reuning*, ___ F.3d ___ (Fed. Cir. 2008) – which discusses the duration of the patent prosecution process; not the duration of the reexamination process. As such, this case (and any testimony relating thereto) is irrelevant to the issues the Court needs to consider in deciding Sun's motion for partial stay. Accordingly, paragraphs 2 and 3 of the Kunin Declaration should be stricken by the Court.

   2. Sun objects to paragraph 4 of the Kunin Declaration on the grounds that it is an improper expert opinion. Evid. Code § 702. First, Mr. Kunin declares that he will "summarize the available statistics regarding the outcomes of patent reexaminations." Such a "summary," however, is an improper expert opinion as it does not provide any "scientific, technical or other specialized knowledge" that will "assist the trier of fact to understand the evidence or to determine a fact in issue." Second, and even more problematic, is Mr. Kunin's testimony that the data regarding *inter partes* reexaminations "is too sparse to draw any meaningful or reliable conclusions." Mr. Kunin is not (nor does he purport to be) a statistician or other professional qualified to draw conclusions as to what constitutes a statistically significant sample. As such, any testimony regarding what constitutes sufficient (or insufficient) sample sizes is inadmissible. Accordingly, paragraph 4 of the Kunin Declaration should be stricken by the Court.

   3. Sun objects to paragraphs 17-28 and 30-35 on the grounds that these paragraphs are improper expert opinions. Specifically, Mr. Kunin is simply reciting information that is in the public record and does not offer any "scientific, technical or other specialized knowledge" that will "assist the trier of fact to understand the evidence or to determine a fact in issue." Evid.

---

[1] Mr. Kunin should be well aware of the well-established rule precluding legal opinions. In 2005, the United States District Court for the District of Oregon struck portions of Mr. Kunin's declaration on this very basis. *See Smith & Nephew, Inc. v. Biomet, Inc.*, 2005 WL 3132313, *2 (D. Or. Nov. 21, 2005) (striking portions of Kunin's declaration that merely recite the law).

Code § 702. Accordingly, paragraphs 17-28 and 30-35 of the Kunin Declaration should be stricken by the Court.

4. In addition to the objection set forth above, Sun further objects to paragraph 20 of the Kunin Declaration on the grounds that it is speculative, conclusory and lacks foundation. Evid. Code § 602. Specifically, Mr. Kunin fails to state any foundation for his bald conclusory assertion that "initial rejections are typically made shortly after the order granting reexamination in *inter partes* reexamination proceedings" and that "[i]t is common and usual occurrence that initial rejections are issued by an Examiner in approximately 90% of all *inter partes* reexaminations." Additionally, Mr. Kunin's testimony is particularly problematic given his testimony in paragraph 4 that the available data is "too sparse to draw any meaningful or reliable conclusions." Indeed, Mr. Kunin's ability to draw conclusions in paragraph 20 regarding the *inter partes* reexamination proceedings directly contradicts his earlier testimony that the data is too "sparse" to reach any reliable conclusion. Accordingly, paragraph 20 of the Kunin Declaration should be stricken by the Court.

5. In addition to the objection set forth above, Sun further objects to paragraph 29 of the Kunin Declaration on the grounds that it is speculative, conclusory and lacks foundation. Evid. Code § 602. Specifically, Mr. Kunin declares that in his "opinion, 12 reexamination certificates is an insufficiently large sample size to project an accurate percentage of how many reexamination certificates will issue in the future...." Again, Mr. Kunin is not (nor does he purport to be) a statistician or other professional qualified to draw conclusions as to what constitutes a statistically significant sample. As such, Mr. Kunin cannot provide an expert opinion as to whether a sample size is sufficiently or insufficiently large to draw a conclusion. Accordingly, paragraph 29 of the Kunin Declaration should be stricken by the Court.

6. Sun objects to paragraph 44 of the Kunin Declaration on the grounds that it is speculative, contradictory and lacks foundation. Mr. Kunin's testimony is particularly problematic given his testimony in paragraph 4 that the available data is "too sparse to draw any meaningful or reliable conclusions." Mr. Kunin's ability to draw conclusions in paragraph 44 regarding the pendency ranges for *inter partes* reexaminations directly contradicts his earlier

-7-

1 testimony that the data is too "sparse" to reach any reliable conclusion. Moreover, Mr. Kunin's
2 "statistical analysis" directly contradicts Exhibits G and I attached to the Kunin Declaration
3 which indicate that the average pendency of an *inter partes* reexamination is 28.5 months, and the
4 average pendency of an *ex parte* reexamination is 24 months. Accordingly, paragraph 44 of the
5 Kunin Declaration should be stricken by the Court.

6        7. Sun objects to paragraphs 45-50 of the Kunin Declaration on the grounds that they
7 are speculative, conclusory, contradictory and lack foundation. Evid. Code § 602. Specifically,
8 the testimony in paragraphs 45-50 do not provide any "scientific, technical or other specialized
9 knowledge" that will "assist the trier of fact to understand the evidence or to determine a fact in
10 issue." Rather, Mr. Kunin's testimony is based entirely on speculation and unsupported
11 conclusions. For example, Mr. Kunin fails to acknowledge that in 14 of the 15 *inter partes*
12 reexamination proceedings, the patent claims were rejected during reexamination and, realizing
13 the futility, the patent owners abandoned future prosecution of those claims. Moreover, Mr.
14 Kunin's testimony is particularly problematic given his testimony in paragraph 4 that the
15 available data is "too sparse to draw any meaningful or reliable conclusions." Indeed, Mr.
16 Kunin's ability to draw conclusions in paragraphs 45-50 regarding the *inter partes* reexamination
17 proceeding directly contradicts his earlier testimony that the data is too "sparse" to reach any
18 reliable conclusion. Accordingly, paragraphs 45-50 of the Kunin Declaration should be stricken
19 by the Court.

20 **II.   CONCLUSION**

21       Sun respectfully requests that the Court sustain the above objections and strike the
22 evidence referred to above.

23 Dated: May 5, 2008

25                               DLA PIPER US LLP

26                               By /s/ Christine K. Corbett
27                               MARK D. FOWLER
                              CHRISTINE K. CORBETT
28                               Attorney for Defendant and Counterclaimant
                              SUN MICROSYSTEMS, INC.