MARK D. FOWLER, Bar No. 124235
mark.fowler@dlapiper.com
DAVID ALBERTI, Bar No. 220625
david.alberti@dlapiper.com
CHRISTINE K. CORBETT, Bar No. 209128
christine.corbett@dlapiper.com
YAKOV M. ZOLOTOREV, Bar No. 224260
yakov.zolotorev@dlapiper.com
CARRIE L. WILLIAMSON, Bar No. 230873
carrie.williamson@dlapiper.com

DLA PIPER US LLP
2000 University Avenue
East Palo Alto, CA 94303-2214
Tel: 650.833.2000
Fax: 650.833.2001

Attorneys for Defendant-Counterclaim Plaintiff,
Sun Microsystems, Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| NETWORK APPLIANCE, INC.<br><br>Plaintiff-Counterclaim Defendant,<br><br>v.<br><br>SUN MICROSYSTEMS, INC.<br><br>Defendant-Counterclaim Plaintiff. | CASE NO. C-07-06053-EDL<br><br>**JOINT REPORT REGARDING 20 PROPOSED TERMS FOR CLAIM CONSTRUCTION** |

Pursuant to the Court's June 5, 2008, Case Management Order, NetApp, Inc. ("NetApp") and Sun Microsystems, Inc. ("Sun") jointly submit this Joint Report Regarding 20 Proposed Terms for Claim Construction. Additionally, pursuant to the Court's Order directing the parties to trim the number of patents for claim construction to three NetApp patents and five Sun patents, the parties have each identified their respective patents. The NetApp patents are United States Patent Nos. 5,819,292, 6,892,211 and 7,200,715. The Sun patents are United States Patent Nos. 5,459,857, 5,749,095, 5,925,106, 6,681,261 and 6,873,630.

In addition to the twenty terms submitted herewith, the parties note that there are other

continuing claim construction disputes concerning the first wave of patents. For example, for each of Sun's five patents and NetApp's three patents, there is at least one disputed claim term that is not included in this Report. In addition the parties dispute the function and/or corresponding structure for a number of means-plus-function terms in the patents-in-suit. The parties believe that the Court will need to address additional claim construction disputes before infringement claims concerning the eight patents in the first wave can proceed through summary judgment or trial.

Below please find the parties' list of twenty terms, in order of priority.

| No. | Term | Party Which Proffers Term | Patent | Statement Of Why Term Needs Construction |
|---|---|---|---|---|
| 1. | "in response to writing a data record to said one redundancy group" /"responsive to writing a data record to one of said redundancy groups" | NetApp | '857 | As used in the claims, these terms require a data transmission operation that occurs "in response" or "responsive" to "writing a data record to one of said redundancy groups." The accused products, however, carry out the accused data transmission step prior to the "writing [of] a data record." Sun's infringement contentions make clear that it is applying an unnatural reading of these terms in attempting to establish infringement. If the Court adopts NetApp's construction, NetApp expects there will be a strong likelihood of summary judgment of non-infringement as to all accused products. |
| 2. | "pointing directly and indirectly to buffers in said memory and a second set of blocks on said storage system" | Sun | U.S. Patent No. 6,892,211 | If Sun's proposed construction is adopted, Sun intends to file a motion for summary judgment of non-infringement as to all asserted claims. The only independent claims asserted (i.e., 1, 9 and 17) each include this limitation. |

| # | Term | Party | Patent | Position |
|---|------|-------|--------|----------|
|   |      |       |        | The accused products do not include this limitation.  For example and without limitation, the accused instrumentality of ZFS does not have a root inode "pointing directly and indirectly to buffers and pointing directly and indirectly to a second set of blocks," or an equivalent thereof. |
| 3. | "completing [a] write operation within [a] local processing node" / "complete [a] write operation with respect to [a] processor" | NetApp | '095 | The purportedly inventive aspect of the '095 patent – required by each of the asserted independent claims – pertains to the timing of the completion of write operations with "respect to a processor" or "within a local processing node" relative to the completion of "coherency operations."  But the parties dispute what constitutes "completing a write operation."  Based on its present understanding of the third-party components that Sun accuses of infringement, NetApp expects there will be a strong likelihood of summary judgment of non-infringement as to all accused products if the Court adopts NetApp's construction. Clarification of this term will also clarify the applicability of NetApp's asserted prior art. |
| 4. | "associating the data blocks with one or more storage blocks across the plurality of stripes as an association"/ "the association to associate the data blocks with one or more storage blocks across the plurality of stripes"[1] | Sun | U.S. Patent No. 7,200,715 | This phrase is indefinite under section 112, ¶2 because it is unclear and fails to set forth the subject matter which applicants regard as their invention.  Because this phrase is in all asserted independent claims, all asserted claims are invalid.

