PATENT

I hereby certify that this correspondence is being deposited with the United States Postal Service as first class mail in an envelope addressed to: Assistant Commissioner for Patents, Washington, D.C. 20231, on

12/15/97    Jennifer Mahoney
        By:

## IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

|   |   |   |   |
|---|---|---|---|
| Applicant(s): | Nielsen | | |
| Assignee: | Sun Microsystems Inc. | | |
| Title: | METHOD AND APPARATUS FOR OBTAINING AND DISPLAYING NETWORK SERVER INFORMATION | | |
| Serial No.: | 08/628,418 | Filed: | 04/05/96 |
| Examiner: | T. Peeso | Group Art Unit: | 2414 |

Attorney Docket No.: 8426-0024

Palo Alto, California
Date:     December 15, 1997

**BOX Non-FEE Amendment**
ASSISTANT COMMISSIONER FOR PATENTS
Washington, D.C. 20231

## AMENDMENT

Sir:

Applicant would like to thank the Examiner for the phone interview of 12/15/97. During that interview Applicant's attorney, Mr. Curtis, and the Examiner discussed the differences between the cited art and the invention.

In response to the Office Action dated 09/29/97, please make the following amendments:

**PATENT**

Please amend the specification as follows:

Page 5, lines 4, 6, 8, 11, 21, 23 and 25 replace "Figure" with --Fig.--.

Page 5, line 10 replace "Figure 3a" with --Fig. 3A--.

Page 5, line 12 replace "Figure 3b" with --Fig. 3B--.

Page 5, line 14 replace "Figure 4a" with --Fig. 4A--.

Page 5, line 16 replace "Figure 4b" with --Fig. 4B--.

Page 5, line 19 replace "Figure 4c" with --Fig. 4C--.

Page 6, lines 1, 4 and 7 replace "Figure" with --Fig.--.

Page 7, lines 18 and 28 replace "Figure" with --Fig.--.

Page 8, lines 5 and 19 replace "Figure" with --Fig.--.

Page 8, line 31 replace "Figure 3a" with --Fig. 3A--.

Page 8, line 31 replace "Figure 3" with --Fig. 3--.

Page 9, line 1 replace "Figure 3a" with --Fig. 3A--.

Page 9, line 1 replace "Figure 3b" with --Fig. 3B--.

Page 9, line 12 replace "Figures 4a and 4b" with --Figs. 4A and 4B--.

Page 9, line 12 replace the last "Figure" with --Fig.--.

Page 9, line 13 replace "4a" with --4A--.

Page 9, line 15 replace "Figure 4b" with --Fig. 4B--.

Page 9, line 22 replace "Figure 4c" with --Fig. 4C--.

Page 10, line 3 replace "Figure 5" with --Fig. 5--.

Page 11, line 5 insert --is-- after "method".

PATENT

Page 11, line 6 replace "Figure 6" with --Fig. 6--.

Page 12, line 10 replace "Figure 7" with --Fig. 7--.

Page 12, line 18 replace "Figure 8" with --Fig. 8--.

Page 12, line 28 replace "Figure 9" with --Fig. 9--.

5   Page 14, line 1 replace "Figure 10" with --Fig. 10--.

Page 14, lines 5, 8 and 18 replace "Figure 5" with --Fig. 5--.

Page 14, line 13 replace "Figure 6" with --Fig. 6--.

## REMARKS

Reconsideration of the rejections set forth in the Office action dated 09/29/97 is
10  respectfully requested under the provisions of 37 CFR §1.111(b).

Applicant requests that the correction of the drawing defects set out in the Notice to Correct Drawings be held in abeyance until the issue of allowability of the claims has been resolved. Applicant further requests that the Examiner makes a request for drawing corrections when the application is allowed.

15  *I. Rejections under 35 USC §102(e)*

Claims 1, 2, 4, 9, 10, 14, 15, 22, 23, 27, 28, 30, 35 and 36 are rejected under USC 102(e) as being clearly anticipated by U.S. Patent No. 5,664,185 to Landfield et al. The Examiner apparently has confused the operation of a nameserver with that of the invention.

