1   MARK D. FOWLER (Bar No. 124235)
    mark.fowler@dlapiper.com
2   DAVID ALBERTI (Bar. No. 220625)
    david.alberti@dlapiper.com
3   CHRISTINE K. CORBETT  (Bar No. 209128)
    christine.corbett@dlapiper.com
4   YAKOV M. ZOLOTOREV (Bar No. 224260)
    yakov.zolotorev@dlapiper.com
5   CARRIE L. WILLIAMSON (Bar No. 230873)
    carrie.williamson@dlapiper.com
6
    DLA PIPER US LLP
7   2000 University Avenue
    East Palo Alto, CA  94303-2215
8   Tel:  650.833.2000
    Fax:  650.833.2001
9
    Attorneys for Defendant and Counterclaimant
10  Sun Microsystems, Inc.

11                      UNITED STATES DISTRICT COURT

12                    NORTHERN DISTRICT OF CALIFORNIA

13                        SAN FRANCISCO DIVISION

14

| | |
|---|---|
| NETWORK APPLIANCE, INC., | CASE NO.  3:07-CV-06053 EDL |
| Plaintiff - Counterclaim Defendant, | **SUN MICROSYSTEMS, INC.'S *EX PARTE* APPLICATION TO SHORTEN TIME FOR HEARING ON SUN'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS FROM NON-PARTY ORRICK, HERRINGTON & SUTCLIFFE** |
| v. | |
| SUN MICROSYSTEMS, INC., | |
| Defendant - Counterclaimant. | **Date: TBD**<br>**Time: TBD**<br>**Courtroom: E, 15th Floor**<br>**Hon. Elizabeth D. Laporte** |

22  **I.    INTRODUCTION**

23         Pursuant to Northern District of California Local Rules 6-1(b), 6-3 and 7-10, Sun

24  Microsystems, Inc. ("Sun") requests that the Court shorten time to hear Sun's Motion to Compel

25  Production of Documents from Non-Party Orrick, Herrington & Sutcliffe ("Orrick") ("Motion to

26  Compel").

27         The issue here is simple.  Sun issued a subpoena to Orrick on January 22, 2008.  Five

28

1    months later, Orrick is prepared to produce the documents, but refuses to do so until Sun

2    reimburses Orrick for costs that were never agreed upon by the parties. As set forth in Sun's

3    Motion to Compel, filed concurrently herewith, Orrick is holding documents hostage until Sun

4    pays $21,402.52 for costs incurred in copying documents, including documents that will not be

5    produced to Sun. Orrick's request is unreasonable and contrary to the parties' agreement.

6    Indeed, at Orrick's request, Sun agreed only to reimburse Orrick for copy costs relating to those

7    documents actually produced to Sun.

8        Given that Sun has been waiting five months for the production of these documents and

9    the fact discovery cut-off is quickly approaching (October 13, 2008), Sun will continue to be

10   prejudiced if its Motion to Compel is heard as a regularly noticed motion, with a hearing date of

11   August 12, 2008. There will be limited time for Sun to review the documents and notice and take

12   any necessary depositions. Therefore, Sun requests that the Court grants it *ex parte* motion and set

13   the hearing (if the Court deems a hearing necessary) for July 29, 2008.

14   **II.    MEET AND CONFER EFFORTS**

15       From June 30-July 2, Sun's counsel and Orrick's counsel made several attempts to resolve

16   the parties' dispute regarding payment of the invoices. (Corbett Decl., ¶ 9.) On July 3, 2008,

17   Orrick's counsel indicated that Orrick would not be producing any documents and hung up the

18   phone on Sun's counsel. (Corbett Decl., ¶ 10.) Left with no other option, Sun was forced to

19   bring this issue to the Court's attention.

20   **III.   LEGAL ARGUMENT**

21       Pursuant to Northern District of California Local Rule 6-3 and the Court's inherent power

22   to manage cases in the interests of justice, Sun respectfully requests that the Court grant its

23   motion to shorten time on its Motion to Compel. As set forth in the accompanying Notice of

24   Motion and Memorandum of Points and Authorities in support of Sun's Motion to Compel, Sun

25   is seeking an order from the Court compelling Orrick to produce documents responsive to a

26   subpoena served in January, 2008.

27       Sun will be prejudiced if it is forced to notice this motion as a regularly noticed motion

28   (with a hearing date of August 12, 2008). Sun served its subpoena on Orrick in January, 2008.

-2-

1    Five months later, Sun still does not have any documents from Orrick relating to the Whipsaw

2    Litigation. Given that the fact discovery cut-off is quickly approaching (October 13, 2008), Sun

3    is left with limited time to review documents and notice and take any necessary depositions.

4    **IV.     PROPOSED BRIEFING AND HEARING SCHEDULE**

5           Sun proposes the following briefing schedule with respect to its Motion to Compel. Sun's

6    Motion to Compel is deemed filed as of July 8, 2008. Orrick shall file its opposition, if any, by

7    5:00 p.m. on July 16, 2008. Sun shall file its reply by 5:00 p.m on July 23, 2008. Sun also

8    respectfully requests that the Court hear its Motion to Compel (if the Court deems a hearing

9    necessary) on July 29, 2008 at 9:00 a.m. This schedule provides both Orrick and the Court with

10   sufficient time to evaluate, respond and consider the papers on file.

11   **V.      CONCLUSION**

12          Based on the foregoing, Sun respectfully requests that the Court issue an Order expediting

13   briefing and hearing on Sun's Motion to Compel.

14

15   Dated:  July 8, 2008.

16                                                  DLA PIPER US LLP

17

18                                          By _____
                                                MARK D. FOWLER
19                                              CHRISTINE K. CORBETT
                                                Attorneys for Defendant and Counterclaimant
20                                              SUN MICROSYSTEMS, INC.

21

22

23

24

25

26

27

28