# EXHIBIT A

Exhibit A

AO88 (Rev. 12/06) Subpoena in a Civil Case

# Issued by the
# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

| NETWORK APPLIANCE, INC. | SUBPOENA IN A CIVIL CASE |
|---|---|
| V. | |
| SUN MICROSYSTEMS, INC. | Case Number:[1] C07-06053 EDL |

TO: Orrick, Herrington & Sutcliffe LLP
Attn: Matt Hult & Craig Kaufman
1000 Marsh Road
Menlo Park, CA 94025-1015

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | |
| | DATE AND TIME |
| | |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| | |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):
See Attachment A

| PLACE | DATE AND TIME |
|---|---|
| Attention: Carrie Williamson | February 12, 2008 |
| DLA Piper US LLP, 2000 University Avenue, East Palo Alto, CA 94303 | |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| /s/ Carrie L. Williamson, Attorney for Defendant/Counterclaimant | January 22, 2008 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Carrie L. Williamson, Esq.    (650) 833-2000
DLA Piper US LLP, 2000 University Avenue, East Palo Alto, CA 94303

(See Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

EM/7225883.1

## ATTACHMENT A

### DEFINITIONS

1. "Orrick," "You" or "Your" means and refers to Orrick, Herrington & Sutcliffe LLP including but not limited to their shareholders, employees, agents and consultants.

2. "Whipsaw Litigation" is defined as The Whipsaw Group, et. al., v. Network Appliance Corporation, etc. et al., Case No. CV 742186 in the Superior Court of California, County of Santa Clara and any related cases, negotiations or arbitration or mediation proceedings.

3. "Document" is defined broadly to be given the full scope of that term contemplated in Federal Rule of Civil Procedure 34, and includes all tangible things, all originals (or, if originals are not available, identical copies thereof), all non-identical copies of a document, all drafts of final documents, all other written, printed, or recorded matter of any kind, and all other data compilations from which information can be obtained and translated if necessary, that are or have been in Your actual or constructive possession or control, regardless of the medium on which they are produced, reproduced, or stored (including, without limitation, computer programs and files containing any requested information), and any electronic mail, recording or writing, as these terms are defined in Rule 1001, Federal Rules of Evidence. Any Document bearing marks, including, without limitation, initials, stamped initials, comments, or notations not a part of the original text or photographic reproduction thereof, is a separate Document.

4. "Communication" means any means by which information is exchanged, including face-to-face, telephonic and video conversations, letters, memos, reports, emails and web or internet postings or comments.

5. "Person" or "Persons" means any individual or firm, association, organization, joint venture, trust, partnership, corporation, or other collective organization or entity.

6. "Relate," "Relate To," "Related To" or "Relating To" means to describe, discuss, constitute, comprise or evidence.

7. "Migration Software Systems, Ltd." means Migration Software Systems, Ltd. including but not limited to their shareholders, employees, agents and consultants.

8. "Network Appliance" means Network Appliance, Inc. including but not limited to their shareholders, employees, agents and consultants.

9. "Swernofsky Law Group PC" means Swernofsky Law Group PC, including but not limited to their shareholders, employees, agents and consultants.

## INSTRUCTIONS

A. All responsive documents within Your possession, custody or control must be produced.

B. Each responsive document or portion thereof that You claim to be privileged against discovery on any ground must be identified by providing:

   1. a description of the general type of document, i.e., letter, memorandum, report, miscellaneous note, etc.;

   2. the date;

   3. the author;

   4. all addresses, recipients, copyholders and other distributes;

   5. the organization, if any, with which each author, addressee, recipient, or distributee was then connected and his job title or description;

   6. the number of pages;

   7. a general summary of the subject matter; and

   8. the grounds for refusing to produce the document or portion thereof.

C. Any document requested of which You have knowledge or information but that is not in Your possession, custody or control must be identified in the manner set forth in paragraph B hereof.

D. All documents requested shall be produced as they are kept in the usual course of business or shall be organized and labeled to correspond with the categories in these requests. File folder tabs, file labels, binder labels, binder tabs or other organizational marks or labels that

identify documents or the location of documents responsive to these requests shall be produced so as to identify the documents contained within the file or binder.

E. Electronic records and computerized information must be produced in an intelligible format or together with a description of the system from which it was derived sufficient to permit rendering the materials intelligible.

F. Selection and numbering of responsive documents shall be performed in such manner as to enable the source of each document to be determined.

G. The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

H. The use of the singular form of any word includes the plural and vice versa.

I. These requests are continuing so that with respect to any request or part thereof as to which You, after responding, discover additional responsive documents, You shall provide such documents immediately after acquiring knowledge of their existence or advise in writing as to why such additional documents cannot be provided immediately.

## REQUESTS FOR PRODUCTION

1. All Documents that refer or Relate to the Whipsaw Litigation.

2. Any pleadings, declarations and exhibits filed or exchanged in the Whipsaw Litigation.

3. All expert reports, expert declarations and exhibits filed or exchanged in the Whipsaw Litigation.

4. All transcripts, including deposition and hearing transcripts and related exhibits, in the Whipsaw Litigation.

5. All videotapes of depositions in the Whipsaw Litigation.

6. All Documents, notebooks, notes, drafts or other material provided to You by Michael Malcolm for any purpose Related to the Whipsaw Litigation.

7. All Documents produced or otherwise exchanged by You or to You by any other party

in the Whipsaw Litigation.

8. All Documents concerning communications between You and any Person Relating to the Whipsaw Litigation.

9. All Documents related to prior art identified in the Whipsaw Litigation.

10. All Documents in the possession of Chris Ottenweller, G. Hopkins Guy, Eric L. Wesenberg, Matthew H. Poppe or any other attorney at Orrick Related to the Whipsaw Litigation.

11. All Documents Related to U.S. Patent Application No. 545,921.

12. All Documents Related to U.S. Patent No. 5,819,292.

13. All Communications with Swernofsky Law Group PC Related to U.S. Patent Application No. 545,921.

14. All Communication with Swernofsky Law Group PC Related to U.S. Patent No. 5,819,292.

15. All Documents dated before 1997 referring or Relating to Robert Cousins.

16. All Documents dated before 1997 referring or Relating to Ellen Cousins.

17. All Documents dated before 1997 referring or Relating to Nathan Brookwood.

18. All Documents dated before 1997 referring or Relating to Ira Chayut.

19. All Documents dated before 1997 referring or Relating to Camille da Rocha.

20. All Documents dated before 1997 referring or Relating to Frank Sheridan.

21. All Documents dated before 1997 referring or Relating to Roy Holmes.

22. All Documents dated before 1997 referring or Relating to The Whipsaw Group.

23. All Documents dated before 1997 referring or Relating to Databox.

24. All Documents dated before 1997 referring or Relating to Ethereal.

25. All Documents dated before 1997 referring or Relating to Network Appliance.

26. All Documents dated before 1997 referring or Relating to Owen Brown.

27. All Documents dated before 1997 referring or Relating to Migration Software Systems Ltd.

28. All Documents dated before 1997 referring or Relating to Michael Malcolm.

29. All Documents dated before 1997 referring or Relating to David Hitz.

-4-

30. All Documents dated before 1997 referring or Relating to James Lau.

31. All Documents dated before 1997 referring or Relating to Byron Rakitzis.