Douglas R. Schwartz (State Bar #98666)
Scott R. Lovernick (State Bar #233755)
SCHWARTZ & CERA LLP
44 Montgomery Street, Suite 3850
San Francisco, California 94104
Telephone: (415) 956-2600
Facsimile: (415) 438-2655

Attorneys for
ORRICK, HERRINGTON & SUTCLIFFE, LLP
Attorneys for Third Party Respondent

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| NETWORK APPLIANCE, INC., <br><br> Plaintiff-Counterclaim Defendant, <br><br> vs. <br><br> SUN MICROSYSTEMS, INC., <br><br> Defendant-Counterclaimant. | Case Number: 3:07-CV-06053-EDL (JCS) <br><br> **DECLARATION OF SCOTT R. LOVERNICK IN SUPPORT OF THIRD PARTY RESPONDENT ORRICK HERRINGTON & SUTCLIFFE, LLP'S OPPOSITION TO SUN MICROSYSTEMS, INC.'S *EX PARTE* APPLICATION TO SHORTEN TIME FOR HEARING ON SUN MICROSYSTEMS, INC.'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS** <br><br> **Date:  TBD** <br> **Time:  TBD** <br> **Courtroom:  E, 15th Floor** <br> **Hon. Elizabeth D. Laporte** |

I, Scott R. Lovernick, declare as follows:

1.     I am an attorney at law, duly licensed to practice in the State of California.  I am an associate with the law firm of Schwartz & Cera, LLP, attorneys of record for Orrick, Herrington & Sutcliffe, LLP ("Orrick").  I have personal knowledge of the matters set forth herein and, if called as a witness, could and would competently testify thereto.

-1-

1      2.      On or about March 31, 2008, I provided per page copy cost estimates to counsel

2    for Sun Microsystems, Inc. ("Sun"), Ms. Christine Corbett. Contrary to representations made by

3    Ms. Corbett in paragraph 3 of her declaration, the quoted prices ranged from .08-.22 cents per

4    page, depending on the condition of the documents sought to be copied. At no time prior to June

5    25, 2008 did Ms. Corbett object to the quoted costs.

6      3.      Following Ms. Corbett's agreement that Sun would pay all copy costs associated

7    with the production, I authorized copying of documents identified as potentially responsive to the

8    subpoena.

9      4.      Again, contrary to Ms. Corbett's representations, on or about April 2, 2008, I

10    apprised her of the costs identified in invoice #20989, which totaled $11,856.98 and are

11    evidenced in Exhibit B to the Corbett Declaration. At no time did Ms. Corbett object to the

12    quoted amount. Rather, she expressed her gratitude with Orrick's good faith efforts to timely

13    respond to the subpoena.

14      5.      Many documents sought by Sun, and all of those relating to the Whipsaw matter

15    were subject to a protective order. Attached hereto as Exhibit 1 is a true and correct copy of the

16    protective order in *The Whipsaw Group, et al., v. Network Appliance Corporation, etc, at al.,*

17    Santa Clara Superior Court, Case No. CV 742186.

18      6.      Sun undertook efforts to seek individual waivers from parties to the Whipsaw

19    matter. Releases from the individual members of the Whipsaw Group were not obtained until

20    May 20, 2008.

21      7.      Final consent to production of non-privileged documents by Dr. Michael Malcolm

22    and Network Appliance Corporation was not received until June 27, 2008.

23      8.      Orrick has utilized two paralegals and two attorneys in responding to Sun's

24    subpoena. Further, the law firm of Schwartz & Cera, LLP has been engaged to assist efforts to

25    respond to the same.

26      9.      Contrary to Ms. Corbett's representations contained in paragraph 9 of her

27    declaration, I have consistently represented that copies would not be provided until payment was

28

1   received. No representations have ever been made that documents would be produced prior to

2   payment in full by Sun. Rather, Ms. Corbett represented that payment would be made by Sun

3   promptly upon receipt of tendered invoices. She did caution that it would take up to 10 days to

4   process payment after receipt of the invoices.

5       10.    During meet and confer efforts between myself and Ms. Corbett on or about June

6   30, 2008, Ms. Corbett inquired as to the nature of two invoices, dated June 7, 2008 and June 9,

7   2008, respectively. I did not recall what these invoices related to at the time of the conversation.

8   I represented to Ms. Corbett that if these invoices were not related to the subpoena, it would be

9   unreasonable to include them in the request for reimbursement.    However, following

10  confirmation that both invoices were in fact directly related to the subpoena, I promptly informed

11  Ms. Corbett that the subject invoices were properly included in my correspondence of June 25,

12  2008. This conversation occurred on or about July 2, 2008. Contrary to representations made in

13  paragraph 9 of the Corbett Declaration, I never agreed that it was unreasonable for Sun to pay for

14  copies not provided to Sun.

