# Exhibit F

1  MARK D. FOWLER (Bar No. 124235)
   mark.fowler@dlapiper.com
2  DAVID ALBERTI (Bar. No. 220625)
   david.alberti@dlapiper.com
3  CHRISTINE K. CORBETT  (Bar No. 209128)
   christine.corbett@dlapiper.com
4  YAKOV M. ZOLOTOREV (Bar No. 224260)
   yakov.zolotorev@dlapiper.com
5  CARRIE L. WILLIAMSON (Bar No. 230873)
   carrie.williamson@dlapiper.com
6
7  DLA PIPER US LLP
   2000 University Avenue
8  East Palo Alto, CA 94303-2215
   Tel: 650.833.2000
   Fax: 650.833.2001
9
   Attorneys for Defendant and Counterclaimant
10 Sun Microsystems, Inc.

11                    UNITED STATES DISTRICT COURT

12                   NORTHERN DISTRICT OF CALIFORNIA

13                       SAN FRANCISCO DIVISION

14

| | |
|---|---|
| NETWORK APPLIANCE, INC., | CASE NO.  3:07-CV-06053 EDL |
| Plaintiff, | **DEFENDANT AND COUNTERCLAIM-PLAINTIFF SUN MICROSYSTEMS, INC.'S FIRST SET OF INTERROGATORIES TO PLAINTIFF AND COUNTERCLAIM-DEFENDANT NETWORK APPLIANCE, INC.** |
| v. | |
| SUN MICROSYSTEMS, INC., | |
| Defendant. | |
| SUN MICROSYSTEMS, INC., | |
| Counter-claim Plaintiff, | |
| v. | |
| NETWORK APPLIANCE, INC., | |
| Counterclaim-Defendant. | |

1    21.    "Patent" includes all U.S. Patents and all foreign protection for intellectual
2    property rights whether called a "Patent" or not.

3    22.    "Related Litigation" means all litigation or other legal proceedings, including
4    Patent and Trademark Office Proceedings, in which anyone has asserted any claims or
5    contentions Relating To the validity, enforceability or Infringement of the NetApp Patents-in-
6    Suit, Related NetApp Patent or NetApp Application.

7    23.    "Relate," "Relate To," "Related To" or "Relating To" means to describe, discuss,
8    constitute, comprise or evidence.

9    24.    "Sun Accused Products" means Sun's Zettabyte File System ("ZFS"), as well as
10   any other Sun products that NetApp accuses of infringing the NetApp Patents-in-Suit.

11   25.    "Sun Patents-in-Suit" means U.S. Patent No. 5,459,857 ("the '857 patent"), U.S.
12   Patent No. 5,749,095 ("the '095 patent"), U.S. Patent No. 5,761,662 ("the '662 patent"), U.S.
13   Patent. No. 5,925,106 ("the '106 patent"), U.S. Patent No. 5,941,954 ("the '954 patent"), U.S.
14   Patent No. 6,356,984 ("the '984 patent"), U.S. Patent No. 6,591,303 ("the '303 patent"), U.S.
15   Patent No. 6,681,261 ("the '261 patent"), U.S. Patent No. 6,873,630 ("the '630 patent"), U.S.
16   Patent No. 6,983,343 ("the '343 patent"), U.S. Patent No. 5,403,639 ("the '639 patent"), and U.S.
17   Patent No. 5,410,667 ("the '667 patent").

18   26.    "Whipsaw Litigation" means The Whipsaw Group, et. al., v. Network Appliance
19   Corporation, etc. et al., Case No. CV 742186 in the Superior Court of California, County of Santa
20   Clara and any related cases, negotiations or arbitration or mediation proceedings.

21                                    **INSTRUCTIONS**

22   1.    These interrogatories shall be deemed to seek answers as of the date of service
23   thereof and to the full extent of the Federal Rules of Civil Procedure. These interrogatories are of
24   a continuing nature and You are required to file and serve supplemental responses promptly if
25   You obtain further or different information after the date of Your initial answer.

26   2.    The singular form of a word should be interpreted in the plural as well. Any
27   pronoun shall be construed to refer to the masculine, feminine or neutral gender as in each case is
28   most appropriate. The words "and" and "or" shall be construed conjunctively or disjunctively,

-5-

1    whichever makes the request most inclusive.

2         3.       These interrogatories seek all information that is known to You, Your

3    representatives, agents, employees, investigators, consultants and, unless otherwise privileged,

4    their counsel.

5         4.       If possible, supply all annual data requested on a calendar year basis.  However, if

6    fiscal year data is provided, please specify the months in which the fiscal year begins and ends.

7    Whenever information is requested "for each year," include the requested information for all prior

8    years and also the requested information available for the current year and specify what portion of

9    the current year is covered by such information.

10        5.       If an interrogatory requests information from You or Your company, the response

11   should be broken down for each of Your related companies (e.g., affiliates, subsidiaries, joint

12   ventures, divisions, etc.).

13        6.       If information requested is not readily available from Your records in exactly the

14   form requested, furnish carefully prepared estimates, designated as such and attach explanations

15   of any estimate used.

16        7.       If you do not answer any interrogatory, or part thereof, because of a claim of

17   privilege or any other claim, set forth the privilege claimed, the facts upon which You rely to

18   support the claim or privilege, and furnish a list Identifying each item of information for which

19   privilege is claimed, including:

20             a.       a brief description of the nature and subject matter;

21             b.       the date the information was acquired or came into existence; and

22             c.       the name and title of the individual(s) who generated, provided, and

23   received the information.

