# Exhibit J


| Office Action Summary | Application No. | Applicant(s) |
|---|---|---|
|  | 10/105,034 | KLEIMAN ET AL. |
|  | Examiner | Art Unit |
|  | Than Nguyen | 2187 |

-- *The MAILING DATE of this communication appears on the cover sheet with the correspondence address* --

**Period for Reply**

A SHORTENED STATUTORY PERIOD FOR REPLY IS SET TO EXPIRE 3 MONTH(S) FROM THE MAILING DATE OF THIS COMMUNICATION.
- Extensions of time may be available under the provisions of 37 CFR 1.136(a). In no event, however, may a reply be timely filed after SIX (6) MONTHS from the mailing date of this communication.
- If the period for reply specified above is less than thirty (30) days, a reply within the statutory minimum of thirty (30) days will be considered timely.
- If NO period for reply is specified above, the maximum statutory period will apply and will expire SIX (6) MONTHS from the mailing date of this communication.
- Failure to reply within the set or extended period for reply will, by statute, cause the application to become ABANDONED (35 U.S.C. § 133).
- Any reply received by the Office later than three months after the mailing date of this communication, even if timely filed, may reduce any earned patent term adjustment. See 37 CFR 1.704(b).

**Status**

1) ☒ Responsive to communication(s) filed on *22 February 2005*.
2a) ☐ This action is **FINAL**.     2b) ☒ This action is non-final.
3) ☐ Since this application is in condition for allowance except for formal matters, prosecution as to the merits is closed in accordance with the practice under *Ex parte Quayle*, 1935 C.D. 11, 453 O.G. 213.

**Disposition of Claims**

4) ☒ Claim(s) *17-38 and 42-83* is/are pending in the application.
   4a) Of the above claim(s) _____ is/are withdrawn from consideration.
5) ☒ Claim(s) *34-38,43,44,48,49 and 69-80* is/are allowed.
6) ☒ Claim(s) *17-33,42,45-47,50-68 and 81-83* is/are rejected.
7) ☐ Claim(s) _____ is/are objected to.
8) ☐ Claim(s) _____ are subject to restriction and/or election requirement.

**Application Papers**

9) ☐ The specification is objected to by the Examiner.
10) ☒ The drawing(s) filed on *21 March 2002* is/are: a) ☒ accepted or b) ☐ objected to by the Examiner.
    Applicant may not request that any objection to the drawing(s) be held in abeyance. See 37 CFR 1.85(a).
    Replacement drawing sheet(s) including the correction is required if the drawing(s) is objected to. See 37 CFR 1.121(d).
11) ☐ The oath or declaration is objected to by the Examiner. Note the attached Office Action or form PTO-152.

**Priority under 35 U.S.C. § 119**

12) ☐ Acknowledgment is made of a claim for foreign priority under 35 U.S.C. § 119(a)-(d) or (f).
    a) ☐ All  b) ☐ Some *  c) ☐ None of:
       1. ☐ Certified copies of the priority documents have been received.
       2. ☐ Certified copies of the priority documents have been received in Application No. _____.
       3. ☐ Copies of the certified copies of the priority documents have been received in this National Stage application from the International Bureau (PCT Rule 17.2(a)).
    * See the attached detailed Office action for a list of the certified copies not received.

**Attachment(s)**

1) ☐ Notice of References Cited (PTO-892)
2) ☐ Notice of Draftsperson's Patent Drawing Review (PTO-948)
3) ☒ Information Disclosure Statement(s) (PTO-1449 or PTO/SB/08)
    Paper No(s)/Mail Date *2/22/05*.
4) ☐ Interview Summary (PTO-413)
    Paper No(s)/Mail Date. _____.
5) ☐ Notice of Informal Patent Application (PTO-152)
6) ☐ Other: _____.

U.S. Patent and Trademark Office
PTOL-326 (Rev. 1-04)         Office Action Summary         Part of Paper No./Mail Date 20050510

715 CFH 0625

Application/Control Number: 10/105,034  Page 2
Art Unit: 2187

## DETAILED ACTION

### *Continued Examination Under 37 CFR 1.114*

1. A request for continued examination under 37 CFR 1.114, including the fee set forth in 37 CFR 1.17(e), was filed in this application after final rejection. Since this application is eligible for continued examination under 37 CFR 1.114, and the fee set forth in 37 CFR 1.17(e) has been timely paid, the finality of the previous Office action has been withdrawn pursuant to 37 CFR 1.114. Applicant's submission filed on 2/22/05 has been entered.

