Douglas R. Schwartz (State Bar #98666)
Scott R. Lovernick (State Bar #233755)
SCHWARTZ & CERA LLP
44 Montgomery Street, Suite 3850
San Francisco, California 94104
Telephone: (415) 956-2600
Facsimile: (415) 438-2655

Attorneys for
ORRICK, HERRINGTON & SUTCLIFFE, LLP
Non-Party Respondent

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| NETWORK APPLIANCE, INC., <br><br> Plaintiff-Counterclaim Defendant, <br><br> vs. <br><br> SUN MICROSYSTEMS, INC., <br><br> Defendant-Counterclaimant. | Case Number: 3:07-CV-06053 EDL (JCS) <br><br> **DECLARATION OF MATTHEW J. HULT IN SUPPORT OF NON-PARTY RESPONDENT ORRICK HERRINGTON & SUTCLIFFE, LLP'S OPPOSITION TO SUN MICROSYSTEMS, INC.'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS** <br><br> Date:  August 12, 2008 <br> Time:  9:30 a.m. <br> Courtroom: E, 15th Floor <br> Hon. Elizabeth D. Laporte |

I, Matthew J. Hult, hereby declare as follows:

1.  I am a partner in the law firm of Orrick, Herrington & Sutcliffe LLP, and am a member of the Firm's Risk Management Committee. I am licensed to practice law in the State of California and admitted to appear before this Court. The matters contained in this declaration are of my own personal knowledge and, if called as a witness, I could and would testify competently to the matters set forth herein.

2. As a member of Orrick's Risk Management Committee, I serve as Orrick's counsel on various matters, including assisting in responding to subpoenas issued on the firm.

3. On or about January 22, 2008, counsel for Sun Microsystems ("Sun"), Carrie L. Williamson, served Orrick a subpoena in this action.

4. The subpoena called for, *inter alia*, materials from a trade secrets litigation venued in the mid-1990's in Santa Clara County Superior Court, entitled *The Whipsaw Group, et al., v. Network Appliance Corporation, etc, at al.,* Santa Clara Superior Court Case No. CV 742186, ("*Whipsaw* matter"). In approximately 1995 and 1996, Orrick represented Dr. Michael Malcolm, one of the founders of Network Appliance, in the *Whipsaw* matter. The Whipsaw matter was heavily litigated for approximately two years and involved multiple parties and third parties. Several Orrick attorneys and staff worked on the matter. The litigation generated numerous volumes of pleadings, correspondence and other documentation, much of that consisting of attorney work product or otherwise privileged material.

5. After receiving the subpoena, Orrick researched whether any materials that may be responsive to the subpoena were still in Orrick's possession. We learned that Orrick still possessed, in an off-site storage facility, files from the *Whipsaw* matter, including the working files of the attorneys and staff who worked on it.

6. Orrick did not want to incur expenses litigating to quash Sun's subpoena. At the same time, Orrick wanted to ensure that any response to the subpoena would not distract Orrick attorneys and staff from their client work. As a result, the firm hired a local firm, Schwartz and Cera LLP, to assist it with the review and response to Sun's subpoena.

7. On or about July 8, 2008, Sun filed an expedited motion to compel production of documents in response to the subpoena. The Court denied Sun's application for an expedited briefing schedule on or about July 17, 2008. In that Order, the Court required the parties to meet and confer in advance of the hearing on the motion to compel.

8. Since the Court issued its Order, I have attempted to meet and confer with Sun's counsel on three separate occasions. On Friday, July 18, I telephoned and left a message for Mark Fowler, one of the DLA partners representing Sun. On Monday, July 21, 2008, I telephoned and left

-2-

a second message for Mr. Fowler. After not hearing from Mr. Fowler, I then telephoned Christine Corbett, another partner at DLA who represents Sun. Neither Mr. Fowler nor Ms. Corbett returned my voice messages until Ms. Corbett did today at approximately 1:30 PM. By that time, Orrick's opposition papers were essentially complete.

9. Though Ms. Corbett and I had a good and frank discussion about the issues related to Sun's motion and the subpoena it served on Orrick, we did not reach agreement over Orrick's copy vendor fees.

I declare under penalty of perjury that the foregoing is true and correct. Executed on July 22, 2008 in San Francisco, California.

/s/
Matthew J. Hult