Douglas R. Schwartz (State Bar #98666)
Scott R. Lovernick (State Bar #233755)
SCHWARTZ & CERA LLP
44 Montgomery Street, Suite 3850
San Francisco, California 94104
Telephone: (415) 956-2600
Facsimile: (415) 438-2655

Attorneys for
ORRICK, HERRINGTON & SUTCLIFFE, LLP
Non-Party Respondent

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| NETWORK APPLIANCE, INC.,<br><br>Plaintiff-Counterclaim Defendant,<br><br>vs.<br><br>SUN MICROSYSTEMS, INC.,<br><br>Defendant-Counterclaimant. | Case Number: 3:07-CV-06053 EDL (JCS)<br><br>**DECLARATION OF AMY DALTON IN SUPPORT OF NON-PARTY RESPONDENT ORRICK HERRINGTON & SUTCLIFFE, LLP'S OPPOSITION TO SUN MICROSYSTEMS, INC.'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS**<br><br>Date:         August 12, 2008<br>Time:        9:30 a.m.<br>Courtroom: E, 15th Floor<br>Hon. Elizabeth D. Laporte |

I, Amy Dalton, hereby declare as follows:

1. I am a Senior Paralegal with the law firm of Orrick, Herrington & Sutcliffe LLP. The matters contained in this declaration are of my own personal knowledge and, if called as a witness, I could and would testify competently to the matters set forth herein.

2. I have worked as a paralegal for eight years. I earned my associates degree in paralegal studies from De Anza College in 2002. From approximately May of 2000 until April of 2004, I worked as a paralegal for Howrey LLP (at the time known as Howrey Simon Arnold &

-1-

White) in Howrey's Menlo Park office. Since April 2004, I have worked at Orrick as a paralegal in Orrick's Menlo Park office.

3. During this time, I have had extensive experience handling both large and small document productions. I have worked with both hard copies of documents and electronically-stored information. The degree of copying difficulty has varied greatly with each production.

4. When dealing with a set of original hard-copies of documents, where many are in bad physical shape, it has been my experience, as well as the experience of other paralegals whom I have worked with, to create a control set of documents. Creating a control set provides many benefits. First, the control set ensures that the original documents will not be misplaced. Second, the control set helps make the review process more efficient and manageable. Third, because some of the documents are in poor condition, creating a control set leads to more legible copies.

5. I assisted Orrick's counsel, Schwartz and Cera LLP, in reviewing and responding to a subpoena issued by Sun Microsystems in this action. Another Orrick paralegal, Brooke Roundy, has also assisted Orrick's counsel. I managed Ms. Roundy on this project.

6. Orrick's original documents related to the *Whipsaw* matter were not easily copied. Some were in bad physical shape. Others were of poor copy quality. Orrick's vendor charged a higher rate to create an initial copy set of these documents because they were difficult to copy. Orrick's vendor charged a lower rate to then scan the documents pulled from the "control set." Had Orrick's vendor initially scanned Orrick's original documents, it would have charged Orrick a higher rate compared to what it charged when scanning the control set, because the control set was easily scanned, whereas the original documents would have been difficult to scan (for the same reasons that they were difficult to copy).

7. For the reasons set forth above, it was appropriate to create a control set of the documents identified as potentially responsive to Sun's subpoena. After the control set was reviewed and narrowed for final production, the vendor was directed to scan and label the documents that Orrick eventually produced to Sun. As discussed above, processing these kinds of documents in this manner is consistent with how Orrick generally handles these kinds of document productions for its own clients.

1        8.    I have spent 29.25 hours working on this project. My billing rate is $235/hour. Ms. Roundy has spent 37.85 hours working on this project. Her billing rate is $140/hour. I understand that if Mr. Roundy and I had performed this work on behalf of a client, Orrick would charge the client $12,172.25 for the time we spent on this project (29.25 x $235 = $6,873.25; 37.85 x $140 = $5299.00; $6,873.25 + $5,299.00 = $12,172.25).

      I declare under penalty of perjury that the foregoing is true and correct. Executed on July 22, 2008 in San Francisco, California.

                                              /s/
                                            Amy Dalton

DALTON DECL ISO ORRICK'S OPPOSITION TO SUN'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS
CASE NO. 3:07-CV-06053 EDL (JCS)