

DLA Piper US LLP
2000 University Avenue
East Palo Alto, California 94303-2214
www.dlapiper.com

Christine Corbett
Christine.corbett@dlapiper.com
T  650.833.2141
F  650.833.2001

August 29, 2008

OUR FILE NO. 347155-29

*VIA E-FILE*

Magistrate Judge Elizabeth D. Laporte
450 Golden Gate Avenue
San Francisco, CA 94102

Re:   **Network Appliance, Inc. v. Sun Microsystems, Inc., U.S.D.C., Case No. C-07-06053 EDL**

Dear Magistrate Judge Laporte:

Pursuant to your Honor's request, Sun Microsystems, Inc. ("Sun") submits the following letter concerning the parties' dispute regarding the fact discovery cut-off date. Sun attempted to meet-and-confer with NetApp on this issue, but NetApp was unable to do so until close to 11:00 a.m. today. During the parties telephone conference, NetApp agreed to extend the fact discovery cut-off date to February 20, 2009 (as proposed by Sun), but only if Sun agreed to an August 24, 2009 trial date.

NetApp's request is completely contrary to the Court's Case Management Scheduling Order (Dkt. #20). Indeed, during the Case Management Conference, the Court and the parties explicitly discussed the timing of when to set the trial date in this case. This discussion was memorialized in the Court's Case Management Scheduling Order wherein the Court ordered "[a]fter the Court construes the claims, it will set a further case management conference, ***during which it will set prompt dates for the rest of the case***." (Dkt. #20) (emphasis added).

NetApp's attempt to dodge the Court's explicit Order is disconcerting, especially in light of the fact that the discovery cut-of date must be extended as a result of NetApp's continued failure to timely produce documents. As the Court is aware, Sun raised its concern regarding NetApp's slow production of documents in June, 2008. In response, the Court required the parties to submit a Joint Status Report Regarding Document Production ("Joint Report"), setting the forth the expected completion date of documents vis-à-vis the identified custodians. In the Joint Report, NetApp represented that document production for all custodians would be complete by July 25. However, as of August 29, production for numerous custodians remains incomplete.

In addition to NetApp's failure to produce documents from its custodians, NetApp also has failed to produce documents responsive to Sun's document requests. For example, in December, 2007, Sun requested all documents relating to the Whipsaw Litigation. NetApp did not begin to produce these documents until August, 2008 (and only after Sun repeatedly asked for the production of these documents). To date, the production of the Whipsaw related documents are still not complete.

**DLA PIPER**

Magistrate Judge Elizabeth D. Laporte
August 29, 2008
Page Two

NetApp also has not yet produced documents responsive to Sun's third set of document requests (served in April, 2008), fourth set of document requests (served in June, 2008), fifth set of document requests (served in June, 2008) and sixth set of document requests (served in June, 2008). Even more troubling, during meet-and-confer conferences, it has become apparent that NetApp has not even collected the documents responsive to these requests.

As a result of NetApp's delinquent document production, Sun has been forced to postpone several depositions. In April, 2008, Sun began the meet-and-confer process to schedule depositions of the NetApp inventors. Of the nine NetApp inventors, Sun has only deposed 2 of them. By way of example, Sun requested the deposition of Stephen Strange (inventor of the '715 patent) in April, 2008. To date, Mr. Strange's deposition has not taken place and, in fact, has been rescheduled three times because NetApp has been unable to complete his document production prior to the deposition.

In addition to the inventors, Sun also requested the deposition of NetApp's fifteen custodians. To date, no custodian depositions have been conducted (though some have been scheduled). In early August, Sun also served a 30(b)(6) deposition notice. NetApp has indicated that the noticed date may not work, but has not provided any alternative dates for this important deposition.

In sum, Sun has, at least, 22 outstanding depositions that must be conducted before the close of fact discovery. These numbers do not take into account any third-party depositions (which cannot yet be determined as a result of NetApp's failure to produce documents relating to these third-parties).

In light of this outstanding discovery, there is no dispute (and NetApp agrees) that the fact discovery cut-off date should be extended to February 20, 2009. Instead, the dispute is now whether Sun should be forced to commit to a trial date today. As discussed above, not only is this contrary to the Court's explicit Order, but the landscape of the case is too ambiguous to set a trial date. Indeed, the parties have indicated that there may be additional terms in the patents at issue during claim construction that will need construction and the parties will need to address the remaining patents that were not part of the August 27, 2008 claim construction hearing. In other words, requiring the setting of a trial date is premature and precisely why the Court ordered that the remaining dates of the case schedule be set at a further case management conference.

**DLA PIPER**

Magistrate Judge Elizabeth D. Laporte
August 29, 2008
Page Three

For the reasons set forth herein, Sun respectfully requests that the close of fact discovery (and all dates triggered therefrom) be continued to February 20, 2009. Per the Court's Case Management Order, Sun respectfully requests that a discussion of remaining case dates be determined at a further case management conference.

Respectfully,

DLA PIPER US LLP

*[signature]*

Christine K. Corbett
christine.corbett@dlapiper.com

CKC/cm

WEST\21501619.1

3