1  MATTHEW D. POWERS (Bar No. 104795)
   matthew.powers@weil.com
2  EDWARD R. REINES (Bar No. 135960)
   edward.reines@weil.com
3  JEFFREY G. HOMRIG (Bar No. 215890)
   jeffrey.homrig@weil.com
4  JILL J. HO (Bar No. 236349)
   jill.ho@weil.com
5  WEIL, GOTSHAL & MANGES LLP
   Silicon Valley Office
6  201 Redwood Shores Parkway
   Redwood Shores, CA 94065
7  Telephone: (650) 802-3000
   Facsimile: (650) 802-3100

   Attorneys for Plaintiff-Counterclaim Defendant
   NETWORK APPLIANCE, INC.,

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| NETWORK APPLIANCE, INC. | Case No. 3:07-CV-06053-EDL |
| Plaintiff-Counterclaim Defendant, | **NETAPP'S OPPOSITION TO SUN'S *EX PARTE* APPLICATION TO SHORTEN TIME** |
| v. | |
| SUN MICROSYSTEMS, INC. | |
| Defendant-Counterclaim Plaintiff. | |

Pursuant to Civil Local Rule 6-3(c), Plaintiff NetApp, Inc. opposes Sun's *Ex Parte* Application to Shorten Time ("Motion to Shorten Time").

Sun's request to shorten time appears to be a reflexive attempt to fast-track its Motion to Stay, rather than a considered approach to streamlining the issues in this case. Indeed, Sun offers no persuasive basis for slicing NetApp's time to respond to the Motion to Stay nearly in half, while preserving fully its own time to reply. Homrig Decl. at ¶2.[1] Although it argues that this request to shorten time will "avoid unnecessary discovery," Sun provides no concrete examples. Motion to Shorten Time at 2, 3. Nor could it, given that discovery related to the '211 patent overlaps with discovery related to the '292 patent, which is not subject to the Motion to Stay and which shares the same inventors and accused products. Homrig Decl. at ¶3. Sun's second purported basis – that this request will prevent the Court from "incur[ring] additional time and resources construing the terms of the '211 patent" – is mooted by the Court's September 10 Claim Construction Order. Motion to Shorten Time at 3. Moreover, to the extent that there are further claim construction proceedings – for example, follow up to the Court's request that the parties meet and confer about its Claim Construction Order – such proceedings would not be heard under the normal briefing schedule until after the regularly-noticed hearing on Sun's Motion to Stay. Simply put, NetApp deserves a full and fair opportunity to respond to the Motion, and Sun has failed to meet its burden of showing that an expedited schedule is warranted.

Even if the Court were inclined to expedite the schedule, Sun's proposal is inequitable. Yet again, Sun seeks to advance the hearing date on a motion by dramatically reducing both NetApp's time to respond and the Court's time to consider the papers, while preserving its full time to reply. Homrig Decl. at 4. This is simply unfair. If the issues presented by Sun's Motion to Stay were indeed as simple and straightforward as Sun claims, it could advance the hearing date by waiving its Reply or by shortening the deadline for filing it.[2] Thus, if the Court is amenable to an expedited schedule, it should advance the parties' respective briefing

---

[1] All citations are to the Declaration of Jeffrey G. Homrig In Support of NetApp's Opposition to Sun's *Ex Parte* Application to Shorten Time, filed herewith, unless otherwise noted.

[2] Indeed, Sun's attempt to preserve its full 7 days for reply belies the accuracy of this claim.

deadlines by an equal number of days, so that Sun bears its fair share of the burden of expediting the Motion to Stay.

For the reasons stated above. NetApp respectfully requests that the Court deny Sun's Motion to Shorten Time.

Dated: September 11, 2008     WEIL, GOTSHAL & MANGES LLP

  */s/ Jeffrey G. Homrig*
Jeffrey G. Homrig

Attorneys for NetApp., Inc.