IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NETWORK APPLIANCE INC, | No. C-07-06053 EDL |
| Plaintiff, | **FURTHER ORDER CONSTRUING CLAIMS** |
| v. | |
| SUN MICROSYSTEMS INC, | |
| Defendant. | |

In its September 10, 2008 claim construction order, the Court ordered the parties to further meet and confer regarding two claim terms. In light of the parties' agreement, the Court hereby construes the term "completing said write operation within said local processing node" from the '095 patent as occurring "when the data corresponding to the write operation is readable by a read operation within the local processing node to the same address as the write operation," and construes the term "completing said write operation with respect to said processor" as occurring "when the data corresponding to the write operation is readable by a read operation by the processor to the same address as the write operation."

The Court construes the term "meta-data for successive states of said file system" as "information describing the entire structure of the active file system (such as the on-disk root inode) at a series of successive points in time." As NetApp notes, construing meta-data as a copy of the structure of the active file system would potentially introduce ambiguity into the claim, because one could misinterpret the phrase "copy of the structure of the active file system" as referring to a snapshot, rather than to the active file system. Such a construction would lead to a confused result, because the method would be circular (snapshots would be created by copying snapshot data). In addition, the specification notes that "when a third snapshot is created, the root inode pointing to the

active file system is copied into the inode entry 2110C for the third snapshot in the inode file 2110." Id. at 20:32-35. Thus, the specification further indicates that meta-data should not be construed as a copy of the active file system's structure, but rather as information describing the structure itself, which is then copied.

Sun does not explain why the phrase "copy of" should be kept in the construction. Rather, Sun argues that the claim term must describe the structure of the entire active file system, not just a small part thereof. Leaving the phrase "copy of" in the construction of the term, however, does not remedy this problem. Instead, the Court's construction makes clear that the information describes the entire structure of the active file system.

**IT IS SO ORDERED.**

Dated: September 29, 2008

*Elizabeth D. Laporte*
ELIZABETH D. LAPORTE
United States Magistrate Judge