1

2

3

4

5        IN THE UNITED STATES DISTRICT COURT

6        FOR THE NORTHERN DISTRICT OF CALIFORNIA

7

8    NETWORK APPLIANCE INC,                         No. C-07-06053  EDL

9            Plaintiff,                              **ORDER REGARDING NETWORK**
                                                     **APPLIANCE INC'S MOTION FOR**
10       v.                                          **LEAVE TO FILE MOTION FOR**
                                                     **RECONSIDERATION OR, IN THE**
11   SUN MICROSYSTEMS INC,                           **ALTERNATIVE, FOR ENTRY OF FINAL**
                                                     **JUDGMENT**
12           Defendant.
     _____/

13

14            NetApp has moved for leave to file a motion for reconsideration of this Court's September

15   10, 2008 Order Construing Claims with respect to the claims of U.S. Patent No. 7,200,715 and the

16   term "incore root inode" in U.S. Patent No. 6,892,211.  In the alternative, NetApp moves for entry of

17   final judgment as to the '715 patent pursuant to Rule 54(b).

18   **Leave to File Motion for Reconsideration**

19            Under Local Rule 7-9, a party moving for leave to file a motion for reconsideration must

20   specifically show: (1) that at the time of the motion for leave, a material difference in fact or law

21   exists from that which was presented to the Court before entry of the interlocutory order for which

22   reconsideration is sought.  The party also must show that in the exercise of reasonable diligence the

23   party applying for reconsideration did not know such fact or law at the time of the interlocutory

24   order; or (2) the emergence of new material facts or a change of law occurring after the time of such

25   order; or (3) a manifest failure by the Court to consider material facts or dispositive legal arguments

26   which were presented to the Court before such interlocutory order.  While NetApp argues that it met

27   the third requirement, the Court disagrees.

28

**United States District Court**
For the Northern District of California

**United States District Court**
For the Northern District of California

1    NetApp contends that the Court failed to consider material facts or dispositive legal

2    arguments, but NetApp either failed to timely raise these arguments before the Court's claim

3    construction ruling, or attempts to reargue points that the Court has already considered and rejected.

4    With respect to the Court's conclusion that the claim terms "associating the data blocks with one or

5    more storage blocks across the plurality of stripes as an association" and "the association to

6    associate the data blocks with one or more storage blocks across the plurality of stripes" render the

7    claims of the '715 patent indefinite, the Court applied the standard for indefiniteness set forth in

8    Exxon Research and Eng'g Co. v. U.S., 265 F.3d 1371, 1375 (Fed. Cir. 2001).  See Order

9    Construing Claims 54-58.  The Court considered NetApp's claim construction arguments and the

10   opinions of its expert, Dr. Ganger.  Id. at 56.  NetApp's disagreement with the Court's conclusion is

11   not grounds for reconsideration.

12       NetApp also raises new arguments and presents new evidence on the '715 patent that were

13   not previously argued or presented to the Court.  See Homrig Decl. Exs. A and B.  NetApp has

14   failed to make the showing required under Local Rule 7-9 for leave to file a motion for

15   reconsideration.  This Local Rule is designed to promote the just, speedy and inexpensive (or, at

16   least, less expensive) determination of every action, as required by Rule 1 of the Federal Rules of

17   Civil Procedure.  It would be unworkably burdensome, inefficient and unfair for the Court to hear

18   new arguments that could have been made prior to its rulings.  Further, a legal argument and

19   supporting evidence purportedly important enough to warrant reconsideration should not be

20   relegated to a footnote in an opposition brief in an attempt to preserve the contention that the Court

21   manifestly failed to consider facts or argument.  See NetApp Resp. Br. at 32 n.11 (docket no. 114).

22   Cf. SmithKline Beecham Corp. v. Apotex Corp., 439 F.3d 1312, 1320 (Fed. Cir. 2006) ("arguments

23   raised in footnotes [in opening appellate briefs] are not preserved").  NetApp's motion for leave to

24   file a motion for reconsideration is DENIED as to the '715 patent.

25       With respect to the term "incore root inode" of the '211 patent, however, the parties did not

26   propose a separate construction for this term, which the Court construed when it became apparent

27   that was necessary to differentiate between incore and on-disk root inodes.  Order Construing

28   Claims 60.  Out of an abundance of caution, the Court is willing to consider whether this term

requires additional clarification and allow the parties to address this limited issue.  The parties shall

meet and confer on whether the construction of the term "incore root inode" of the '211 patent needs

fine tuning, and file a joint letter within two weeks of the date of this order.

**Entry of Final Judgment**

Alternatively, NetApp moves for entry of final judgment with respect to the '715 patent

pursuant to Rule 54(b) of the Federal Rules of Civil Procedure.  The Court must determine (1)

whether there is a final judgment, and (2) whether there is any just reason for delay.  Curtiss-Wright

Corp. v. General Elec. Co., 446 U.S. 1, 7-8.  Rule 54(b) certification is left to the sound discretion of

the district court: "Not all final judgments on individual claims should be immediately appealable,

even if they are in some sense separable from the remaining unresolved claims."  Id. at 8.  Rule

54(b) certification resulting in piecemeal appeals is inappropriate in cases that should be given

unitary review.  See Intergraph Corp. v. Intel Corp., 253 F.3d 695, 699 (Fed. Cir. 2001).  Here, the

'715 patent is one of twenty patents in suit.  The Court is tentatively inclined not to advance the

entry of final judgment on the '715 patent, thereby allowing multiple appeals.  If NetApp wishes to

raise this issue, however, it may file a motion to be heard on a normal schedule.

**IT IS SO ORDERED.**

Dated: October 22, 2008

_Elizabeth D. Laporte_
_____
ELIZABETH D. LAPORTE
United States Magistrate Judge

**United States District Court**
For the Northern District of California

3