IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NETWORK APPLIANCE INC,<br><br>          Plaintiff,<br><br>   v.<br><br>SUN MICROSYSTEMS INC,<br><br>          Defendant.<br>_____ / | No. C-07-06053  EDL<br><br>**ORDER REGARDING OCTOBER 10, 2008 JOINT LETTER BRIEF** |

   On October 10, 2008, the parties submitted a joint letter brief raising a discovery dispute that arose during the depositions of Charles Milligan and George Rudeseal.  Having reviewed the letter brief, on this limited record without the benefit of further background information or legal authority, the Court concludes as follows:

   (1)   Charles Milligan: although Mr. Milligan went on answer some questions at his deposition, he did not answer others after being instructed by counsel not to answer.  The instructions not to answer were excessive in failing to distinguish between communications on the subject of business advice and those on the subject of legal advice and failing to allow exploration of the former.  See, e.g., Milligan Dep. 188:14-23; 206:7-12.  Even though business advice and legal advice do overlap somewhat in the context of the strategies raised at Mr. Milligan's deposition, they are not completely coextensive, and the former is a proper subject of inquiry, even if it involves communications with an attorney.  "Calling the lawyer's advice 'legal' or 'business' advice does not help in reaching a conclusion; it is the conclusion. . . . What matters is whether the lawyer was employed with or without 'reference to his knowledge and discretion in the law,' to give the advice."  U.S. v. Chen, 99 F.3d 1495, 1502 (9th Cir. 1996) (quoting 8 J. Wigmore, Evidence § 2296

(McNaughton rev. ed. 1961)).  Also, the Court is inclined to the view that Mr. Milligan can testify generally as to his job duties and the basic strategies at issue, without breaching the attorney-client privilege, although details of the strategies, such as potential litigation, might be privileged.

(2) George Rudeseal: it appears likely that the instructions to the witness were justified, although if he or anyone else had any role in setting his hourly rate beyond what he was told to do by Sun's counsel for litigation purposes, he should answer the question.

As Sun has represented that it has agreed to make the witnesses available for further deposition, the parties shall meet and confer about those depositions in light of the Court's instructions.  Furthermore, if NetApp contends that Sun improperly withheld documents, the parties shall meet and confer in light of this order.  If necessary, the parties may file a joint letter brief raising additional issues not addressed here.

**IT IS SO ORDERED.**

Dated: October 22, 2008

_____
ELIZABETH D. LAPORTE
United States Magistrate Judge

2