IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NETWORK APPLIANCE INC,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>SUN MICROSYSTEMS INC,<br><br>　　　　Defendant.　　　　　　　　　／ | No. C-07-06053  EDL<br><br>**ORDER DENYING SUN MICROSYSTEM, INC.'S RENEWED MOTION FOR PARTIAL STAY** |

Sun Microsystems Inc.'s renewed motion for partial stay of the case pending reexamination of United States Patent No. 6,892,211, docket number 146, was heard on October 10, 2008. Having read all the papers submitted and carefully considered the relevant legal authority and the argument of counsel, the Court hereby DENIES Sun's motion for the following reasons.

**I.     BACKGROUND**

The Court previously granted Sun's request for a stay pending the Patent and Trademark Office's reexamination of Patent No. 6,857,001, and denied Sun's request for a stay pending reexamination of Patent No. 5,819,292 and the '211 patent. See May 23, 2008 Order (docket no. 68). On August 28, 2008, the PTO issued its initial office action regarding the '211 patent based on twelve prior art references, and found sixteen bases for rejecting the claims. On September 8, 2008, Sun renewed its motion for a stay of the '211 patent, contending that it is now highly likely that the claims of the '211 patent will be invalidated or substantially narrowed during the reexamination proceeding.

//

1    The Court issued its Order Construing Claims on September 10, 2008.  The Court has set a
2 hearing on summary judgment motions on NetApp's patents on June 18, 2009, and on Sun's patents
3 on June 25, 2009.  No trial date has been set.

## II. LEGAL STANDARD

As noted in the Court's May 23, 2008 Order, reexamination is a procedure by which a person can request that the PTO reexamine or reevaluate the validity of a United States patent that has already issued.  35 U.S.C. § 302.  Courts have the discretion to stay judicial proceedings pending patent reexamination, but are not required to do so.  Fresenius Medical Care Holdings, Inc. v. Baxter Intern, Inc., Case No. 03-1431, 2007 WL 1655625 at *2 (N.D. Cal. 2007).  In determining whether to stay this case pending re-examination, the Court considers factors such as (1) the stage of the case; (2) whether a stay will simplify the court proceedings; and (3) whether a stay would unduly prejudice or present a clear tactical disadvantage to the nonmoving party.  Telemac Corp. v. Teledigital, Inc., 450 F.Supp.2d 1107, 1111 (N.D. Cal. 2006).

## III. DISCUSSION

Having weighed the factors for determining whether to stay pending reexamination, the Court concludes that while the question is a close one, partially staying the case pending reexamination of the '211 patent is not warranted.

The case is further along than it was five months ago when the Court denied Sun's first request for a stay.  The Court has construed some claim terms of the patent and, although discovery is far from complete, one inventor has already been deposed and NetApp has already produced over three million pages of documents.

With respect to simplification of litigation, the PTO has rejected the claims of the '211 patent based on twelve prior art references, and on numerous grounds.  Sun argues that should the PTO reject the claims and find the patent invalid based on prior art, no further litigation would be necessary.  Even if some claims survive reexamination, they may be modified and statements made by the parties during reexamination may be relevant to construction of surviving claims.  NetApp counters that there is no basis for Sun's statement that, in light of the initial office rejection, it is highly likely that all claims will be invalidated or substantially narrowed during reexamination.

2

The recently released Sedona Conference paper entitled <u>Reexamination Practice with Concurrent District or USITC Patent Litigation</u> by Robert Greene Sterne, et al. (the "Sterne Paper") reveals that the PTO almost always grants initial rejections in <u>inter partes</u> reexaminations against all claims. Sterne Paper at 32 and Attachment (<u>Inter Partes</u> Reexamination Filing Data, June 30, 2008). Thus, the Court gets only limited guidance from initial actions as to the ultimate outcome. Indeed, denials, which are the exception, may shed more light than grants, which are the rule. Furthermore, the possibility of conflicting results between the Court and the PTO do not compel staying the action. Indeed, it is possible that in the event of a conflict, the Federal Circuit may affirm the district court's determination on validity. <u>See</u>, <u>e.g.</u>, <u>Technology Licensing Corp. v. Videotek, Inc.</u>, ___ F.3d ____, 2008 WL 4529095 at *12 (Fed. Cir., October 10, 2008).

Finally, NetApp would face a tactical disadvantage if the '211 patent litigation is stayed, as the Court noted in its May 23, 2008 order. NetApp argues that the tactical disadvantage is even greater now because it would reduce NetApp potentially to only one patent at trial. Sun points out correctly that NetApp chose to have claims construed in the '211 patent although it was on notice that the Court might reconsider staying the proceedings as to the '211 patent depending on subsequent action by the PTO. May 23, 2008 Order at 8. Sun also points out that NetApp can prioritize one of its other patents in suit instead. Nonetheless, NetApp understandably prefers to make its own strategic and tactical decisions in the litigation.

Importantly, undue delay that would frustrate effective case management is highly likely in light of the following observations in the Sterne Paper. First, the median time from filing date to certificate issue date is 31.0 months, and the average pendency is 32.7 months. Sterne Paper, Attach. ¶ 6 (<u>Inter Partes</u> Reexam. Data). Second, although the PTO is trying to improve the efficiency and quality of patent reexamination and give priority to patents stayed in litigation, patents of the type at issue here -- electrical/software/business method arts -- represent a disproportionate and increasing share of all reexaminations and take longer than other groups to result in a final action. <u>Id</u>. at 29-30, 32. Furthermore, reexamination requests are trending upward. <u>Id</u>., Attach. ¶ 3. Thus, it is unclear at best whether the PTO will keep pace with the increase in reexamination requests, much less improve the average time. Third, the PTO has an uncertain and

3

time-consuming appeal process: the Board of Patent Appeals & Interferences ("BPAI") has decided only three inter partes reexaminations, each of which resulted in a non-final, non-appealable decision and was remanded to the examiner for further prosecution. Id. at 10-11.

Furthermore, only twenty-seven inter partes reexamination certificates issued from 1999 to present, which is too limited a sample from which to draw a robust conclusion that NetApp's patents in reexamination are as likely to be significantly altered or invalidated as these twenty-seven. Id., Attach. ¶ 7. While the majority resulted in all claims cancelled (twenty-one certificates) or claims changed (four certificates), in many cases the patent holder abandoned its defense of the patent by failing to respond to office actions and the like, as noted in the Court's May 23, 2008 Order at 5. There is no showing that NetApp would do so with respect to the '211 patent. On balance, therefore, the scale tips somewhat against staying the litigation as to the '211 patent, for the reasons set forth in the previous opinion and for the reasons stated here.

Although the '292 patent was not the subject of Sun's motion, Sun has since represented to the Court that the PTO has issued an office action rejecting the claims of the '292 patent, and that it intended to apply for a stay as to that patent. It appears to the Court, and the parties seem to agree, that similar reasoning in favor of and against such a stay would apply. Therefore, Sun may not bring a motion to stay the '292 patent at this time, absent a valid, potentially decisive distinction.

## IV.     CONCLUSION

For the foregoing reasons, Sun's renewed motion for partial stay pending reexamination of the '211 patent is DENIED (docket no. 146).

**IT IS SO ORDERED.**

Dated:   November 3, 2008

*Elizabeth D. Laporte*

ELIZABETH D. LAPORTE
United States Magistrate Judge

4