1  MATTHEW D. POWERS (Bar No. 104795)
   matthew.powers@weil.com
2  EDWARD R. REINES (Bar No. 135960)
   edward.reines@weil.com
3  JEFFREY G. HOMRIG (Bar No. 215890)
   jeffrey.homrig@weil.com
4  JILL J. HO (Bar No. 236349)
   jill.ho@weil.com
5  WEIL, GOTSHAL & MANGES LLP
   Silicon Valley Office
6  201 Redwood Shores Parkway
   Redwood Shores, CA 94065
7  Telephone: (650) 802-3000
   Facsimile: (650) 802-3100
8
   Attorneys for Plaintiff-Counterclaim Defendant
9  NETAPP, INC.,

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| NETWORK APPLIANCE, INC.<br><br>Plaintiff-Counterclaim Defendant,<br><br>v.<br><br>SUN MICROSYSTEMS, INC.<br><br>Defendant-Counterclaim Plaintiff. | Case No. 3:07-CV-06053-EDL<br><br>**[PROPOSED] ORDER GRANTING IN PART AND DENYING IN PART NETAPP, INC.'S MOTION TO COMPEL PRODUCTION RE: PRODUCTS CONTAINING ZFS**<br><br>Hon. Elizabeth D. Laporte |

1  The Court has reviewed the briefs submitted in connection with NetApp's Motion to Compel Production Re: Products Containing ZFS and considered the arguments made during the April 7, 2009 hearing. For good cause shown, the Court GRANTS IN PART AND DENIES IN PART the motion, as follows:

<u>Technical and development information concerning accused products</u>: NetApp has identified for Sun the hardware features of Sun's accused products that NetApp considers "pertinent" to the asserted claims of NetApp's patents-in-suit. The parties are directed to meet and confer concerning a stipulation regarding whether the hardware components required by the asserted claims of the NetApp patents-in-suit are present in the accused products. For each hardware component that Sun does not stipulate is present in the accused products, Sun shall produce technical documents sufficient to establish the claim limitations in the asserted claims of the patents-in-suit, if any such documents exist. If, after receiving Sun's production in response to this Order, NetApp believes that Sun's document production concerning the technical aspects of the accused hardware products remains deficient, the parties shall meet-and-confer regarding the scope of Sun's production and whether additional production of documents is appropriate.

<u>Design and Development of Thumper and Thor</u>: The Court denies NetApp's motion to compel to the extent that it seeks all design and development documents relating to Thumper and Thor.

<u>Technical and development information concerning embodying products</u>: Sun shall produce technical documents sufficient to describe the pertinent features of any product that it currently contends embodies one or more of the Sun patents-in-suit, as well as documents sufficient to describe the design and development of these pertinent features, if any such documents exist. Hearing Transcript, at 15:15-21. If, after receiving Sun's production in response to this Order, NetApp believes that Sun's document production concerning the technical aspects of the products identified as embodying one or more of the Sun patents-in-suit remains deficient, the parties shall meet-and-confer regarding the scope of Sun's production and whether additional production of documents is appropriate.

Financial information concerning accused products: Sun agreed to produce financial documents and information with respect to Amber Road, Thumper, Thor, and any hardware product that is sold with ZFS or Solaris 10 preinstalled, or for which the customer requested ZFS or Solaris 10, and services (such as installation, support, training, or other services) related to such products. Hearing Transcript, at 23:1-11. If Sun's search for information responsive to this category reveals types of services that are offered solely with respect to hardware components that are not pertinent to NetApp's patents-in-suit, Sun shall inform NetApp of this discovery and the parties shall meet and confer about whether production of financial documents and information concerning such services is appropriate. "Financial documents and information" means documents or information sufficient to show the revenues; profits; margins; payments made to or received from a third party; the cost of goods sold; operating expenses; the number of units sold, licensed, or distributed; the month and year (or specific date) in which each such sale, license, or distribution occurred; the identity of the entity to which each such sale, license, or distribution was made; and the methods and calculation of these figures; to the extent such documents or information exist.

Marketing information: During the hearing, Sun acknowledged that it has "already agreed to produce the marketing materials for the hardware products that can support Solaris 10 as the operating system, regardless of whether or not that marketing material references ZFS." Hearing Transcript, at 22:21-24. In addition, Sun shall produce marketing materials that relate to Solaris 10. As used in the first two sentences of this paragraph, "marketing materials" includes not only presentations made to customers or prospective customers, but also internal documents such as market and customer studies, surveys, research reports, dashboards, training (e.g., sales training), marketing fact books, "go to market" plans, "playbooks," "business intelligence dashboards," "life cycle" documents, and competitive analysis, to the extent that these documents are discernable and exist, and other similar documents or information concerning Solaris 10, or hardware products in relation to Solaris 10.

Use documents: During the hearing, Sun indicated that it had already agreed to produce documents sufficient to describe the use of ZFS. This applies to any and all copies of

ZFS, however obtained by a customer or user (e.g., downloaded as part of Solaris, pre-installed on a Sun hardware platform; installed on a third-party product), to the extent such information exists, and includes documents reflecting information collected through automatic support features (such as information available on the "Explorer" tool).  *See generally* Hearing Transcript, at 30:21-31:4, 34:21-35:2.  If there are additional mechanisms that track the file system and/or how it is used, Sun will produce information collected by these mechanisms as well.  If Sun does not identify and produce any additional responsive information, it shall provide a supporting declaration from persons most knowledgeable that makes clear what reasonable search was performed and identifies the results of that search.. *Id.* at 35:4-9.

<u>Sales documents</u>:  Sun shall produce documents responsive to Request No. 177 with respect to Solaris 10, including documents that discuss hardware products in relation to Solaris 10.  Responsive documents include business projections, sales forecasts, business plans, and other, similar, documents.  If after investigating this issue Sun contends that a collection and production of documents identified in the first sentence of this paragraph that are responsive to this request would be burdensome, Sun shall provide a reasonable proposal to NetApp as to how to cut back on the scope of collection and production, while still producing the relevant documents.

<u>Search for Documents</u>: At the hearing, the Court directed the parties to meet and confer and agree on a testing mechanism to ensure that the search methods employed by Sun are sufficiently capturing responsive documents.  Hearing Transcript, at 26:17-18, 28:1-12.  The Court is informed that the parties have conferred and have agreed on the following:

*Search terms*:  To the extent that Sun relied on electronic searching for documents based on key words, Sun shall also perform a search for documents containing the following search queries:  (1) "Solaris" and "storage"; (2) "Solaris" and ("file system" or "filesystem"); (3) ("openstorage" or "open storage") and dated after May 1, 2008.

Sun shall make its best effort to produce the documents referenced above within 14 days of the date of this Order.  If document production cannot be completed within 14 days, Sun shall notify NetApp promptly and identify a specific date by which the production shall be

1  complete.  The parties are directed to meet-and-confer about what further relief is appropriate in
2  light of this Order and Sun's production of documents and information in compliance with it.
3  Nothing in this Order shall be construed as altering the parties' existing discovery agreements or
4  relieving a party of producing documents or information that it previously agreed to produce.
5       IT IS SO ORDERED.

7  Dated:   May 5, 2009
8                                          _____
                                            Honorable Elizabeth D. Laporte
                                            Judge Elizabeth D. Laporte

