UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| NETWORK APPLIANCE, INC., <br><br> Plaintiff/Counterdefendant, <br><br> v. <br><br> SUN MICROSYSTEMS, INC., <br><br> Defendant/Counterplaintiff. | CASE NO. 3:07-CV-06053 EDL <br><br> **STIPULATED ADDENDUM TO FIRST AMENDED PROTECTIVE ORDER** <br><br> CASE NOS. 3:07-CV-05488 EDL; 3:08-CV-01641 EDL <br><br> **STIPULATED ADDENDUM TO PROTECTIVE ORDER** |

Plaintiff Network Appliance, Inc. ("Plaintiff"), Defendant Sun Microsystems, Inc. ("Defendant") and non-party Fujitsu Limited ("Fujitsu"), by and through their respective counsel, hereby stipulate to the following Addendum to the First Amended Protective Order ("Protective Order") in this action for the protection of "Highly Confidential Information" (as defined in Paragraph 9 of the Protective Order) documents of non-party Fujitsu, whether produced or disclosed by Fujitsu or by any party or third party, which may be revealed in connection with this action ("Fujitsu Confidential Information").

WHEREAS, Fujitsu is not a party to this litigation; and

WHEREAS Fujitsu wishes to protect all Fujitsu Confidential Information which may be disclosed in this action by Fujitsu or by any party or third party;

The parties and Fujitsu agree and stipulate to the following Addendum to the Protective Order ("Addendum"):

1. Notwithstanding Paragraph 10 of the Protective Order permitting access to "Highly Confidential Information" documents to designated in-house counsel, materials designated "Attorneys' Eyes Only-Non Party Fujitsu" may only be disclosed to: (1) the court, jury, and court personnel; (2) outside counsel of record for the parties to this action, which category is limited to Weil, Gotshal and Manges LLP on behalf of Plaintiff and DLA Piper LLP (US) on behalf of Defendant, including the partners, associates and employees of these firms; (3)

non-party consultants and experts (as defined in Paragraph 10(d) of the Protective Order) actually retained or employed by outside counsel of record to advise or to assist counsel in the preparation and/or trial of this action to the extent reasonably necessary to advise or to assist counsel in the preparation and/or trial of this action; and (4) outside vendors that provide photocopying, document processing, translation or graphics services to outside counsel to assist such counsel in the preparation and trial of this action.

2. In the event that a party plans to disclose Fujitsu Confidential Information to an expert (as defined by Paragraph 10(d) of the Protective Order), the party proposing such disclosure shall, at least seven (7) business days prior to such disclosure, provide notice to Fujitsu. If Fujitsu objects to the disclosure of Fujitsu Confidential Information to the expert, Fujitsu will serve a written objection within seven (7) business days of receipt of the information set forth above, which objection shall state the basis for Fujitsu's objection. Fujitsu and the party proposing disclosure shall confer in an attempt to resolve the objection. If Fujitsu and the party proposing disclosure are not able to resolve the objection, Fujitsu may file a motion in support of its objection within seven (7) business days after such conference. If no motion is filed, Fujitsu shall be deemed to have withdrawn its objection. In any motion pursuant to this paragraph, Fujitsu shall bear the burden of proof of establishing that the expert should not have access to the Fujitsu Confidential Information. No disclosure of Fujitsu Confidential Information shall be made to the proposed expert until Fujitsu and the party proposing disclosure resolve the matter, the objection is withdrawn, or the Court permits such disclosure.

3. Notwithstanding any contrary provision of the Protective Order, in the event that a party wishes to elicit testimony or use or disclose documents or transcripts at trial, hearing or any other proceeding which contain or refer to Fujitsu Confidential Information, the party shall request (i) that the Fujitsu Confidential Information be filed under seal, (ii) that the portions of the record of any proceeding containing Fujitsu Confidential Information be sealed; (iii) that persons other than outside counsel of record in this action (expressly excluding an in-house counsel of the parties), outside consultants and experts (as defined by Paragraph 10(d) of the Protective Order), court personnel, jurors, and court reporters be excluded from the proceedings during the

1  disclosure of Fujitsu Confidential Information.

2      4.    The party planning to use or disclose Fujitsu Confidential Information during trial,
3  hearing or other proceeding shall provide written notice to Fujitsu of such intent at least seven (7)
4  business days prior to the proceeding. Such notice shall be served on Masanori Niwa, Director,
5  Industry Relations Division, Intellectual Property Unit, FUJITSU LIMITED.

6      5.    Notwithstanding any contrary provisions of the Protective Order, Fujitsu
7  Confidential Information shall be used solely in preparation for the trial and/or appeal of the
8  above-identified action. Fujitsu Confidential Information shall not be used or disclosed at any
9  other time or for any other purpose whatsoever.

10     6.    Subject to the foregoing additional restrictions and limitations, Fujitsu
11 Confidential Information shall be subject to the remaining terms of the original Protective Order
12 in this case.

1   IT IS SO STIPULATED.

2   Dated: August 24, 2009                      Dated: August 28, 2009

3

4

5   By /s/ Azra Hadzimehmedovic                 By /s/ Carrie L. Williamson
        MATT POWERS                                 MARK D. FOWLER
6       EDWARD R. REINES                            DAVID ALBERTI
        JEFFREY G. HOMRIG                           CHRISTINE K. CORBETT
7       JILL J. HO                                  YAKOV M. ZOLOTOREV
        WEIL, GOTSHAL & MANGES LLP                  CARRIE L. WILLIAMSON
8       Attorneys for Plaintiff                     Attorneys for Defendant,
        Network Appliance, Inc.                     Sun Microsystems, Inc.
9
        Counsel for Plaintiff                       Counsel for Defendants
10

11  Dated: August 24, 2009

12

13

14  By /s/ Michael T. Shpizner
        MICHAEL T. SHPIZNER
15      VICE PRESIDENT AND
        GENERAL COUNSEL
16      FUJITSU AMERICA, INC.

17      Counsel for Non-Party Fujitsu Limited

18

19

20  IT IS SO ORDERED.

21  Dated: August 31, 2009

22                                              IT IS SO ORDERED
                                                /s/ Elizabeth D. Laporte
23                                              Judge Elizabeth D. Laporte

24

25

26

27

28