1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**United States District Court**
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SUN MICROSYSTEMS INC,                          No. C-08-01641  EDL
                                               No. C-07-06053  EDL
          Plaintiff,                           No. C-07-05488  EDL

   v.

NETWORK APPLIANCE,                             **ORDER REGARDING OCTOBER 7, 2009
                                               JOINT LETTER BRIEFS**

          Defendant.
_____/

          On October 7, 2009 the parties submitted two joint letter briefs raising discovery disputes

that have arisen in the above-named cases.  Having reviewed the letter briefs, on this limited record

without the benefit of further background information, deposition transcripts or legal authority, the

Court provides the following guidance:

(1)       Issues that arose during the deposition of NetApp's in-house counsel, Gary Ross

          a.       Instruction not to answer questions on basis of privilege

          Sun asks the Court to rule on at least 15 unidentified privilege objections, but has only

identified one specific objection.  Sun specifically challenges NetApp's privilege objection to a

question about who was involved in the selection of patents to assert against Sun.  Based on the

information provided, the Court would be inclined to grant a motion challenging this objection.  The

Court orders the parties to meet and confer regarding the challenged objections immediately.  If the

parties cannot agree following further conference, the Court will entertain a joint statement of no

more than five pages total per side on, at most, five remaining objections.  The parties shall file any

such statement within 14 days from the date of this Order and provide a copy of the relevant

portions of the deposition transcript along with the statement.

**United States District Court**
For the Northern District of California

b.    Claw-back of an allegedly privileged document

NetApp argues that a March 2004 email regarding Mr. Ross' idea to establish a patent monetization group (email to management regarding a licensing structure) is privileged and was inadvertently produced.  It argues that the email demonstrates that Mr. Ross gave his advice regarding various licensing issues ("intellectual property NetApp could license, discriminatory licensing, licensing restrictions, and timing issues relating to NetApp patent prosecution") with reference to "knowledge and discretion in the law."  Sun counters that the email does not contain legal advice, and also that NetApp has previously taken depositions of several Sun employees regarding patent monetization and argued that discussions regarding this topic are not privileged. NetApp is hereby ordered to provide a copy of the challenged document to the Court, and may also file a one page commentary about what it contends is privileged.  The Court will conduct an in camera review of the document.

c.    Preparation of 30(b)(6) deponent

Sun argues that Mr. Ross was unprepared to discuss specifics of patent license agreements between NetApp and third parties, and refused to answer some unspecified questions on the basis that they required a "legal conclusion."  Sun seeks an Order "requiring NetApp to prepare a witness to testify regarding agreements between NetApp and third-parties relating to patent licensing."  Sun specifically challenges NetApp's objection to a question about whether NetApp's product DataONTAP is licensed under an Intel-NetApp agreement.  NetApp counters that Sun is seeking a legal opinion on the hypothetical question of whether, if Intel developed a similar product, Intel would be licensed to use it.  NetApp argues that answering this question would require a legal opinion on license scope.

In order to rule on the specific question relating the Intel-NetApp agreement, the Court will entertain briefing of no more than three pages per side on the propriety of NetApp's objection.  The parties shall file any such briefs within 14 days from the date of this Order and provide a copy of the relevant portions of the deposition transcript along with their briefs.  The Court notes that, so far, Sun has not made a showing that Mr. Ross' testimony was generally deficient enough for the Court to Order another 30(b)(6) deposition on topics on which he has already been questioned.

**United States District Court**
For the Northern District of California

(2)      Sun's Identification of Tom Georgens As Document Custodian

NetApp objects to identification of Mr. Georgens on the basis that Sun expressed no interest in him until he was recently named CEO, that Sun can obtain complete discovery without him, and that discovery as to him is cumulative.  It argues that the only documents Sun has identified to support its claim that discovery from Mr. Georgens is necessary are a months-old press release relating to a NetApp-Onaro merger and months-old earnings call statements relating to SANScreen, and that these do not meaningfully tie him to any claim or issue in the case and in any event put Sun on notice as to his potential relevance long before he became CEO.  Sun counters that Mr. Georgens' public statements about SANScreen are relevant, and that he received internal communications from employees regarding the success of the acquisition and the importance of SANScreen to NetApp.  Sun does not offer an explanation for waiting until after he was named CEO to seek discovery from him, or explain the relevance of the internal communications.

While the information provided is insufficient for the Court to make a final decision, without further justification from Sun, the Court would be inclined to deny Sun's request for this discovery. It appears that Mr. Georgens' testimony may be cumulative of that given by other deponents and Sun has not identified any specific information that Mr. Georgens has that it could not obtain from these other sources.

**IT IS SO ORDERED.**

Dated: October 14, 2009

_Elizabeth D. Laporte_
_____
ELIZABETH D. LAPORTE
United States Magistrate Judge