IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

NETWORK APPLIANCE, INC.,

    Plaintiff,

v.

SUN MICROSYSTEMS INC.,

    Defendant.

No. C-07-06053 EDL

**ORDER TO TEMPORARILY FILE UNDER SEAL COURT'S NOVEMBER 17, 2009 SUMMARY JUDGMENT ORDERS**

    The Court hereby ORDERS that the following Orders, filed on November 17, 2009, are temporarily filed under Seal: Order Granting Sun's Motion No. 1 For Summary Judgment of Non-Infringement of U.S. Patent No. 6,892,211, Order Granting Sun's Motion No. 2 For Summary Judgment of Non-Infringement of U.S. Patent No. 6,892,211, Order Granting NetApp's Motion For Summary Judgment of Non-Infringement of U.S. Patent No. 5,925,106, and Order Granting NetApp's Motion For Summary Judgment of Non-Infringement of U.S. Patent No. 5,459,857. The Court intends to publish these four Orders in their entirety in the public record within ten (10) days of the date of this Order.

    The Court does not believe that any of these Orders contains confidential information such that the Orders, or any portion thereof, should be sealed. However, if any party believes that the Court's Orders contain confidential information entitled to protection, that party shall file with the Court a declaration establishing why such protection is warranted and providing any proposed redactions not later than one week from the date of this Order. The Court cautions parties that there is a "strong presumption in favor of access" to Court files, especially those relating to case-dispositive motions and related documents, and a party seeking protection of such documents must present "'compelling reasons' sufficient to outweigh the public's interest in disclosure and justify sealing court records." See Kamakana v. City and County of Honolulu, 447 F.3d 1172, 1179 (9th

Cir. 2006). The "compelling reasons" standard is invoked even if the dispositive motion, or its attachments, were previously filed under seal or protective order. See Foltz v. State Farm Mut. Automobile Ins. Co., 331 F.3d 1122, 1136 (9th Cir. 2003) ("[T]he presumption of access is not rebutted where . . . documents subject to a protective order are filed under seal as attachments to a dispositive motion. The . . . 'compelling reasons' standard continues to apply."). A "good cause" showing, without more, will not satisfy the "compelling reasons" test and documents and/or briefs that do not satisfy this test may accordingly be re-designated as public information upon proper request. Id. Additionally, any request for protection should rigorously comply with the requirement of Local Rule 79-5 that it be "narrowly tailored to seek sealing of only sealable information." The Court will not entertain requests for blanket sealing of the Orders, nor will it consider requests made without presenting compelling reasons for keeping the information sought to be protected confidential.

**IT IS SO ORDERED.**

Dated: November 16, 2009

ELIZABETH D. LAPORTE
United States Magistrate Judge