IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

NETWORK APPLIANCE, INC.,

    Plaintiff,

v.

SUN MICROSYSTEMS INC.,

    Defendant.

No. C-07-06053 EDL

**ORDER REGARDING SEALING OF PORTIONS OF NOVEMBER 5, 2009 JOINT LETTER BRIEF AND RELATED DOCUMENTS**

On November 5, 2009, the parties submitted a joint letter brief regarding a discovery dispute over the consequences of an internal email produced by Sun in August 2009 as document SUN05523442. Sun initially requested that the original joint letter brief be filed under seal on the basis that it referenced and described the contents of a document and a deposition transcript that Sun previously designated "highly confidential" on the basis that they "would cause competitive harm to Sun's business operations or provide an improper advantage to others," without further explanation. NetApp opposed the request to seal, arguing that Sun's own designation of the underlying document as "highly confidential" is insufficient to justify sealing, that Sun's justification for sealing is boilerplate, and that Sun has not made a particularized showing of good cause to warrant protection. Thereafter, Sun was given an opportunity to respond to NetApp's Objection and filed additional briefing. Having considered all of the briefing and related documents on this matter, the Court finds that Sun has not made a sufficient showing of good cause to justify sealing the November 5, 2009 joint letter brief, portions of NetApp's Opposition to Sun's request to seal portions of the letter and portions of the Beebe Declaration in support thereof, and portions of Sun's Response to NetApp's Opposition and portions of the Williamson Declaration filed in support thereof.

1    Sun bears the burden of showing specific that prejudice or harm will result if no protective
2    order is granted. See Phillips ex rel. Estates of Byrd v. General Motors Corp., 307 F.3d 1206, 1210 -
3    1211 (9th Cir. 2002). If the Court finds particularized harm will result from disclosure of
4    information to the public, then it balances the public and private interests to decide whether a
5    protective order is necessary. Id. (citing Glenmede Trust Co. v. Thompson, 56 F.3d 476, 483 (3d
6    Cir. 1995)).

7    Sun's request does not meet the requirement of Local Rule 79-5 that the document, or
8    portions thereof, "is privileged or protectable as a trade secret or otherwise entitled to protection
9    under the law . . . A stipulation, or a blanket protective order that allows a party to designate
10   documents as sealable, will not suffice to allow the filing of documents under seal." Sun relies
11   solely on the standard in the Protective Order in place between the parties which allows documents
12   to be designated "Highly Confidential" if they have "not been made public, the disclosure of which .
13   . . could cause harm to the business operations of the disclosing party or provide improper advantage
14   to others," such as trade secrets. Sun argues that the email was intentionally sent to only one person,
15   and therefore has not been made public within or outside of Sun (see Wong Decl. ¶3), but this alone
16   does not make it privileged or protectable. Sun also argues that it will be harmed by disclosure of
17   the information contained in the email and its disclosure will provide an improper advantage to
18   others because current and potential customers, as well as Sun employees, could take certain
19   statements in the email out of context and make business decisions adverse to Sun based on these
20   incorrect beliefs. Sun further contends that protection is warranted because NetApp has stated that it
21   will share the document with NetApp personnel managing the litigation and customers or other third
22   parties who enquire about the merits of the litigation if it is not sealed. Finally, according to Sun,
23   the email relates to NetApp's '715 patent, which this Court already invalidated, and is irrelevant to
24   the current patents-in suit. None of these arguments, either taken alone or together, amount to the
25   "particularized showing" of harm required for sealing. The underlying email does not reveal
26   confidential or trade secret information, and Sun's concern that portions of the email might be taken
27   out of context by the public and internal staff is insufficient to outweigh the public's strong interest
28   in open courts, particularly since Sun is free to compete in the marketplace of ideas by countering

with its own interpretation of the statements in context and to point out any lack of relevance.

Sun also argues that NetApp has used the same "boilerplate language" to justify sealing of documents, without a particularized showing of harm. The Court rejects Sun's "two wrongs make a right" argument. However, both parties are reminded that boilerplate language, without a particularized showing of harm, does not meet the Court's standard for sealing and will not suffice going forward.

**IT IS SO ORDERED.**

Dated: November 30, 2009

*Elizabeth D. Laporte*

ELIZABETH D. LAPORTE
United States Magistrate Judge