**United States District Court**
For the Northern District of California

1
2
3
4
5   IN THE UNITED STATES DISTRICT COURT
6   FOR THE NORTHERN DISTRICT OF CALIFORNIA
7
8   NETWORK APPLIANCE, INC.,
                                                    No. C-07-06053 EDL
9           Plaintiff,
10     v.
                                                    **ORDER GRANTING IN PART
11  SUN MICROSYSTEMS INC.,                          AND DENYING IN PART REQUESTS TO
                                                    SEAL SUMMARY JUDGMENT BRIEFS
12          Defendant.                              AND RELATED DOCUMENTS**
                                       /
13

The parties initially requested that numerous documents relating to Sun's Motion No. 1 For Summary Judgment of Non-Infringement of U.S. Patent No. 6,892,211, Sun's Motion No. 2 For Summary Judgment of Non-Infringement of U.S. Patent No. 6,892,211, NetApp's Motion For Summary Judgment of Non-Infringement of U.S. Patent No. 5,925,106, and NetApp's Motion For Summary Judgment of Non-Infringement of U.S. Patent No. 5,459,857 be filed under seal. The documents that the parties requested to have filed under seal included large portions of briefs, declarations, and exhibits in support and in opposition to the four dispositive motions listed above.

On November 16, 2009, the Court issued an Order reminding the parties of the "strong presumption in favor of access" to Court files, especially those relating to case-dispositive motions and related documents, and stated that to seal the requested documents they must present "'compelling reasons' sufficient to outweigh the public's interest in disclosure and justify sealing court records." See Kamakana v. City and County of Honolulu, 447 F.3d 1172, 1179 (9th Cir. 2006). The Order directed the parties to file briefs, with appropriate accompanying declarations, setting forth the compelling reasons why any document relating to the dispositive motions, or any portion thereof, should be filed under seal. Following this Order, both parties filed briefs narrowing their respective sealing requests and purporting to show "compelling reasons" why certain documents should be sealed.

Under the "compelling reasons" standard, a party seeking to seal a judicial record bears the burden of overcoming the strong presumption of public access by articulating compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure. Kamakana, 447 F.3d at 1178-79. The Court must weigh the "relevant factors," which include the "public interest in understanding the judicial process and whether disclosure of the material could result in improper use of the material for scandalous or libelous purposes or infringement upon trade secrets." Pintos v. Pacific Creditors Ass'n, 565 F.3d 1106, 1116 (9th Cir. 2009). The mere fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records. Kamakana, 447 F.3d at 1179. The Court must base its decision "on a compelling reason," and "articulate the factual basis for its ruling, without relying on hypothesis or conjecture." Hagestad v. Tragesser, 49 F.3d 1430, 1434 (9th Cir. 1995).

The Court appreciates the parties' efforts to narrow their sealing requests. Based on a review of the supplemental briefing, the Court Orders as follows:

## I. Sun's Administrative Request to File Under Seal

With respect to Sun's Motions for Summary Judgment of Non-Infringement of NetApp's '211 Patent (the "'211 Motions"), Sun requests the following be filed under seal:

### A. Paragraph 192 of Exhibit 3 to the Williamson Declaration in Support of the '211 Motions

Sun argues that this paragraph contains confidential and proprietary technical information that was obtained from third-parties and which was designated by the third parties as "Attorneys Eyes Only," and disclosure could cause harm to the third parties. See Williamson Decl. in Support of Administrative Request to File Under Seal ("Williamson Decl."), ¶ 7. The Court agrees that there are compelling reasons for sealing this paragraph of the declaration in light of the confidential nature of the information and the competitive harm to third parties if the confidential information were disclosed, and GRANTS this portion of the request. See G&C Auto Body, Inc. v. Geico General Ins. Co., 2008 WL 687372, at *2 (N.D. Cal., March 11, 2008) (finding compelling reasons for sealing small amount of confidential third party information attached as exhibit to summary

judgment motion). The remainder of the Williamson Declaration In Support of the '211 Motions shall be publicly filed.