Even if the Court should |

---

[1] The constructions for these two similar terms are nearly identical.

| | | | | determine that the claims are not indefinite and instead adopts Sun's alternate construction, Sun intends to file a motion for summary judgment of non-infringement as to all asserted claims. The accused products do not include this limitation. For example and without limitation, the accused instrumentalities do not associate each data block with a respective storage block on disk. |
|---|---|---|---|---|
| 5. | "domain name" | NetApp | '106 | The purported inventive aspect of the '106 patent is to simplify the use of the Internet by displaying descriptive information that is based on the Internet domain name found within the URL of the website being visited. This type of domain name is different from the enterprise-specific internal domain names that are used, sometimes exclusively, by the accused NetApp products. NetApp's proposed construction would clarify this distinction and, if adopted, NetApp expects there will be a strong likelihood of partial summary judgment of non-infringement. |
| 6. | "nonvolatile storage means" | Sun | U.S. Patent No. 5,819,292 | If Sun's proposed construction is adopted, Sun intends to file a motion for summary judgment of non-infringement as to all asserted claims. The only asserted independent claims (i.e., claims 4 and 8) of the '292 patent include this limitation.<br><br>The accused products do not include this limitation. For example, the accused instrumentality of ZFS does not operate with one or more disks using a block-based format (i.e., |

| | | | | |
|---|---|---|---|---|
| | | | | 4 KB blocks that have no fragments), where the disk storage blocks are the same size as the data blocks of the file system, or an equivalent thereof. |
| 7. | "element [of a] communication"/"element [of a] communication portion"/"elements"/ "element [of a] portion" | NetApp | '630 | These terms are ambiguous and will be difficult for the Court and the jury to apply unless they are construed. This issue is substantial, because the terms appear in 22 of the asserted claims. In addition, at least some of NetApp's accused products do not perform this limitation as properly construed. If the Court adopts NetApp's proposed construction, NetApp expects there will be a strong likelihood of partial summary judgment of non-infringement. In addition to narrowing the scope of this case for trial, this would focus Sun's infringement allegations on features present only in third-party off-the-shelf components, which are not designed, developed or manufactured by NetApp, which would be relevant to at least the issues of willfulness and damages. |
| 8. | "state of a file system"/ "consistent state"[2] | Sun | U.S. Patent No. 5,819,292 U.S. Patent No. 6,892,211 | If Sun's proposed construction is adopted, Sun intends to file a motion for summary judgment of non-infringement as to all asserted claims of the '211 patent and claims 8-20 of the '292 patent.<br><br>The accused products do not include this limitation. For example and without limitation, NetApp alleges that the accused instrumentality (ZFS) includes a data structure |

---

[2] The parties agree these two claim terms should share the same constructions, although the parties' respective constructions differ.

| # | Term | Party | Patent | Description |
|---|------|-------|--------|-------------|
|   |   |   |   | (DSL_DATASET_T) that roots a ZFS file system in a consistent state. However, this data structure does not root a set of storage blocks for the file system that includes all blocks required for the data and structure of the file system, or perform an equivalent function. |
| 9. | "in response to the receipt of a stream of data records from said data processor"/"responsive to the receipt of a stream of data records from said data processor" | NetApp | '857 | As used in the claims, these terms require a process of selecting storage space "in one of said redundancy groups to store said received stream of data records thereon," "in response" to or "responsive" to "receipt of a stream of data records from [a] data processor." The accused products, however, do not select storage space in only one redundancy group "to store said received stream of data records thereon." Although taking the position that these terms do not require construction, Sun's infringement contentions make clear that it is applying an unnatural reading of these terms in attempting to establish infringement. If the Court adopts NetApp's proposed construction, NetApp expects there will be a strong likelihood of summary judgment of non-infringement as to all accused products. |
| 10. | "root inode" | Sun | U.S. Patent No. 6,892,211 | If Sun's proposed construction is adopted, Sun intends to file a motion for summary judgment of non-infringement as to all asserted claims of the '211 patent.<br><br>The accused products do not include this limitation. For example and without limitation, NetApp alleges that the accused |

| | | | | |
|---|---|---|---|---|
| | | | | instrumentality (ZFS) includes a data structure (DMU_OT_DSL_DATASET) and that this structure satisfies the limitation. This data structure, however, is not an index node data structure stored in a fixed location that roots a set of self-consistent blocks on the storage system that comprise the file system (or an equivalent thereof). |
| 11. | "server identification data" | NetApp | '106 | The purported invention of the '106 patent contemplates the provision of human-friendly server identification information in order to lessen the confusion of the inexperienced user of the World Wide Web. Information of this sort is completely different from the type of technical information provided to administrators by NetApp's accused products. NetApp's proposed construction clarifies this distinction. If the Court adopts it, NetApp expects there will be a strong likelihood of summary judgment of non-infringement. |
| 12. | "meta-data for successive states of said file system" | Sun | U.S. Patent No. 5,819,292 | If Sun's proposed construction is adopted, Sun intends to file a motion for summary judgment of non-infringement as to claims 8-20 of the '292 patent.<br><br>The accused products do not include this limitation. For example and without limitation, the accused instrumentality (ZFS) does not include a block map file for recording snapshots of the file system or any equivalent thereof. |
| 13. | "portion of a communication" | NetApp | '630 | This term is ambiguous and will be difficult for the Court and the |