20  **A. The Invention**

The invention addresses the problem of identifying and/or describing a server site to a human user by providing additional information about the server to the user (page 2 lines 12–15; page 3 lines 14–25). Unlike domain names, this additional information need not be unique nor approved by a third party (page 3 lines 11–15).

**PATENT**

The invention solves this problem by obtaining descriptive information about the server and presenting this descriptive information to a user. After a client computer and a server computer have established a connection they communicate over that connection using the HTTP protocol. The invention provides a mechanism for the client computer to obtain descriptive information about the server (either from the server directly or from other services that provide textual information about servers) and to present that information along with the domain name (page 9 lines 1–5), hypertext links (page 9 lines 12–21), URLs (page 9 lines 22–27), web page titles (page 8 line 31 – page 9 line 5) and bookmarks (page 9 line 29 – page 10 line 2). Thus, the invention addresses the problem of non- or mis-descriptive server domain names by presenting server-specific descriptive information to the user that identifies and/or describes the server.

The problem was solved, in accordance with the invention, by causing a computer to perform steps of:

(a) obtaining server identification data that includes descriptive information about a server, and

(b) displaying said server identification data on a display device.

Where the descriptive information is accessible by using the domain name.

### B. Prior Art

Because the claims are patentably distinguishable from Landfield the 35 USC 102(e) rejection is improper.

Landfield is a data communication management and nameserver administration system (abstract). A nameserver is an executing program that receives a host name from a requesting computer on the internet. The nameserver then searches a database that returns a unique IP address assigned to the received host name (C1, L 17–27). This unique IP address is used to establish communication between the requesting computer and the computer system that has the unique IP address. The database associating the IP address and the host name needs to be maintained, managed, and tested. Landfield discloses an application program that uses a graphical user interface to manage, maintain

**PATENT**

and test the nameserver databases (C1, L 49 — C2, L 9). Thus, Landfield teaches nameserver operation, nameserver databases used to associate host names with IP addresses, and nameserver database operations.

Landfield is not concerned with the problem addressed by the present invention, nor does Landfield teach or suggest steps (a) and (b) used by the invention to solve the problem.

In particular Landfield does not teach using a domain name to obtain server identification data that contains descriptive information about the server.

### C. Analysis

Claims 1, 2, 4, 9, 10, 14, 15, 22, 23, 27, 28, 30, 35, and 36 stand rejected under 35 USC 102(e). These rejections are respectfully traversed in view of the following arguments.

For Landfield to anticipate the invention it must disclose each element of the claim under consideration *W.L. Gore & Associates v. Garlock, Inc.*, 220 USPQ 303, 313 (Fed. Cir. 1983), *cert. denied*, 469 U.S. 851 (1984). In particular, "[i]nvalidity for anticipation requires that all of the elements and limitations of the claim are found within a single prior art reference... There must be no difference between the claimed invention and the reference disclosure, as viewed-by a person of ordinary skill in the field of the invention." *Scripps Clinic & Research Foundation v. Genentech Inc.*, 18 USPQ 2d 1001, 1010 (Fed. Cir. 1991)

Patent law allows the inventor to be his own lexicographer... [T]he specification aids in ascertaining the scope and meaning of the language employed in the claims inasmuch as words must be used in the same way in both the claims and the specification. *United States v. Telectronics Inc.*, 8 USPQ 2d 1217, 1220 (Fed. Cir. 1988), *cert. denied*, 490 U.S. 1046 (1989)

The "Server Identification Information" term is used throughout the application to mean descriptive information about a server that can be seen by the user — in particular

**PATENT**

text (page 9 lines 3-4, 9-11, 17-21, 27-28; page 9 line 33 -- page 10 line 2; page 11 lines 8-15). This descriptive information is not an IP address that is returned by a nameserver.

The "Domain Name" term is used in accordance with standard usage in the field. It is provided to a nameserver to return an IP address.

The "Descriptive information about a server" term means information provided to a user that describes or identifies the server to the user (page 3 line 28-- page 4 line 4). This information may be a text string that identifies the owner of the server (page 9 lines 3-4); whatever information the server site determines to best identify the site to a user (page 9 lines 19-20); or information that can be appended to a web page title; or other information that can be displayed to a user to identify the server of the web page to the user (page 10 lines 1-2).