15      11.    Now that this issue is before the Court, Orrick's production shall be served

16  contemporaneously with this Opposition.

17      12.    Lead counsel for Orrick, Douglas R. Schwartz, who will argue the motion(s), will

18  be traveling internationally from July 28, 2008 through August 8, 2008 and unavailable for

19  argument on Sun's proposed hearing date of July 29, 2008. However, Mr. Schwartz will be

20  available to for a hearing on August 12, 2008.

21      13.    Pursuant to section 2(g) of this court's case management scheduling order of

22  February 12, 2008, before filing any discovery motion, the parties are required to file a two page

23  joint letter with the Court outlining the nature of the dispute. Following representations made by

24  Christine Corbett on June 30, 2008 and continuing through July 3, 2008, this is what Orrick

25  intended to do.    Attached hereto as Exhibit 2 is a true and correct copy of this court's case

26  management scheduling order.

27  ///

28

1    14.    Sun has failed to comply with both Civil Local Rule 37-1(a) and (b).

2    I declare under penalty of perjury that the foregoing is true and correct.  Executed on

3    July 11, 2008 in Honor, Michigan.

4

5    _____/s/_____
     Scott R. Lovernick

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LOVERNICK DECL ISO ORRICK'S OPPOSITION TO SUN'S EX PARTE APPL TO SHORTEN TIME FOR HEARING
ON MOTION TO COMPEL
CASE NO. 3:07-CV-06053 EDL (JCS )

# EXHIBIT 1

(ENDORSED)
FILED

JUL 7 2 12 PM '95

ST____ V. ____E
C___ ____
SANTA CLARA COUNTY
BY_____

**RECEIVED**

**JUL 1 2 1995**

**KEKER & VAN NEST**

1  KEKER & VAN NEST
   HENRY C. BUNSOW - #060707
2  WENDY J. THURM - #163558
   710 Sansome Street
3  San Francisco, CA 94111-1704
   Telephone: (415) 391-5400
4
   Attorneys for Defendants
5  NETWORK APPLIANCE CORPORATION
   and DR. MICHAEL MALCOLM
6
7
8
9              IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA
10                 IN AND FOR THE COUNTY OF SANTA CLARA
11
12 THE WHIPSAW GROUP, a joint        )   Case No. CV 742186
   venture; ROBERT COUSINS; ELLEN   )
13 COUSINS; NATHAN BROOKWOOD; IRA    )   **[PROPOSED] PROTECTIVE ORDER**
   CHAYUT; CAMILLE DA ROCHA; and     )
14 FRANK SHERIDAN; and ROY HOLMES,   )
                                     )   REFERRED TO JAMS:
15          Plaintiffs,              )   Hon. Richard Urdan
                                     )   Date:  March 6, 1995
16 v.                                )   Time:  2:00 p.m.
                                     )
17 NETWORK APPLIANCE CORPORATION,    )
   a California corporation; OWEN    )
18 BROWN; MIGRATION SOFTWARE         )
   SYSTEMS, LTD., a California       )
19 corporation; MICHAEL MALCOLM;     )
   and DOES 1-50, inclusive,         )
20                                   )
            Defendants.              )
21 _____  )
22
23         It appears to the satisfaction of the Court that this is a
24 proper case for issuance of a protective order, pursuant to
25 Sections 2030(e)(6) and 2031(e)(5) of the California Code of Civil
26 Procedure, to protect the confidential information of the parties

as may be necessary during discovery, furthering the discovery of the parties, and rendering moot any objection to such discovery on the ground of privilege based on proprietary or confidential information or trade secrets.

<u>THEREFORE IT IS ORDERED</u>:

During this action, with respect to any information, documents, or things obtained by any Party to this action in response to any discovery where such items are asserted to contain or comprise trade secret, confidential, or proprietary information, the following procedures shall be employed and the following restrictions shall govern:

1. <u>PURPOSE</u>:

It is the purpose of this Protective Order to allow the Parties to have reasonable access to information from all other Parties while protecting the alleged trade secret status or confidentiality of that information under C.C.P. §§ 2030(e)(6) and 2031(e)(5) without frequent resort to determinations of discoverability by the Court.

2. <u>DEFINITIONS</u>.

2.1 <u>Party</u>. "Party" means any of the parties in this action including officers, directors, agents and members of such parties.