24        8.       If you withhold any Document because of a claim of privilege or any other claim,

25   provide a "privileged Document list" which identifies each Document separately and specifies for

26   each Document at least the following:

27             a.       the date;

28

1

# PROOF OF SERVICE

2

### Network Appliance, Inc. V. Sun Microsystems, Inc.
### U.S.D.C., No. District of CA., San Francisco Division (No. 3:07-CV-06053 EDL)

3

4      I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is DLA Piper US LLP, 2000 University Avenue, East Palo Alto, California 94303-2214.

5

6      I, Christine Kunis, hereby certify that on December 20, 2007, a copy of **DEFENDANT AND COUNTERCLAIM-PLAINTIFF SUN MICROSYSTEMS'S FIRST SET OF INTERROGATORIES TO PLAINTIFF AND COUNTERCLAIM-DEFENDANT NETWORK APPLIANCE, INC.** was served on the following as indicated:

7

8      Edward R. Reines, Esq.               ☐ Via First Class Mail
       Jeffrey G. Homrig, Esq.              ☐ Via Hand Delivery
9      Weil Gotshal & Manges               ☒ **Via Overnight Courier to Jeffrey G. Homrig**
       201 Redwood Shores Parkway          ☐ Via Facsimile
10     Redwood Shores, CA 94065            ☒ **Via Email (PDF file)**
       Tel: 650-802-3000                   **edward.reines@weil.com**
11     Fax: 650-802-3100                   **jeffrey.homrig@weil.com**

12     Elizabeth S. Weiswasser, Esq.        ☐ Via First Class Mail
       Weil Gotshal & Manges               ☐ Via Hand Delivery
13     767 Fifth Avenue                     ☐ Via Overnight Courier
       New York, NY 10153                   ☐ Via Facsimile
14     Tel: 212-310-8000                    ☒ **Via Email (PDF file)**
       Fax: 212-210-8007                    **elizabeth.weiswasser@weil.com**

15

16

17      I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

18

19

20      I declare that I am employed in the office of a member of the Bar of or permitted to practice before this Court at whose direction the service was made.

21      Executed on December 20, 2007, at East Palo Alto, California.

22

23                                          _Christine Kunis_
                                            _____
24                                          Christine E. Kunis

25

26

27

28

MARK D. FOWLER (Bar No. 124235)
mark.fowler@dlapiper.com
DAVID ALBERTI (Bar. No. 220625)
david.alberti@dlapiper.com
CHRISTINE K. CORBETT  (Bar No. 209128)
christine.corbett@dlapiper.com
YAKOV M. ZOLOTOREV (Bar No. 224260)
yakov.zolotorev@dlapiper.com
CARRIE L. WILLIAMSON (Bar No. 230873)
carrie.williamson@dlapiper.com

DLA PIPER US LLP
2000 University Avenue
East Palo Alto, CA  94303-2215
Tel:  650.833.2000
Fax:  650.833.2001

Attorneys for Defendant and Counterclaimant
Sun Microsystems, Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| NETWORK APPLIANCE, INC., | CASE NO.  3:07-CV-06053 EDL |
| Plaintiff-Counterdefendant | **DEFENDANT AND COUNTERCLAIM-PLAINTIFF SUN MICROSYSTEMS, INC.'S SECOND SET OF INTERROGATORIES TO PLAINTIFF AND COUNTERCLAIM-DEFENDANT NETWORK APPLIANCE, INC.** |
| v. | |
| SUN MICROSYSTEMS, INC., | |
| Defendant-Counterclaimant | |

Pursuant to Federal Rule of Civil Procedure 33, Defendant and Counterclaimant Sun Microsystems, Inc. ("Sun") requests that Plaintiff Network Appliance, Inc. ("NetApp") answer the following interrogatories within thirty (30) days of this request.  NetApp is subject to a duty to supplement all responses in accordance with Federal Rule of Civil Procedure 26(e).  The following definitions and instructions apply.

## DEFINITIONS

1.     "NetApp," "Plaintiff," "You," or "Your" means Network Appliance, Inc., individually and collectively, including without limitation its subsidiaries, divisions, affiliates,

-1-

DLA PIPER US LLP     EM\7226979.1     DEFENDANT SUN'S SECOND SET OF INTERROGATORIES TO PLAINTIFF NETAPP/
CASE NO. 3:07-CV-06053 EDL

1  specify: (1) the manner in which the Communication was made (*e.g.*, telephone, in person

2  conversation, etc.); (2) the Identity of each Person who participated in or witnessed the

3  Communication; (3) the subject matter and content of the Communication; (4) the date and place

4  of the Communication; and (5) the Identity of all Documents and things Relating to the

5  Communication.

6       10.    "Relate," "Relate To," "Related To" or "Relating To" means to describe, discuss,

7  constitute, comprise or evidence.

8  **INSTRUCTIONS**

9       1.    These interrogatories shall be deemed to seek answers as of the date of service

10  thereof and to the full extent of the Federal Rules of Civil Procedure.  These interrogatories are of

11  a continuing nature and You are required to file and serve supplemental responses promptly if

12  You obtain further or different information after the date of Your initial answer.

13       2.    The singular form of a word should be interpreted in the plural as well.  Any

14  pronoun shall be construed to refer to the masculine, feminine or neutral gender as in each case is

15  most appropriate.  The words "and" and "or" shall be construed conjunctively or disjunctively,

16  whichever makes the request most inclusive.