2. The amendment, filed 2/22/05, has been entered.

3. Claims 17-38,42-83 are pending.

4. In response to the amendment to the title, the previous objection to the title is withdrawn. The IDS, filed 2/22/05, has been considered.

### *Response to Arguments*

5. Applicant's arguments filed 2/22/05 have been fully considered but they are not persuasive. With regards to the 35 USC 101 rejection, Applicant's arguments are not persuasive. In re Breslow pertains to a transitory phenomena in chemical reactions. This is not related to Applicant's claimed invention, which is an electromagnetic signal on a network carrying a program/method. Therefore, In re Breslow is not in an analogous technology. In computer related inventions, electromagnetic signals that are not tangible embodiments and are not limited to statutory subject, and are nonstatutory. The previous 35 USC 101 rejection is maintained.

6. Applicant's arguments, see pages 20-23, filed 2/22/05, with respect to claims 17-38,42-83 have been fully considered and are persuasive. The rejection of these claims has been withdrawn. The prior art does not suggest mapping each data block with a respective storage

Application/Control Number: 10/105,034 Page 3
Art Unit: 2187

block across the plurality of stripes and transmitting that mapping to the storage device manager for processing a single write transaction.

## *Claim Rejections - 35 USC § 112*

7. Claims 17,42,45,46,47,51,81,82,83 recites the limitation "the mapping" in the second to the last line. There is insufficient antecedent basis for this limitation in the claim. Applicant uses the verb mapping but never generated a mapping or map. Claim language change is required. The Examiner also requests Applicant show the support for generating a mapping, in the specification.

8. Claims 18-33,52-68 are also rejected for incorporating the deficiencies of the parent claim.

9. Claims 47,50,83 are rejected under 35 U.S.C. 112, first paragraph, as failing to comply with the enablement requirement. The claim(s) contains subject matter which was not described in the specification in such a way as to enable one skilled in the art to which it pertains, or with which it is most nearly connected, to make and/or use the invention. Applicant does not have support for electromagnetic signals carrying instructions for performing a method. The specification does not have support for the above limitation. Applicant must point out where this limitation is defined and disclosed.

10. Claims 47,50,83 are rejected under 35 U.S.C. 112, second paragraph, as being indefinite for failing to particularly point out and distinctly claim the subject matter which applicant regards as the invention. Applicant claims electromagnetic signals and also a method. It is unclear as what is being claimed, electronic signals or a method of operation. If electromagnetic

Application/Control Number: 10/105,034                                                                 Page 4
Art Unit: 2187

signals are being claimed, electromagnetic signals are not tangible embodiments and are not limited to statutory subject, and, are therefore non-statutory. If a method is being claimed, Applicant must modify the claim language to only claim the steps of the method.

### *Claim Rejections - 35 USC § 101*

11. Claims 47,50,83 are rejected under 35 U.S.C. 101 because the claimed invention is directed to non-statutory subject matter. These claims claim electromagnetic signals propagating on a computer network. These claimed inventions are not statutory subject matter as the claims are not <u>tangibly embodied.</u>

### *Allowable Subject Matter*

12. Claims 17-33,42,45,46,51-68,81,82 would be allowable if rewritten to overcome the rejection(s) under 35 U.S.C. 112, 2nd paragraph, set forth in this Office action and to include all of the limitations of the base claim and any intervening claims.

13. Claims 34-38,43,44,48,49,69-80 are allowed for the above reasons.

### *Conclusion*

Any inquiry concerning this communication or earlier communications from the examiner should be directed to Than Nguyen whose telephone number is 571-272-4198. The examiner can normally be reached on 8am-3pm M-F.

If attempts to reach the examiner by telephone are unsuccessful, the examiner's supervisor, Donald Sparks can be reached on (571) 272-4201. The fax phone number for the organization where this application or proceeding is assigned is 703-872-9306.

Application/Control Number: 10/105,034                                                          Page 5
Art Unit: 2187

      Information regarding the status of an application may be obtained from the Patent Application Information Retrieval (PAIR) system. Status information for published applications may be obtained from either Private PAIR or Public PAIR. Status information for unpublished applications is available through Private PAIR only. For more information about the PAIR system, see http://pair-direct.uspto.gov. Should you have questions on access to the Private PAIR system, contact the Electronic Business Center (EBC) at 866-217-9197 (toll-free).

      Than Nguyen
Examiner
Art Unit 2187