**B.      Exhibits 9, 11, 12, 14, 19, 21, 22, 23, 24, 26, 27, 41, 43, 45, 46 and 55 to the Homrig Declaration in Support of NetApp's Opposition to Sun's '211 Motion No. 1**

Sun argues that Sun's Opposition to its '211 Motion No. 1 contains six pages of irrelevant factual assertions that constitute an "inaccurate characterization of the history of the development of NetApp's WAFL operating system and of Sun's technical development over several years." See NetApp Opp. at 3-9. Sun argues that these irrelevant allegations rely on or quote confidential documents which could or would be harmful to Sun if disclosed. See generally Williamson Decl. (stating that Sun "could suffer harm" if the documents were revealed); Bonwick Decl. in Support of Administrative Request to File Under Seal ("Bonwick Decl.") (stating that disclosure of the information "would cause competitive harm to Sun"). Specifically, Sun argues that Exhibits 9, 11, 12, 14, 26, 27, and 55 include internal information regarding Sun's business strategies and opportunities that were not widely distributed even within the Sun organization, and that it would be harmed by the disclosure of this information. See Bonwick Decl., ¶¶ 4-7, 13-14, 19. Sun argues that Exhibits 19, 21, 22, 23, and 24 are internal Sun e-mails concerning highly confidential potential technical aspects of ZFS that were written with the expectation that they would remain confidential, and Sun would be harmed by their disclosure. Id. ¶¶ 2, 8-12. Sun argues that Exhibits 41, 43, 45, and 46 are excerpts of deposition testimony that relate to Sun's confidential business and product strategy and Sun would be harmed by disclosure of this information. Id. ¶¶ 15-18. Sun notes that the Court did not rely on any of these confidential exhibits in issuing its summary judgment decisions.

Weighing the public interest in understanding the judicial process against Sun's claims that disclosure of the trade secret materials in question would cause harm, the Court finds compelling reasons for sealing these exhibits. Sun has persuaded the Court that the proprietary information contained in these documents is confidential trade secret information, and testified that it will be harmed if the information is publicly disclosed. Additionally, the public interest in understanding the judicial system would appear to be less where, as here, the documents in question are irrelevant to the Court's decision. See Kamakana, 447 F.3d. at 1179 (finding that the reason for higher

3

1  standard for sealing documents related to dispositive motions is because "resolution of a dispute on
2  the merits . . . is at the heart of the" public interest, and stating that public has less of a need for
3  access to documents relating to non-dispositive motions because the documents are "often 'unrelated
4  or only tangentially related, to the underlying cause of action.'"). Here, although the documents in
5  question are attached to a dispositive motion, they had no bearing on the resolution of the dispute on
6  the merits and are therefore more akin to the "unrelated," non-dispositive motion documents the
7  Ninth Circuit contemplated in Kamakana. In this instance, the harm of trade secret disclosure
8  outweighs the public's interest in access to irrelevant court files. Therefore, the Court GRANTS the
9  request to seal these documents at this time. The remainder of the Homrig Declaration in Support of
10 NetApp's Opposition to the '211 Motions shall be publicly filed.

**C.  Portions of NetApp's Opposition to Sun's '211 Motion No. 1.**

As discussed above, Sun argues that NetApp's Opposition to its '211 Motion No. 1 contains six pages of irrelevant factual assertions concerning the history of the development of NetApp's WAFL operating system and Sun's technical development. See NetApp Opp. at 3-9. Sun argues that these assertions rely on or quote confidential documents which could be harmful to Sun if disclosed. Sun correctly notes that the Court did not rely on any of these factual allegations concerning the history of the parties' development efforts because the Court did not find this background information to be relevant to the issues before it on summary judgment. Because these allegations are irrelevant to the Court's decision and, as discussed above, Sun has shown competitive harm if the trade secret information therein was disclosed, the Court GRANTS Sun's request to seal the following limited portions of NetApp's Opposition to Sun's '211 Motion No. 1: 4:20-21; 5:4-25; 6:5-7; 6:19, 7:5-10, 7:19-24; 8:7-21; 22:2-6; and 23:11-17.

All other documents and portions thereof relating to the '211 Motions shall be publicly filed.