| # | Term | Party | Patent | Comments |
|---|------|-------|--------|----------|
| | | | | jury to apply unless it is construed. This issue is substantial, because the term appears in 23 of the asserted claims. In addition, at least some of NetApp's accused products do not perform this limitation as properly construed. If the Court adopts NetApp's proposed construction, NetApp expects there will be a strong likelihood of partial summary judgment of non-infringement. In addition to narrowing the scope of this case for trial, this would focus Sun's infringement allegations on features present only in third-party off-the-shelf components, which are not designed, developed or manufactured by NetApp, which would be relevant to at least the issues of willfulness and damages. |
| 14. | "file system information structure" | Sun | U.S. Patent No. 5,819,292 | If Sun's proposed construction is adopted, Sun intends to file a motion for summary judgment of non-infringement as to claims 4, 5, 6 and 7 of the '292 patent, which include this limitation.<br><br>The accused products do not include this limitation. For example and without limitation, the accused instrumentality (ZFS) does not include a data structure that contains the root inode of a file system in a fixed location on disk. |
| 15. | "marking said blocks of said non-volatile storage means identified in said meta-data as comprising a respective read-only copy of said file system" | NetApp | '292 | In the invention claimed in the '292 patent, a data structure distinct from the blocks themselves is used to track the blocks that comprise a read-only copy of a filesystem. Although Sun's ZFS contains such a |

| | | | | |
|---|---|---|---|---|
| | | | | structure, Sun's claim construction positions illustrate that it disputes the presence of this limitation in ZFS. Resolving this claim construction dispute will resolve conclusively what appears to be a central infringement dispute. |
| 16. | "consistency point" | Sun | U.S. Patent No. 5,819,292 | If Sun's proposed construction is adopted, Sun intends to file a motion for summary judgment of non-infringement as to claims 4 and 20 of the '292 patent.<br><br>The accused products do not include this limitation. For example and without limitation, the accused instrumentality (ZFS) does not include a root inode that roots a set of self-consistent blocks on a disk. |
| 17. | "predefined encoding" | NetApp | '095 | The specification of the '095 patent illustrates that the "predefined encoding" used to distinguish write operations may take on a wide variety of forms, which were present in the art prior to the application that resulted in the '095 patent. Accordingly, summary judgment of invalidity may partially flow from construction of this term, which appears in all of the asserted independent claims. Furthermore, declining to construe this term, as Sun suggests, may lead to an unnecessary, belated dispute as to the term's scope when the Court or, even worse, the jury is evaluating prior art. |
| 18. | "stripe" | Sun | U.S. Patent No. 7,200,715 | If Sun's proposed construction is adopted, Sun intends to file a motion for summary judgment of non-infringement as to all asserted claims of the '715 |

| | | | | |
|---|---|---|---|---|
| | | | | patent. Each asserted claim requires writing a plurality of stripes with a single write request.<br><br>The accused products do not include this limitation. For example and without limitation, the accused products do not write more than a single stripe (i.e., one storage block on each disk drive in an array of disk drives with each block being the same size and over which redundancy information is computed) with a write request or perform any equivalent function. |
| 19. | "file system" | NetApp | '292/'211 | Both the '292 and '211 patents are directed to a "file system" and associated techniques for managing said "file system." Indeed, the term "file system" is used in all of the asserted claims of the '292 and '211 patents. Sun's invalidity contentions erroneously equate a database with a "file system," and therefore assert that prior art directed to databases is pertinent to the '292 and '211 patents. Adopting a proper construction of this term will therefore narrow significantly the scope of prior art asserted against the '292 and '211 patents and will streamline the issues for trial. |
| 20. | "the one or more storage devices" | Sun | U.S. Patent No. 7,200,715 | This phrase is indefinite under section 112, ¶2 because there is no antecedent basis. As a result, two of the three independent claims (i.e., claims 21 and 52) and all asserted claims depending from those claims are invalid. |

Dated: June 16, 2008

DLA PIPER US LLP

By /s/ Christine K. Corbett
MARK D. FOWLER
DAVID ALBERTI
CHRISTINE K. CORBETT
YAKOV M. ZOLOTOREV
CARRIE L. WILLIAMSON

Attorneys for
Sun Microsystems, Inc.

Dated: June 16, 2008

WEIL, GOTSHAL & MANGES LLP

/s/ Jeffrey G. Homrig
MATTHEW D. POWERS
EDWARD R. REINES
JEFFREY G. HOMRIG
JILL J. HO

Attorneys for
NetApp, Inc.