As previously discussed, Landfield discloses a nameserver that receives a host name and locates the internet protocol (IP) address associated with the host name. (C1, 17-27). This IP address is used to establish communication between the server and client computers.

However, the invention operates after communication is established between the client and server computers (page 10 lines 6-9). Once communication between the server and client computers is established, the invention enables a browser application to obtain the additional server identification data, that contains descriptive information about the server, for display to the user.

The Examiner cites Landfield C8 lines 32-33 to support disclosure of a display to display the server identification data. However, the information displayed on the display is not "server identification data containing descriptive information about a server" as the term is used in the current application. Instead the displayed information is provided by the nslookup program (C8 lines 24-35).

The nslookup program is a conventional utility used in the internet environment to ask for IP addresses, zone information and additional resource record data on any nameserver and an internal network or through the public network (C8, lines 15-20). Thus, the information acquired by contemporary versions of the nslookup program does

**PATENT**

not fall within the context of the "server identification data that contains descriptive information about the server" as used by the instant invention.

The Examiner also asserts that Landfield discloses a query mechanism to send a query request and receive information back. However, the information sent to the nslookup program from the graphical query interface again does not cause the nslookup program to return server identification data, that contains descriptive information about the server, as does the instant invention.

Thus, because Landfield does not provide "server identification data that includes descriptive information of the server", the claims 1, 2, 4, 9, 10, 14, 15, 22, 23, 27, 28, 30, 35, and 36 are patentably distinguishable from Landfield and the 35 USC 102(e) rejection cannot stand.

## II. Rejections under 35 USC §103(a)

Claims 5, 8, 11, 18, 21, 24, 31, 34 and 37 stand rejected under 35 USC §103(a) as being unpatentable over Landfield et al when considered with commonly known web browser capability.

These rejections are respectfully traversed in view of the following arguments.

### A. The Invention

The invention addresses the problem of identifying and/or describing a server site to a human user by providing additional information about the server to the user (page 2 lines 12–15; page 3 lines 14–25). Unlike domain names, this additional information need not be unique nor approved by a third party (page 3 lines 11–15) and may be provided by the server administrator.

The invention solves this problem by obtaining descriptive information about the server and presenting this descriptive information to a user. After a client computer and a server computer have established a connection they communicate over that connection using the HTTP protocol. The invention provides a mechanism for the client computer to obtain descriptive information about the server (either from the server directly or from other services that provide textual information about servers) and to present that

**PATENT**

information along with the domain name (page 9 lines 1–5), hypertext links (page 9 lines 12–21), URLs (page 9 lines 22–27), web page titles (page 8 line 31 – page 9 line 5) and bookmarks (page 9 line 29 – page 10 line 2). Thus, the invention addresses the problem of non- or mis-descriptive server domain names by presenting server-specific descriptive information to the user that identifies and/or describes the server.

The problem was solved, in accordance with the invention, by causing a computer to perform steps of:

(a) obtaining server identification data that includes descriptive information about a server, and

(b) displaying said server identification data on a display device.

Where the descriptive information is accessible by using the domain name.

### B. Prior Art

Because the key features of the invention are not shown nor suggested by the prior art; and because the advantages of the invention are not suggested, the present invention cannot be considered as obvious.

Landfield is a data communication management and nameserver administration system (abstract). A nameserver receives a host name from a computer on the internet. The nameserver then searches a database that returns the numeric IP address assigned to the host name (C1, L 17–27). Landfield provides an application program that uses a graphical user interface to manage and test the nameserver databases (C1, L 49 — C2, L 9).

Landfield teaches nameserver operation, nameserver databases used to associate host names with IP addresses, and nameserver database operations.

Landfield is not concerned with the problem addressed by the present invention, because Landfield is directed toward managing the nameserver database. Additionally, Landfield does not teach or suggest steps (a) and (b) used by the invention to solve the problem by displaying descriptive information about a server to a user.

**PATENT**

### C. Analysis

The Examiner has taken official notice of web browser applications to access the internet and has also cited Landfield as teaching nameserver operations.