2.2 <u>Discovery Material</u>. "Discovery Material" means any information, document, or tangible thing, or response to any discovery request, including document requests, interrogatories, requests for admissions, and any other similar

66578

- 2 -

materials, or portions thereof.

2.3  Legend.  "Legend" means either of the following markings:

"CONFIDENTIAL" OR "CONFIDENTIAL - ATTORNEYS' EYES ONLY" as appropriate to the level of confidentiality pursuant to paragraph 3.

2.4  Receiving Party.  "Receiving Party" means a Party to the action, and all directors, employees, agents (other than Counsel), and members of the Party, that receives Discovery Material from a Producing Party.

2.5  Producing Party.  "Producing Party" means a Party to the action, and all directors, employees, and agents (other than counsel), and members of the Party, that produces or otherwise makes available Discovery Material to a Receiving Party.

2.6  Protected Material.  "Protected Material" means any Discovery Material, and the information derived from such Discovery Material, including any copies, abstracts, summaries, compilations, or other such record derived from such Discovery, and any note or other record concerning the contents of such Discovery Material.

2.7  Counsel.  "Counsel" means counsel of record and authorized co-counsel of a party, and their secretarial, support personnel and other assistants who are not employed by a Party and to whom it is necessary to disclose Protected Material for the purpose of this action.

2.8  Independent Expert.  "Independent Expert"

1   (1) means an expert and/or independent consultant or contractor
2   actually retained or employed to advise or assist counsel in the
3   preparation and/or trial of this action, and their secretarial
4   assistants who are not employed by a Party to whom it is necessary
5   to disclose Protected Material for the purpose of this action; and
6   (2) shall agree not to be an employee of or consultant to a Party
7   within three (3) years after the filing date of this action, with
8   respect to the subject matter of this action.

9        2.9   Trial Preparation Materials.   "Trial
10  Preparation Materials" means documents and materials such as
11  pleadings, court papers and briefs, exhibits, depositions,
12  interrogatories, and the like, and summaries thereof or notes
13  pertaining thereto.

14       3.   DESIGNATION OF PROTECTED MATERIAL.

15       3.1   Designation in General.   A Producing Party,
16  at the time of producing Discovery Material or within a reasonable
17  time thereafter, in good faith may designate any Discovery
18  Material as Protected Material.   The Protected Material shall be
19  marked with the Legend, indicating that the Protected Material is
20  "Confidential" or "Confidential - Attorneys' Eyes Only" as
21  appropriate.   A good faith attempt shall be made by the Producing
22  Party to limit the amount of Discovery Material designated as
23  "CONFIDENTIAL - ATTORNEYS' EYES ONLY."

24       3.2   Any Protected Material produced on any
25  computer-related media (hereinafter "disks") may be designated as
26  "Confidential" or "Confidential - Attorneys' Eyes Only," and the

66578                              - 4 -

1  hard copy or printout shall be treated as Protected Material.

2         3.3  Post-Production Designation.  If the

3  Producing Party designates Discovery Material as Protected

4  Material after production, the Producing Party shall notify the

5  opposing Counsel in writing and produce a copy within 10 days of

6  the newly designated Discovery Material with the appropriate

7  Legend.  After receipt of the notice in writing, regardless of

8  whether Opposing Counsel agrees with the appropriateness of the

9  designation, the Opposing Counsel shall treat the designated

10  Discovery Material as Protected Material, and shall take

11  reasonable and appropriate steps, if possible under the

12  circumstances, to reclaim possession of any of such designated

13  Discovery Material which may have reached the possession of a

14  person not authorized under this Protective Order to receive

15  Protected Material.  Upon receipt of the newly designated

16  Discovery Materials, the Receiving Party shall promptly destroy or

17  return all copies of Discovery Materials which do not bear the new

18  designation.

19         3.4  De-Classification of Protected Material.  If,

20  at any time during the pendency or trial of this action, Counsel

21  for the Receiving Party claims that Counsel for the Producing

22  Party unreasonably classified Protected Material as "Confidential"

23  or "Confidential - Attorneys' Eyes Only," Counsel for the

24  Receiving Party may serve a captioned notice of objection on all

25  Parties, identifying with particularity the items as to which the

26  designation is challenged, stating the basis for each challenge,

1 | and proposing a designation for each item.  If the Producing Party

2 | does not redesignate the Protected Material within ten (10) days

3 | after service, the Receiving Party may file and serve a motion for

4 | an order that the Protected Material be redesignated.  On any such

5 | notice, the Producing Party shall have the burden of proof.  The

6 | original designation shall remain effective until three (3)

7 | business days after entry of the order redesignating the Protected

8 | Material.