17       3.    These interrogatories seek all information that is known to You, Your

18  representatives, agents, employees, investigators, consultants and, unless otherwise privileged,

19  their counsel.

20       4.    If possible, supply all annual data requested on a calendar year basis.  However, if

21  fiscal year data is provided, please specify the months in which the fiscal year begins and ends.

22  Whenever information is requested "for each year," include the requested information for all prior

23  years and also the requested information available for the current year and specify what portion of

24  the current year is covered by such information.

25       5.    If an interrogatory requests information from You or Your company, the response

26  should be broken down for each of Your related companies (*e.g.*, affiliates, subsidiaries, joint

27  ventures, divisions, etc.).

28       6.    If information requested is not readily available from Your records in exactly the

-3-

**SECOND SET OF INTERROGATORIES**

INTERROGATORY NO. 13:

      For Each NetApp Accused Software Product identify all software, firmware and/or source code comprising all or part of, or used by, for or with that NetApp Accused Software Product, including but not limited to the name of each software, firmware and/or source code file and directory comprising all or part of, or used by, for or with that NetApp Accused Software Product.

INTERROGATORY NO. 14:

      For each NetApp Accused Hardware Product identify all software, firmware and/or source code used by, for or with that NetApp Accused Hardware Product, including but not limited to the name of each software, firmware and/or source code file and directory used by, for or with that NetApp Accused Hardware Product and any source code file or directory used in programming or operating any NetApp Accused Hardware Product.

INTERROGATORY NO. 15:

      Identify the product(s), whether made by NetApp or others, that have ever been marked with the patent number of any of the NetApp Patents-in-Suit, including the date when such marking was first made and the date, if any, on which such marking stopped (whether temporarily or permanently).

Dated: April 3, 2008

DLA PIPER US LLP

By _Christine K. Corbett_
    CHRISTINE K. CORBETT
    Attorney for Defendant and Counterclaimant
    SUN MICROSYSTEMS, INC.

MARK D. FOWLER (Bar No. 124235)
mark.fowler@dlapiper.com
DAVID ALBERTI (Bar. No. 220625)
david.alberti@dlapiper.com
CHRISTINE K. CORBETT  (Bar No. 209128)
christine.corbett@dlapiper.com
YAKOV M. ZOLOTOREV (Bar No. 224260)
yakov.zolotorev@dlapiper.com
CARRIE L. WILLIAMSON (Bar No. 230873)
carrie.williamson@dlapiper.com

DLA PIPER US LLP
2000 University Avenue
East Palo Alto, CA  94303-2215
Tel:  650.833.2000
Fax:  650.833.2001

Attorneys for Defendant and Counterclaimant
Sun Microsystems, Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| NETWORK APPLIANCE, INC., | CASE NO.  3:07-CV-06053 EDL |
| Plaintiff, | **DEFENDANT AND COUNTERCLAIM-PLAINTIFF SUN MICROSYSTEMS, INC.'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO PLAINTIFF AND COUNTERCLAIM-DEFENDANT NETWORK APPLIANCE, INC.** |
| v. | |
| SUN MICROSYSTEMS, INC., | |
| Defendant. | |
| SUN MICROSYSTEMS, INC., | |
| Counter-claim Plaintiff, | |
| v. | |
| NETWORK APPLIANCE, INC., | |
| Counterclaim-Defendant. | |

1   as to identify the documents contained within the file or binder.

2        E.      Electronic records and computerized information must be produced in an

3   intelligible format or together with a description of the system from which it was derived

4   sufficient to permit rendering the materials intelligible.

5        F.      Selection and numbering of responsive documents shall be performed in such

6   manner as to enable the source of each document to be determined.

7

8        G.      The connectives "and" and "or" shall be construed either disjunctively or

9   conjunctively as necessary to bring within the scope of the discovery request all responses that

10  might otherwise be construed to be outside of its scope.

11       H.      The use of the singular form of any word includes the plural and vice versa.

12       I.      These requests are continuing so that with respect to any request or part thereof as

13  to which NetApp, after responding, discovers additional responsive documents, NetApp shall

14  provide such documents immediately after acquiring knowledge of their existence or advise in

15  writing as to why such additional documents cannot be provided immediately.

16                          **REQUESTS FOR PRODUCTION**

17  REQUEST FOR PRODUCTION NO. 1:

18       All Documents that refer or Relate To the NetApp Patents-in-Suit, including without

19  limitation:

20       (a)      all Documents pertaining to the preparation and prosecution of any NetApp

21  Application, including without limitation any files of any attorney involved in the prosecution of

22  any NetApp Application;

23       (b)      Documents sufficient to identify all Persons involved with the prosecution of any

24  NetApp Application;

25       (c)      all drafts of Patent applications and drawings;

26       (d)      all Documents submitted to or received from the U.S. Patent and Trademark

27  Office or any foreign patent office or foreign representatives before a foreign Patent office;

28

## PROOF OF SERVICE

<u>Network Appliance, Inc. V. Sun Microsystems, Inc.</u>
<u>U.S.D.C., No. District of CA., San Francisco Division (No. 3:07-CV-06053 EDL)</u>

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is DLA Piper US LLP, 2000 University Avenue, East Palo Alto, California 94303-2214.