**D.  Other Matter**

Sun does not seek to file under seal any documents relating to NetApp's Motions for Summary Judgment of Non-Infringement of Sun's '106 and '857 patents, so any previous requests made by Sun with respect to these motions are DENIED. Additionally, Sun previously requested that Exhibits 8, 10, 13, 15, 16, 18, 20, 25, 28, 29, 30, 32, 33, 34, 35, 37, 39, 40, 44, and 47 to the Homrig Declaration in Support of Sun's 211 Motions be sealed, but no longer believes they should

4

1 be sealed, so any previous requests to seal these documents are DENIED. Any previous request by
2 Sun to file portions of NetApp's Oppositions to the '211 Motion based on these exhibits is also
3 DENIED.

## II. NetApp's Motion For Administrative Relief To Maintain Filings Under Seal

NetApp argues that there are "compelling reasons" for filing the following documents under seal because each of them contains highly confidential information that "reflects NetApp's trade secrets, source code, and[] sensitive business strategies [that] could harm NetApp if publicly disclosed." See Strange Declaration in Support of Motion for Administrative Relief ("Strange Decl.") ¶¶ 2-23. The documents will be discussed separately, although NetApp has made the same argument quoted above for each document or portion thereof.

### A. Portions of Exhibit 12 (Supplemental Expert Report of Dr. Brandt) to the Franziger Declaration in Support of NetApp's '857 Motion

NetApp seeks to seal selected excerpts of Dr. Brandt's supplemental expert report that contain detailed information about proprietary procedures, the SnapMirror replication mechanism and Data ONTAP source code. See Strange Decl. ¶ 2. NetApp argues that this information could harm NetApp if publicly disclosed. See Id. The Court finds that NetApp has shown compelling reasons that "outweigh the public's interest in disclosure and justify sealing court records." See Kamakana, 447 F.3d at 1179. The portions of the document that NetApp requests the Court to seal contain highly technical portions of Mr. Brandt's report that would do little to aid the public's understanding of the judicial process, but have the potential to cause significant harm to NetApp's competitive and financial position within its industry. See Pintos, 565 F.3d at 116; Contratto, 227 F.R.D. at 307-308. The Court therefore GRANTS NetApp's request to seal the requested portions of Exhibit 12 to the Franziger Declaration in Support of the '857 Motion. See Kamakana, 447 F.3d at 1178 (citing Foltz, 331 F.3d at 1135); see also Strange Decl. in Supp. of Mot. for Admin. Relief ¶ 2. All other portions of the Franziger Declaration in Support of the '857 Motion shall be publicly filed.

### B. Portions of Exhibits B, C and E to the Williamson Declaration in Support of Sun's Opposition to the '857 Motion

In connection with this Motion, NetApp seeks to seal selected excerpts of the following: the deposition transcript of Jonathan Edwards that contains detailed information about certain procedures of NetApp's DataONTAP-based products; the deposition transcript of Eric Hamilton that

5

contains detailed information about certain procedures of NetApp's Data ONTAP-based products; and the deposition transcript of Shane Owara that contains detailed information about certain functionality of NetApp's Data ONTAP-based products. See Strange Decl. ¶¶ 3-5. NetApp persuasively argues that this confidential, technical information could harm NetApp if publicly disclosed. See Id.

The Court finds compelling reasons for sealing these portions of the deposition testimony, and GRANTS NetApp's request to seal the selected portions of Exhibits B, C and E to the Williamson Declaration in Support of Sun's Opposition to the '857 Motion.

### C. Portions of the Brandt Declaration in Support of Sun's Opposition to the '857 Motion and Exhibits 7, 15, 16, 17 and 22 thereto

NetApp seeks to seal selected excerpts of the Declaration of Dr. Scott Brandt in Support of Sun's Opposition to NetApp's Motion for Summary Judgment of Non-Infringement of the '857 patent, which contain detailed information about certain procedures and the source code of NetApp's products. See Strange Decl., ¶ 6. NetApp also seeks to seal portions of Exhibits 7, 15, 16, 17 and 22 to Dr. Brandt's Declaration, which contain detailed technical specifications for portions of NetApp's Data ONTAP-based products. See id. ¶¶ 7-11. NetApp states that this information could harm NetApp if publicly disclosed. See id.

The Court GRANTS NetApp's request to seal the requested portions of the Brandt Declaration, and Exhibits 7, 15, 16, 17 and 22 thereto.