"In determining the propriety of the Patent Office case for obviousness in the first instance, it is necessary to ascertain whether or not the reference teachings would appear to be sufficient for one of ordinary skill in the relevant art having the references before him to make the proposed substitution, combination or other modification." *In re Lintner*, 173 USPQ 560, 562 (C.C.P.A. 1972)

"In proceedings before the Patent and Trademark Office, the Examiner bears the burden of establishing a prima facie case of obviousness based upon the prior art. ... '[The Examiner] can satisfy this burden only by showing some objective teaching in the prior art or that knowledge generally available to one of ordinary skill in the art would lead that individual to combine the relevant teachings of the references.' *In re Fine*, 837 F.2d 1071, 1074, 5 USPQ 2d 1596, 1598 (Fed. Cir. 1988)." *In re Fritch*, 23 USPQ 2d 1780, 1783 (Fed. Cir. 1992)

Landfield does not address the problem solved by the invention. Landfield addresses the problem of maintaining a nameserver (C1 lines 41–45). The current invention addresses the problem of providing a web browser user with descriptive information about an accessed server.

Landfield does not teach or suggest the invention. Landfield teaches nameserver and internet addressing techniques. Landfield does not teach obtaining server identification data that includes descriptive information about a server.

Since the prior art does not provide any motivation for combining references along the lines of the invention — either by recognizing the problem to be solved, or the advantages to be obtained by combining the reference with web browsers along the lines of the invention, the claimed invention cannot be considered obvious over the cited art. Thus, applicant believes that claims 1–39 are patentable.



**PATENT**

### *III. Allowable Subject Matter*

Claims 6, 7, 12, 13, 16, 17, 19, 20, 25, 26, 29, 32, 33, 38 and 39 are objected to as being dependent on a rejected base claim, but would be otherwise allowable. As previously discussed, applicant traverses the rejections of the base claims so thus these claims are also allowable.

### *IV. Other Art Made of Record*

Applicant has examined Civanlar et al. (5,617,540) and believes that Civanlar et al. does not apply to the invention for reasons similar to the previously provided reasons why Landfield does not apply.

Should any additional issues remain, or if I can be of any additional assistance, please do not hesitate to contact me at (650) 324-0880.

Respectfully submitted,

Daniel B. Curtis
Attorney for Applicants
Reg. No. 39,159
(650) 324-0880

(AU 2756)



I hereby certify that this correspondence is being deposited with the United States Postal Service as First Class Mail in an envelope addressed to the Assistant Commissioner for Patents, Washington, D.C., 20231, on:

Date: December 15, 1997    By: Jennifer Mahoney

|  |  |
|---|---|
| Attorney Docket No.: | 8426-0024 |
| Applicant: | Jakob Nielsen |
| Serial No.: | 08/628,418 |
| Filing Date: | April 5, 1996 |
| For: | Method and Apparatus for Obtaining and Displaying Network Server Information |

Assistant Commissioner for Patents
Washington, D.C. 20231

Sir:   Transmitted herewith is a response in the above-identified application, including:

☐   Small Entity Status of this application under 37 CFR §1.9 and 1.27 has been established by a Verified Statement Claiming Small Entity Status previously submitted.

☒   A duplicate copy of this Transmittal.

☐   A Petition Under 37 CFR §1.136 for a ___-Month Extension of Time, in duplicate, and a check in the amount of the fee ($_____) is enclosed.

☒   <u>Conditional Petition for Extension of Time</u>: An Extension of Time is requested to provide for timely filing *if* an Extension of Time is still required after all papers filed with this Transmittal have been considered.

☒   An Amendment.

☒   The Commissioner is hereby authorized to charge any underpayment of the following fees associated with this communication, including any necessary fees for extension of time, or credit any overpayment to Deposit Account No. 04-0531.

  ☒   Any fees under 37 CFR §1.16 for excess claims.

  ☒   Any patent application processing fees under 37 CFR §1.17.

  ☒   No additional fee is believed to be required.

Respectfully submitted,

Daniel B. Curtis
Registration No. 39,159

Date: 12/15/97

**Correspondence Address:**
Dehlinger & Associates, LLP
P.O. Box 60850
Palo Alto, CA 94306
Phone: (650) 324-0880

G:\USERS\NPD\WORKING\8426-024.AMX