9 |            4.    DESIGNATION NOT DETERMINATIVE OF STATUS.

10 |       The designation of Discovery Material as "Protected

11 | Material" shall not be taken as a determination or admission by

12 | the Receiving Party that such Discovery Material is in fact

13 | protected as a trade secret or otherwise.  The failure to

14 | designate Discovery Material as "Confidential - Attorneys' Eyes

15 | Only" shall not be taken by the Receiving Party as an admission

16 | that such Discovery Material is in fact not protected as a trade

17 | secret or otherwise.  The designation of Discovery Material as

18 | being "Protected Material" does not alter or enhance the nature of

19 | that Discovery Material or its confidentiality or create a

20 | presumption of any confidentiality.  No Party shall be obligated

21 | to challenge the proprietary of a "Protected Material" designation

22 | at the time of receipt of such Discovery Material and a failure to

23 | do so shall not preclude a subsequent attack on the propriety of

24 | the designation.

25 |            5.    LIMITATION ON SCOPE OF PROTECTIVE ORDER.

26 |       This Protective Order applies only to Discovery Material

66576

obtained from a Producing Party and not to Discovery Material
rightfully obtained through other sources.  Nothing in this
Protective Order shall prevent disclosure of Protected Material
beyond the terms of this Protective Order if:

    (1)   The Producing Party waives, in writing or by
stipulation in the record of this action, the
claim of confidentiality of such Protected
Material; or

    (2)   The Receiving Party, by appropriate motion,
establishes to the satisfaction of the court that
such Protected Material is already rightfully in
its possession or was otherwise rightfully
acquired by or on behalf of the Receiving Party;
or

    (3)   The Receiving Party, by appropriate motion,
establishes to the satisfaction of the court that
such Protected Material was or has become public
knowledge, other than by any act or omission of
Receiving Party, its Counsel, or any Independent
Expert retained on behalf of the Receiving Party;
or

    (4)   A court order otherwise releases such Protected
Material from the restrictions of this Protective
Order.

  6.    USE OF PROTECTED MATERIAL.

    6.1  General.  All Protected Material produced

1    under this Protective Order is to be used solely for purposes of

2    this action and for no other purposes. Persons having access to

3    Protected Material shall not disclose or provide Protected

4    Material to any person not authorized under this Protective Order.

5    No Protected Material may be made available to, or in any manner

6    revealed to, or discussed with any other entity (including the

7    Receiving Party), except:  (1) solely in accordance with the

8    procedures set forth in this Protective Order, or (2) upon the

9    express written permission of Counsel for the Producing Party.

10       6.2  <u>Advice of Counsel</u>. Nothing under this

11   Protective Order shall bar or otherwise restrict Counsel from

12   rendering advice to a Party with respect to this action, and in

13   the course thereof, relying in a general way upon examination of

14   any Protected Material. However, in rendering such advice and in

15   otherwise communicating with a Party, such Counsel shall not

16   disclose the contents of any Protected Material contrary to the

17   terms or intent of this Protective Order.

18       7.   <u>ACCESS TO PROTECTED MATERIAL</u>.

19       7.1  <u>General</u>. A record shall be made of the names

20   of the persons to whom such disclosure is made (other than to

21   Counsel). All Protected Material shall be held in custody and

22   confidence by Counsel of the Receiving Party. Protected Material

23   (except for Trial Preparation Material, but including Protected

24   Material that is attached to Trial Preparation Material as

25   exhibits, appendices and the like in accordance with Section 9.2)

26   shall be maintained by each person receiving it, when not in

66578                                   - 8 -

actual use in a secure place at the offices of the person using it. Access to "Confidential - Attorneys' Eyes Only" Protected Material shall be provided only to persons authorized under this Order to receive such Protected Materials.

7.2  Counsel.  Counsel shall have access to and may use any Protected Material (designated as either "Confidential" or "Confidential - Attorneys' Eyes Only") only for the purposes of this action, and any indemnification action or insurance coverage proceeding arising out of this action.