I, Christine Kunis, hereby certify that on December 20, 2007, a copy of **DEFENDANT AND COUNTERCLAIM-PLAINTIFF SUN MICROSYSTEMS'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO PLAINTIFF AND COUNTERCLAIM-DEFENDANT NETWORK APPLIANCE, INC.** was served on the following as indicated:

| | |
|---|---|
| Edward R. Reines, Esq.<br>Jeffrey G. Homrig, Esq.<br>Weil Gotshal & Manges<br>201 Redwood Shores Parkway<br>Redwood Shores, CA 94065<br>Tel: 650-802-3000<br>Fax: 650-802-3100 | ☐ Via First Class Mail<br>☐ Via Hand Delivery<br>☒ **Via Overnight Courier to Jeffrey G. Homrig**<br>☐ Via Facsimile<br>☒ **Via Email (PDF file)**<br>**edward.reines@weil.com**<br>**jeffrey.homrig@weil.com** |
| Elizabeth S. Weiswasser, Esq.<br>Weil Gotshal & Manges<br>767 Fifth Avenue<br>New York, NY 10153<br>Tel: 212-310-8000<br>Fax: 212-210-8007 | ☐ Via First Class Mail<br>☐ Via Hand Delivery<br>☐ Via Overnight Courier<br>☐ Via Facsimile<br>☒ **Via Email (PDF file)**<br>**elizabeth.weiswasser@weil.com** |

I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

I declare that I am employed in the office of a member of the Bar of or permitted to practice before this Court at whose direction the service was made.

Executed on December 20, 2007, at East Palo Alto, California.

_____
Christine E. Kunis

1  MARK D. FOWLER (Bar No. 124235)
   mark.fowler@dlapiper.com
2  DAVID ALBERTI (Bar. No. 220625)
   david.alberti@dlapiper.com
3  CHRISTINE K. CORBETT  (Bar No. 209128)
   christine.corbett@dlapiper.com
4  YAKOV M. ZOLOTOREV (Bar No. 224260)
   yakov.zolotorev@dlapiper.com
5  CARRIE L. WILLIAMSON (Bar No. 230873)
   carrie.williamson@dlapiper.com
6
   DLA PIPER US LLP
7  2000 University Avenue
   East Palo Alto, CA  94303-2215
8  Tel:  650.833.2000
   Fax:  650.833.2001
9
   Attorneys for Defendant and Counterclaimant
10 Sun Microsystems, Inc.

11                    UNITED STATES DISTRICT COURT

12                  NORTHERN DISTRICT OF CALIFORNIA

13                       SAN FRANCISCO DIVISION

14
   NETWORK APPLIANCE, INC.,                    CASE NO.  3:07-CV-06053 EDL
15
              Plaintiff – Counterclaim         DEFENDANT AND COUNTERCLAIM-
16            Defendant,                       PLAINTIFF SUN MICROSYSTEMS, INC.'S
                                               SECOND SET OF REQUESTS FOR
17        v.                                   PRODUCTION OF DOCUMENTS TO
                                               PLAINTIFF AND COUNTERCLAIM-
18 SUN MICROSYSTEMS, INC.,                     DEFENDANT NETWORK APPLIANCE,
                                               INC.
19            Defendant – Counterclaim
              Plaintiff.
20

21         Pursuant to Federal Rule of Civil Procedure 34, Defendant and Counterclaimant Sun

22 Microsystems, Inc. ("Sun") requests that Plaintiff Network Appliance, Inc. ("NetApp") produce

23 for inspection and copying all of the following documents and other tangible things that are in its

24 possession, custody or control.  Production shall take place within thirty (30) days of this request,

25 at the offices of DLA Piper, 2000 University Avenue, East Palo Alto, CA 94303-2248 or at such

26 other location and time as the parties agree.  NetApp is subject to a duty to supplement all

27 responses to this request for production in accordance with Federal Rule of Civil Procedure 26(e).

28
                                            -1-

4.    all addresses, recipients, copyholders and other distributes;

5.    the organization, if any, with which each author, addressee, recipient, or distributee was then connected and his job title or description;

6.    the number of pages;

7.    a general summary of the subject matter; and

8.    the grounds for refusing to produce the document or portion thereof.

C.    Any document requested of which NetApp has knowledge or information but that is not in NetApp's possession, custody or control must be identified in the manner set forth in paragraph B hereof.

D.    All documents requested shall be produced as they are kept in the usual course of business or shall be organized and labeled to correspond with the categories in these requests. File folder tabs, file labels, binder labels, binder tabs or other organizational marks or labels that identify documents or the location of documents responsive to these requests shall be produced so as to identify the documents contained within the file or binder.

E.    Electronic records and computerized information must be produced in an intelligible format or together with a description of the system from which it was derived sufficient to permit rendering the materials intelligible.

F.    Selection and numbering of responsive documents shall be performed in such manner as to enable the source of each document to be determined.

G.    The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

H.    The use of the singular form of any word includes the plural and vice versa.

I.    These requests are continuing so that with respect to any request or part thereof as to which NetApp, after responding, discovers additional responsive documents, NetApp shall

-4-

1      ☐    by placing the document(s) listed above in a sealed envelope with postage thereon
              fully prepaid, in the United States mail at East Palo Alto, California addressed as
2             set forth below.