### D. Portions of Exhibits 3, 4 and 5 to the Homrig Declaration in Support of NetApp's '106 Motion

NetApp seeks to seal excerpts of the following in connection with the '106 Motion: Selected portions of Exhibit 3, Dr. Martin Kaliski's expert report which contains detailed information regarding the hardware configuration of NetApp's Data ONTAP-based products; Selected portions of Exhibit 4, the deposition transcript of Eric Hamilton which contains detailed information regarding features of an unreleased NetApp product; and selected portions of Exhibit 5, the rebuttal expert report of Kevin C. Almeroth which contains information regarding NetApp's proprietary source code for its FilerView software. See id. ¶¶ 12-14. NetApp argues that this information could harm it if publicly disclosed. See Id.

6

The Court finds that this information represents trade secrets sufficiently sensitive to outweigh the public's interest in accessibility of the evidence. The portions of Exhibit 4, the deposition transcript of Eric Hamilton, that NetApp seeks to seal include information regarding what Data ONTAP 8.0 will feature, i.e., NetApp's future business plans. The only portion of Exhibit 5, the rebuttal expert testimony of Kevin C. Almeroth, that NetApp seeks to seal consists of one footnote that reveals proprietary source code for its FilerView software. The Court GRANTS NetApp's request to seal portions of Exhibits 3, 4 and 5 to the Homrig Declaration in Support of the '106 Motion.

### E. Portions of Sun's Opposition to the '106 Motion

NetApp seeks to seal excerpts of Sun's Opposition to NetApp's Motion for Summary Judgment of the '106 patent because it contains detailed information regarding NetApp's proprietary source code for its FilerView software. See Strange Decl. in Supp. of Mot. for Admin. Relief ¶15. NetApp argues that this information could harm NetApp if publicly disclosed. See id. The requested portion consists of three lines of Sun's opposition that indicates particular usage of FilerView software and its source codes. The same information is sought to be sealed in Exhibit 3 of the Homrig Declaration. For the reasons discussed above, the Court GRANTS NetApp's request to seal the selected portions of Sun's Opposition to the '106 Motion.

### F. Portions of the Kaliski Declaration in Support of Sun's Opposition to the '106 Motion as well as Exhibits 5, 6, 8, 9,and 14 thereto

NetApp seeks to seal excerpts of the Kaliski Declaration in Support of Sun's Opposition to NetApp's Motion for Summary Judgment of Non-Infringement of the '857 patent, which contain detailed information regarding NetApp's proprietary source code for its FilerView software. See Strange Decl. ¶ 16. The requested portions consist of four paragraphs of Dr. Kaliski's declaration and reference specific source code and examples. NetApp also seeks to seal portions of Exhibits 5, 6, 9 and 14 to the Kaliski Declaration, which contain the following: detailed information regarding NetApp's internal usability testing of its software; detailed strategy information regarding the development of the user interface for NetApp's FilerView software and detailed strategy information regarding the functionalities and testing of NetApp's software. See id. ¶¶ 17-21. Exhibit 8 is a 60-plus page draft Request For Proposal containing detailed business and marketing information

regarding NetApp. See Strange Decl. ¶ 19. The Court finds that these Exhibits contain confidential business information and/or trade secrets, and that there are compelling reasons for sealing these exhibits. For the reasons stated above, the Court GRANTS NetApp's request to seal portions of Exhibits 5, 6, 8, 9 and 14.

**G. Portions of Exhibits C and D to the Williamson Declaration in Support of Sun's Opposition to the '106 Motion**

NetApp seeks to seal excerpts of the expert report of Dr. Kaliski and the rebuttal expert report of Kevin C. Almeroth, attached as Exhibits C and D, respectively, to the Declaration of Carrie Williamson in Support of Sun's Opposition to NetApp's Motion for Summary Judgment of Non-Infringement of the '106 Patent. See Strange Decl. ¶¶ 22-23. The documents contain detailed information regarding NetApp's proprietary source code for its software as well as the hardware configurations of NetApp's Data ONTAP-based products. See id. The Court GRANTS NetApp's request to seal portions of Exhibits C and D to the Williamson Declaration in Support of Sun's Opposition to the '106 Motion.

**IT IS SO ORDERED.**

Dated: March 10, 2010

ELIZABETH D. LAPORTE
United States Magistrate Judge

8