7.3  Receiving Party.  A Receiving Party shall have access to and may use only "Confidential" Protected Material, and only for the purposes of this action, except that "Confidential" Protected Material may be divulged only as follows:

(a)  The Whipsaw Group may divulge "Confidential" Protected Material to no more than one (1) member who is not a plaintiff in the action, and who is also providing assistance in this action related to the "Confidential" Protected Material disclosed to him/her;

(b)  Robert Cousins, Ellen Cousins, Nathan Brookwood, Ira Chayut, Camille Da Rocha, Frank Sheridan, and Roy Holmes shall have access to "Confidential" Protected Material, but shall not divulge the "Confidential" information to anyone who is not a party to this action;

(c)  Owen Brown shall have access to "Confidential" Protected Material, but shall not divulge the "Confidential" information to anyone who is not a party to this action;

(d)  Migration Software Systems, Ltd. shall have access to "Confidential" Protected Material, but shall not divulge the "Confidential" information to anyone who is not a party to this action;

(e)  Network Appliance Corporation may divulge "Confidential" Protected Material to no more than 7 employees, officers or directors who are providing assistance in this action related to the "Confidential" Protected Material disclosed to them;

(f)  Any party may show such "Confidential" Protected Materials to that party's insurance company for purposes related to an insurance coverage claim; and

(g)  Any party may use such "Confidential" Protected Material in accordance with the intent and meaning of this Protective Order in connection with an indemnification action against another party to this action.

66570

7.4    Independent Experts.

7.4.1    Designation of Independent Experts.    A

Receiving Party may make any Protected Material available to no

more than two Independent Experts, provided that the following

information is actually made known in writing, by personal

delivery or by certified or registered mail, return/receipt

requested, to the Producing Party no less than five (5) business

days before the intended date of disclosure to each Independent

Expert:

(1)    the identity of each Independent Expert, by name

and brief description, including education,

present employment, and general areas of

expertise; and

(2)    all other present or prior relationships with the

Receiving Party.

7.4.2    Objection to Independent Experts.    If

the Producing Party objects to disclosure of Protected Material to

an Independent Expert, the Producing Party shall serve written

objections, identifying with particularity the basis for the

objection.    Service of the objections shall be by personal

delivery or by certified or registered mail, return/receipt

requested, and made within five (5) business days after the date

of receipt of the identification of an Independent Expert.    If the

Receiving Party and Producing Party cannot agree on disclosure of

Protected Material to the Receiving Party's proposed Independent

Expert, the Producing Party may file and serve a motion for an

order forbidding disclosure to the proposed Independent Expert.
On any such motion, the Producing Party shall have the burden of
proof.  No Protected Material shall be disclosed to that
Independent Expert until the validity of the objection has been
resolved, either by negotiation or by the Court.  Unless and until
an Independent Expert has been disclosed pursuant to Code of Civil
Procedure § 2034, no opposing party or its Counsel shall contact,
depose, subpoena or in any manner communicate with such
Independent Expert.

       7.5  Other Persons.

          7.5.1  Designation of Other Persons.
Protected Material may be divulged by Counsel for the Receiving
Party to persons not provided for in this Section 7 only for good
cause and only if the following information is actually made known
in writing, personal delivery or by certified or registered mail,
return/receipt requested, to the Producing Party no less than five
(5) business days before the intended date of disclosure to each
such person:

                (1)   the identity of each such person, by
                     name and brief description, including
                     present employment;

                (2)   all other present or prior relationships
                     with the Receiving Party; and

                (3)   a brief statement as to the reason for
                     disclosure to such person.

          7.5.2  Objection to Other Persons.  If the

66578

- 12 -

Producing Party objects to disclosure to such persons in writing by personal delivery or by certified or registered mail, return receipt requested, within ten (10) business days after the date of receipt of the identification of each such person, no Protected Material shall be disclosed to that person until the validity of the objection has been resolved, either by negotiation or by the Court.

8.    ACKNOWLEDGEMENT OF PROTECTIVE ORDER.    Before obtaining access to any Protected Material covered by this Protective Order, each person (other than counsel of record) who is permitted to have access to Protected Material under this Protective Order must signify assent to the terms of this Protective Order by executing the acknowledgement attached as Appendix A, indicating that he or she has read and understood this Protective Order and agrees to be bound by the terms.    A copy of each such acknowledgement shall be furnished to Counsel for the Producing Party within five (5) business days after execution.

9.    HANDLING OF PROTECTED MATERIAL.

9.1    Exclusion of Unauthorized Persons.    If any Protected Material is summarized, discussed, or otherwise used at any deposition, hearing, or the trial of this action, all persons (other than those entitled to receive the Protected Material in accordance with this Protective Order, Court personnel, a reporter, and the deponent or witness) shall be excluded from attendance at the deposition, hearing, or trial of this action during such time as the Protected Material is being so disclosed,

1 unless the Parties otherwise agree or the Court otherwise orders.