3      ☐    by personally delivering the document(s) listed above to the person(s) at the
              address(es) set forth below.
4

5      ☒    by transmitting via the internet the document(s) listed above to the e-mail
              addressee(s) as set forth below.
6

7

8    **Attorney for Network Appliance, Inc.**

9    Jeffrey G. Homrig, Esq.
     Weil Gotshal & Manges
10   201 Redwood Shores Parkway
     Redwood Shores, CA 94065
11   Tel: (650) 802-3000
     Fax: (650) 802-3100
12   Email: *jeffrey.homrig@weil.com*

13         I am readily familiar with the firm's practice of collection and processing correspondence
     for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same
14   day with postage thereon fully prepaid in the ordinary course of business. I am aware that on
     motion of the party served, service is presumed invalid if postal cancellation date or postage
15   meter date is more than one day after date of deposit for mailing in affidavit.

16         I declare that I am employed in the office of a member of the Bar of or permitted to
     practice before this Court at whose direction the service was made.
17

18         Executed on February 19, 2008, at East Palo Alto, California.

19

20                                          *Christine K Corbett*
                                            Christine K. Corbett
21

22

23

24

25

26

27

28

1  MARK D. FOWLER (Bar No. 124235)
   mark.fowler@dlapiper.com
2  DAVID ALBERTI (Bar. No. 220625)
   david.alberti@dlapiper.com
3  CHRISTINE K. CORBETT  (Bar No. 209128)
   christine.corbett@dlapiper.com
4  YAKOV M. ZOLOTOREV (Bar No. 224260)
   yakov.zolotorev@dlapiper.com
5  CARRIE L. WILLIAMSON (Bar No. 230873)
   carrie.williamson@dlapiper.com
6
   DLA PIPER US LLP
7  2000 University Avenue
   East Palo Alto, CA  94303-2215
8  Tel:  650.833.2000
   Fax:  650.833.2001
9
   Attorneys for Defendant and Counterclaimant
10 Sun Microsystems, Inc.

11                    UNITED STATES DISTRICT COURT

12                  NORTHERN DISTRICT OF CALIFORNIA

13                      SAN FRANCISCO DIVISION

14
   NETWORK APPLIANCE, INC.,            CASE NO.  3:07-CV-06053 EDL
15
              Plaintiff – Counterclaim  **DEFENDANT AND COUNTERCLAIM-**
16            Defendant,                **PLAINTIFF SUN MICROSYSTEMS, INC.'S**
                                        **THIRD SET OF REQUESTS FOR**
17      v.                              **PRODUCTION OF DOCUMENTS TO**
                                        **PLAINTIFF AND COUNTERCLAIM-**
18 SUN MICROSYSTEMS, INC.,              **DEFENDANT NETWORK APPLIANCE,**
                                        **INC.**
19            Defendant – Counterclaim
              Plaintiff.
20

21          Pursuant to Federal Rule of Civil Procedure 34, Defendant and Counterclaimant Sun

22 Microsystems, Inc. ("Sun") requests that Plaintiff Network Appliance, Inc. ("NetApp") produce

23 for inspection and copying all of the following documents and other tangible things that are in its

24 possession, custody or control.  Production shall take place within thirty (30) days of this request,

25 at the offices of DLA Piper, 2000 University Avenue, East Palo Alto, CA 94303-2248 or at such

26 other location and time as the parties agree.  NetApp is subject to a duty to supplement all

27 responses to this request for production in accordance with Federal Rule of Civil Procedure 26(e).

28

                                        -1-

D.    All documents requested shall be produced as they are kept in the usual course of business or shall be organized and labeled to correspond with the categories in these requests. File folder tabs, file labels, binder labels, binder tabs or other organizational marks or labels that identify documents or the location of documents responsive to these requests shall be produced so as to identify the documents contained within the file or binder.

E.    Electronic records and computerized information must be produced in an intelligible format or together with a description of the system from which it was derived sufficient to permit rendering the materials intelligible.

F.    Selection and numbering of responsive documents shall be performed in such manner as to enable the source of each document to be determined.

G.    The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

H.    The use of the singular form of any word includes the plural and vice versa.

I.    These requests are continuing so that with respect to any request or part thereof as to which NetApp, after responding, discovers additional responsive documents, NetApp shall provide such documents immediately after acquiring knowledge of their existence or advise in writing as to why such additional documents cannot be provided immediately.

## **REQUESTS FOR PRODUCTION**

REQUEST FOR PRODUCTION NO. 231:

All specifications, guides, manuals, brochures and catalogs for Each disk drive sold within NetApp's FAS series of products.

REQUEST FOR PRODUCTION NO. 232:

All Communications between You and Emulex.

REQUEST FOR PRODUCTION NO. 233:

All Communications between You and Emulex regarding the InSpeed Switch Core

-4-

1    REQUEST FOR PRODUCTION NO. 291:

2          Documents sufficient to identify any and all use of NetApp's SnapMirror product by

3    NetApp and/or any of its customers.

4    REQUEST FOR PRODUCTION NO. 292:

5          All bills of material for all F-series or FAS filers.

6    REQUEST FOR PRODUCTION NO. 293:

7          All bills of material for all V-series or VAS filers.

8

9    Dated:  April 3, 2008

10

11                                        DLA PIPER US LLP

12                                        By _Christine K. Corbett_

13                                        CHRISTINE K. CORBETT
                                          Attorney for Defendant and Counterclaimant
14                                        SUN MICROSYSTEMS, INC.