2          9.2   Protected Materials Filed With Court.   Any

3 briefs, transcripts, exhibits, depositions, or documents which are

4 filed or lodged with the Court which comprise, embody, summarize,

5 discuss, or quote from Protected Material shall be sealed, unless

6 the Parties otherwise agree in writing or the Court otherwise

7 orders.   Where reasonably practical, only the portions of

8 documents consisting of Protected Material shall be lodged under

9 seal.   No motion or other request to file or lodge Protected

10 Material under seal shall be required of that Party.   Such

11 Protected Material shall be filed or lodged in sealed envelopes or

12 other appropriate sealed containers.   Each sealed envelope or

13 container shall be endorsed with the title of the action, the

14 Legend, and a statement substantially in following form:

15          This envelope is sealed pursuant to Order of
           the Court and contains Protected Material
16          filed in this action by [name of Producing
           Party], and is not to be opened or the
17          contents thereof displayed or revealed
           except by order of the Court.
18

19          9.3   Deposition Transcripts.   When Protected

20 Material is incorporated in a deposition transcript via testimony

21 or documents, arrangements shall be made with the reporter to

22 separately bind the portion of the deposition transcript and

23 documents designated as Protected Material, and mark it with the

24 Legend.

25          9.4   Termination of Participation in Action.   Once

26 participation in this action by any person obtaining Protected

66578                                    - 14 -

1  Material pursuant to Sections 7.3, 7.4 and 7.5 has been terminated

2  or otherwise concluded, all Protected Material shall be returned

3  by such person within 30 days to the Outside Counsel from whom he

4  or she obtained such Protected Material.

5          9.5  Final Disposition.  Upon final disposition of

6  this action, all Protected Material provided to a Receiving Party

7  (other than Trial Preparation Material of the Receiving Party or

8  any other material protected by a privilege, such as the work-

9  product or attorney-client privilege) shall be returned to the

10 Producing Party's Counsel or disposed of in some other manner

11 mutually agreeable among the parties.  Protected Material retained

12 by Counsel of a Receiving Party pursuant to this Section 9.5 shall

13 retain the status of Protected Material despite termination of

14 this action,[1] and shall be treated in accordance with the terms

15 of this Protective Order.

16          10.  COURT PROCEDURES.

17          10.1  The Parties agree that persons employed by

18 the Superior Court of Santa Clara County have no duty to the

19 parties to protect or maintain the alleged confidentiality of any

20 information in any papers filed with the Court.

21          10.2  Any Court hearing which refers to or

22 describes "Confidential - Attorneys' Eyes Only" or "Confidential

23 Information" shall in the Court's discretion be in camera.

24

25 _____

[1]  For purposes of this provision only, "this action" shall
26 include any indemnification actions or insurance coverage
   proceedings arising out of the instant action.

66578                        - 15 -

10.3. Notwithstanding the above, any Party may apply to the Court for an order allowing the filing of papers containing confidential information, if that party believes the filing of the papers is necessary for a complete record. Any such papers shall be placed by the submitting party in a sealed envelope labeled as set forth in 9.2 above. Any papers containing confidential information shall be returned to the submitting party upon dismissal or final judgment in the action.

11. <u>AMENDMENT</u>. This Protective Order may be amended by agreement of Counsel for the Parties in the form of a written stipulation filed with the Court and subject to the Court's approval.

12. <u>RIGHT TO FURTHER RELIEF</u>. This Protective Order is without prejudice to the rights of any Party to apply to this Court for relief from any of its provisions or to seek or agree to different or additional protection for any particular Discovery Material.

13. <u>RIGHT TO ASSERT OTHER OBJECTIONS</u>. This Protective Order shall not be construed as waiving any right to assert a claim of privilege, relevance, or other grounds for not producing Discovery Material called for, and access to such Discovery Material shall be only as provided for by separate agreement by the Parties or by the Court.

14. This Protective Order may be executed in counterparts which, taken together, shall constitute one and the same agreement.

15. This Protective Order shall be effective from the date executed by all counsel.

IT IS SO RECOMMENDED.

DATED: _____6/28_____, 1995

_____
Hon. Richard Urdan
JAMS

IT IS SO ORDERED.

DATED: _____, 1995

**PETER G. STONE**
_____
Judge of the Superior Court

Approved as to form:
TREPEL & CLARK

_____
DANIEL CLARK
Attorney for Plaintiffs
THE WHIPSAW GROUP et al.

Dated: _____July 5, 1995_____

66578

- 17 -

## APPENDIX A

I, _____, have read and understand the terms of this Protective Order.  I agree to be bound by the terms of this order.