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1  MARK D. FOWLER (Bar No. 124235)
   mark.fowler@dlapiper.com
2  DAVID ALBERTI (Bar. No. 220625)
   david.alberti@dlapiper.com
3  CHRISTINE K. CORBETT  (Bar No. 209128)
   christine.corbett@dlapiper.com
4  YAKOV M. ZOLOTOREV (Bar No. 224260)
   yakov.zolotorev@dlapiper.com
5  CARRIE L. WILLIAMSON (Bar No. 230873)
   carrie.williamson@dlapiper.com
6
7  DLA PIPER US LLP
   2000 University Avenue
   East Palo Alto, CA  94303-2215
8  Tel:  650.833.2000
   Fax:  650.833.2001
9
   Attorneys for Defendant and Counterclaimant
10 Sun Microsystems, Inc.

11                    UNITED STATES DISTRICT COURT

12                   NORTHERN DISTRICT OF CALIFORNIA

13                      SAN FRANCISCO DIVISION

14

15 | NETWORK APPLIANCE, INC., | CASE NO.  3:07-CV-06053 EDL (JCS) |
   |---|---|
16 | Plaintiff – Counterclaim Defendant, | **DEFENDANT AND COUNTERCLAIM-PLAINTIFF SUN MICROSYSTEMS, INC.'S FOURTH SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO PLAINTIFF AND COUNTERCLAIM-DEFENDANT NETWORK APPLIANCE, INC.** |
17 | v. | |
18 | SUN MICROSYSTEMS, INC., | |
19 | Defendant – Counterclaim Plaintiff. | |
20

21         Pursuant to Federal Rule of Civil Procedure 34, Defendant and Counterclaimant Sun

22 Microsystems, Inc. ("Sun") requests that Plaintiff Network Appliance, Inc. ("NetApp") produce

23 for inspection and copying all of the following documents and other tangible things that are in its

24 possession, custody or control.  Production shall take place within thirty (30) days of this request,

25 at the offices of DLA Piper, 2000 University Avenue, East Palo Alto, CA 94303-2248 or at such

26 other location and time as the parties agree.  NetApp is subject to a duty to supplement all

27 responses to this request for production in accordance with Federal Rule of Civil Procedure 26(e).

28
                                       -1-

1                   1.     a description of the general type of document, i.e., letter, memorandum,

2 report, miscellaneous note, etc.;

3                   2.     the date;

4                   3.     the author;

5                   4.     all addresses, recipients, copyholders and other distributes;

6                   5.     the organization, if any, with which each author, addressee, recipient, or

7 distributee was then connected and his job title or description;

8                   6.     the number of pages;

9                   7.     a general summary of the subject matter; and

10                   8.     the grounds for refusing to produce the document or portion thereof.

11      C.     Any document requested of which NetApp has knowledge or information but that

12 is not in NetApp's possession, custody or control must be identified in the manner set forth in

13 paragraph B hereof.

14      D.     All documents requested shall be produced as they are kept in the usual course of

15 business or shall be organized and labeled to correspond with the categories in these requests.

16 File folder tabs, file labels, binder labels, binder tabs or other organizational marks or labels that

17 identify documents or the location of documents responsive to these requests shall be produced so

18 as to identify the documents contained within the file or binder.

19      E.     Electronic records and computerized information must be produced in an

20 intelligible format or together with a description of the system from which it was derived

21 sufficient to permit rendering the materials intelligible.

22      F.     Selection and numbering of responsive documents shall be performed in such

23 manner as to enable the source of each document to be determined.

24      G.     The connectives "and" and "or" shall be construed either disjunctively or

25 conjunctively as necessary to bring within the scope of the discovery request all responses that

26 might otherwise be construed to be outside of its scope.

27      H.     The use of the singular form of any word includes the plural and vice versa.

28      I.     These requests are continuing so that with respect to any request or part thereof as

-3-

1  to which NetApp, after responding, discovers additional responsive documents, NetApp shall

2  provide such documents immediately after acquiring knowledge of their existence or advise in

3  writing as to why such additional documents cannot be provided immediately.

4  **<u>REQUESTS FOR PRODUCTION</u>**

5  <u>REQUEST FOR PRODUCTION NO. 294</u>:

6      All Documents, including drafts and notes, Relating To Hitz' "manuscript of a book about

7  NetApp" as set forth in Hitz' May 14, 2008 blog entry.

8  <u>REQUEST FOR PRODUCTION NO. 295</u>:

9      Hitz' "manuscript of a book about NetApp" as set forth in Hitz' May 14, 2008 blog entry.

10  <u>REQUEST FOR PRODUCTION NO. 296</u>:

11      All video or audio recordings of any presentation given by Kleiman, including, but not

12  limited to, Kleiman's presentation titled "Surfing Technology Curves."

13  <u>REQUEST FOR PRODUCTION NO. 297</u>:

14      All drafts of any presentation given by Kleiman, including, but not limited to, Kleiman's

15  presentation titled "Surfing Technology Curves."

16  <u>REQUEST FOR PRODUCTION NO. 298</u>:

17      All articles and drafts thereof, prepared and/or distributed Relating to Kleiman's

18  presentation titled "Surfing Technology Curves."