DATED: _____     _____

# EXHIBIT 2

United States District Court
For the Northern District of California

1
2
3
4
5
6
7
8

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

9   NETWORK APPLIANCE INC

10                  Plaintiff,                                No. C-07-06053EDL

11          v.                                                CASE MANAGEMENT SCHEDULING
                                                              ORDER
12

13   SUN MICROSYSTEMS INC

14                  Defendant.
                                                      /

15          Following the Case Management Conference held on January 28, 2008, IT IS HEREBY

16   ORDERED THAT:

17          A further case management conference is set for June 3, 2008 at 2:00 p.m. before Magistrate

18   Judge Laporte in Courtroom E, 15th Floor, U.S. District Court, 450 Golden Gate Avenue, San

19   Francisco, California. An updated joint case management conference statement shall be filed no later

20   than May 27, 2008.  The purpose of this status conference is to discuss the logistics and parameters of

21   the claim construction briefing and hearing, including the number of terms the Court will construe.

22   While the parties have not stipulated to use of the new local patent rules, the parties are advised that the

23   Court will likely require them to prioritize disputed patent claims as set forth in new Patent Local Rule

24   4-1(b).

25          Pursuant to Fed. R. Civ. P. 16, IT IS FURTHER ORDERED THAT the following case

26   management and pretrial order is entered:

27          1.      PATENT LOCAL RULE EXCHANGES AND CLAIM CONSTRUCTION

28

a.   Patent L.R. 3-1 asserted claims and preliminary infringement contentions for Network Appliance, Inc. ("NetApp") Patents are due no later than January 22, 2008 and for Sun Microsystems, Inc. ("Sun") Patents no later than February 11, 2008.

b.   Patent L.R. 3-3 preliminary invalidity contentions and L.R. 3-4 document production are due no later than March 6, 2008 for NetApp Patents and no later than March 27, 2008 for Sun Patents.

c.   Patent L.R. 4-1 exchange of proposed terms and claims elements for construction shall occur no later than April 10, 2008 for all patents.

d.   Patent L.R. 4-2 exchange of preliminary claim constructions and extrinsic evidence shall occur no later than April 30, 3008.

e.   The parties shall file a Patent L.R. 4-3 joint claim construction statement no later than May 26, 2008.

f.   Claim construction discovery shall be completed by June 25, 2008.

g.   The parties claiming patent infringement shall file and serve opening claim construction briefs pursuant to Patent L.R. 4-5(a) no later than July 7, 2008.

h.   Opposition claim construction briefs pursuant to Patent L.R. 4-5(b) shall be filed and served no later than July 21, 2008.

I.   Reply claim construction briefs shall be filed and served no later than August 1, 2008.

j.   The Court will hold a claim construction tutorial on August 4, 2008 at 9:00 a.m.

k.   The Court will hold a Patent L.R. 4-6 claim construction hearing on August 27, 2008 at 9:00 a.m.

l.   After the Court construes the claims, it will set a further case management conference, during which it will set prompt dates for the rest of the case.

2.   <u>DISCOVERY</u>

a.   All non-expert discovery shall be completed no later than October 13, 2008. There will be no further non-expert discovery after that date except by order of the Court for good cause shown. Motions to compel non-expert discovery must be filed within the time limits contained in Civil Local Rule 26-2.

United States District Court

For the Northern District of California

1          b.      As the parties have so stipulated, the Court will not set limits to the number of

2   depositions, requests for documents, and requests for admission.  Each side shall be limited to 40

3   interrogatories, but this takes into account the parties agreement that no interrogatory shall be

4   objectionable as containing sub-parts on the ground that a single interrogatory requires a response as

5   to some or all of the patents in suit. Regarding deposition length, the seven hour limit applies, with two

6   exceptions.  First, there shall be a three day presumptive limit for depositions of the patent inventors,

7   except for inventor Hicks, who may be deposed for four days.  If a party wishes to exceed these limits

8   without agreement from the other side, that party will need to show good cause.  There is a soft

9   presumptive limit of 14 hours for Rule 30(b)(6) depositions.  Deposition time of someone deposed as

10  an individual does not count towards 30(b)(6) deposition time.

11         c.      Rule 26(e)(1) of the Federal Rules of Civil Procedure requires all parties to

12  supplement or correct their initial disclosures, expert disclosures, pretrial disclosures, and responses to

13  discovery requests under the circumstances itemized in that Rule, and when ordered by the Court. The

14  Court expects that the parties will supplement and/or correct their disclosures promptly when required

15  under that Rule, without the need for a request from opposing counsel.  **In addition to the general**

16  **requirements of Rule 26(e)(1), the parties will supplement and/or correct all previously made**

17  **disclosures and discovery responses 28 days before the fact discovery cutoff date.**

18         d.      Pursuant to Civil L.R. 37-1(b), telephone conferences are available to resolve

19  disputes during a discovery event, such as a deposition, where the resolution during the event likely

20  would result in substantial savings of expense or time.