19

20  Dated:  June 6, 2008

21

22          DLA PIPER US LLP

23          By _____

24          CHRISTINE K. CORBETT

        Attorney for Defendant and Counterclaimant

25          SUN MICROSYSTEMS, INC.

26

27

28

1   MARK D. FOWLER (Bar No. 124235)
    mark.fowler@dlapiper.com
2   DAVID ALBERTI (Bar. No. 220625)
    david.alberti@dlapiper.com
3   CHRISTINE K. CORBETT  (Bar No. 209128)
    christine.corbett@dlapiper.com
4   YAKOV M. ZOLOTOREV (Bar No. 224260)
    yakov.zolotorev@dlapiper.com
5   CARRIE L. WILLIAMSON (Bar No. 230873)
    carrie.williamson@dlapiper.com
6
    DLA PIPER US LLP
7   2000 University Avenue
    East Palo Alto, CA  94303-2215
8   Tel:  650.833.2000
    Fax:  650.833.2001
9
    Attorneys for Defendant and Counterclaimant
10  Sun Microsystems, Inc.

11                         UNITED STATES DISTRICT COURT

12                      NORTHERN DISTRICT OF CALIFORNIA

13                             SAN FRANCISCO DIVISION

14
    NETWORK APPLIANCE, INC.,              CASE NO.  3:07-CV-06053 EDL (JCS)
15
               Plaintiff – Counterclaim   **DEFENDANT AND COUNTERCLAIM-**
16             Defendant,                 **PLAINTIFF SUN MICROSYSTEMS, INC.'S**
                                          **FIFTH SET OF REQUESTS FOR**
17        v.                              **PRODUCTION OF DOCUMENTS TO**
                                          **PLAINTIFF AND COUNTERCLAIM-**
18  SUN MICROSYSTEMS, INC.,               **DEFENDANT NETWORK APPLIANCE,**
                                          **INC.**
19             Defendant – Counterclaim
               Plaintiff.
20

21
         Pursuant to Federal Rule of Civil Procedure 34, Defendant and Counterclaimant Sun
22
    Microsystems, Inc. ("Sun") requests that Plaintiff Network Appliance, Inc. ("NetApp") produce
23
    for inspection and copying all of the following documents and other tangible things that are in its
24
    possession, custody or control.  Production shall take place within thirty (30) days of this request,
25
    at the offices of DLA Piper, 2000 University Avenue, East Palo Alto, CA 94303-2248 or at such
26
    other location and time as the parties agree.  NetApp is subject to a duty to supplement all
27
    responses to this request for production in accordance with Federal Rule of Civil Procedure 26(e).
28

1           8.      the grounds for refusing to produce the document or portion thereof.

2       C.      Any document requested of which NetApp has knowledge or information but that

3   is not in NetApp's possession, custody or control must be identified in the manner set forth in

4   paragraph B hereof.

5       D.      All documents requested shall be produced as they are kept in the usual course of

6   business or shall be organized and labeled to correspond with the categories in these requests.

7   File folder tabs, file labels, binder labels, binder tabs or other organizational marks or labels that

8   identify documents or the location of documents responsive to these requests shall be produced so

9   as to identify the documents contained within the file or binder.

10      E.      Electronic records and computerized information must be produced in an

11  intelligible format or together with a description of the system from which it was derived

12  sufficient to permit rendering the materials intelligible.

13      F.      Selection and numbering of responsive documents shall be performed in such

14  manner as to enable the source of each document to be determined.

15      G.      The connectives "and" and "or" shall be construed either disjunctively or

16  conjunctively as necessary to bring within the scope of the discovery request all responses that

17  might otherwise be construed to be outside of its scope.

18      H.      The use of the singular form of any word includes the plural and vice versa.

19      I.      These requests are continuing so that with respect to any request or part thereof as

20  to which NetApp, after responding, discovers additional responsive documents, NetApp shall

21  provide such documents immediately after acquiring knowledge of their existence or advise in

22  writing as to why such additional documents cannot be provided immediately.

23                      **REQUESTS FOR PRODUCTION**

24  REQUEST FOR PRODUCTION NO. 299:

25      Documents sufficient to show each Ethernet switch or Fibre Channel switch supplied to or

26  distributed by NetApp since September 2007.

27  REQUEST FOR PRODUCTION NO. 300:

28      Documents sufficient to show the unit number sales of each Ethernet switch or Fibre

-4-

1    <u>REQUEST FOR PRODUCTION NO. 334</u>:

2          Documents related to agreements, contracts, purchase orders, memoranda of

3    understanding, letters of intent, or term sheets between NetApp and QLogic and Documents.

4    <u>REQUEST FOR PRODUCTION NO. 335</u>:

5          Documents Relating to configurations of Ethernet switches or Fibre Channel switches

6    supplied by NetApp, including documents related to the NetApp's switched environment and

7    Fabric MetroCluster configuration.

8

9    Dated:  June 20, 2008

10

11                                         DLA PIPER US LLP

12                                         By  *Carrie L Williamson*

13                                         CHRISTINE K. CORBETT
                                           CARRIE L. WILLIAMSON
14                                         Attorney for Defendant and Counterclaimant
                                           SUN MICROSYSTEMS, INC.