21         e.      **Privilege logs.** If a party withholds information that is responsive to a discovery

22  request, and is otherwise discoverable under the Federal Rules of Civil Procedure, by claiming that it

23  is privileged, or protected from discovery under the attorney work product doctrine or any other

24  protective doctrine (including, but not limited to, privacy rights), that party shall prepare a "privilege

25  log" (Fed. R. Civ. P. 26(b)(5)) setting forth the privilege relied upon and specifying separately for each

26  document or for each category of identically situated documents:

27                         1.      The name, job title, or capacity of the author;

28                         2.      The name, job title, or capacity of each recipient;

**United States District Court**
For the Northern District of California

3.  The date the document was prepared and, if different, the date(s) on which it was sent to or shared with persons other than its author(s);

4.  The title and description of the document;

5.  The subject matter addressed in the document;

6.  The purpose(s) for which it was prepared or communicated; and

7.  The specific basis for the claim that it is privileged.

The privilege log production shall be governed by the parties' stipulation. To the extent that this order conflicts with the parties' Court-approved stipulations, those stipulations govern.

f.  In responding to requests for documents and materials under Rule 34 of the Federal Rules of Civil Procedure, all parties shall affirmatively state in a written response served on all other parties the full extent to which they will produce materials and shall, promptly after the production, confirm in writing that they have produced <u>all</u> such materials so described that are locatable after a diligent search of <u>all</u> locations at which such materials might plausibly exist.

g.  Before filing a discovery motion with the Court, the parties shall file a two page joint letter notifying the Court of the nature of the dispute and how the parties would like the Court to handle the dispute.

3.  ALTERNATIVE DISPUTE RESOLUTION/SETTLEMENT CONFERENCE

A settlement conference shall be scheduled before Magistrate Judge Joseph C. Spero of this court, as the parties jointly requested this referral. Counsel will be contacted by Judge Spero's chambers with a date and time for the conference during , or as soon thereafter as is convenient to the judge's calendar. The Court shall inform Judge Spero  that the parties request a full day of settlement conference time, which need not necessarily occur on the same day.

Finally, to the extent that the parties have stipulated to certain items in their joint case management statement not discussed above, these are hereby incorporated into this order.

4.  THE '720 PATENT

NetApp is granted leave to amend its pleading to include the '720 patent in <u>Sun Microsystems, Inc. v. Network Appliance, Inc.</u>, C 07-5488, but it may not amend its pleadings to include that patent in this case. NetApp must do so no later than February 19, 2008.

4

United States District Court
For the Northern District of California

5.    THE PROTECTIVE ORDER

The Court is not satisfied with either party's competing proposal regarding the prosecution bar. The Court is not satisfied by Sun's reliance on good faith alone in view of NetApp's legitimate concern regarding inadvertent disclosure, although this must be balanced against other important concerns, such as Sun's choice of counsel and experts with relevant expertise. At the same time, while NetApp has narrowed somewhat the fields of technology to which the bar would apply, its proposal is still fairly broad and would bar counsel from working for anyone else, even those who are not serious competitors. Cf. Commissariat A L'Energie Atomique v. Dell Computer Corp., No. 03-484 KAJ, 2004 U.S. Dist. LEXIS 12782 (D. Del. May 25, 2004). Sun is correct that one of the key cases regarding inadvertent disclosure on which NetApp relies, Motorola, Inc. v. Interdigital Tech. Corp., No. 93-488-LON, 1994 U.S. Dist. LEXIS 20714 (D. Del. Dec. 19, 1994), only imposed a bar on the prosecution of patents for the defendant, not for every company. Id. at *18 & n.5. Therefore, Net App may accept the compromise Sun originally proposed – the addition of a limitation barring only prosecution of Sun's or NetApp's patents to NetApp's proposed language. Alternatively, if NetApp wants the ban to go beyond prosecuting patents for parties to this suit, it must further narrow the definition of the field and must limit the ban to prosecuting patents for major competitors. The Court also directs the parties to review the stipulation and order filed in Alpha and Omega Semiconductor, Ltd. v. Fairchild Semiconductor Corp., Case No. 07-2638 JSW (EDL), Docket No. 131 filed on Jan. 17, 2008. Accordingly, the parties are hereby ORDERED to file a stipulation and proposed order in light of this further guidance, or if the parties still cannot agree, they may file competing proposals no later than February 15, 2008, and the Court will adopt one of these proposals.

Dated: February 12, 2008

*Elizabeth D. Laporte*

ELIZABETH D. LAPORTE
United States Magistrate Judge