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MARK D. FOWLER (Bar No. 124235)
mark.fowler@dlapiper.com
DAVID ALBERTI (Bar. No. 220625)
david.alberti@dlapiper.com
CHRISTINE K. CORBETT  (Bar No. 209128)
christine.corbett@dlapiper.com
YAKOV M. ZOLOTOREV (Bar No. 224260)
yakov.zolotorev@dlapiper.com
CARRIE L. WILLIAMSON (Bar No. 230873)
carrie.williamson@dlapiper.com

DLA PIPER US LLP
2000 University Avenue
East Palo Alto, CA  94303-2215
Tel:  650.833.2000
Fax:  650.833.2001

Attorneys for Defendant and Counterclaimant
Sun Microsystems, Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| NETWORK APPLIANCE, INC.,<br><br>        Plaintiff – Counterclaim<br>        Defendant,<br><br>    v.<br><br>SUN MICROSYSTEMS, INC.,<br><br>        Defendant – Counterclaim<br>        Plaintiff. | CASE NO.  3:07-CV-06053 EDL (JCS)<br><br>**DEFENDANT AND COUNTERCLAIM-PLAINTIFF SUN MICROSYSTEMS, INC.'S SIXTH SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO PLAINTIFF AND COUNTERCLAIM-DEFENDANT NETWORK APPLIANCE, INC.** |

Pursuant to Federal Rule of Civil Procedure 34, Defendant and Counterclaimant Sun Microsystems, Inc. ("Sun") requests that Plaintiff Network Appliance, Inc. ("NetApp") produce for inspection and copying all of the following documents and other tangible things that are in its possession, custody or control.  Production shall take place within thirty (30) days of this request, at the offices of DLA Piper, 2000 University Avenue, East Palo Alto, CA 94303-2248 or at such other location and time as the parties agree.  NetApp is subject to a duty to supplement all responses to this request for production in accordance with Federal Rule of Civil Procedure 26(e).

1   as to identify the documents contained within the file or binder.

2         E.     Electronic records and computerized information must be produced in an

3   intelligible format or together with a description of the system from which it was derived

4   sufficient to permit rendering the materials intelligible.

5         F.     Selection and numbering of responsive documents shall be performed in such

6   manner as to enable the source of each document to be determined.

7         G.    The connectives "and" and "or" shall be construed either disjunctively or

8   conjunctively as necessary to bring within the scope of the discovery request all responses that

9   might otherwise be construed to be outside of its scope.

10        H.    The use of the singular form of any word includes the plural and vice versa.

11        I.     These requests are continuing so that with respect to any request or part thereof as

12  to which NetApp, after responding, discovers additional responsive documents, NetApp shall

13  provide such documents immediately after acquiring knowledge of their existence or advise in

14  writing as to why such additional documents cannot be provided immediately.

15                                    **REQUESTS FOR PRODUCTION**

16  <u>REQUEST FOR PRODUCTION NO. 337</u>:

17        Documents identifying any NetApp product that includes two or more AMD processors

18  distributed by NetApp since September 2001.

19  <u>REQUEST FOR PRODUCTION NO. 338</u>:

20        Documents identifying the unit number sales of each NetApp product that includes two or

21  more AMD processors, listed by model number, distributed by NetApp since September 2001.

22  <u>REQUEST FOR PRODUCTION NO. 339</u>:

23        Documents sufficient to identify each NetApp customer or end user that has purchased a

24  NetApp product that includes two or more AMD processors from NetApp since September 2001.

25  <u>REQUEST FOR PRODUCTION NO. 340</u>:

26        NetApp specifications, guides, manuals, brochures, or catalogs containing mention of,

27  reference to, or describing AMD processors in NetApp products that include two or more AMD

28  processors.

1    operation of AMD processors within NetApp products.

2    REQUEST FOR PRODUCTION NO. 350:

3          Communications between NetApp and AMD related to or referring to Sun, Civil Action

4    No. 3:07-cv-06053 or any claims asserted therein, without regard to when such communication

5    occurred or when such document was created.

6    REQUEST FOR PRODUCTION NO. 351:

7          Documents related to agreements, contracts, purchase orders, memoranda of

8    understanding, letters of intent, Communications, or term sheets between NetApp and AMD.

9    REQUEST FOR PRODUCTION NO. 352:

10          Documents from AMD describing the internal structure, function, and operation of AMD

11    processors supplied by AMD to NetApp.

12    REQUEST FOR PRODUCTION NO. 353:

13          Documents related to memory management or cache management within NetApp

14    products that include two or more AMD processors.

15    REQUEST FOR PRODUCTION NO. 354:

16          Documents from AMD describing the instruction set of AMD processors supplied by

17    AMD to NetApp.

18    REQUEST FOR PRODUCTION NO. 355:

19          Documents created by NetApp or AMD describing the buffer configuration within

20    NetApp products that include two or more AMD processors.

21    Dated:  June 30, 2008

22

23                                    DLA PIPER US LLP

24                              By    _Christine K. Corbett_

25                                    CHRISTINE K. CORBETT
                                      CARRIE L. WILLIAMSON
26                                    Attorney for Defendant and Counterclaimant
                                      SUN MICROSYSTEMS, INC.

27

28

DLA PIPER US LLP     WEST\21458110.1          DEFENDANT SUN'S SIXTH SET OF RFPS TO PLAINTIFF NETAPP/ CASE NO. 3:07-CV-06053 EDL .